ADAM WANG (STATE BAR NUMBER 201233)
DAL BON & WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 292-1045

Attorneys for Plaintiff
Vladimir A. Balarezo

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated<br><br>Plaintiff,<br>vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.: C07-05243 JF<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL:**<br>1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Violation of Labor Code §226.7; 4). "Waiting Time" Penalties under California Labor Code §203; and 6). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203 |

Plaintiff, Vladimir Balarezo, on his own behalf and on behalf of others similarly situated, allege as follows:

**NATURE OF CLAIM**

1. This is a class action on behalf of putative members who had been employed on piece rate basis by NTH Connect Telecom Inc. ("NCT") during the last four years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes. On their own behalf and on behalf of other similarly situated others who fall with the relevant statutory periods, Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under

1                                                                                          Case No.

**CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2. Plaintiff Balarezo was employed with Defendant NCT for sometime during last four years.

3. Defendant NCT is a California corporation engaged in the business of property maintenance services and landscaping in San Jose, California.

4. The individual defendant Steven Chen, according to information and belief, is the owner and the CEO of NCT, having control over the work conditions and situation of Plaintiff and putative class member employees at the NCT.

## SUBJECT MATTER JURISDICTION AND VENUE

5. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

6. This Court is a proper venue, since all events giving rise to the claims of the named plaintiff and the putative class members.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of all those who had been employed on piece rate basis by Defendant with respect to the claims alleged herein arising under California Labor Code, and California Business and Professions Code §17200, *et. seq.*

8. Plaintiff also brings this action on behalf of such class members pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

9. The members of the purported class or subclass are so numerous that joinder of all

members is impracticable. According to information and believe, NCT had employed a large size of piece rate workforce. While the exact number of class or subclass members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least one hundred or more members in the proposed class. Members of the class or subclass may be identified from payroll and time records maintained by NCT, and may be notified of the pendancy of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

13. Plaintiff's claims are typical of the claims of the members of the class and subclass as all members of the class and subclass are similarly affected by defend ants' wrongful conduct in violation of federal and state laws governing labor standards that is complained of herein .

14. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass and have retained counsel competent and experienced in wage and hour litigation.

15. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class and subclass are:

(a) whether the federal and state wage hours laws were violated by defendants' acts as alleged herein;

(b) whether defendants have  properly paid all putative class members for the hours that were worked in excess of 8 hours a day or 40 hours a week;

(c) whether the NCTis liable for failure to pay the subclass members whose employment terminated during the last three years the overtime ages owed ascertainable at the time of termination of their employment;

(d)  to what extent the members of the class and subclass have sustained damages and the proper measure of damages.

16. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class and subclass members may be relatively small, the

expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

10. Plaintiff Balarezo was employed on piece rate by NCT for some period during last four years.

11. During last four years, Plaintiffs and other hourly paid employees worked over 8 hours a day and forty fours a week from time to time.

12. Plaintiff and such other piece rate employees were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

13. Within 72 hours of termination of Plaintiff Balarezo and other piece rate employees, NCT willfully failed to pay them overtime owed, the amount of which was readily ascertainable at the time of termination.

## COUNT ONE

*Violation of California Labor Code, Non Payment Of Overtime*

*Labor Code Sections §510*

14. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-13 as if fully stated herein.

15. During last four years, Plaintiff and other piece rate employees' employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

16. During their employment with the defendants, Plaintiff and other piece rate employees regularly worked at NCT in excess of forty hours per week and in excess of eight hours per day. Plaintiffs received only straight time from NCT for these overtime hours.

17. During last four years, NCT knowingly caused, suffered and permitted Plaintiff

and other piece rate employees to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half, or double of their regular rate of pay.

18. By not paying overtime wages in compliance with the state law, NCT violated Plaintiff and other piece rate employees' rights under the law, specifically California Labor Code Section 1194.

19. As a direct and proximate result of NCT's failure to pay proper wages under the California Wage Orders, Plaintiff and other piece rate employees incurred general damages in the form of lost overtime compensation in amounts to be proven at trial.

20. Defendants had been aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs and other piece rate employees the overtime compensation due to them at the time their employment ended.

21. Plaintiff was required to retain attorneys for the purpose of bringing this action and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT TWO

*Violation of The Fair Labor Standards Ac,*

*29 U.S.C. Section 201, et seq.*

22. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-21 as if fully stated herein.

23. At all relevant times herein, Plaintiff and other piece rate employees' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, *et seq.* and the Plaintiff and other piece rate employees were individual employees covered by FLSA because Plaintiff and other piece rate employees' employment directly related to interstate instrumentality and NCT is an enterprise engaged in interstate commerce.

24. 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

25. Although Plaintiff and other piece rate employees were not so exempt during their employment with NCT, and although NCT and individual defendant Steven Chen had been fully aware of both the hours worked and the duties assigned to the Plaintiffs and other piece rate employees, NCT and individual defendant Steven Chen knowingly caused, suffered, and permitted Plaintiffs and other piece rate employees to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

26. By not paying overtime wages in compliance with FLSA, NCT and individual defendant Steven Chen violated the right of Plaintiffs and other piece rate employees under FLSA.

27. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiff and other piece rate employees incurred general damages in the form of lost overtime wages.

28. NCT and individual defendant Steven Chen intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other piece rate employees their proper pay, and thus defendants are liable to Plaintiffs and other piece rate employees for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

29. Plaintiff was required to retain attorneys for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

30. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-29 as

**CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

if fully restated hereinafter.

31. At all relevant times herein, Plaintiff and other piece ate employees' employment with NCT was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

32. During Plaintiff and other piece rate employees' employment with NCT, Plaintiff and other piece rate employees worked at least 8 hours a day, and were not provided any meal periods as required by law.

33. For each time that Plaintiff and other piece rate employees were not provided the required meal period, Plaintiff and other piece rate employees are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

34. Plaintiff and other piece rate employees are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendant NCT failed to provide.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code Sec. 203*

35. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-34 as if fully stated herein.

36. Within 72 hours of the termination of Plaintiff failed to pay him the overtime wages owed ascertainable at the time of termination. Plaintiff believes that during the last three years, it has been the practice of NCT not to pay its employees the overtime time after they were terminated.

37. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30

days of wages.

38. As of this date these wages have not been paid to Plaintiff and the other piece rate employees whose employment ended during the last three years, thus making NCT liable to Plaintiff and other employees whose employment terminated in last three years for penalties equal to 30 days wages in amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FIVE

*For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

39. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-38 as if fully stated herein.

40. At all times relevant herein, the employment with NCT was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission as well as FLSA, all of which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. California law also requires premium pay for missed meal periods.

41. During last four years, the employer of plaintiffs, NCT and individual defendant Steven Chen were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq*.), but failed to pay the Plaintiff and other piece rate employees overtime pay as required by FLSA, California Labor Code and applicable Wage Orders.

42. During the last four years, Defendants NCT and Steven Chen kept to themselves the unpaid overtime and meal period premiums which should have been paid to the Plaintiff and other piece rate employees.

**CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

43. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

44. As a direct and proximate result of Defendants' violations, the rights of the Plaintiff and other piece rate employees under the law were violated, causing them to incur general damages in the form of unpaid wages and lost wages to which they were legally entitled.

45. The Defendant NCT and Steven Chen had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay plaintiffs overtime pay due.

46. Having been illegally deprived of the overtime pay and other wages to which they were legally entitled, Plaintiffs herein seek restitution of such wages pursuant to the Business and Professions Code §17203 on their own behalf and behalf of others similarly situated.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants and demand as follows:

1. Award compensatory damages for unpaid overtime in amounts to be proven at trial to Plaintiff and other piece rate employees who were employed during the last three years;

2. Award liquidated damages equal to the overtime pay owed to Plaintiff and other piece rate employees who were employed during last three years;

**CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

3.  Award to Plaintiff and other piece rate employees the meal period premium owed during last four years;

4.  Award to Plaintiffs and other hourly paid employee during last four years the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5. Award the Plaintiff and other piece rate employees whose employment ended during last three years the waiting time penalty damages of thirty days wages pursuant to California Labor Code Section 203 in amounts to be proven at trial;

6. Award Plaintiff and other piece rate employees during last four years the restitution of unpaid overtime pay and other wages pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

7.  Enter a permanent injunctive order against Defendants ensuring the compliance with the FLSA and California Labor Code and wage orders;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. Award Plaintiffs the costs of suit herein.

10. Grant such other and further relief as the Court may deem appropriate.

Dated:  October 12, 2007                    DAL BON & WANG
                                            ADAM WANG


                                            By:   /s/ ADAM WANG          .
                                                 Attorney for Plaintiff
                                                 Vladimir Balarezo