1   Grant A. Carlson, Esq. - SBN 155933
    Friedman, Enriquez & Carlson, LLP
2   433 North Camden Drive, Suite 965
    Beverly Hills, California 90210
3   Telephone: (310) 273-0777
    Fax: (310) 273-1115
4
5   Attorneys for Defendants
    Nth Connect Telecom, Inc. and Steven Chen
6
7
8                    UNITED STATES DISTRICT COURT
9                CALIFORNIA NORTHERN DISTRICT (SAN JOSE)
10
11  VLADIMIR A. BALAREZO, individually and )   Case No.  C 07 05243 JF (PVT)
    on behalf of others similarly situated )
12                                         )   DEFENDANTS' NOTICE OF MOTION AND
                     Plaintiff,            )   MOTION TO DISMISS COMPLAINT, OR,
13                                         )   IN THE ALTERNATIVE, FOR SUMMARY
             vs.                           )   JUDGMENT
14                                         )
    NTH  CONNECT  TELECOM  INC.,  and      )   Date:       February 22, 2008
15  STEVEN CHEN,                           )   Time:       9:00 a.m.
                                           )   Courtroom:   3
16                   Defendants.           )
    _____ )
17
18      **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

19      **PLEASE TAKE NOTICE THAT:** on February 22, 2008, at 9:00 a.m., before the

20  Honorable Judge Jeremy Fogel, in Courtroom 3 of the above-entitled Court, located at 280 South

21  1st Street, San Jose, CA 95113, defendants Nth Connect Telecom Inc. and Steven Chen will, and

22  hereby do, move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for

23  an order dismissing the complaint, as it fails to state a cause of action upon which relief can be

24  granted.  In the alternative, defendants move this court pursuant to Rule 56 of the Federal Rules of

25  Civil Procedure for summary judgment in favor of defendants and against the named class action

26  plaintiff, Vladimir A. Balarezo.

27      Defendants move to dismiss this action pursuant to Rule 12(b)(6), as although plaintiff

28  omitted to attach his payroll records to the complaint, they are intrinsic to his claim, and the payroll

                                    -1-

1   records undisputably show that plaintiff was paid all overtime and received all meal breaks to which

2   he was entitled.  Thus, plaintiff cannot state a cause of action under California Labor Code Sections

3   510 and 1194, 29 U.S.C. Section 201 et. seq., California Labor Code Section 226.7, or California

4   Labor Code Section 203.  As there is no violation under any of the above sections, plaintiff's fifth

5   cause of action under California Business & Professions Code Section 17203 also fails.  Since the

6   action is a class action, it cannot proceed without the lead plaintiff, and this motion should be

7   granted and the case dismissed.

8        In the alternative, defendants make a motion pursuant to Federal Rules of Civil Procedure,

9   Rule 56(c), on the grounds that no genuine issue exists as to any material fact, and thus, the moving

10  party is entitled to judgment as a matter of law.  The defendants seek summary judgment, or in the

11  alternative, summary adjudication, on the following claims and issues:

12       1.    There is no genuine issue as to any material fact that at all times, plaintiff was paid

13  100% of any overtime due him under law, thus plaintiff's first cause of action for violation of

14  California Labor Code Sections 510 and 1194 fail as a matter of law;

15       2.    There is no genuine issue as to any material fact that at all times, plaintiff was paid

16  100% of any overtime due him under law, and thus plaintiff's second cause of action for violations

17  of the Fair Labor Standards Act, 29 U.S.C. Section 201 et. seq., fails as a matter of law;

18       3.    There is no genuine issue as to any material fact that at all times, plaintiff was

19  permitted to take meal breaks, and thus, plaintiff's third cause of action for failure to provide meal

20  periods in violation of California Labor Code Section 226.7 fails as a matter of law;

21       4.    There is no genuine issue as to any material fact that plaintiff received his final

22  paycheck within the legally allowed time and is not owed any back wages, thus plaintiff's fourth

23  cause of action for penalty for failure to pay wages at termination under California Labor Code

24  Section 203 fails as a matter of law;

25       5.    There is no genuine issue as to any material fact that at all times, plaintiff was

26  properly compensated, and thus plaintiff's fifth cause of action for restitution of unpaid overtime

27  wages in violation of California Unfair Trade Practices Act under Business & Professions Code

28  Section 17203 fails as a matter of law, as defendants committed no unfair business practices at any

1    time.

2        As all causes of action pleaded on behalf of lead plaintiff Vladimir A. Balarezo fail as a

3 matter of law, the action must be dismissed in its entirety as to Mr. Balarezo. As a class action

4 cannot proceed without a lead plaintiff, the action itself must be dismissed.

5        This motion is based upon the attached memorandum of points and authorities and the

6 concurrently-filed declaration of Linda Francis and exhibits thereto, and opposition and reply papers

7 subsequently filed, and any oral argument entertained by the Court.

8 Dated: January 7, 2008

9                          Friedman, Enriquez & Carlson, LLP

10

11                      By: _____/s/_____

                            Grant A. Carlson, Esq.

12                             Attorneys for Defendants

                            Nth Connect Telecom, Inc. and Steven Chen

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    **I.    INTRODUCTION.**

3         This is a class action lawsuit brought by lead plaintiff Vladimir A. Balarezo against his

4    former employer, defendant Nth Connect Telecom Inc. ("Nth Connect"), and director and officer,

5    Steven Chen, for alleged wage and hour violations which purportedly occurred when plaintiff and

6    others "likewise situated" worked for Nth Connect's satellite installation business. However, at all

7    times when Balarezo worked for Nth Connect, he was properly compensated for his work.

8         Defendants move to dismiss this action pursuant to Rule 12(b)(6), as although plaintiff

9    omitted to attach his payroll records to the complaint, they are intrinsic to his claim, and the payroll

10   records undisputably show that plaintiff was paid all overtime and received all meal breaks to which

11   he was entitled. Thus, plaintiff cannot state causes of action under California Labor Code Sections

12   510 and 1194, 29 U.S.C. Section 201 et. seq., California Labor Code Section 226.7, or California

13   Labor Code Section 203. As there is no violation under any of the above sections, plaintiff's fifth

14   cause of action under California Business & Professions Code Section 17203 also fails. Since the

15   action is a class action, it cannot proceed without the lead plaintiff, and this motion should be

16   granted and the case dismissed in its entirety.

17        In the alternative, since this motion is based on documents extrinsic to the complaint,

18   defendants seek summary judgment pursuant to Federal Rules of Civil Procedure, Rule 56(c), as the

19   moving parties are entitled to judgment as a matter of law because there is no dispute of material fact

20   that lead plaintiff Vladimir Balarezo was paid all overtime to which he was due, and received all

21   meal breaks to which he was entitled, while he was an employee of Nth Connect.

22   **II.    FACTUAL BACKGROUND PER THE COMPLAINT.**

23        Plaintiff filed this complaint on October 12, 2007. It purports to be a class action and

24   contains five causes of action which are jointly pleaded against both Nth Connect and Steven Chen.

25   The five causes of action are: (1) Violation of California Labor Code Section 1194; (2) Violations

26   of the Fair Labor Standards Act (Non-payment of overtime); (3) Failure to Provide Meal Periods in

27   Violation of California Labor Code Section 226.7; (4) "Waiting Time" Penalties under California

28   Labor Code Section 203; and (5) For Restitution of Unpaid Wages in Violation of California Unfair

-4-

1  Trade Practices Act under Business & Professions Code Section 17203.  (Complaint, p. 1.)

2          All causes of action rest upon the same facts, i.e., that it "is a class action on behalf of

3  putative members who had been employed on a piece rate basis by Nth Connect Telecom Inc.

4  ("Nth") during the last four years of the filing of this Complaint, seeking damages arising out of their

5  employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the

6  California Wage Orders and statutes." (Complaint, ¶ 1.)  Further, plaintiff alleges that he and others

7  similarly situated are entitled to compensatory damages for "unpaid wages under California Labor

8  Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California

9  Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under

10  California Labor Code §203, and attorney's fees, costs, prejudgment interest pursuant to California

11  Labor Code §1194(a) and 29 U.S.C. §216(b), and restitution under California Unfair Trade Practices

12  Act" pursuant to California Business & Professions Code § 17203.  (Complaint, ¶ 1.)

13          The specific allegations in the complaint are simple.  Plaintiff alleges that:

14          (1)    He was employed with Defendant Nth Connect on a piece rate basis for

15                  sometime during the last four years.  (Complaint, p. 2, lines 7-8 and p. 4,

16                  lines 5-6[1].)

17          (2)    His claims are "typical" of the claims of the members of the class and all

18                  members are similarly affected by defendants' wrongful conduct.

19                  (Complaint, p. 3, lines 8-10.)

20          (3)    During the last four years, plaintiff and other hourly paid employees worked

21                  over 8 hours a day and over 40 hours a week, but did not receive one and one

22                  half times of their regular rate of pay for such overtime – i.e. that they

23                  received only "straight" time for the overtime hours.  (Complaint, p. 4, lines

24                  7-8, 25 and p. 6, lines 7-8.)

25          (4)    Defendants failed to provide meal periods.  (Complaint, p. 7, lines 6-8.)

26          (5)    Defendants failed to pay wages at termination.  (Complaint, p. 8, lines 2-6.)

27  _____

28  [1] Defendants hereafter will refer to the allegations in the complaint by page and line number, rather
than by paragraph number, because the paragraph numbering in the complaint is off.

-5-

1    Plaintiff notably does not attach any pay stubs to support his claim, nor does he plead any

2    specifics about his dates of employment.

3    **III.    ACTUAL FACTUAL BACKGROUND.**

4    Plaintiff Vladimir A. Balarezo worked with Nth Connect Telecom, Inc. from October 2006

5    through August 2007.  (Declaration of Linda Francis ("Francis Decl."), filed concurrently herewith,

6    at ¶ 3; Payroll Records of Vladimir A. Balarezo, Ex. "A" to Francis Decl.)  During *every single pay*

7    *period,* plaintiff Balarezo was paid all overtime – at the rate of one and one-half times his regular

8    salary – to which he was entitled, as his pay stubs reflect.  (Francis Decl., ¶ 3; Exhibit "A" thereto.)

9    Furthermore, during every pay period, Mr. Balarezo was provided meal breaks, as his timesheets[2]

10    reflect.  (Francis Decl., ¶ 4; Timesheets for Vladimir A. Balarezo, Exhibit "B" to Francis Decl.)  Mr.

11    Balarezo signed each and every timesheet, documenting both the overtime hours he worked, and the

12    meal breaks that he took.  (Francis Decl., ¶ 4; Exhibit "B" thereto.)  Further, plaintiff's final

13    paycheck was provided in a timely fashion.  (Francis Decl., ¶ 3; Exhibit "A" thereto, at p. 27.)

14    **IV.    DEFENDANTS ARE ENTITLED TO RELIEF UNDER F.R.C.P. 12(b)(6).**

15    **A.    Plaintiff's Complaint Fails to State a Cause of Action upon Which Relief Can**

16    **Be Granted.**

17    A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint.

18    (*Conley v. Gibson* (1957) 355 U.S. 41, 45-46; *S.E.C. v. Cross Financial Services, Inc.* (C.D. CA

19    1995) 908 F.Supp. 718, 726-727.)  While the general rule is that the Court must accept as true the

20    allegations as pleaded in a complaint and cannot consider evidence outside the face of the pleading,

21    where a party's claim necessarily relies upon documents but the party deliberately omits to attach

22    or refer to such documents, the defendant may make a Rule 12(b)(6) motion attaching such

23    documents to show that they do not support plaintiff's claim.  (*Branch v. Tunnell* (9th Cir. 1994) 14

24

25    [2] Each timesheet lists the hours that plaintiff worked, including the time he started, the time he took
26    a break for lunch, and the time he completed work in a given day.  It also includes the total number
of regular and overtime hours he worked.  Each timesheet is *signed by plaintiff.*  (Exhibit "B" to
27    Francis Decl.)  Each pay stub reflects the rate at which plaintiff was paid and clearly indicates that
overtime hours were paid at a rate of one and one-half times his regular hourly wage.  (Exhibit "A"
28    to Francis Decl.)

1  F.3d 449, 454 (overruled on other grounds in *Gailbraith v. County of Santa Clara* (9th Cir. 2002) 307

2  F.3d 1119, 1127; *Bryant v. Avado Brands, Inc.* (11th Cir. 1999) 187 F.3d 1271, 1281.)

3      Even where a party does not specifically refer to a document in the complaint, but where the

4  document is central to the plaintiff's claim and the authenticity of the documents are not in question,

5  a Court may consider the extrinsic material as part of a Rule 12(b)(6) motion. *Parrino v. FHP, Inc.*

6  (9th Cir. 1998) 146 F.3d 699, 706; *Global Network Communications, Inc. V. City of New York* (2nd

7  Cir. 2006) 458 F.3d 150, 156-157.)  This prevents a plaintiff from pleading around troublesome

8  documents to avoid a Rule 12(b)(6) motion.  For example, in a complaint alleging securities fraud,

9  the Court could consider public disclosure documents filed with the SEC, even though such

10  documents were not attached to the complaint or mentioned therein, as such were central to the

11  allegations.  (*Cortec Industries, Inc. V. Sum Holding L.P.* (2nd Cir. 1991) 949 F.2d 42, 47.)

12      Here, the central documents to plaintiff's claim that he was neither paid overtime nor

13  provided meal breaks are (1) his time sheets and (2) his pay stubs/earnings statements.  Copies of

14  each and every one of plaintiff's timesheets, which list the hours he worked and the meal breaks he

15  took – and which are signed by plaintiff Balarezo, are filed concurrently herewith.  (Francis Decl.,

16  ¶ 3; Exhibit "B" thereto.)  Copies of each and every one of plaintiff's pay stubs are likewise filed

17  concurrently herewith, and each one shows that plaintiff was paid properly.  (Francis Decl., ¶ 3;

18  Exhibit "A" thereto.)

19      All of plaintiff's claims rest on the allegation that he was not paid overtime and not provided

20  with meal breaks at Nth Connect.  However, the undisputed evidence shows otherwise – i.e., that

21  he was paid one and one-half times his regular hourly wage for all overtime hours, and that he was

22  regularly provided with meal breaks.  As such, he cannot state causes of action under California

23  Labor Code Sections 510 and 1194, 29 U.S.C. Section 201 et. seq., California Labor Code Section

24  226.7, or California Labor Code Section 203.  As there is no violation under any of the above

25  sections, plaintiff's fifth cause of action under California Business & Professions Code Section

26  17203 also fails.

27  / / /

28  / / /

-7-

1    **B.    Plaintiff Cannot Show He was Damaged, and Thus Lacks Standing to Represent**
2    **the Class.**

3    In order for this complaint to proceed as a class action, there must be a lead plaintiff with a
4    valid claim which is typical of other employees in the same class.  (F.R.C.P. Rule 23(a).)  This
5    complaint purports to plead, on behalf of a class of Nth Connect employees who were paid on a
6    piece-rate basis, allegations of overtime violations and meal time violations under California and
7    Federal law.    However, as has been demonstrated above, plaintiff Balarezo was properly
8    compensated at all times during his employment with Nth Connect, and thus he cannot recover for
9    wage and hour violations.

10    The party purporting to represent the class must be able to prove actual injury to *himself*.  If
11    he cannot, a claim of actual injury to other members of the purported class is *not sufficient to support*
12    *a class action.*  (*O'Shea v. Littleton* (1974) 414 U.S. 488, 494, 94 S.Ct. 669, 675.)  Where a plaintiff
13    cannot show that he is a member of the class he seeks to represent, and cannot show that he
14    personally has been injured, that plaintiff lacks standing and the class action must be dismissed.
15    (*General Telephone Co. of Southwest v. Falcon* (1982) 457 U.S. 147, 157, 102 S.Ct. 2364, 2370, fn.
16    13; *Lierboe v. State Farm Mutual Auto. Ins. Co.* (9th Cir. 2003) 350 F.3d 1018, 1022.)

17    Since plaintiff cannot show that he has suffered an actual injury, this action should be
18    dismissed for failure to state a claim upon which relief can be granted under F.R.C.P. Rule 12(b)(6).

19    **V.    ALTERNATIVELY, DEFENDANTS SEEK SUMMARY JUDGMENT PURSUANT**
20    **TO F.R.C.P. RULE 56.**

21    When a Rule 12(b)(6) motion presents evidence outside of the pleadings, and the Court does
22    not determine that the documentary evidence is intrinsic to the complaint, the Court may treat the
23    motion as one for summary judgment under Rule 56.  (F.R.C.P. Rule 12(b); *Global Network*
24    *Communications, Inc. v. City of New York* (2nd Cir. 2006) 458 F.3d 150, 154-155.)  The evidence in
25    this case is undisputed, and as such, it is appropriate for summary judgment.  A moving party may
26    support its summary judgment by submitting evidence that disproves an essential element of the
27    opponent's claim.  (*Adickes v. S.H. Kress & Co.* (1970) 398 U.S. 144, 158-160.)  Alternatively, the
28    moving party may meet its burden on summary judgment by showing that the opponent lacks

1   sufficient evidence to meet its burden of persuasion at trial.  (*Celotex Corp. v. Catrett* (1986) 477
2   U.S. 317, 325.)

3       Plaintiff's first and second causes of action assert his primary claim – that under both
4   California and Federal law, he was entitled to overtime pay but did not receive it.  However,
5   plaintiff's signed timesheets and pay stubs conclusively negate any material dispute as to whether
6   plaintiff was properly paid overtime for the duration of his employment with Nth Connect, and thus,
7   his first and second causes of action fail as a matter of law.

8       Plaintiff also claims, in his third cause of action, that he is owed damages under California
9   law for failure to provide meal periods.  However, his timesheets undisputably indicate that he
10  regularly received meal breaks for the duration of his employment with Nth Connect, and thus, he
11  is not entitled to recover on this claim as well.  (Francis Decl., ¶ 4; Exhibit "B" thereto.)

12      In plaintiff's fourth cause of action, he claims damages for alleged "unpaid wages," owed
13  him at the termination of his employment.  Plaintiff likewise will be unable to prove this claim, as
14  the only facts in evidence are those supporting that plaintiff was paid in full when he left the job.

15      Plaintiff's fifth cause of action seeks restitution for unpaid overtimes wages under Business
16  & Professions Code section 17203.  However, because plaintiff cannot prove that Nth Connect
17  engaged in improper business practices by failing to pay overtime, he will lose on this claim as well.

18      As these facts are undisputed, thus, there is no liability in this case and summary judgment
19  is appropriate.

20      A.    **Plaintiff was Paid All the Overtime to Which He Was Entitled under Both State**
21            **and Federal Law.**

22      The primary basis of plaintiff's claim is that he was a piece-rate employee who was not
23  properly paid overtime.  However, the undisputed facts in this case show that at all times, Mr.
24  Balarezo was fully compensated for any overtime hours he worked, and thus cannot recover under
25  either California Labor Code § 1194 or the Fair Labor Standards Act ("FLSA").

26      The FLSA governs Federal minimum wage and overtime requirements.  (*See*, 29 U.S.C. §
27  213.) California overtime requirements are governed by Labor Code § 1194.  Both federal and state
28  law generally provide for payment of over overtime compensation based on a multiple of the

-9-

1  employee's regular rate of pay – and is generally time-and-a-half for hours worked over 40 per week.

2  (29 U.S.C. 207(1)(a); Cal. Labor Code § 510.)  Here, plaintiff Balarezo's pay stubs and timesheets

3  plainly reflect (1) exactly what hours he "signed-off" as working, and (2) that he was paid at the rate

4  of time-and-a-half for every hour he worked over 40 per week.  (Exhibits "A" and "B" to Francis

5  Decl.)  As such, there is no violation of law, and defendants are entitled to summary judgment as a

6  matter of law on plaintiff's first and second causes of action.

7          **B.    Plaintiff was Regularly Provided With Meal Breaks.**

8          In plaintiff's third cause of action, he claims he was not provided any meal periods, and thus

9  is entitled to compensation under California Labor Code section 226.7.  Under California law,

10  employees who work more than five hours a day are entitled to a meal period of 30 minutes.  (Cal.

11  Labor Code section 512(a).)  Here, each and every timesheet signed by plaintiff Balarezo shows that

12  he took a meal period each and every day.  (Exhibit "B" to Francis Decl.)  As such, there is no

13  violation of law, and defendants are entitled to summary judgment as to plaintiff's third cause of

14  action.

15          **C.    Plaintiff Has No Evidence that He was Owed Wages When He Left Nth**

16                 **Connect.**

17          Plaintiff's claim in his fourth cause of action is for unpaid wages pursuant to California Labor

18  Code section 203.  However, plaintiff has no evidence whatsoever that he was owed any unpaid

19  wages at the time of his termination.  As such, this cause of action fails and defendants are entitled

20  to summary judgment as a matter of law.

21          California Labor Code section 203 mandates that an employee be paid any outstanding wages

22  within 72 hours of termination or discharge, and if the employer willfully refuses, the law imposes

23  a penalty up to 30 days wages.  (Cal. Labor Code §§ 202, 203.)  Here, plaintiff's final pay stub (p.

24  27 of Exhibit "A" to Francis Decl.) shows that he was paid in a timely fashion immediately

25  following his last day of work with Nth Connect.  (Francis Decl., ¶ 3; Ex. "A" thereto.)

26          Defendants are not liable for any damages under Labor Code section 203, and as such, this

27  claim should be summarily adjudicated in defendants' favor.

28  / / /

1    **D.    Plaintiff Has No Claim Under Business & Professions Code Section 17203.**

2    California Business & Professions Code section 17203 provides for injunctive relief and

3    restitution for bad business practices. However, there can be no recovery under Section 17203 where

4    the plaintiff has no valid claim for a violation of the overtime law. (*Violante v. Communities*

5    *Southwest Development & Construction Co.* (2006) 138 Cal.App.4th 972, 980.) As such, plaintiff's

6    fifth cause of action fails as a matter of law, and summary judgment should be entered in defendant's

7    favor on this issue as well.

8    **VI.    CONCLUSION.**

9    For all the above reasons, defendants Nth Connect and Steven Chen respectfully requests that

10   this court issue an order granting their motion under Rule 12(b)(6) and dismiss this action with

11   prejudice, as plaintiff Balarezo cannot state any cause of action against defendants.   In the

12   alternative, defendants request that this court enter summary judgment in favor of defendants and

13   against plaintiff on all causes of action pleaded in the complaint.

14   Dated: January 7, 2008

15                                         Friedman, Enriquez & Carlson, LLP

16

17   By: _____/s/_____
                                          Grant A. Carlson, Esq.
                                          Attorneys for Defendants
18   ____                                 Nth Connect Telecom, Inc. and Steven Chen

19

20

21

22

23

24

25

26

27

28

-11-