ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619

Attorneys for Plaintiff
Vladimir A. Balarezo

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated<br><br>Plaintiff,<br>vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.:C07-05243 JF<br><br>**DECLARATION OF VLADIMIR BALAREZO IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: February 22, 2008<br>Time: 9:00 AM<br>Judge: Jeremy Fogel |

I, the undersigned, declare as follows:

1. I am over 18 years old, and I am the Plaintiff in this case. I have personal knowledge of the matters stated herein. If called upon to testify before this Court, I would and could do so to the same effect.

2. I was employed by Defendant Nth Connect Telecom Inc. ("Nth Connect") as an Installation Technician for certain period during the four years prior to the filing of the Complaint in this case.

3. My duties as an Installation Technician at the Nth Connect were to install cable signal receiving equipments for ComCast at the customers' houses as dispatched at various specified time periods during the day.

4. I was compensated by piece for the work I performed. Specifically, I was compensated a specific rate for each installation I had completed. The piece rate would vary, depending on the nature of the particular job I was dispatched to perform. At the end of each pay

period, Nth Connect would give me an earnings statement that summarized all the work I performed during the pay period, and the amount I earned for that pay period. Exhibit 1 hereto is a true and accurate copy of one of such earnings statement issued to me. As demonstrated by Exhibit 1, the amount I earned bore no relation to the hours I worked during the pay period.

5. I was never paid according to an agreed-upon hourly rate.

6. My pay was never based on the number of hours I worked.

7. In processing the payroll, Nth Connect would arbitrarily assign me an artificial hourly rate of $7.00, and reverse engineer the payroll calculation using the number of hours shown on my daily time cards. As result, my payroll statement would show that I was paid $7.00 per hour for regular hours worked within 8 hours per day or 40 hours per week, and $10.5 per hour for hours worked in excess of 8 hours per day or 40 hours per week. Such reverse-engineered hourly earnings for a particular pay period would inevitably differ from the amount I actually earned based on the installation work I performed during that pay period. Nth Connect would then list an extra amount as bonus to make up the difference so that the gross amount I received from Nth Connect per pay period as reflected on the payroll statement for that period would always confirm with the amount I earned based on the installation work performed. Exhibit 2 hereto is a true and correct copy of a reverse-engineered pay stub for the same pay period covered by the earnings statement shown in Exhibit 1[1].

8. Similarly, for other pay periods, in the payroll statements, Nth Connect would make up the differences between the actual amount earned based on the installations performed and the artificial hourly earnings by listing on the payroll statement extra amount as gas reimbursement, tolls and/or expenses, while I was never paid any such amounts on account of

---

[1] Probably because the low hourly rate Nth Connect used in reverse-engineering my payroll statements, the artificial hourly earnings shown on my payroll statements were always lower than actual amount earned based on installation work performed for given pay period.

**DECLARATION OF VLADIMIRE BALAREZO IN OPPOSITION TO MOTION TO DISMISS**
Balarezo . v. NTH Connect Telecom Inc., et al.

1  tolls, gas reimbursements or expenses in addition to the actual amount earned based on the
2  installations performed.
3     9.   Exhibit 3 hereto is a true and correct copy of my earnings state for the period from
4  April 1 to April 14, 2007 showing my actual earnings for that period based on the installations I
5  performed.. Exhibit 4 is a true and correct copy of my payroll statement for the same period.
6     10.  Furthermore, during a workday, I was required to be at the customer's house and
7  perform the installations during the time periods specified on the ComCast orders. As result it is
8  impossible that I could have a fixed time period to take lunch breaks. The lunch breaks reflected
9  on my daily time cards do not reflect the reality of my workdays, but were put down in my daily
10 time cards as told by Nth Connect management. The fact of matter is that during my typical
11 workday, I would have to work from one work order to another, and did not have time to take
12 30-miniute undisturbed lunch breaks.
13    I declare under penalties of perjury under the laws of the United States that the foregoing
14 is true and accurate.
15
16 Dated: January 30, 2008
17
                                By: _____
18                                  Vladimir Balarezo

3                                                          Case No.C07-5243 JF
**DECLARATION OF VLADIMIRE BALAREZO IN OPPOSITION TO MOTION TO DISMISS**
Balarezo . v. NTH Connect Telecom Inc., et al.