Grant A. Carlson, Esq. - SBN 155933
Friedman, Enriquez & Carlson, LLP
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0777
Fax: (310) 273-1115

Attorneys for Defendants
Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., and STEVEN CHEN,<br><br>Defendants. | Case No. C 07 05243 JF (PVT)<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE<br><br>Current Date: February 15, 2008<br>Time:           10:30 a.m.<br>Courtroom:  3 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT:** Defendants Nth Connect Telecom Inc. and Steven Chen hereby seek a continuance of the initial case management conference in this matter, which is currently set for February 15, 2008 at 10:30 a.m., before the Honorable Jeremy Fogel in Courtroom 3 of the above entitled court.

Defendants seek a continuance to a date approximately one (1) month following the hearing on defendants' Motion to Dismiss Complaint, or, in the Alternative, for Summary Judgment (hereinafter "Motion to Dismiss"), which is set for hearing on February 22, 2008. Alternately, defendants seek a continuance to February 22, 2008, so that they do not have to travel to Northern California two times in a short period of time.

This request for a continuance is made pursuant to Local Rule 6-3. Good cause exists for the

continuance, as: (1) the initial case management conference is premature at this time, because defendants' Motion to Dismiss may resolve this matter in its entirety, and thus the parties should not have to engage in discovery until the Motion to Dismiss is heard, (2) defendants have attempted on two occasions to set up the Rule 26(f) early meeting of counsel, but plaintiff has not responded, and (3) defendants' counsel is based in Southern California, and it would be wasteful to require counsel to travel to Northern California for the initial case management conference on February 15th, especially since he will be there the following week for the hearing on the Motion to Dismiss. Prior to filing this motion, Defendants requested that plaintiff Vadimir Balarezo stipulate to the continuance, but he failed to respond to meet and confer efforts. No party will suffer prejudice due to this continuance – indeed it will benefit plaintiff as well, since he has not been diligent in setting up the early meeting.

This motion is based upon this notice of motion and the attached memorandum of points and authorities and declaration of Grant A. Carlson.

Dated: January 31, 2008

              Friedman, Enriquez & Carlson, LLP


              By: _____/s/_____
                Grant A. Carlson, Esq.
                Attorneys for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.   INTRODUCTION.**

Defendants Nth Connect Telecom Inc. and Steven Chen hereby seek a continuance of the initial case management conference, which is currently set for February 15, 2008 at 10:30 a.m. Defendants seek a continuance until approximately one (1) month following the hearing on their Motion to Dismiss, which is set for hearing on February 22, 2008. At minimum, defendants seek a continuance of the initial case management conference from February 15, 2008 until February 22, 2008.

This request for a continuance is made pursuant to the Northern District's Civil Local Rule 6-3, which provides the procedures for making a motion to change time. This motion satisfies all the relevant requirements for a motion for a continuance, in that it (1) sets forth with particularity, the reasons for the requested enlargement or shortening of time; (2) describes the efforts the party has made to obtain a stipulation to the time change; (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4) discloses all previous time modifications in the case, whether by stipulation or Court order; and (5) describes the effect the requested time modification would have on the schedule for the case.

**2.   REASONS FOR CONTINUANCE.**

There are at least three compelling reasons to continue the initial status conference: (1) the initial case management conference is premature at this time, because defendants' Motion to Dismiss may resolve this matter in its entirety, and thus the parties should not have to engage in discovery until the Motion to Dismiss is heard, (2) defendants have attempted on two occasions to set up the Rule 26(f) early meeting of counsel, but plaintiff has not responded, and (3) defendants' counsel is based in Southern California, and it would be wasteful to require counsel to travel to Northern California for the initial case management conference on February 15th, when he will be there the following week for the hearing on the Motion to Dismiss. (Carlson Decl., attached hereto, at ¶¶ 4-6.)

Defendants' counsel has a Motion to Dismiss pending, which may resolve this case in its entirety. Especially given that plaintiff has styled this case as a class action, and defendants' Motion
///

to Dismiss attacks the viability of the claims of the lead plaintiff, Vladimir Balarezo,[1] it is premature to proceed with the initial case management conference, the early meeting and discovery at this time. As the Court knows, the Rule 26(f) early meeting triggers certain disclosure requirements, and until the issues raised regarding the standing of the lead plaintiff to bring this suit are resolved, defendants should not have to disclose anything. As such, continuing the initial case management conference until after the hearing on defendants' Motion to Dismiss will save time and resources.

Furthermore, the parties have not yet held their early meeting, despite two efforts by defendants to set up same. (Carlson Decl., ¶ 5; Exhibits "A" and "B" hereto.) Plaintiff responded to neither of defendants' communications, thus it can only be concluded that plaintiff feels the early meeting is premature at this time as well. (Carlson Decl., ¶ 5.)

Finally, the office of defendants' counsel is in Southern California, and thus, he will have to travel via airplane to attend the initial case management conference. (Carlson Decl., ¶ 6.) Given the above reasons why the early meeting/initial case management conference are premature at this time, it would impose an unnecessary expense on defendants to require their counsel to make two trips within eight days.

**3.   EFFORTS TO OBTAIN STIPULATION.**

Defendants requested in writing that plaintiff's counsel stipulate to the continuance, but he failed to respond. (Carlson Decl., ¶ 7; Exhibit "C" hereto.) Plaintiff's counsel also did not return defense counsel's telephonic attempt to meet and confer. (Carlson Decl., ¶ 7.)

**4.   THE CONTINUANCE WILL NOT CAUSE PREJUDICE.**

No party will suffer prejudice due to this continuance, because the early meeting/initial case management conference is premature until the issues raised in defendants' Motion to Dismiss are resolved, and thus, neither the Court nor the parties should have to invest the time and resources into this case until the Motion to Dismiss is heard. (Carlson Decl., ¶ 4.) Moreover, even though defendants have made efforts to set up the early meeting, plaintiff has not responded even though the Court set a January 25, 2008 deadline for the early meeting. (Carlson Decl., ¶ 5.) Given

---

[1] Mr. Balarezo is claiming overtime violations, and all of the documentary evidence shows that he signed off on all his hours and was indeed paid any and all overtime in full. (Carlson Decl., ¶ 4.)

plaintiff's own dereliction toward his responsibilities under the Federal Rules, clearly he will not be prejudiced by the continuance. On the other hand, defendants will suffer harm if they are required to incur counsel's travel expenses for two trips to Northern California within eight (8) days. (Carlson Decl., ¶ 6.) Further, it will not be a good use of the Court's own resources to hold the initial case management conference until after the Motion to Dismiss is heard.

**5.  TIME MODIFICATIONS IN THIS MATTER.**

There have been no prior time modifications in this matter.

**6.  EFFECT ON THE SCHEDULE IN THE CASE.**

If the initial status conference is continued for approximately one (1) month, it will have an effect on the schedule in the case, because discovery will be postponed a little longer. However, it should be noted that while this case was filed on October 12, 2007, service was not effected on defendants until December 17, 2007. (Carlson Decl., ¶¶ 4, 8.) Defendants filed their Motion to Dismiss on January 7, 2008, and at that time, the first hearing date available was February 22nd. (Carlson Decl., ¶ 8.) Thus, the reason that defendants' demurrer is not being heard until February 22, 2008, is solely because plaintiff delayed in serving the complaint. Defendants should not be punished for plaintiff's failure to promptly serve the complaint, especially since plaintiff was the only one in the position to know that this Court had set an initial case management conference in February. (Carlson Decl., ¶ 8.)

**7.  CONCLUSION.**

For all the above reasons and those set forth in the attached declaration of Grant A. Carlson, the defendants respectfully request that this Court continue the initial case management conference for a period of approximately one (1) month following the February 22, 2008 hearing date on their Motion to Dismiss. In the alternative, defendants request that the initial case management conference be continued to February 22, 2008.

Dated: January 31, 2008                                  Friedman, Enriquez & Carlson, LLP

                                                         By: _____/s/_____
                                                             Grant A. Carlson, Esq.
                                                             Attorneys for Defendants

**DECLARATION OF GRANT A. CARLSON**

I, Grant A. Carlson, declare under penalty of perjury the foregoing is true and correct.

1. I am an attorney for the law firm of Friedman, Enriquez & Carlson, LLP, attorneys of record for defendants Nth Connect Telecom Inc. and Steven Chen. I am licensed to practice in the State of California. This declaration is based on personal knowledge.

2. I make this declaration in support of Defendants Nth Connect Telecom Inc. and Steven Chen motion to continue the initial case management conference in this action, which is currently set before this Court at 10:30 a.m. on February 15, 2008. Defendants seek a continuance for a period of approximately one (1) month, until after their Motion to Dismiss Complaint, or the Alternative, Motion for Summary Judgement is heard on February 22, 2008.

3. This request for a continuance is made pursuant to the Northern District's Civil Local Rule 6-3.

4. In response to the complaint in this action, which was served on my clients, Nth Connect and Steven Chen as of December 17, 2007, we filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, pursuant to Federal Rules 12(b)(6) and 56. This motion may resolve this case in its entirety, as it attacks the viability of the claims of the lead plaintiff, Vladimir Balarezo, whom we believe does not have a cause of action against defendants and thus is not a proper party to serve as a representative plaintiff in a class action. Mr. Balarezo is claiming overtime violations, and all of the documentary evidence shows that he signed off on all his hours and was indeed paid any and all overtime in full. Because of the chance of success in having this case dismissed, we believe it is premature to proceed with the initial case management conference, the early meeting and discovery at this time. Until the issue of whether the lead plaintiff has standing to bring this suit are resolved, defendants should not have to disclose anything.

5. Furthermore, the parties have not yet held their early meeting, which was supposed to have taken place by January 25, 2008, despite two efforts by defendants to set up same. On January 14, 2008, I sent a letter to Adam Wang, counsel for plaintiff, via facsimile and U.S. Mail, requesting that he contact my office to set up the early meeting. A true and correct copy of that letter is attached hereto as Exhibit "A." Plaintiff did not respond to the letter. Thus, on January 18, 2008,

1  my associate, Dana Butler, sent plaintiff an email to follow up, again asking plaintiff for his
2  availability for the meeting. A true and correct copy of that email is attached hereto as Exhibit "B."
3  Again, plaintiff did not respond.

4      6.   My office is located in Beverly Hills, California. I will have to travel via air to attend
5  the initial case management conference. Given that this case should be resolved at the demurrer
6  stage, I believe it would impose an unnecessary expense on my clients to require them to incur the
7  costs associated with two trips to Northern California within eight days.

8      7.   Before filing this motion, we sent plaintiff's counsel an email requesting that he
9  stipulate to the relief sought herein. A true and correct copy of that email is attached hereto as
10  Exhibit "C." Plaintiff did not respond to the email. I thus followed up with plaintiff via telephone
11  call at around 3 p.m. on today's date, leaving plaintiff's counsel a message regarding this and the
12  Court's Order regarding the ADR Certification. Plaintiff did not return my call, although we waited
13  until the end of the business day before filing this motion.

14      8.   The reason that defendants' demurrer is not being heard until February 22, 2008, is
15  solely because plaintiff delayed in serving the complaint for over two months after filing it on
16  October 12, 2007. Defendants filed their Motion to Dismiss on January 7, 2008, and at that time,
17  the first hearing date available was February 22nd. Defendants should not be punished for plaintiff's
18  failure to promptly serve the complaint, especially since plaintiff was the only one in the position
19  to know that this Court had set an initial case management conference in February.

20    I declare under penalty of perjury under the laws of the State of California and the Federal
21  Government that the foregoing is true and correct.

22  Dated: January 31, 2008

23                                                         /s/
                                                 Grant A. Carlson

24  The Case Management Conference is rescheduled for Friday, February 22, 2008 at 10:30 AM.

25

26  IT IS SO ORDERED. 2/4/08

27

28                                             Judge Jeremy Fogel, US District Court

-7-

DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE