1    Grant A. Carlson, Esq. - SBN 155933
     Friedman, Enriquez & Carlson, LLP
2    433 North Camden Drive, Suite 965
     Beverly Hills, California 90210
3    Telephone: (310) 273-0777
     Fax: (310) 273-1115
4
     Attorneys for Defendants
5    Nth Connect Telecom, Inc. and Steven Chen

6

7

8                        UNITED STATES DISTRICT COURT
9
                    CALIFORNIA NORTHERN DISTRICT (SAN JOSE)
10

11   VLADIMIR A. BALAREZO, individually and    )    Case No.  C 07 05243 JF (PVT)
     on behalf of others similarly situated    )
12                                             )    DEFENDANTS' REPLY TO PLAINTIFF'S
                                               )    OPPOSITION TO MOTION TO DISMISS
                    Plaintiff,                 )    COMPLAINT, OR, IN THE ALTERNATIVE,
13                                             )    FOR SUMMARY JUDGMENT
            vs.                                )
14                                             )
     NTH CONNECT TELECOM INC., and             )    Date:       February 22, 2008
15   STEVEN CHEN,                              )    Time:       9:00 a.m.
                                               )    Courtroom:   3
16                  Defendants.                )
     _____ )
17

18          Defendants Nth Connect Telecom Inc. and Steven Chen hereby reply to plaintiff Vladimir

19   Balarezo's opposition to their Rule 12(b)(6) Motion to Dismiss, or, in the Alternative, Motion for

20   Summary Judgment.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION.**

3    Defendants hereby reply to plaintiff's late-filed opposition to defendants' motion to dismiss,

4    or in the alternative, motion for summary judgment.  While normally some leniency may be

5    appropriate as it relates to timely compliance, this case has been plagued by inappropriate conduct

6    by plaintiff's counsel.  Indeed, counsel refused to participate in the early meeting despite several

7    written demands.  Counsel does not even attempt to justify the late opposition in this case.

8    In his opposition, plaintiff Vladimir A. Balarezo raises three arguments why the motion

9    should not be granted:  (1) that the extrinsic payroll records and pay stubs which defendants have

10    attached to their moving papers are allegedly "inauthentic," (2) because the complaint did not refer

11    to the extrinsic documents and plaintiff's claim does not rest upon these documents for his relief, and

12    (3) that the face of the complaint sets forth valid causes of action for wage and hour violations, thus

13    this matter is not appropriate for resolution on a Rule 12(b)(6) motion.

14    All three of plaintiff's arguments fail because the documents are critical and they demonstrate

15    that every hour plaintiff worked was tracked, signed-off on by plaintiff himself, and every penny of

16    overtime was paid.  First, other than plaintiff's counsel's argument in his brief, he has not provided

17    a basis to challenge the authenticity of the payroll records defendants have attached to the declaration

18    of Linda Francis, submitted in support of the motion.  Indeed, plaintiff's declaration does not

19    mention a word about these documents being false, nor has plaintiff's counsel filed an objection to

20    the records' authenticity.  Nowhere does plaintiff say "that's not my signature" or "those are not my

21    pay stubs." Plaintiff's position is spurious.  Second, regardless of whether the complaint specifically

22    mentions Balarezo's payroll records, his "signed-off" timesheets and pay stubs are the backbone of

23    the claim.

24    Finally, as noted in defendants' moving papers, this case is appropriate for resolution at this

25    time, because all of the records show that Mr. Balarezo was at all times compensated in excess of

26    minimum wage plus overtime for all hours worked.  As such, he cannot state a cause of action for

27    such wage and hour violations and this case should be dismissed in its entirety under Federal Rules

28    / / /

-2-

1   of Civil Procedure, Rule 12(b)(6).[1]  In the alternative, summary judgment pursuant to Federal Rules

2   of Civil Procedure, Rule 56(c) should be entered in favor of defendants.

3   **II.    DEFENDANTS ARE ENTITLED TO RELIEF UNDER F.R.C.P. 12(b)(6).**

4          As set forth in the motion, plaintiff's "signed-off" timesheets (not disputed in Balazero's

5   declaration) show every hour Balazero worked and his corresponding checks indicated he was paid

6   overtime for every overtime hour.  Nowhere does Balarezo himself dispute these decisive facts.  This

7   motion should be granted because:

8          (1)    Plaintiff has not properly put at issue the authenticity of the records that defendants

9                 attach to their motion;

10         (2)    The law is clear that defendants are entitled to rely upon documents extrinsic to the

11                complaint in support of their motion, when such documents are central to the claim;

12         (3)    Given the extrinsic evidence, plaintiff has not properly stated a cause of action for

13                wage and hour violations; and

14         (4)    Plaintiff's late opposition should be disregarded.

15         **A.    Plaintiff Has Not Put the Authenticity of the Time Cards and Pay Stubs at Issue.**

16         Plaintiff's primary opposition to defendants' motion is the contention that the pay stubs and

17  time cards which defendants attached to their moving papers are somehow "inauthentic."

18  (Opposition, p. 1, lines 16-17.)  However, nowhere in the opposition or the supporting declaration

19  of Vladimir Balarezo is any *actual* objection to the authenticity of the exhibits asserted.  Rather, Mr.

20  Balarezo explicitly acknowledges filling out the time cards in his declaration.  (Balarezo Declaration,

21  ¶ 10.)  Furthermore, Mr. Balarezo *does not dispute that the signatures on the time cards are his.*

22         In order to object to evidence submitted in support of a motion, a party must properly put that

23  matter at issue, either through declarations or properly asserted objections.  Here, plaintiff does

24  neither.

25  \ \ \

26  \ \ \

27  ———————————

28  [1] Since this is a class action, it cannot proceed without the lead plaintiff, and this motion should be
    granted and the case dismissed in its entirety.

1    It is incredibly disingenuous for plaintiff to dispute the authenticity of the precise records

2    upon which he will, by matter of necessity, be required to use to prove his case.  There is no

3    legitimate dispute over the authenticity of the records attached by defendants, and as such, they may

4    be relied upon by the court to make its ruling on this motion.

5    Those records -- which plaintiff signed-off on -- show that his employer kept track of his

6    work hours every day that he worked, and based his wages and overtime payments thereon.  (See,

7    e.g., Exhibit "B" to Francis Declaration.)  Plaintiff's counsel's inadmissible speculation that, because

8    the time cards reflect that Mr. Balarezo worked a regular schedule, somehow that renders the time

9    cards "suspicious," is specious on its face.  (Opposition, p. 6, fn. 3.)  Whether or not the "signed-off"

10    timesheets show a regular work day and counsel's speculation about same does nothing to advance

11    the opposition.

12    Indeed, a closer examination of plaintiff's time cards actually belies plaintiff's argument in

13    any event.  The time cards show that, while his starting times are consistent, his completion times

14    are not – for example, the time card for May 26, 2007 shows end times of 6:00, 6:30, 5:40, 6:00,

15    5:30, and 6:00.  (Exhibit "B" to Francis Declaration.)  Plaintiff *had* to arrive to work at a consistent

16    time, in order to get his assignments for the day, while he left work once he finished his work for that

17    day.  His time cards are entirely consistent with this practice.

18    As for lunch breaks, they too varied day to day – for the week of May 26, 2007, for example,

19    Mr. Balarezo documented that he took his break variously from 1:30-2:00, 1:50-2:20, 1:45-2:15,

20    1:30-2:00, 1:50-2:20 and 2:00-2:30.  (Exhibit "B" to Francis Declaration.)  Why would they vary if

21    he never actually took breaks?   Plaintiff's self-serving claim that he was too busy to take lunch

22    breaks, even though "he put down the 30-minute meal break on his daily time cards," is not

23    sufficient to state a claim for missed meal breaks.  (Opposition, p. 6.)

24    In a similar case, *White v. Starbucks Corp.*, a plaintiff-employee had no evidence showing

25    that he was not authorized or permitted to take rest breaks and specifically testified that nobody told

26    him or instructed him not to take a rest period.  (*White v. Starbucks Corp.*  (N.D. Cal. 2007) 497

27    F.Supp.2d 1080, 1088-1089.)  There, the Court found that the employee's mere suggestion that he

28    was coerced into foregoing breaks, without more, was insufficient to defeat summary judgment on

-4-

1   the employee's claim for unpaid rest breaks. (*Id.*)  Here, plaintiff has not even gone so far as to say

2   he was "coerced" into foregoing breaks -- only that he was "too busy."  Such is clearly insufficient

3   under law to state a claim for missed breaks -- especially where the documentary evidence

4   conclusively states otherwise.

5       For purposes of this motion, plaintiff has not properly asserted any objection -- nor provided

6   any testimony -- that the time cards and pay stubs are *inauthentic.*  Via his declaration, he may have

7   intended to put at issue the content of those records, but their authenticity is unchallenged.

8       **B.     The Law Is Clear that Defendants May Rely on Extrinsic Documents.**

9       Plaintiff also argues, incorrectly, that a defendant may not rely upon documents which are

10  extrinsic to the complaint in a Rule 12(b)(6) motion.  As defendants noted in their moving papers,

11  case law is clear that, where extrinsic documents are *central* to the complaint, they may be relied

12  upon by the court in ruling on a 12(b)(6) motion. (*Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454

13  (overruled on other grounds in *Gailbraith v. County of Santa Clara* (9th Cir. 2002) 307 F.3d 1119,

14  1127.)  *Branch* continues to be cited by other cases for the proposition that:

15          In evaluating the context in which the statement appeared, we must

16          take into account 'all parts of the communication that are ordinarily

17          heard or read with it.'  In doing so, we deviate from the general rule

18          that courts, when ruling on a motion to dismiss, must disregard facts

19          that are not alleged on the face of the complaint or contained in

20          documents attached to the complaint.  Our approach is permissible

21          under the 'incorporation by reference' doctrine, which permits us to

22          take into account documents 'whose contents are alleged in a

23          complaint and whose authenticity no party questions, but which are

24          not physically attached to the [plaintiff's] pleading.'

25  (*Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076 (citations omitted); *see also, In re Silicon*

26  *Graphics Inc. Sec. Litig.* (9th Cir. 2002) 183 F.3d 970, 986.)

27  \ \ \

28  \ \ \

-5-

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

1    Even where a party does not specifically refer to a document in the complaint, but where the

2    document is central to the plaintiff's claim and the authenticity of the documents are not in question,

3    a Court may consider the extrinsic material as part of a Rule 12(b)(6) motion. (*Parrino v. FHP, Inc.*

4    (9th Cir. 1998) 146 F.3d 699, 706; *Global Network Communications, Inc. V. City of New York* (2nd

5    Cir. 2006) 458 F.3d 150, 156-157;  *Bryant v. Avado Brands, Inc.* (11th Cir. 1999) 187 F.3d 1271,

6    1281.)  This prevents a plaintiff from pleading around troublesome documents to avoid a Rule

7    12(b)(6) motion.  While the line of cases cited above relate to the securities fraud area, they all deal

8    with situations where documents that were not referred to in the complaint nor attached were

9    nevertheless considered by the Court when deciding a motion to dismiss.

10    Plaintiff's contention that his time sheets and his pay stubs/earnings statements are not central

11    to his complaint is simply disingenuous.  (Opposition, p. 6.)   All of plaintiff's claims rest on the

12    allegation that he was not paid overtime and not provided with meal breaks at Nth Connect.

13    However, the undisputed evidence shows otherwise – i.e., that he was paid one and one-half times

14    his regular hourly wage for all overtime hours, and that he was regularly provided with meal breaks.

15    As such, he cannot state causes of action under California Labor Code Sections 510 and 1194, 29

16    U.S.C. Section 201 et. seq., California Labor Code Section 226.7, or California Labor Code Section

17    203.  As there is no violation under any of the above sections, plaintiff's fifth cause of action under

18    California Business & Professions Code Section 17203 also fails.

19    **C.**    **Plaintiff Has Not Stated a Cause of Action Because his Pay Stubs Showed He**

20    **Was Paid for Every Hour of Overtime.**

21    Finally, plaintiff argues that, if the extrinsic documents presented by defendants in their

22    motion to dismiss are excluded from consideration by the Court, then his complaint superficially

23    states a valid case for overtime and missed meal breaks.  However, based upon the above-cited

24    authority, the Court *does* have power to consider the extrinsic documents when ruling on a motion

25    to dismiss.  Indeed, it would be highly improper for a plaintiff to be permitted to proceed with a

26    complaint for a class action with allegations such as these, when documentary evidence clearly

27    *contradicts* those claims.

28    \ \ \

1    Plaintiff should not be permitted to proceed with this complaint, and the motion to dismiss

2    should be granted.

3        **D.**    **Plaintiff's Opposition was Filed Late.**

4        According to Local Rule 7-3(a), "[a]ny opposition to a motion must be served and filed not

5    less than 21 days before the hearing date." The hearing date on this motion is February 22, 2008,

6    thus, plaintiff's opposition was due 21 days before that, or by February 1, 2008. Plaintiff did not file

7    his opposition until February 2, 2008 – which was a Saturday, which means that defendants were

8    effectively denied three days to review and respond to the opposition, as they did not receive the

9    opposition until Monday, February 4th.

10       Under Local Rule 1-4, a "[f]ailure by counsel or a party to comply with any duly promulgated

11   local rule or any Federal Rule may be a ground for imposition of any authorized sanction." It is well

12   documented that district courts have "inherent power to control their dockets." *(Hamilton Copper*

13   *& Steel Corp. v. Primary Steel* (9th Cir. 1990) 898 F.2d 1428, 1429, *citing Thompson v. Housing*

14   *Authority of Los Angeles* (9th Cir. 1986) 782 F.2d 829, 831, cert. denied, 479 U.S. 829 (1986). "In

15   the exercise of that power they may impose sanctions where appropriate, including dismissal of a

16   case for failure to file a timely opposition. (*Thompson*, 782 F.2d at 831 (citations omitted).) Here,

17   the Court should disregard plaintiff's opposition, because a late opposition is a tacit consent to the

18   motion.

19   **III.**    **ALTERNATIVELY, DEFENDANTS SEEK SUMMARY JUDGMENT PURSUANT**

20       **TO F.R.C.P. RULE 56.**

21       Plaintiff has not seriously cast doubt on the authenticity of his time cards and pay stubs.

22   Rather, he has admitted that he signed the time cards, and has made no statement whatsoever as to

23   the pay stubs. The exhibits submitted by defendants self-evidently contradict plaintiff's allegations,

24   and are not seriously in dispute. As such, if the Court does not proceed pursuant to Rule 12(b)(6),

25   this case should be resolved on summary judgment under Rules 12(d) and 56 of the Federal Rules

26   of Civil Procedure.

27   \ \ \

28   \ \ \

1    IV.    **CONCLUSION.**

2        For all the above reasons, defendants Nth Connect and Steven Chen respectfully requests that

3    this court issue an order granting their motion under Rule 12(b)(6) and dismiss this action with

4    prejudice, as plaintiff Balarezo cannot state any cause of action against defendants.    In the

5    alternative, defendants request that this court enter summary judgment in favor of defendants and

6    against plaintiff on all causes of action pleaded in the complaint.

7    Dated: February 8, 2008

8                                     Friedman, Enriquez & Carlson, LLP

9

10                            By: _____/s/_____
                                    Grant A. Carlson, Esq.
11    ____                            Attorneys for Defendants
                                    Nth Connect Telecom, Inc. and Steven Chen
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT