ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
SAN JOSE, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619

Attorney for Plaintiff
Vladimir A. Balarezo

Grant Carlson, Esq. (State Bar No. 155933)
Friedman Enriquez & Carlson LLP
433 N. Camden Drive, Suite 965
Beverly Hills, CA 90210

Attorney for Defendants
Nth Connect Telecom Inc. & Steven Chen

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated<br><br>    Plaintiff,<br> vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>    Defendants | Case No.: C07-05243 JF<br><br>JOINT CASE MANAGEMENT STATEMENT |

  In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

  1. **Jurisdiction and Service**

  The basis for the Court's subject matter jurisdiction over the claims of Plaintiff Vladimir A. Balarezo (hereinafter "Plaintiff") is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

2. **Facts**

Plaintiff was employed by defendant Nth Connect Telecom, Inc. as a technician to install satellite equipment. Defendant Steven Chen is the CEO of Nth Connect. In this action, Plaintiff seeks compensation for overtime and other wage and hour claims against Defendants under Federal and California law, and also seeks class certification.

The principal factual issues in dispute are:

1. Whether and to what extent Plaintiff and the class he seeks to represent were not paid overtime to which they are entitled;

2. Whether and to what extent Plaintiff and the class he seeks to represent had not been provided with meal breaks as required by law.

3. Whether Plaintiff's claim is suitable for a class action certification.

4. Whether Plaintiff is suitable as a class representative.

3. **Legal Issues**

Plaintiff has filed this action as a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff also seeks treatment of opt-in class action under 29 U.S.C. § 216(b). In his substantive allegations, Plaintiff asserts that Defendants failed to pay Plaintiff and a class of employees overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Plaintiff further alleges that Defendants failed to pay Plaintiff and the putative class members their wages upon termination in violation of California Labor Code § 201. Finally, Plaintiff seeks restitution of overtime wages in accordance with California Business & Professions Code § 17200.

Defendants dispute that Plaintiff was improperly compensated, and instead assert that at all times they paid plaintiff properly under the law. Defendants also dispute both whether plaintiff is an adequate representative for the putative class and whether a class action can be certified.

### 4. **Motions**

The parties anticipate the filing of the following motions:

(a) Defendants' Rule 12(b) motion to dismiss, to be heard on February 22, 2008;

(b) Plaintiffs' Motion for Class Certification under FLSA and Fed. R. Civ. P. 23;

(c) Plaintiff's Partial Summary Judgment Motion for Class Liability;

(d) Defendants' Motions for Partial Summary Judgment and/or Summary Judgment.

### 5. **Amendment of Pleadings**

Plaintiff has sent a letter to California Labor and Workforce Development Agency requesting clearance to sue under California Labor Code Private Attorney General's Act ("PAGA") to seek civil penalties on behalf all current and former employees.  Plaintiff anticipates that a motion to amend to include PAGA action will be filed in approximately three weeks.

### 6. **Evidence Preservation**

Defendants are hereby notified by their counsel of the obligation to preserve all electronically stored evidence and will not take steps to do so.

### 7. **Disclosures**

The parties have agreed to serve their respective initial disclosures no later than March 7, 2008.

### 8. **Discovery**

The parties agree to adhere to the following discovery and case management schedule:

(a) Deadline to complete fact discovery:  February 28, 2009.

(b) Deadline for Plaintiff to file motions for class certification:  November 30, 2008.

(c) Deadline for expert disclosure statements under Fed. R. Civ. P. 26:  March 31, 2009.

(d) Deadline to conduct expert discovery: April 30, 2009.

(e) Last day for hearing dispositive motions to be filed: June 19, 2009.

The parties wish to reserve the ability to seek an acceleration (or an extension) of the above-proposed schedule.

### 9. Class Action

Plaintiff provides the following statement in compliance with Local Rule 16-9(b).

(1) The class action for claims under California law is maintained under Fed. R. Civ. P. 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(3). This class action insofar as claims under the FLSA are asserted is maintainable under 29 U.S.C. § 216(b), as distinct from Fed. R. Civ. P. 23.

(2) Plaintiff proposes two separate classes:

a) FLSA claims: All non-exempt installation technicians: i) who worked for defendant commencing at any time since three years before the filing of this action; (the "FLSA Class").

b) California claims: All installation technicians who: i) worked for defendant in California commencing at any time since four years before the filing of this action; (the "California Class"). A sub-class of California Class consists of all installation technicians whose employment with defendant terminated at any time in three years before the filing of this case (California § 203 Class).

Depending upon further investigation and the results of discovery, Plaintiff may seek to modify these class definitions. Moreover, further discovery may justify elaboration on the form of Defendants' failure to provide employee benefits such that added classes are appropriate.

(3) Plaintiff is a member of the Federal Class, and also a member of the California Class and, like other members, was not paid overtime pay and was not provided required meal breaks in violation of the FLSA and California labor law. While Plaintiff is unable to state the exact number of either class without access to records within Defendants' possession, Plaintiff believes and Defendants had presented that the California Class and the Federal Class exceed

- 4 -   C07-05243 JF

JOINT CMC STATEMENT
Balarezo, et al.  v, Nth Connect Telecom Inc. et al.

100 members.

Plaintiff alleges that common questions of law and fact predominate in this case. For example, the class members' rights insofar as this action is concerned arise from the Defendants' uniform payroll practice of paying straight time only, applicable to all non-exempt installation technicians.  In light of the commonality of the sources of the putative class members' rights, individual adjudications harbor the possibility of inconsistent adjudications. Plaintiff has no conflicts of interest and will fairly and adequately represent both classes.  Plaintiff is not aware of any other pending litigation concerning the claims asserted herein nor of any difficulties that should be encountered in the management of this litigation as a class action.

(4)    Plaintiff plans to file motions for the Court to consider class certification no later than November 30, 2008, though Plaintiff may file such motions sooner.

### 10. **Related Cases**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

### 11. **Relief**

At this point, Plaintiff does not have sufficient record to estimate the damages.

### 12. **Settlement and ADR**

On February 8, 2008, the parties conducted  meet and confer concerning the ADR where Defendants' counsel have represented that Defendants are not considering settling this case. Given Defendants' manifest intention, Plaintiff does not believe it would be productive and appropriate to engage in any ADR process at this point.   Plaintiff has filed the Notice of Need for ADR Phone Conference.

### 13. **Consent To Magistrate Judge For All Purposes**

Plaintiff is not willing to consent to have a Magistrate Judge to conduct all further proceedings in this matter.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or any other reference.

**15. Narrowing Of Issues**

Plaintiff does not expect the parties to be able to narrow the issues. However, the issues in this case may be narrowed by motions related to the class action process.

**16. Expedited Schedule**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Trial**

Plaintiff has requested a jury trial. The expected length of trial is 15 court days.

**18. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff has no one to disclose other than parties themselves.

**19. Other Matters**

None.

Dated: February 15, 2008    By:    /s/ ADAM WANG
                                   Adam Wang
                                   Attorney for Plaintiff
                                   Vladimir Balarezo

Dated: February 15, 2008
                            By:    /s/ Grant Carlson
                                   Grant Carlson
                                   Attorney for Defendants
                                   Nth Connect Telecom Inc.
                                   and Steven Chen