**E-Filed 02/27/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants. | Case Number C 07-05243 JF (PVT)<br><br>ORDER[1] DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT |

On October 12, 2007, Plaintiff Vladimir A. Balarezo ("Plaintiff") filed the instant action against Nth Connect Telecom Inc. ("Nth Connect") and Steven Chen ("Chen") (collectively, "Defendants") alleging violation of the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code") and the California Business and Professions Code ("Business and Professions Code") on behalf of himself and others similarly situated. In response, Defendants moved for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6), or, in the alternative, for summary

---

[1] This disposition is not designated for publication and may not be cited.

judgment pursuant to Fed. R. Civ. Pro. 56. The Court has considered the moving and responding papers and the arguments of counsel presented at the hearing on February 22, 2008. For the reasons set forth below, Defendants' motions will be denied.

## I.  BACKGROUND

Plaintiff alleges the following facts: Plaintiff was employed by Defendants at some point during the last four years. Nth Connect is a California corporation engaged in the business of property maintenance services and landscaping in San Jose, California. Chen is the owner and CEO of Nth Connect, having control over the working conditions and situation of Plaintiff and putative class members.

Plaintiff was employed on a piece rate basis by Defendants for some period during the last four years, during which time, on occasion, he and other piece rate employees worked more than eight hours per day and forty hours per week. Plaintiff and other piece rate employees were not subject to any exemptions from overtime pursuant to the FLSA or Labor Code. However, within seventy-two hours of termination of Plaintiff and other piece rate employees, Defendants willfully failed to pay them for overtime owed, the amount of which was readily ascertainable at the time of termination.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The moving party bears the heavy burden of establishing "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720

1  F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.
2  1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995).  The Court may consider
3  evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document;
4  (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of
5  the document.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).
6      Summary judgment is proper when there are no genuine issues of material fact and the
7  moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving
8  party on a motion for summary judgment bears the burden of demonstrating the absence of a
9  triable issue of material fact including "informing the district court of the basis for its motion and
10 identifying those portions of 'the pleadings, depositions, answers to interrogatories, and
11 admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence
12 of a genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

### III.  DISCUSSION

**1.    Motion to Dismiss**

Defendants contend that Plaintiff was properly compensated for his work, was given all required meal breaks, and was timely paid after termination.  To substantiate their contention, Defendants introduce time sheets signed by Plaintiff and payroll records maintained in the ordinary course of business.  Defendants argue that the payroll records show that Plaintiff was paid for all overtime and received all meal breaks to which he was entitled.  They contend that the evidence also shows that Plaintiff received his paycheck in a timely fashion after his termination.

While a Court's review of a motion to dismiss is limited to the face of the complaint and matters judicially noticeable, *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995), the Court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of

1  the document. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

2  In the instant case, Plaintiff's complaint does not refer to the evidence. Moreover, in his opposition to the motion ("Opposition"), Plaintiff asserts that he neither relied on the payroll statements or time cards in his complaint nor will he ever incorporate either piece of evidence as an integral part of the complaint. Opposition at 7: [21-23]. To the contrary, Plaintiff claims that the time sheets are inaccurate and that the payroll stubs reflect artificially-engineered payroll amounts. Plaintiff states that the payroll stubs reflect bonuses and/or compensation for toll or mileage reimbursements that he never received and that reflect inaccurate representations of the amount earned or the hours he worked.

For purposes of a motion to dismiss, the allegations of a complaint must be taken as true. *Jenkins*, 395 U.S. 411, 421 (1969). At this stage of the proceedings, Plaintiff's allegation that Defendants violated the FLSA, Labor Code, and Business and Profession Code state a claim upon which relief may be granted. Because the complaint does not refer to the evidence introduced by Defendant and because the evidence is contested by Plaintiff, it may not serve as a basis for dismissal. Accordingly, the motion to dismiss will be denied.

**2.    Motion for Summary Judgment**

As noted above, Defendants ask that even if the Court concludes that Plaintiff has stated a sufficient claim, it grant summary judgment in Defendants' favor because there are no triable issues of fact. Defendants bear the burden of demonstrating the absence of a triable issue of material fact. *Celotex*, 477 U.S. 317, 329 (1986). Defendants fail to meet this burden here. Although Defendants assert that the payroll stubs and the time sheets, which were signed by Plaintiff, undisputably indicate that Plaintiff was paid all overtime, afforded all meal breaks, and paid all outstanding wages within the appropriate time frame after his termination, Plaintiff claims that in fact he was compensated by piece for the work performed - i.e. he was compensated at a specific rate for each installation he completed - and that piece rate would vary, depending on the nature of the particular job Plaintiff was dispatched to perform. According to Plaintiff, Defendants gave him an earnings statement at the end of each pay period summarizing

the work performed during the pay period and the amount earned for that pay period. The amount earned by Plaintiff bore no relation to the hours worked during a particular pay period, nor was Plaintiff ever paid according to an agreed-upon hourly rate.

Plaintiff further alleges that in processing payroll statements, Defendants arbitrarily assigned Plaintiff an artificial hourly rate of $7.00 and reverse-engineered the payroll calculations using the number of hours shown on his daily time cards. Such calculations inevitably differed from the amount actually earned by Plaintiff based on the installations he performed during the pay period. To make up for such differences, Defendants would list additional amounts, such as a bonus, compensation for tolls, or gas reimbursements so that the gross amount Plaintiff received as reflected on the reverse-engineered payroll statement was equal to the actual amount Plaintiff earned based on the installation work performed. However, Plaintiff never received a bonus or reimbursement for tolls or gas mileage.

Plaintiff states that he was required to be at a customer's house and perform installations during time periods mandated by ComCast. As a result, it was impossible for Plaintiff to have a fixed time period to take lunch breaks every day. Instead, the lunch breaks were included on Plaintiff's weekly time cards simply because Defendants instructed that they be listed. In reality, Plaintiff went from one work order to another, and did not have time to take thirty-minute lunch breaks.

At least on the present record, Defendants have failed to show the absence of a triable issue of fact. Neither the credibility of either parties' allegations nor the authenticity of the documents is a question of law for the Court to decide. Accordingly, Defendants' motion for summary judgment will be denied without prejudice.

## IV.    ORDER

For the reasons set forth above, Defendants' motion to dismiss is DENIED, and Defendants' motion for summary judgment is DENIED without prejudice.

IT IS SO ORDERED.

DATED: February 27, 2008

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-05243 JF (PVT)
ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1  This Order has been served upon the following persons:

3  Counsel for Plaintiff:

4  waqw@sbcglobal.net

6  Counsel for Defendant:

8  gcarlson@go4law.com

Case No. C 07-05243 JF (PVT)
ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT
(JFEX2)