ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 286-6619
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:              415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo & Osmin Avila

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR BALAREZO and OSMIN AVILA, and on behalf of other similarly situated<br><br>Plaintiffs,<br>vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.: C07-05243 JF<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL:**<br>1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Violation of Labor Code § 226.7; 4). Violation of Labor Code §226.7; 5). "Waiting Time" Penalties under California Labor Code §203; 6). Violation of Labor Code 2802; and 7). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203 |

Plaintiffs, Vladimir Balarezo and Osmin Avila, on their own behalf and on behalf of others similarly situated, allege as follows:

**NATURE OF CLAIM**

1. This is a class action on behalf of putative members who had been employed on

1    Case No. C07-05243 JF

**FIRST AMENDED CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

piece rate basis by NTH Connect Telecom Inc. ("NCT") during the last four years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes. On their own behalf and on behalf of other similarly situated others who fall with the relevant statutory periods, Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

2. Plaintiffs Balarezo and Avila were employed with Defendant NCT for sometime during last four years.

3. Defendant NCT is a California corporation was a contractor hired by Comcast to install cable equipments after customers placed order for cable services. .

4. The individual defendant Steven Chen, according to information and belief, is the owner and the CEO of NCT, having control over the work conditions and situation of Plaintiffs and putative class member employees at the NCT.

**SUBJECT MATTER JURISDICTION AND VENUE**

5. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

6. This Court is a proper venue, since all events giving rise to the claims of the named Plaintiffs and the putative class members.

**PLAINTIFFSS' CLASS ACTION ALLEGATIONS**

7. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of all those who had been employed on piece rate basis by

2     Case No.  C07-05243 JF

**FIRST AMENDED CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

1  Defendant with respect to the claims alleged herein arising under California Labor Code, and
2  California Business and Professions Code §17200, *et. seq.*

3        8. Plaintiffs also bring this action on behalf of such class members pursuant to 29
4  U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor
5  Standards Act, 29 U.S.C. § 201, *et. seq.*

6        9. The members of the purported class or subclass are so numerous that joinder of all
7  members is impracticable. According to information and believe, NCT had employed a large size
8  of piece rate workforce.  While the exact number of class or subclass members is unknown to
9  Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs
10  believe that there are at least one hundred or more members in the proposed class. Members of
11  the class or subclass may be identified from payroll and time records maintained by NCT, and
12  may be notified of the pendancy of this action by mail, or other appropriate media, using the
notice similar to that customarily used in the wage and hours class actions.

13. Plaintiffs' claims are typical of the claims of the members of the class and subclass
as all members of the class and subclass are similarly affected by defend ants' wrongful conduct
in violation of federal and state laws governing labor standards that is complained of herein .

14. Plaintiffs will fairly and adequately protect the interests of the members of the class
and subclass and have retained counsel competent and experienced in wage and hour litigation.

15. Common questions of law and fact exist as to all members of the class and
predominate over any questions solely affecting individual members of the class. Among the
questions of law and fact common to the class and subclass are:

  (a) whether the federal and state wage hours laws were violated by defendants' acts as
alleged herein;

  (b) whether defendants have  properly paid all putative class members for the hours that
were worked in excess of 8 hours a day or 40 hours a week;

  (c) whether the NCT is liable for failure to pay the subclass members whose employment
terminated during the last three years the overtime ages owed ascertainable at the time of

**FIRST AMENDED CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

1 termination of their employment;

2     (d) to what extent the members of the class and subclass have sustained damages and the proper measure of damages.

    16. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class and subclass members may be relatively small, the expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

    10. Plaintiffs Balarezo and Avila were employed as piece rate installers by NCT for some period during last four years.

    11. During last four years, Plaintiffs and other hourly paid employees worked over 8 hours a day and forty fours a week from time to time.

    12. Plaintiffs and such other piece rate employees were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

    13. Within 72 hours of termination of Plaintiffs Balarezo and other piece rate employees, NCT willfully failed to pay them overtime owed, the amount of which was readily ascertainable at the time of termination.

    14. Plaintiffs and other hourly paid employees would not be compensated for all hours worked. Plaintiffs and other hourly paid employees typically worked 6 day work weeks and over forty hours in one week and are thus entitled to overtime wages which were not paid. Because overtime wages were not paid, Plaintiffs and other hourly paid employees did not have any incentive to accurately record hours worked and it is alleged, based on information and belief, that they performed more hours of compensable labor than recorded in time records.

    15. Plaintiffs and other hourly paid employees were not always provided a 30-minute undisturbed meal period within the first 5 hours of performing compensable labor. This occurred

**FIRST AMENDED CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

because Defendants' workload was such that Plaintiffs and other hourly paid employees had to take late meals (being after 5 hours of work), no meals, or meal periods of less than 30 minutes.

## COUNT ONE

*Violation of California Labor Code, Non Payment Of Overtime*

*Labor Code Sections §510*

16. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-15 as if fully stated herein.

17. During last four years, Plaintiffs and other piece rate employees' employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

18. During their employment with the defendants, Plaintiffs and other piece rate employees regularly worked at NCT in excess of forty hours per week and in excess of eight hours per day. Plaintiffs received only straight time from NCT for these overtime hours.

19. During last four years, NCT knowingly caused, suffered and permitted Plaintiffs and other piece rate employees to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half, or double of their regular rate of pay.

20. By not paying overtime wages in compliance with the state law, NCT violated Plaintiffs and other piece rate employees' rights under the law, specifically California Labor Code Section 1194.

21. As a direct and proximate result of NCT's failure to pay proper wages under the California Wage Orders, Plaintiffs and other piece rate employees incurred general damages in the form of lost overtime compensation in amounts to be proven at trial.

22. Defendants had been aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs and other piece rate employees the overtime compensation due to them at

1  the time their employment ended.

2  23. Plaintiffs were required to retain attorneys for the purpose of bringing this action and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiffs prays for judgment as set forth below.

### COUNT TWO

*Violation of The Fair Labor Standards Ac,*

29 *U.S.C. Section 201, et seq.*

24. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-23 as if fully stated herein.

25. At all relevant times herein, Plaintiffs and other piece rate employees' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, *et seq.* and the Plaintiffs and other piece rate employees were individual employees covered by FLSA because Plaintiffs and other piece rate employees' employment directly related to interstate instrumentality and NCT is an enterprise engaged in interstate commerce.

26. 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

27. 29 C.F.R. § 778.11 provides in pertinent part:

> "When an employee is employed on a piece-rate basis, his regular hourly rate of pay is computed by adding together his total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions): This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's ''regular rate'' for that week. For his overtime work the piece-worker is entitled to be paid, in addition to his total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week."

28. Plaintiffs contend that under 29 C.F.R. § 778.11 overtime hours were not paid at the correct regular rate because minimum wage was used to compute wages and not the correct

6                                                                                          Case No.  C07-05243 JF

regular rate based on the piece rate labor performed. Defendants used the minimum wage and then added bonus or other payments to reach the piece rate total or during a period paid workers as if they were independent contractors without paying an hourly rate. With respect to the correct overtime calculation, and as an example and as an illustration only, the overtime formula which should have been used can be seen by using as an example a worker who worked 50 hours (40 regular hours and 10 overtime hours) and received $2,000.00 in piece rate earnings.

- $2,000.00 ÷ 50 = $40.00 (regular rate) \
- Overtime is 10 (hours) x $40.00 x 0.5 (overtime rate) = $200.00. Using this

example, the worker should have earned $2,200.00 and is owed $200.00 even though his piece rate earnings only totaled $2,000.00.

29. Although Plaintiffs and other piece rate employees were not so exempt during their employment with NCT, and although NCT and individual defendant Steven Chen had been fully aware of both the hours worked and the duties assigned to the Plaintiffs and other piece rate employees, NCT and individual defendant Steven Chen knowingly caused, suffered, and permitted Plaintiffs and other piece rate employees to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

30. By not paying overtime wages in compliance with FLSA, NCT and individual defendant Steven Chen violated the right of Plaintiffs and other piece rate employees under FLSA.

31. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs and other piece rate employees incurred general damages in the form of lost overtime wages.

32. NCT and individual defendant Steven Chen intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other piece rate employees their proper pay, and thus defendants are liable to Plaintiffs and other piece rate employees for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

**FIRST AMENDED CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

33. Plaintiffs were required to retain attorneys for bringing this action and are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs prays for judgment as set forth below.

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

34. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-33 as if fully restated hereinafter.

35. At all relevant times herein, Plaintiffs and other piece rate employees' employment with NCT was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

36. During Plaintiffs and other piece rate employees' employment with NCT, Plaintiffs and other piece rate employees worked at least 8 hours a day, and were not provided any meal periods as required by law.

37. For each time that Plaintiffs and other piece rate employees were not provided the required meal period, Plaintiffs and other piece rate employees are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

38. Plaintiffs and other piece rate employees are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendant NCT failed to provide.

WHEREFORE, Plaintiffs prays for judgment as set forth below.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code Sec. 203*

FIRST AMENDED CLASS ACTION COMPLAINT
Balarezo . v. NTH Connect Telecom Inc., et al.

39. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-38 as if fully stated herein.

40. Within 72 hours of the termination of Plaintiffs failed to pay him the overtime wages owed ascertainable at the time of termination. Plaintiffs believes that during the last three years, it has been the practice of NCT not to pay its employees the overtime time after they were terminated.

41. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

42. As of this date these wages have not been paid to Plaintiffs and the other piece rate employees whose employment ended during the last three years, thus making NCT liable to Plaintiffs and other employees whose employment terminated in last three years for penalties equal to 30 days wages in amount to be proven at trial.

WHEREFORE, Plaintiffs prays for judgment as set forth below.

## COUNT FIVE

*Failure to Reimburse Expenses*

*California Labor Code Sec. 2802*

43. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

44. Defendants at various times required Plaintiffs and other piece rate employees to provide their own vehicles, pay for gasoline, and tools to discharge their work duties.

45. Defendants failed to reimburse Plaintiffs and other piece rate employees for any and all expenditures or to indemnify them for any and all expenditures.

46. Failure to reimburse or indemnify for employee expenditures violates Labor Code § 2802 and subjects the employer the actual expenditure or loss suffered by the employee including but not limited to attorney' fees and costs.

47. As of this date these expenditures or losses have not been paid to Plaintiffs and other

9                                Case No. C07-05243 JF

piece rate employees by Defendants.

WHEREFORE, Plaintiffs prays for judgment as set forth below.

## COUNT SIX

*For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

48. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-47 as if fully stated herein.

49. At all times relevant herein, the employment with NCT was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission as well as FLSA, all of which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. California law also requires premium pay for missed meal periods.

50. During last four years, the employer of Plaintiffs, NCT and individual defendant Steven Chen were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq*.), but failed to pay the Plaintiffs and other piece rate employees overtime pay as required by FLSA, California Labor Code and applicable Wage Orders.

51. During the last four years, Defendants NCT and Steven Chen kept to themselves the unpaid overtime and meal period premiums which should have been paid to the Plaintiffs and other piece rate employees.

52. During the last four years, Defendants NCT and Steven Chen required employees to provide their own vehicles, pay for gasoline, tolls, and tools to discharge their work duties.

53. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other

employers and businesses with whom Defendants were in competition and who were in compliance with the law.

54. As a direct and proximate result of Defendants' violations, the rights of the Plaintiffs and other piece rate employees under the law were violated, causing them to incur general damages in the form of unpaid wages and lost wages to which they were legally entitled.

55. The Defendant NCT and Steven Chen had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

56. Having been illegally deprived of the overtime pay and other wages to which they were legally entitled, Plaintiffs herein seek restitution of such wages pursuant to the Business and Professions Code §17203 on their own behalf and behalf of others similarly situated.

WHEREFORE, Plaintiffs prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants and demand as follows:

1. Award compensatory damages for unpaid overtime in amounts to be proven at trial to Plaintiffs and other piece rate employees who were employed during the last three years;

2. Award liquidated damages equal to the overtime pay owed to Plaintiffs and other piece rate employees who were employed during last three years;

3. Award to Plaintiffs and other piece rate employees the meal period premium owed during last four years;

4. Award to Plaintiffs and other hourly paid employee during last four years the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5. Award the Plaintiffs and other piece rate employees whose employment ended during

**FIRST AMENDED CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.

1 last three years the waiting time penalty damages of thirty days wages pursuant to California
2 Labor Code Section 203 in amounts to be proven at trial;

3    6.  Award Plaintiffs and other piece rate employees during last four years the restitution
4 of unpaid overtime pay and other wages pursuant to California Business and Professions Code
5 §17203 in amounts to be proven at trial;

6    7.  Enter a permanent injective order against Defendants ensuring the compliance with
7 the FLSA and California Labor Code and wage orders;

8    8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29
9 U.S.C. §216(b) of the FLSA;

    9. Award Plaintiffs the costs of suit herein.

    10. Grant such other and further relief as the Court may deem appropriate.

Dated:  March 5, 2008                          By:   /s/ ADAM WANG              .
                                                     Attorney for Plaintiffs


Dated:  March 5, 2008                          By: /s/ Tomas E. Margain
                                                   Tomas E. Margain
                                                   Tomas E. Margain

**FIRST AMENDED CLASS ACTION COMPLAINT**
Balarezo . v. NTH Connect Telecom Inc., et al.