ADAM WANG (STATE BAR NUMBER 210233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 286-6619
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:          415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
 Vladimir Balarezo & Osmin Avila

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR BALAREZO and OSMIN AVILA, and on behalf of other similarly situated<br><br>        Plaintiffs,<br><br>   vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br><br>       Defendants | Case No.:  Case No.: C07-01248 JF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF *HOFFMANN-LA ROCHE* NOTICE**<br><br>Date:    April 11, 2008<br>Time:    9:00 am<br>Judge:  Honorable Jeremy Fogel |

C07-01248 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

# TABLE OF CONTENTS

I.    INTRODUCTION AND STATEMENT OF ISSUES ............................................................1

II.   FACTUAL BACKGROUND ...........................................................................................4

   A.   ALL TECHS PERFORMED THE SAME JOB DUTIES ..................................................4

   B.   TECHS ARE ALL PAID BY PIECE ...........................................................................5

   C.   TECHS ARE ALL DENIED REQUIRED OVERTIME RATE FOR OVERTIME HOURS WORKED ..........................5

III.  ARGUMENTS ...........................................................................................................7

   A.   SENDING EXPEDITED NOTICE TO ABSENT CLASS MEMBERS FULFILLS THE BROAD REMEDIAL PURPOSES OF FLSA ..........................7

   B.   PLAINTIFFS ARE ENTITLED TO NOTICE BASED ON A VERY MINIMAL SHOWING THAT THEY ARE SIMILARLY SITUATED TO OTHER EMPLOYEES. ..........................8

   C.   NOTICE IS APPROPRIATE IN THIS CASE BECAUSE PLAINTIFFS ARE "SIMILARLY SITUATED" TO OTHER CURRENT AND FORMER TECHS ..........................11

   D.   THE CONTENT OF THE NOTICE IS APPROPRIATE ................................................12

IV.   CONCLUSION ........................................................................................................13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

## Cases

*Adams v. Inter-Con Security Sys., Inc.,* 242 F.R.D. 530 (N.D. Cal. 2007)*;* ...............................................3, 9

Aguayo v. Oldenkamp Trucking, 2005 U.S. Dist, LEXIS 22190 (ED Cal. Oct 3, 2005).....................................passim

Allen v. Mar shall Field & Co, 93 F.R.D.. 438 (ND Ill., 1982) ...............................................................10

Ballaris v. Wacker Siltronic Corp, 2001 U S  Dist. LEXIS 13354 (D Or 2001) ................................9, 10, 12

Brown v. Money Tree Mortgage, Inc., 222 F R.D 676 (D, Kan. 2004)........................................8, 9, 11, 12

*Centurioni v. City and County of San Francisco,* No. C 07-01016 JSW, 2008 U.S. Dist. LEXIS 10856 *(ND Cal.*

    *2008)*................................................................................................................3, 8, 9, 10

Church v. Consol Freightways, Inc , 137 F.R. D. 294, 305 (N D. Cal. 1991) ..................................3, 10

Daggett v. Blind Enters of Oregon, 1996 U.S. Dist. LEXIS 22465 (D, Or Apr, 18,1996)......................9, 10

De Asencio v. Tyson Foods, Inc , 130 F, Supp 2d 660 (ED Pa. 2001)...................................................10

Equal Employment Opportunity Comm'n v. Pan Am World Airways, In., 897 F 2d 1499 (9th Cir 1990).................8

Heagney v European Am Bank, 122F.R.D. 125 (ED.N.Y. 1988) ..............................................................3

Hipp v. Liberty Nat'I Life Ins. Co., 252 F3d 1208 (11th Cir, 2001) ...................................................9

Hoffmann-La Roche Inc v. Sperling, 493 U S  165 (1989) ..........................................................passim

*Holbrook v. Smith & Hawken, Ltd.,* 246 F.R.D. 103 (D. Conn. 2007) ..................................................9

*Horne v. United Servs. Auto. Ass'n,* 279 F. Supp. 2d 1231 (M.D. Ala. 2003) .......................................3

Kane v. Gage Mfg Servs, Inc, 138 F. Supp.2d 212 (D Mass. 2001)................................................9, 12

Mooney v. Aramco Services Co., 54 F,3d 1207 (5th Cir. 1995) ...................................................8, 11

*Morton v. Valley Farm Transport Inc.,*  No. C 06-2933 SI, 2007 U.S. Dist. LEXIS 3175 (ND Cal. 2007).................3

Reab v. Electronic Arts, Inc., 214 F R.D. 623 (D. Colo. 2002) ...............................................8, 9, 12

Thiebes v. Wal-Mart Stores, Inc., 1999 U.S. Dist LEXIS 18649  (D Or. Dec, 1, 1999) ...........................3, 9, 10

Thiessen v. Gen Elec Capital Corp., 267 F 3d 1095 (10th Cir 2001) ................................................passim

Williams v. Sprint/UnitedMgmt Co., 222 F R.D. 483 (D Kan. 2004) ..........................................9, 10, 11, 12

ii
C07-01248 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

Wynn v. National Broadcasting Company, Inc, 234 F Supp 2d 1067 (C D Cal, 2002)................................8, 9

Zhao v. Benihana, 2001 U.S. Dist, LEXIS 10678 (S..D.N..Y 2001) ................................................................10

**Statutes**

29 U.S.C. § 216(b)................................................................................................................................................2

**Regulations**

29 C.F.R. § 778................................................................................................................................................4, 5, 6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**

Balarezo, et al. v. NTH Connect Telecom Inc., et al.

I.    **INTRODUCTION AND STATEMENT OF ISSUES**

Defendant Nth Connect Telecom Inc. ("Nth Connect") is a contractor hired by Comcast to install cable satellite equipments at the customers' houses. Plaintiffs Vladimir Balarezo and Osmin Avila were employed by Nth Connect as Installation Technicians who were dispatched to customers' houses to perform those installations.

By this motion, Plaintiffs request leave to send *Hoffmann-La Roche* notice to similarly situated Installation Technicians ("Techs") who are or have been employed by defendant Nth Connect Telecom Inc., ("Nth Connect") at any time since October 12, 2004. Notice and the opportunity to opt in is appropriate in this case because the Techs are all similarly situated with respect to their Fair Labor Standards Act claim: all Techs perform the same nonexempt job duties, *i.e.,* they installed the cable satellite equipments at customers' houses according to orders customers placed with the Comcast; they were all paid according to a specific rate for every installation completed; and they were all not paid the proper overtime wages by Nth Connect because of a systematic scheme which uniformly failed to pay Techs their overtime wages.

Accompanying this motion is a declaration from Plaintiffs' counsel Tomas E. Margain showing the overtime underpayment using Defendant Nth Connect's own time and pay records and providing a detailed audit of Plaintiff Balarezo for his employment period. Margain Decl., ¶¶ 3-8 Exh 4. The audit shows that Plaintiff Balarezo is owed overtime wages each and every week he worked. The average underpayment of overtime wages earned but not paid is $191.30 in 2007 and $93.70 in 2006. Margain Decl., ¶ 8, Exh 4.

The second count of Plaintiffs' First Amended Complaint ("FAC") is brought as a collective action pursuant to the Fair Labor Standards Act ("FLSA") for unpaid overtime. The FLSA expressly authorizes workers such as Plaintiffs to sue for unpaid overtime wages not only

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

on their own behalf, but also on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  Unlike a class action under Rule 23 of the Federal Rules of Civil Procedure, in which individuals are members of a class until they affirmatively "opt out", each individual member (or "party plaintiff") of a "collective action" under the FLSA must "opt in" by filing written consent.

The Supreme Court held in *Hoffmann-La Roche* that the named Plaintiffs in FLSA collective actions are entitled to discover the identity of all "similarly situated" individuals with potential claims and to send court-approved notice to those potential Plaintiffs informing them about the lawsuit and their right to opt in by a specified deadline   *Hoffmann-La Roche Inc* v. *Sperling,* 493 U S  165, 172-74 (1989).  The Supreme Court established this procedure to help vindicate the important statutory rights protected by the FLSA and to further judicial efficiency — both by facilitating the ability of individuals asserting similar claims to adjudicate their rights before a single court at a single time, and by allowing that court to establish a fixed "cut-off" date after which no new individual plaintiffs can join the existing action.  *Id* at 172. *Hoffmann-La Roche* did not create any new standards for adjudicating substantive rights.  It merely created a procedural mechanism for identifying and notifying potential plaintiffs whose claims may be similar to those of the individuals who had already joined the litigation.

The purpose of the notice is simply to alert potentially aggrieved individuals that if they want to pursue a similar claim in the pending lawsuit they must file a Consent to be Party Plaintiff  before the judicially-set filing cut-off date.  *Id* at 172.   Providing such notice is integral to realizing the congressionally-intended benefits and efficiencies of the collective action. *See id* at 169-70.

Accordingly, a motion for *Hoffmann-La Roche* notice is leniently granted early in the case upon a minimal showing that there are other similarly-situated individuals who might wish to join the present action *See e. g., Thiessen v. Gen Elec Capital Corp.,* 267 F 3d 1095, 1102 (10th Cir 2001) (initial notice stage determination of whether plaintiffs are similarly situated "require[s] nothing more than substantial allegations that the putative class members were

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

together the victims of a single decision, policy or plan"), *internal quotes and citation omitted,*
*Aguayo v. Oldenkamp Trucking,* No. CV F 04-6279, 2005 U.S. Dist, LEXIS 22190 at *9-*12
(ED Cal. Oct 3, 2005)[1] (allegations of complaint and plaintiff's declaration sufficient for
favored issuance *of Hoffman-La Roche* notice);   *Morton v. Valley Farm Transport Inc.*,  No. C
06-2933 SI, 2007 U.S. Dist. LEXIS 3175 at *5-*6 (ND Cal. 2007) (declarations of two
plaintiffs and two putative members of the collective action sufficient for issuance of *Hoffman*
notice); *Centurioni* v. *City and County of San Francisco*, No. C 07-01016 JSW, 2008 U.S. Dist.
LEXIS 10856 at *2-*8 (ND Cal. 2008) (for purpose of *Hoffman* notice, Plaintiff only required
to show there is some factual basis beyond the mere averments in their complaint for the class
allegations, citing *Adams v. Inter-Con Security Sys., Inc.,* 242 F.R.D. 530 (N.D. Cal. 2007)*; an*d
show that "the named plaintiff must demonstrate that there existed at least one similarly situated
person at a facility other than his own, citing *Horne v. United Servs. Auto. Ass'n,* 279 F. Supp.
2d 1231, 1235 (M.D. Ala. 2003));  *Church* v. *Consol Freightways, Inc ,* 137 F. R. D. 294, 305
(N D. Cal. 1991) ("The similarly situated requirement of 29 U.S.C.216(b) is considerably less
stringent than the requirement of Fed. R. Civ. Proc. 23(b)(3) that common questions
predominate"), *quoting Heagney* v *European Am Bank,* 122F.R.D. 125, 127 n, 2 (ED.N.Y.
1988); *Thiebes v. Wal-Mart Stores, Inc.*, No, 98-802-KI, 1999 U.S. Dist LEXIS 18649 at *6 (D
Or. Dec, 1, 1999) (allegations of complaint coupled with discovery support issuance of
*Hoffmann* notice).

    The twin goals of judicial efficiency and eradicating unlawful overtime practices are
best served by a procedure that advises individuals of their rights and provides them a

---

[1] The *Aguayo* opinion constitutes findings and recommendations by a Magistrate Judge of the Eastern
District of California that were submitted on October 3, 2005 to the United States District Judge assigned
to the case. Defendant in *Aguayo* filed Objections to the findings on October 21,2005.  Subsequent to
Defendant's filing of the objection, parties in *Aguayo* jointly requested the court to delay its ruling on the
objection because they were engaged in an active settlement discussion. On March 31, 2006, the district
judge presiding over the case held that pursuant to the Civil Justice Reform Act, the court was required to
rule on the objection within six months from the filing of the objection.  Given that the parties were still
in the process of settlement negotiation, and in light of the objection, the court denied the conditional
certification without prejudice. *See* 2006 U.S. Dist. LEXIS 19061.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

reasonable period of time to decide whether to join the existing lawsuit. This notification procedure furthers the underlying statutory policies because it ensures that plaintiffs with potentially valid FLSA claims are informed of their rights; and it furthers judicial efficiency because it ensures that all similarly situated timely filers can have their claims heard by the same court at the same time.

Notice is appropriate at this point in the litigation because the initial pleadings and declarations of Plaintiffs and exhibits are sufficient under the lenient standard applicable here for a finding that the Techs are similarly situated and, thus, entitled to *Hoffmann-La Roche* notice. All Techs hired by Defendant Nth Connect are "similarly situated employees" because: 1) they have all performed the same primary job duties, *i.e.*, install the cable satellite equipments  at the customers houses according to the orders customers placed with Comcast; 2) they have all been compensated by a piece rate payment system where the wages are based on the number and types of installations performed, and 3) they have all been denied the required overtime rate for the hours worked in excess of 40 hours a week pursuant to 29 C.F.R. § 778.11 because Defendant Nth Connect failed to determine the "regular rate" of pay for Techs and then pay an overtime premium based on the hours worked.

By this motion, Plaintiffs request an order that all current and former Techs be provided with notice and opportunity to join this collective action within 120 days of the issuance of the notice. *See Hoffmann-La Roche,* 493 U.S. at 172.

Because plaintiffs have made substantial allegations that the Techs are similarly situated with respect to both their job duties and the way they have been compensated, this motion should be granted and this Court should conditionally certify the case to proceed as an FLSA collective action,

## II.     FACTUAL BACKGROUND

### A.     ALL TECHS PERFORMED THE SAME JOB DUTIES

4                                      C07-01248 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

Plaintiffs Vladimir Balarezo, Osmin Avila and all other Techs performed the same job duties while employed with Defendant Nth Connect.  While employed by Defendant Nth Connect, named Plaintiffs Balarezo and Osmin Avila, as well as all other Techs were dispatched to the customers' houses to install the cable satellite equipments according to the orders the customers placed with Comcast.  Decl. Balarezo Decl., ¶ 3; Avila Decl., ¶ 3.

### B.    TECHS ARE ALL PAID BY PIECE

In addition to having the same job duties, all Techs are paid the same way—they are paid by a specific rate for every installation completed.  That rate would vary depending on the nature of the particular job performed.  At the end of the every pay period, the Techs would be given an earnings statement entitled "Bi-Weekly Payout Sheet", summarizing the total earnings the Tech made during the pay period based on the installations performed.  Decl. Balarezo Balarezo Decl.,  ¶ 4; Avila Decl., ¶ 4.

### C.    TECHS ARE ALL DENIED REQUIRED OVERTIME RATE FOR OVERTIME HOURS WORKED

Not only being paid by piece in the same fashion, the Techs are all denied the overtime time rate required by law.  29 C.F.R. § 778.11 provides that:

> "When an employee is employed on a piece-rate basis, his regular hourly rate of pay is computed by adding together his total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions): This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's ''regular rate'' for that week. For his overtime work the piece-worker is entitled to be paid, in addition to his total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week."

However, here, although they work in excess of 40 hours every week,  Plaintiffs and all other Techs are not paid the rate mandated by the FLSA as set forth in the 29 C.F.R. § 778.11 for the overtime hours worked.  Rather, they are paid only straightly the earning from their piece rate.  Until April 2006, all Techs were paid as if they independent contractors, and were issued 1099s without deduction for tax withholdings, Avila Decl., ¶ 7.  Since April 2006, all Techs

C07-01248 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

have been paid on W-2s with various amounts deducted from their paychecks as tax withholdings. Regardless whether they were treated as an independent contractor or an employee, all Techs were only paid straight piece rate, and not the required overtime rate for the hours worked in excess of 40 hours during a workweek.  Balarezo Decl.,  ¶¶ 4-8; Avila Decl., ¶¶ 4-8.

With respect to the proper wages for the period after April 2006, Plaintiff's counsel has audited the time and pay records of Plaintiff Balarezo to show the underpayment and the proper payment under 29 C.F.R. § 778.11.  Margain Decl., ¶¶  3-8.  As detailed in the Margain declaration, all weekly "piece rate" earnings must be added up and they must then be divided by the total number of hours worked to determine the "regular rate."  Margain Decl., ¶¶ 3, 7; 29 C.F.R. § 778.11.  Workers are then entitled to the overtime premium pay for all hours over 40 in one week.   Margain Decl., ¶ 7.

Here, Defendant Nth Connect determined the weekly piece rate total and then assigned a payment at or near the minimum wage for the regular and overtime hours contained in an employee's time cards.  Defendant Nth Connect then made up the difference to reach the piece rate total by adding payments entitled "bonus," or "piece work", etc, to reach the piece rate total. In essence,  Defendant Nth Connect never paid the overtime premium on the piece rate total because it disregarded the "regular rate" and failed to properly pay overtime wages as required by 29 C.F.R. § 778.11.

With respect to the period before April 2006, Defendant Nth Connect not only did not determine the regular rate for purposes of overtime, it did not even pay employees wages.  It paid them as if they were independent contractors who, by law, are not entitled to overtime  For this period the methodology for the audit will be the same as the piece rate total will be divided by the total hours worked to determine the regular rate and then the overtime premium for hours over 40 in one week will be calculated.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

1

## III.  ARGUMENTS

2

3     The Court should approve notice to be distributed to all individuals who worked for Nth

4  Connect at any time during the relevant time period - from three years prior to the filing of the

   Complaint in this case[2] through the date one week before the notice is to be mailed.  Notice is

5  appropriate at this early stage of the case because the initial pleadings, declarations and exhibits

6  show that all Nth Connect Techs are "similarly situated employees": they all share and perform

7  the same job duties, they have all been paid by piece, and yet all have been denied overtime

8  pay. In short, this is an ideal FLSA collective action case, and the lenient criteria for ordering

9  *Hoffmann-La Roche* notice are easily satisfied here. "The judicial system benefits by efficient

10 resolution in one proceeding of common issues of law and fact arising from the same alleged . .

11 [unlawful] activity."  *See Hoffmann-La Roche,* 493 U.S. at 170.

12     **A.  SENDING EXPEDITED NOTICE TO ABSENT CLASS MEMBERS FULFILLS THE BROAD
       REMEDIAL PURPOSES OF FLSA**

13

14     An employee alleging violations of the FLSA may bring an action on behalf of all

15 "other similarly situated employees " 29 U S  C § 216(b). Such collective actions are favored

16 under the law: they benefit the judicial system by enabling the "efficient resolution in one

17 proceeding of common issues of law and fact," and provide plaintiffs with the opportunity to

18 "lower individual costs to vindicate rights by the pooling of resources."  *Hoffmann-La Roche,*

19 493 U S  at 170

20     Unlike a Rule 23 class action, plaintiffs in an action under the FLSA must affirmatively

21 opt in to be covered by the suit. 29 U S C, § 216(b); *Thiessen,* 267 F3d at 1102.   If an

22 individual employee does not opt in by filing a written consent, he or she will not be bound by

23 the outcome, whether or not it is favorable, and may bring a subsequent private action. *Equal*

24

25 [2]  The Complaint alleges that Nth Connect willfully violated its Techs' right under FLSA by failing to pay the
   overtime due them, Complaint, ¶¶ 13, 20.  Statute of limitation for willful violation is three years.  29 U.S.C. §
   255(a).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

*Employment Opportunity Comm'n v. Pan Am World Airways, In.,* 897 F 2d 1499, 1508 n 11 (9th Cir 1990).

Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action", the FLSA grants the Court authority to manage the process of joining such employees in the action, including the power to authorize notice and monitor preparation and distribution of the notice. *Hoffmann-La Roche,* 493 U S at 169-72; *id* at 17.3 ("The broad remedial goal of the statute should be enforced to the full extent of its terms"). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action," *Id* at 172; *Reab* v. *Electronic Arts, Inc.,* 214 F.R D. 623, 628 (D. Colo. 2002) (conditional certification for notice purposes was appropriate where plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved).

**B.  PLAINTIFFS ARE ENTITLED TO NOTICE BASED ON A VERY MINIMAL SHOWING THAT THEY ARE SIMILARLY SITUATED TO OTHER EMPLOYEES.**

The Court may order and facilitate the sending of notice applying a lenient standard based on a minimal showing of "other similarly situated employees."

District courts in this circuit and other circuits take the two-step approach in determining whether to certify a FLSA collective action. *See Centurioni* v. *City and County of San Francisco,* No. C 07-01016 JSW, 2008 U.S. Dist. LEXIS 10856 at *4 (ND Cal. 2008); *Wynn* v. *National Broadcasting Company, Inc,* 234 F Supp 2d 1067, 1082 (C D Cal, 2002). *See also Thiessen,* 267 F.3d at 1102-103; *Mooney v. Aramco Services Co.,* 54 F,3d 1207, 1213-14 (5th Cir. 1995); *Brown v. Money Tree Mortgage, Inc.,* 222 F R.D 676, 678-79 (D, Kan. 2004).

The first step is known as the "notice stage" of a FLSA collective action - the stage at issue on this motion, where the Court makes a determination of whether a collective action should be certified for purposes of sending notice of the action to potential class members. *Centurioni,* 2008 U.S. Dist. LEXIS 10856 at *4-*5. *See also, Wynn, at* 234 F Supp 2d 1082. For

8    C07-01248 JF

certification at the notice stage, the Court requires nothing more than substantial allegations, generally supported by declarations and/or discovery, that the putative collective action members are "similarly situated", *Thiessen,* 267 F.3d at 1102; *Aguayo v Oldenkamp Trucking,* 2005 US Dist. LEXIS 22190 at *8-*9 (CD Cal, 2005); *Brown,* 222 F R.D at 679; *Reab,* 214 F..R.D at 628-29. At this first step, "the plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations", *Centurioni,* 2008 U.S. Dist. LEXIS 10856 at*4- *5 (citing *Adams v. Inter-Con Security Sys., Inc.,* 242 F.R.D. 530 (N.D. Cal. 2007)); and "the district court need only be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits, *Centurioni,* 2008 U.S. Dist. LEXIS 10856 at *5 (citing *Holbrook v. Smith & Hawken, Ltd.,* 246 F.R.D. 103, 105 (D. Conn. 2007)).

The standard for certification at this notice stage is a lenient one that typically results in the issuance *o f  Hoffmann-La Roche* notice. *Centurioni,* 2008 U.S. Dist. LEXIS 10856 at *5-*6; *Brown,* 222 F..R.D. at 679; *see Thiessen,* 267 F.3d at 1103 (upholding conditional certification at notice stage where district court had applied "a fairly lenient standard for what constituted 'similarly situated'"); *Aguayo,* 2005 U.S. Dist LEXIS 22190 at *9-*10 (proof required at notice stage much less than that required at trial); *Wynn,* 234 F.Supp.2d at 1082.

Plaintiffs meet their notice stage burden by presenting "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan " *Thiessen,* 267 F.3d at 1102, *internal quotes and citation omitted; see Brown,* 222 F.R.D. at 679; *Williams,* 222 F.R D, at 485; *Reab,* 214 F.R.D.. at 628; *see also Kane v. Gage Mfg Servs, Inc,* 138 F. Supp.2d 212, 214-15 (D Mass. 2001). In order to be "similarly situated", "[t]he positions and claims of the employees need not be identical" *Daggett* v . *Blind Enters of Oregon,* 1996 U.S. Dist. LEXIS 22465 at *17 (D, Or Apr, 18,1996);  *Ballaris v. Wacker Siltronic Corp,* 2001 U S  Dist. LEXIS 13354 at *2  (D Or 2001), *rev'd on other grounds,* 370 F 3d 901; *Thiebes,* 1999 US, Dist. LEXIS 18649 at *6 (D Or 1999); *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F3d 1208, 1217(11th Cir, 2001).  The Court may determine that plaintiffs and others are similarly

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

situated based only on the allegations of the complaint and a few declarations or depositions. *See, e g , Brown,* 222 F.R..D. at 680 (two affidavits); *Williams v. Sprint/UnitedMgmt Co.,* 222 F R.D. 483, 487 (D Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab,* 214 F R D at 628 (allegations in complaint); *Allen v. Mar shall Field & Co,* 93 F.R.D.. 438, 442-45 (ND Ill., 1982) (allegations in complaint sufficient); *Ballaris v. Wacker Siltronic Corp. ,*2001 U.S. Dist LEXIS 13354 at *.3-*5 (D, Or, 2001) two affidavits); *De Asencio* v. *Tyson Foods, Inc ,* 130 F, Supp 2d 660, 663 (ED Pa. 2001), *rev'd on other grounds,* 342 F,3d 301 (four affidavits); *Zhao v. Benihana,* 2001 U.S. Dist, LEXIS 10678 at *12-*13, (S..D.N..Y 2001) (one affidavit based on plaintiffs "best knowledge");  *Aguayo,* 2005 U S , Dist LEXIS at *11-12 (allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated).[3]  At this stage, "the plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations", and "the district court need only be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits, *Centurioni,* 2008 U.S. Dist. LEXIS 10856 at *4-*5 *(internal citations omitted).*  If this lenient standard is met, the district court "conditionally" certifies the class and facilitates the

---

[3] Notice obviously "need not await a final determination that the "similarly situated" requirement is satisfied. Such a requirement would indeed place an ADEA [or FLSA] action in the "chicken and egg" limbo ,…." *Severtson v. Phillips Beverage Co ,* 137 F R D 264, 267 (D, Minn, 1991). Indeed, the requirements for finding that others are similarly situated for purposes of a collective action are far less stringent than the requirements for certifying a class action under Federal Rules of Civil Procedure 23 *Church,* 137 F.R..D at 306; *Daggett,* 1996 U.S. Dist LEXIS 22465 at *17; *Ballaris* 2001 U S  Dist, LEXIS 13354 at *3-*5;  *Thiebes ,* 1999 US, Dist LEXIS 18649 at *6-7.

> Many of the FRCP 23 protections are not necessary for a § 216(b) class action given the "opt in" requirement.  A plaintiff who "opts in" presumably has decided that the benefits of joining the class outweigh any benefits of bringing an individual action.  In other words, there is no need for the court to determine whether a class action is the most efficient method to proceed because each individual plaintiff has already concluded that a sufficiently common issue of fact or law exists and that he or she will be adequately represented.  In addition, the due process protections of FRCP 23 are not as crucial when absent class members are not bound by the judgment.

*Daggett,* 1996 U S. Dist, LEXIS 22465 at *15-16; *see also Church,* 137 F.R.D, at 306.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

process by which putative class members are given notice and the opportunity to opt-in, with the case proceeding as a representative action throughout the course of discovery[4].

Only at the conclusion of discovery, often prompted by a motion to decertify, does the Court make a second stage determination of whether the plaintiffs are similarly situated using a stricter standard, *Thiessen,* 267 F3d at 1102-03; *Brown,* 222 F R D at 679; *Aguayo,* 2005 U S Dist, LEXIS at *5-6. "During this 'second stage' analysis, a court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appeal to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filing before instituting suit", *Brown,* 222 F.R.D. at 679, *citing Thiessen,* 267 F.3d at 1103; *Williams, 222 F..R.D.* at 485;  *Aguayo,* 2005 US, Dist. LEXIS at *6.  If the opt-in plaintiffs are determined not to be similarly situated after all discovery has been completed, the Court decertifies the class, and the opt-in plaintiffs' claims are dismissed without prejudice. *See, e g, Mooney,* 54 F.3d at 1214.

### C. <u>NOTICE IS APPROPRIATE IN THIS CASE BECAUSE PLAINTIFFS ARE "SIMILARLY SITUATED" TO OTHER CURRENT AND FORMER TECHS</u>

Plaintiffs have alleged in their FAC, and shown by their sworn declarations, that the potential collective action members in this case are similarly situated because, among other things, they all share and perform the same job duties, are all paid by piece in the same fashion, and have all been denied overtime pay for all overtime hours worked pursuant to the uniform pay policy and plan to deny Techs overtime rate and to conceal and cover up this unlawful

---

[4] Issuance of notice does not require any adjudication of the merits of plaintiffs' claims, but rather depends solely upon the existence of similarly situated employees who are likely to assert similar claims.  *See Garner,* 802 F. Supp. at 423 n. 3, 4; *see also Thiessen,* 267 F.3d at 1106-07 (district court erred in reaching the merits of whether company's policy caused adverse employment actions at collective action certification stage).  "The court is not required, nor would it be well-advised, to adjudicate this case on its merits before resolving the issue of class notification. A primary purpose of notification is to locate other similarly-situated employees who may wish to bring their claims to the court's attention *before* this litigation is resolved", *Garner,* 802 F, Supp at 423 n.4 (emphasis in original).  "To impose a strict standard of proof [at the certification stage] would unnecessarily hinder the development of collective actions and would undermine the 'broad remedial goals' of the FLSA" *Id.* at 422-423 *(citing Hoffmann-La Roche,* 493 U.S.at 173).

C07-01248 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
<u>Balarezo, et al. v. NTH Connect Telecom Inc., et al.</u>

payroll policy by falsifying the payroll statements.  Balarezo Decl., ¶ ¶ 4-7; Avila Decl.m, ¶ ¶ 4-9.  The fact all Techs were subject to the same policy, alone, supports a finding of similar situation, a provisional certification of the case as a FLSA collective action and an order sending notice to all potential plaintiffs. *Thiessen,* 267 F 3d at 1102; *Kane v. Gage Merchandising Servs ,* 138 F Supp 2d at 214-15 ) (notice stage certification appropriate where there was initial showing that employer classified group of employees as exempt and did not pay them overtime);  *Aguayo,* 2005 U S  Dist. LEXIS 22190 at *10; *Brown, 222* F ,R.D at 679; *Williams, 222* F R.D at 485; *Reab,* 214 F R.D at 628.

Additionally, the group is similarly situated because for all material purposes, all Techs have the same core job duties, functions and responsibilities, making the Techs non-exempt and entitled to overtime pay; but yet they all have been not been paid overtime at the rate required under FLSA as set forth in 29 CFR § 778.11.  Nth Connect will be hard-pressed to contend to the contrary.

To satisfy the requirements of *Hoffmann-La Roche* "[a]ll that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Ballaris,* 2001 U S  Dist. LEXIS 13354 at *5 (quoting *Wertheim,* 1993 US Dist. LEXIS 21292 at *2-*3). Here, all Techs are "similarly situated" within the meaning of the FLSA because the Techs' non-exempt status and the uniform fashion in which they are paid and denied legally required overtime pay are sufficiently identical for purposes of evaluating their rights to overtime pay under the FLSA and the merits of affirmative defense that Nth Connect it may assert.

### D.  THE CONTENT OF THE NOTICE IS APPROPRIATE

Plaintiffs have attached the proposed Notice as Exhibit 1 to the Proposed Order.  This Notice accurately informs the Techs of the lawsuit and explains their rights in a clear and concise manner.  This proposed notice is modeled on a sample class action notice found at the Federal Judicial Center website, www.fjc.gov (specifically at

C07-01248 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

http://www.fjc.gov/public/pdf.nsf/lookup/ClaAct11.pdf/$file/ClaAct11.pdf).  Care has been taken to use neutral language and Plaintiffs' counsel will work with Defense counsel prior to the hearing on any problems and concerns they may have with the language.  The Notice at page 4 allows one section for Plaintiffs to state their contentions, section 5, and allows Defendants the opportunity to have a rebuttal, section 6, where they can explain their contentions in this action.  See Exh. 1 to Plaintiffs' Proposed Order.

## IV.    CONCLUSION

The goal of judicial efficiency weighs heavily in favor of issuance of *Hoffmann-La Roche* notice to potential collective action members here. Notice will permit "efficient resolution in one proceeding" of a discrete range of factual and legal issues applicable to all Techs of Nth Connect. *See Hoffmann-La Roche,* 493 U.S.at 170.  Absent notification, a large number of individuals will be left to litigate in separate actions the same dispute presented here over the lawfulness of flatly denying Nth Connect's Techs the overtime pay.  *See id* at 172 (notice prevents "multiplicity of duplicative suits" and can "expedite disposition of the action").


Dated:  March 5, 2008                              By:  /s/ ADAM WANG
                                                         Adam Wang
                                                         Law Offices of Adam Wang
                                                         Attorney for Plaintiffs


                                                          /s/ TOMAS MARGAIN
                                                         Tomas Margain
                                                         Law Offices of Tomas Margain
                                                         Attorney for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.