ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:    415-861-9600
Fax:          415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo, Abelardo Guerrero,
Victor Funez & Osmin Avila

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| VLADIMIR A. BALAREZO, ET AL., individually and on behalf of others similarly situated, <br><br>     Plaintiff, <br><br>     vs. <br><br> NTH CONNECT TELECOM INC., AND STEVEN CHEN, <br><br>     Defendants | Case No.:C07-05243 JF <br><br> **DECLARATION OF OSMIN AVILA IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF *HOFFMANN-LA ROCHE* NOTICE** <br><br> Date:   April 11, 2008 <br> Time:   9:00 AM <br> Judge:  Jeremy Fogel |
|---|---|

I, the undersigned, declare as follows:

1. I am over 18 years old. I have personal knowledge of the matters stated herein. If called upon to testify before this Court, I would and could do so to the same effect.

2. I was employed by Defendant Nth Connect Telecom Inc. ("Nth Connect") as an Installation Technician approximately from 2005 to 2007.

3. My duties as an Installation Technician at the Nth Connect were to install cable equipments for Comcast at the customers' houses as dispatched at various specified time periods during the day.

1    Case No.C07-5243 JF

**DECLARATION OF OSMIN AVILA IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo . v. NTH Connect Telecom Inc., et al.

4. I was compensated by piece for the work I performed. Specifically, I was compensated a specific rate for each installation I had completed. The piece rate would vary, depending on the nature of the particular job I was dispatched to perform. At the end of each pay period, Nth Connect would give me an earnings statement that summarized all the work I performed during the pay period, and the amount I earned for that pay period. Exhibit 1 hereto is a true and accurate copy of one earning statement issued to me for the period from December 24, 2006 to January 6, 2007. As demonstrated by Exhibit 1, the amount I earned bore no relation to the hours I worked during the pay period.

5. I was never paid according to an agreed-upon hourly rate.

6. My pay was never based on the number of hours I worked.

7. For the early part of my employment with Nth Connect, I was treated as an "independent contractor," and was paid on 1099 not subject to tax withholdings. Sometime in 2006, Nth Connect started putting me and other Installation Technicians on payroll. In processing the payroll, Nth Connect would arbitrarily assign me an artificial hourly rate at or near the minimum wage, and reverse engineer the payroll calculation using the number of hours shown on my daily time cards. As result, my payroll statement would show that I was paid an hourly rate near the minimum wage for regular hours worked within 8 hours per day or 40 hours per week, and time and one-half of that falsified hourly rate for hours worked in excess of 8 hours per day or 40 hours per week. Such reverse-engineered hourly earnings for a particular pay period would inevitably differ from the amount I actually earned based on the installation work I performed during that pay period. Nth Connect would then list an extra amount as "bonus", "gas reimbursements", "expenses" and "tools", etc. to make up the difference so that the gross amount I received from Nth Connect per pay period as reflected on the payroll statement for that period would always confirm with the amount I earned based on the installation work performed, while in reality, I was not paid any amount in addition to the earnings from installations based on piece rate. Exhibit 2 hereto is a true and correct copy of

**DECLARATION OF OSMIN AVILA IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo . v. NTH Connect Telecom Inc., et al.

payroll statement for the period from December 24, 2007 to January 6, 2007, which was reverse-engineered to make it appear that I was paid by an hourly rate for regular hours and one and one-half of that hourly rate for overtime hours worked.

8. Based on my personal knowledge of Nth Connect's operations that I gained during my employment with Nth Connect, I know that none of the Techs received overtime pay premiums. I often spoke with other Techs during my tenure about our terms and conditions of employment. From my own experience, what I learned from my managers, I learned that Nth Connect observed a uniform policy applicable to all Techs of paying only piece rate earnings from the installations performed despite that Techs worked substantial overtime hours every week.

I declare under penalties of perjury under the laws of the United States that the foregoing is true and accurate.

Dated: March 6, 2008

                              By: /s/ Osmin Avila_____
                                    Osmin Avila