Grant A. Carlson, Esq. - SBN 155933
Friedman, Enriquez & Carlson, LLP
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0777
Fax: (310) 273-1115

Attorneys for Defendants
Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR A. BALAREZO and OSMIN AVILA, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., and STEVEN CHEN,<br><br>Defendants. | Case No. C 07 05243 JF (PVT)<br><br>ANSWER OF DEFENDANTS NTH CONNECT TELECOM INC. AND STEVEN CHEN TO CLASS ACTION COMPLAINT |

Defendants Nth Connect Telecom Inc. and Steven Chen ("Defendants") hereby answer the complaint of plaintiffs Vladimir A. Balarezo and Osmin Ovila.

In answer to Paragraph 1 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 2 of the Complaint, Defendants admit that during portions of 2005 and 2006, plaintiffs Vladimir Balarezo and Osmin Avila performed work on behalf of Nth Connect Telecom Inc.  Except as so admitted, Defendants deny each and every allegation contained therein.

In answer to Paragraph 3 of the Complaint, Defendants admit that it is a communications-maintenance business in San Jose, California.  Except as so admitted, Defendants deny each and every allegation contained therein.

In answer to Paragraph 3 of the Complaint, Defendants admit that Steven Chen was an officer and owner of Nth Connect Telecom Inc. Except as so admitted, Defendants deny each and every allegation contained therein.

In answer to Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

In answer to Paragraph 6 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis Defendants deny each and every allegation contained therein.

In answer to Paragraph 7 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist. Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

In answer to Paragraph 8 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist. Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

In answer to Paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 13 [sic] of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 10 [sic] of the Complaint, Defendants admit that plaintiffs Balarezo and Avila worked for Nth Connect at some point. Except as so admitted, Defendants deny each and every allegation contained therein.

1   In answer to Paragraph 11 of the Complaint, Defendants admit that sometimes its employees worked overtime. However, they were paid for all overtime. Except as so admitted, Defendants deny each and every allegation contained therein.

In answer to Paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein.

Defendants incorporate their prior admissions and denials in answer to Paragraph 16 of the Complaint.

In answer to Paragraph 17 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist. Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Labor Code sections were applicable to Plaintiffs.

In answer to Paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 20 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist. Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

In answer to Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 22 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist. Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

1    In answer to Paragraph 23 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist.  Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

Defendants incorporate their prior admissions and denials in answer to Paragraph 24 of the Complaint.

In answer to Paragraph 25 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist.  Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

In answer to Paragraph 26 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist.  Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

In answer to Paragraph 27 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist.  Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

In answer to Paragraph 28 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist.  Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

In answer to Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

In answer to Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

\\\

1  Defendants incorporate their prior admissions and denials in answer to Paragraph 34 of the
2  Complaint.
3  In answer to Paragraph 35 of the Complaint, Defendants admit that the Code sections
4  referenced by Plaintiffs exist. Except as so admitted, Defendants deny each and every allegation
5  contained therein, and in particular that such Code sections were applicable to Plaintiffs.
6  In answer to Paragraph 36 of the Complaint, Defendants deny each and every allegation
7  contained therein.
8  In answer to Paragraph 37 of the Complaint, Defendants deny each and every allegation
9  contained therein.
10 In answer to Paragraph 38 of the Complaint, Defendants deny each and every allegation
11 contained therein.
12 Defendants incorporate their prior admissions and denials in answer to Paragraph 39 of the
13 Complaint.
14 In answer to Paragraph 40 of the Complaint, Defendants deny each and every allegation
15 contained therein.
16 In answer to Paragraph 41 of the Complaint, Defendants admit that the Code sections
17 referenced by Plaintiffs exist. Except as so admitted, Defendants deny each and every allegation
18 contained therein, and in particular that such Code sections were applicable to Plaintiffs.
19 In answer to Paragraph 42 of the Complaint, Defendants deny each and every allegation
20 contained therein.
21 Defendants incorporate their prior admissions and denials in answer to Paragraph 43 of the
22 Complaint.
23 In answer to Paragraph 44 of the Complaint, Defendants deny each and every allegation
24 contained therein.
25 In answer to Paragraph 45 of the Complaint, Defendants deny each and every allegation
26 contained therein.
27 In answer to Paragraph 46 of the Complaint, Defendants deny each and every allegation
28 contained therein.

1    In answer to Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

2    Defendants incorporate their prior admissions and denials in answer to Paragraph 48 of the Complaint.

3    In answer to Paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

4    In answer to Paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

5    In answer to Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

6    In answer to Paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

7    In answer to Paragraph 53 of the Complaint, Defendants admit that the Code sections referenced by Plaintiffs exist.  Except as so admitted, Defendants deny each and every allegation contained therein, and in particular that such Code sections were applicable to Plaintiffs.

8    In answer to Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

9    In answer to Paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

10    In answer to Paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

**PRAYER FOR RELIEF**

Defendants deny that plaintiffs are entitled to any of the relief sought in their prayer for relief.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and all counts therein, fails to state a claim upon which relief can be granted against these answering Defendants.

\\\

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

The Plaintiff, by his conduct and/or statements, waived any and all claims asserted in his Complaint, and each and every cause of action therein.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

The Plaintiff, by his conduct and/or statements, in particular, his frustration of the purpose, is estopped from asserting or maintaining the allegations of the Complaint, or any counts therein, against these answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action therein, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint, and each cause of action therein, is barred because Plaintiff failed to take reasonable steps to mitigate his damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Damage)

Plaintiff has suffered no damage by virtue of any acts, events or occurrences alleged in his Complaint, whether attributable to these answering Defendants, or any other, or at all.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Any recovery by Plaintiff is barred by Plaintiff's unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Wrongful Conduct)

If any damage and/or wrongful conduct complained of by Plaintiff in fact occurred, such damage and/or wrongful conduct was in truth and in fact the sole result of Plaintiff's actions and/or

inactions, and is not the result of any action, or inaction, on the part of these answering Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Defendant Not Proximate Cause)

The acts and/or omissions referred to in the Complaint, if any, were solely and wholly those of others, and not those of these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

At all times mentioned in the Complaint, Plaintiffs' conduct and actions were so careless, reckless and negligent as to cause and contribute, in some degree, to the alleged incidents and to the damages, injuries or loss, if any, alleged to have been sustained by Plaintiffs and, therefore, said negligence completely bars any recovery by the amount by which said negligence contributed to this incident as set forth under the doctrine of Comparative Negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs as Proximate Cause of Damage)

At the times and places mentioned in the Complaint, Plaintiff himself acted carelessly, wantonly, recklessly and negligently so as to have been the proximate cause of any breach, damage or injury alleged in his Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action therein, is and are barred by the applicable statutes of limitations, including without limitation, 29 U.S.C. § 255 and 255(a), and California Code of Civil Procedure Sections 335.1 337, 338, 339 and 340.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Plaintiff did, with full knowledge of the consequences of his acts and with full knowledge of the dangers incident thereto, voluntarily expose himself to all of the matters and things alleged in his Complaint and did thereby assume the risks naturally incident thereto.

\ \ \

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Privilege)**

The acts of these answering Defendants in asserting their contractual and other rights were for good and sufficient business reasons, were advanced in good faith and without malice, and any cause of action advanced by Plaintiff premised upon said acts, and each or any of them, are barred by the doctrine of privilege.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Damage Due to Acts of Third Parties)**

These answering Defendants are informed and believe and thereon allege that damages, if any, sustained by Plaintiff, if any, were the result of the actions or inactions of persons or entities other than these answering Defendants, and the acts, omissions or liability of such were the sole cause of Plaintiff's alleged damages, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Indemnity and Contribution)**

At all times alleged in the Complaint, persons other than these answering Defendants were negligent or reckless with respect to the events and occurrences alleged in the Complaint; the negligence or recklessness of said persons was the proximate cause of any damage or injury, if any, allegedly suffered by Plaintiff, and these answering Defendants request a declaration of indemnification and contribution as to all other parties or persons in accordance with the apportionment of fault.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Failure of Condition Precedent)**

Plaintiff is barred from enforcing the provisions of the Agreements because, in order for these answering Defendants to perform under the Agreements, it was necessary for Plaintiff to first perform the work according to the plans and specifications set forth in the Agreements in a good and workmanlike manner as required under the terms of the Agreements, which Plaintiff did not do; thus, it was impossible for these answering Defendants to fully perform under the Agreements and any obligation of these answering Defendants to perform was excused thereby.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Supervening, Intervening Cause)

Any act and/or omission of these answering Defendants, if any, was not a substantial factor in bringing about Plaintiff's alleged damages, and therefore, was not a contributing cause thereof, but was superseded by the acts of others which were subsequent, intervening and proximate causes of any injury or damage suffered by Plaintiff, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's complaint, and all counts contained therein, are barred because Plaintiff has failed to exhaust all administrative remedies.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Individual Liability)

Any and all claims asserted in Plaintiff's complaint as to individual persons are barred because an individual cannot be held jointly liable for wage and labor claims against a corporation.

WHEREFORE, these answering Defendants pray judgment as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. For costs of suit and attorneys' fees incurred herein; and
3. For such other and further relief as is just and proper.

Dated: March 19, 2008

          Friedman, Enriquez & Carlson, LLP


          By:   /s/
            Grant A. Carlson, Esq.
            Attorneys for Defendants Nth Connect
            Telecom, Inc. and Steven Chen

ANSWER OF DEFENDANTS NTH CONNECT TELECOM INC.
AND STEVEN CHEN TO CLASS ACTION COMPLAINT