1  Grant A. Carlson, Esq. - SBN 155933
   Friedman, Enriquez & Carlson, LLP
2  433 North Camden Drive, Suite 965
   Beverly Hills, California 90210
3  Telephone: (310) 273-0777
   Fax: (310) 273-1115
4
   Attorneys for Defendants
5  Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated | Case No. C 07 05243 JF (PVT) |
| Plaintiff, | DEFENDANTS' OPPOSITION TO PLAINTIFFS' *HOFFMAN-LA ROCHE* MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| NTH CONNECT TELECOM INC., and STEVEN CHEN, | Date:       April 18, 2008 |
| Defendants. | Time:       9:00 a.m. |
| | Courtroom:  3 |

Defendants Nth Connect Telecom Inc. and Steven Chen hereby oppose the plaintiffs' Motion for Approval of *Hoffman-La Roche* Notice. This opposition is based on the attached memorandum of points and authorities, the concurrently filed Objections to Declaration of Tomas E. Margain, and the declaration of Linda Francis.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-1-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' *HOFFMAN-LA ROCHE* MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiffs Vladimir A. Balarezo and Osmin Avila seek conditional class certification under 29 U.S.C. §216(b) for their claim against defendant Nth Connect Telecom Inc. ("Nth Connect"), and director and officer, Steven Chen, for alleged wage and hour violations under the Fair Labor Standards Act. In order to obtain such a ruling, even apart from the question of merits, plaintiffs must demonstrate that there is a single class of "similarly situated potential claimants." Plaintiffs' own motion, however, reveals that there are <u>three separate classes</u>: (1) Those Nth Connect employees who were characterized as independent contractors and paid as independent contractors up until "sometime in 2006;" (2) Those who were thereafter classified as employees (and paid overtime); and (3) Those employees who are members of both classes. Each of these classes present different factual and legal issues as to both liability and damage, such that the purposes and goals of a collective action will not be adequately served. This fact alone precludes conditional class certification.

Furthermore, the potential claimants from the three classes which are identified are potentially adverse to each other, in that it will be in the best interest of each class to see the other class lose its claim, leaving more money available for satisfaction of its claim. Counsel is plainly attempting to put their own interest over those of the separate classes they seek to represent. When a court is faced with a conflict of interest between the classes, it has the discretion to deny conditional class certification.

Finally, plaintiffs have not made the required showing of a common policy or plan to violate the FLSA. Declarations from two former employees, one of who is not even clear on exactly when he worked for the company, and their attorney's inadmissible attempt to opine on the alleged merits of his case, do not support conditional certification of an entire class. Accordingly, the motion should be denied.

## II. STATEMENT OF FACTS

### A. Allegations of the Complaint

Balarezo filed this complaint on October 12, 2007. It purports to be a class action and

-2-

contains six[1] causes of action which are jointly pleaded against both Nth Connect and Steven Chen. The six causes of action are: (1) Violation of California Labor Code Sections 510 and 1194; (2) Violations of the Fair Labor Standards Act (Non-payment of overtime); (3) Failure to Provide Meal Periods in Violation of California Labor Code Section 226.7; (4) Penalty for Faire to Pay Wages at Termination under California Labor Code section 203; (5) Failure to Reimburse Expenses under California Labor Code section 2802; and (6) for Restitution of Unpaid Overtime Wages under California Business & Professions Code section 17203.  All causes of action rest upon the same facts, i.e., that it "is a class action on behalf of putative members who had been employed on a piece rate basis by Nth Connect Telecom Inc. ("Nth") during the last four years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes." (Complaint, ¶ 1.)

Further, plaintiffs allege that they and others similarly situated are entitled to compensatory damages for "unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code §203, and attorney's fees, costs, prejudgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b), and restitution under California Unfair Trade Practices Act" pursuant to California Business & Professions Code § 17203. (Complaint, ¶ 1.)

**B.     There are Two Distinct Classes, Along With a Sub-Class Consisting of Those Belonging to Both Classes**

In his declaration, plaintiff Osmin Avila states that he was employed by Nth Connect as an Installation Technician from "approximately" 2005 to 2007. (Avila Decl., ¶ 2). Avila himself testifies that there are two classes of techs who were paid completely different:

> "For the early part of my employment with Nth connect, I was treated as an 'independent contractor,' and was paid on [IRS Form] 1099 not subject to tax

---

[1] Although the caption of the case contains seven causes of action, the body of the complaint only contains six.

-3-

withholdings. Sometime in 2006, Nth Connect started putting me and other Installation Technicians on payroll." (Avila Decl., ¶ 7).

According to plaintiffs themselves, prior to "sometime in 2006," Nth Connect used the services of independent contractors to perform its services and installations. These contractors were paid for the jobs they performed without any statutory deductions or withholdings, and received a IRS Form 1099 at the end of the year. In order to prove a violation of the FLSA, the Independent Contractors will have to first establish that they were employees, as opposed to independent contractors. The plaintiffs do not allege any facts in the complaint (or motion) relative to this threshold determination.

Plaintiffs also alleged that, "sometime in 2006," Nth Connect hired many of those independent contractors on as employees. These employees then were paid based upon an agreed upon hourly rate, for hours worked plus overtime, on a bi-weekly basis, and with all proper statutory deductions/withholdings taken from the employee's pay. Whether this method of compensation was appropriate involves totally different questions of law and fact then the earlier independent contractors.

### C. **Plaintiffs Have Not Proffered Any Admissible Evidence That There Was a Common Policy or Plan to Violate the FLSA**

The plaintiffs have each introduced an earnings statement and pay stub. Both employees' pay stubs demonstrate that they were paid an hourly rate of $7.50 and overtime at the rate of $11.25 per hour. Plaintiffs attempt to overcome this obvious deficiency with a purported "audit" conducted by their attorney, Tomas Margain. Mr. Margain's "audit" is nothing more than an opinion, and the declaration (which is rife with inadmissible hearsay) is completely lacking in foundation to establish that Mr. Margain is an expert qualified to render this opinion. Nth Connect has concurrently lodged objections to this declaration.

As was previously noted in Nth Connect's motion to dismiss, or alternatively, for summary judgment, during *every single pay period,* plaintiffs were paid all overtime – at the rate of one and one-half times his regular salary – to which they were entitled, as their pay stubs reflect. Furthermore, during every pay period, the plaintiffs were provided meal breaks, as their timesheets

1 reflect.  (See Francis Decl. filed in support thereof, ¶ 4; Timesheets for Vladimir A. Balarezo, Exhibit "B" to Francis Decl.)  Mr. Balarezo and the other plaintiff signed each and every timesheet, documenting both the overtime hours he worked, and the meal breaks that he took.  (Id.)  Further, Mr. Balarezo's final paycheck was provided in a timely fashion.  (Id. at ¶ 3; Exhibit "A" thereto, at p. 27.)

All other employees of Nth Connect were likewise paid all overtime, given meal breaks a and signed off on their time-cards.  Plaintiffs have not introduced any evidence to the contrary.

### III.  PLAINTIFFS ARE ENTITLED NEITHER TO CONDITIONAL CLASS CERTIFICATION OR TO GIVE NOTICE TO OTHER PUTATIVE CLAIMANTS

#### A.  Plaintiffs Fail to Demonstrate a Class Which is 'Similarly Situated;' Rather, Plaintiffs Demonstrate Three Distinct Classes

Plaintiffs must make a threshold showing that there are other Nth Connect employees who are "similarly situated."  (29 U.S.C. § 216(b).)  29 U.S.C. § 216(b) states, in part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

District courts in the Ninth Circuit have generally applied an "ad hoc two-tiered approach" in determining whether the plaintiffs are similarly situated. (Gerlach v. Wells Fargo & Co., 2006 U.S. Dist. LEXIS 24823 (N.D. Cal. 3/28/06) (citing Wynn v. Nat'l Broad. Co., Inc., 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002) (noting that majority of courts prefer this approach)). Under this approach, the district court makes two determinations. Id. First, the court determines whether a collective action should be certified for the purpose of sending notice to potential class members ("the notice stage"). Id.

At this stage, the standard is less strict, requiring "substantial allegations, supported by declarations or discovery, that 'the putative class members were together victims of a single decision, policy, or plan.'"  Id. (citing Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir.

-5-

1  2001)). Second, after discovery has concluded, the court revisits the question of whether the class

2  meets the "similarly situated" requirement, this time applying a stricter standard. Id. This second

3  determination involves a review of several factors, including "the disparate factual and employment

4  settings of the individual plaintiffs; the various defenses available to the defendant which appear to

5  be individual to each plaintiff; fairness and procedural considerations; and whether the plaintiffs

6  made any required filings before instituting suit." Id. If the court finds that the standard is not met,

7  the class will be decertified. Id.

8        Commenting on the first prong of the analysis, this Court noted in held in *Guess v. US*

9  *Bancorp*, 2008 U.S. Dist. LEXIS 18806 (2/26/08) that while it is a more lenient standard, it is a

10 standard that nevertheless must be met through the introduction of evidence:

11     While the burden that Plaintiff bears is a lenient one, *Pfohl v. Farmers Ins. Group,*
       2004 U.S. Dist. LEXIS 6447 (C.D. Cal. 2004), and while Plaintiff "need only show
12     that their positions are similar, not identical, to the positions held by the putative
       class members" *Morton v. Valley Farm Transport Inc.*, 2007 U.S. Dist. LEXIS 31755
13     (N.D. Cal. 2007), citing *Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1096 (11th Cir.
       1996), Plaintiffs still "bear the burden of demonstrating a 'reasonable basis' for their
14     claim of class wide discrimination, that is, detailed allegations supported by
       affidavits which successfully engage Defendants' affidavits to the contrary." Id. The
15     basis for a class-wide discrimination claim must include, "at a minimum, evidence
       of such a potential class 'sufficiently developed at this time to allow court-facilitated
16     class notice.'" *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995),
       (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J.) aff'd in part
17     and dismissed in part, 862 F.2d 439 (3d Cir. 1988), aff'd, 493 U.S. 165, 110 S. Ct.
       482, 107 L. Ed. 2d 480 (1989)). As one court has interpreted this standard: "**The**
18     **basis for a class-wide discrimination claim must be more than mere allegations;**
       **it must be based on factual evidence as well.**" *Bernard v. Household Intern, Inc.*,
19     231 F. Supp. 2d 433, 435 (E.D. Va. 2002). (Emphasis added.)

20       Here, plaintiffs have failed to show that they are similarly situated to the proposed class,

21 which they define as "Installation Technicians ... who are or have been employed by defendant Nth

22 Connect Telecom, Inc. ... at any time since October 12, 2004." (See Memorandum of Points &

23 Authorities in support of Motion, 1:8-9).

24       As plaintiffs acknowledge in the Avila declaration, there are actually two totally distinct

25 classes and a third overlap class. The first class consists of those individuals who were employed

26 as independent contractors prior to "sometime in 2006," and who were paid per job, without

27 deduction, and received IRS Form 1099 at the end of the year. The FLSA does not apply to

28 independent contractors. (See *Donovan v. Sureway Cleaners* 656 F.2d 1368, 1370 (9th Cir. 1981)

-6-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' *HOFFMAN-LA ROCHE* MOTION; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  [Independent contractors are not employees under FLSA]).  Therefore, in order to proceed with an
2  FLSA claim, this class will be required to demonstrate that this group of alleged employees were
3  improperly characterized as independent contractors.  If plaintiffs (only one of whom was even
4  employed during this period of time) are unable to establish this fact, the claims of this class will be
5  dismissed.  Therefore, the Independent Contractor class does not get to the overtime analysis unless
6  and until it overcomes this threshold showing.

7  The second class consists of those Installation Techs who were employed after "sometime
8  in 2006."  These individuals were paid as employees, received regular paychecks at an hourly rate,
9  along with overtime pay, and deductions withheld from their paychecks, and at year end, received
10 a W-2 summarizing their wages.  *A fortiori*, a third subclass exists which encompasses those
11 individuals who's employment periods overlapped the Independent Contractor class and the
12 Employee class.

13 In *Hunter v Sprint Corp.* (2004, DC Dist Col) 346 F Supp 2d 113, the Court denied
14 conditional class certification to include more than one class of employees.  *Hunter*, like the present
15 case, involved separate classes, to wit: a group of nine plaintiffs who had been voluntarily re-
16 classified as non-exempt and compensated with two years of back pay, and a second group who had
17 not been reclassified.  The Court held at 119-120:

> "...the claims of the employees whom Sprint has classified as exempt would inject into the case an additional legal question bearing on liability: whether Sprint has correctly classified these particular employees as exempt under the FLSA. **These employees would also be seeking a different form of relief than the named plaintiffs: damages for the entire period that they have been denied relief, and an order requiring Sprint to begin paying them overtime moving forward.** As this matter stands today, however, these disputed issues of law would be litigated exclusively by named plaintiffs who have already been declared non-exempt, have already received at least some back pay for the period during which they were not originally compensated, and are already receiving overtime pay moving forward.
>
> **Plaintiffs cannot identify a single case where a court has included in the same class in a collective action both employees classified by an employer as non-exempt and employees classified by the employer as exempt.** In fact, the cases that have had occasion to address the issue have reached or indicated a contrary result. [citations].  For all of these reasons, the Court declines at this time to include in the conditionally certified class those employees who have consistently been classified as exempt employees by Sprint. (Emphasis added.)

28 \\\

-7-

Here, the presence of potential class members who were previously classified as independent contractors, along with members who were undeniably classified as employees injects separate legal and factual issues into the proceedings. Notably, plaintiffs have not included a single allegation in their complaint challenging the propriety of the pre-2006 classification of Installation Technicians as independent contractors. These plaintiffs are not qualified to represent this class, since they are not similarly situated.

### B. The Court Has Discretion to Deny Conditional Class Certification When a Conflict Exists Between the Proposed Class Members

The district court has discretion to deny conditional class certification in cases where there is a conflict between members of the class. (*White v Osmose, Inc.* (2002, MD Ala) 204 F Supp 2d 1309, 148 CCH LC P 34698.) In *White*, the plaintiff sought conditional class certification and permission to send notice to a class defined as both foremen and crewmen employed during the relevant period who were subjected to the employer's allegedly illegal compensation practices. The court noted that, due to the fact that foremen were partially responsible for implementing the employer's illegal compensation practices, the foremen were potentially personally liable to the crewmen. (Id. at 1314-1315). Thus, although the requirements of FRCP Rule 23 were not applicable, the adequacy of the representation of the class was not irrelevant, and due to the potential conflict of interest raised by the adverse interests of the class members, determined that crewmen should be excluded from the conditionally certified class. (Id. at 1315).

Here, each class has an incentive to see the other side lose their claim, as a reduction in the size of the class potentially frees up company resources allocated to each class for satisfaction of the claims, assuming they have any merit in the first instance. Moreover, the Employee class will want its counsel focused on advancing their overtime claims, not working on establishing that the Independent Contractors were allegedly wrongfully classified. Accordingly, since plaintiffs cannot adequately represent the class they have defined, conditional certification should be denied.

### C. Plaintiffs Have Not Introduced Admissible Evidence to Establish the Existence of a Common Plan or Policy to Violate the FLSA

Plaintiffs have not come close to establishing a common plan or policy at Nth Connect to

-8-

1 violate the FLSA. In *Flores v. Lifeway Foods, Inc.*, (N.D. Ill. 2003) 289 F.Supp.2d 1042, plaintiffs sought an order authorizing notice to similarly situated employees. The court denied the motion, holding that "[p]laintiffs cannot even meet the 'modest factual showing' sufficient to demonstrate that Lifeway has a common policy or plan that violated the FLSA." (Id. at 1045). The plaintiffs offered unrebutted evidence that two of Lifeway's employees were allegedly not paid for a couple hours of overtime. (Id. at 1046). The Court held: "It is the opinion of the Court that a demonstration of Lifeway's payment practice concerning two out of fifty employees (four percent of Defendant's workforce) does not rise to the level of a common policy or plan by Lifeway that violated the FLSA. This is not even a 'modest factual showing' of a common policy or plan, as that term has been used in other cases." (Id. at 1046).

In *Guess v. US Bancorp*, 2008 U.S. Dist. LEXIS 18806 (N.D. Cal. 2/26/08), an opinion recently authored by this Court, the plaintiffs submitted two declarations, one from the plaintiff setting forth his duties, responsibilities and compensation arrangements, and one from plaintiff's counsel, exactly as in the present case, based on counsel's "personal knowledge" of the case and other information. The Court found plaintiff's showing to be an insufficient demonstration of the existence of a class of similarly situated employees. (Id. at * 12-13).

Here, plaintiffs Balarezo and Avila, who represent two out of the 100 odd members of the class they allege to exist (see Complaint, ¶ 9 [plaintiffs allege that there are at least one hundred or more members in the proposed class]), have offered nothing more than their own personal compensation stories, and a hearsay allegation that their personal compensation arrangement was the result of a company policy. To supplement this clearly deficient showing, plaintiffs add the declaration of their attorney, Tomas E. Margain, who offers an "audit" of a payroll stub from Balarezo and Avila (both of which clearly indicate that overtime was paid). Margain's declaration, however, is an expert witness declaration without any foundation to establish that Margain is an expert in compensation issues. It also inappropriately seeks to instruct this court on the law. The declaration is almost entirely inadmissible.

Accordingly, plaintiffs have failed to make the modest showing of a common plan or policy to violate the FLSA at Nth Connect. Their motion should be denied.

**IV.    CONCLUSION.**

For all the above reasons, defendants Nth Connect and Steven Chen respectfully requests that this court deny plaintiffs' motion for approval of *Hoffmann-La Roche* notice.   In the event that the Court considers granting the motion, Nth Connect requests that the Court defer the distribution of notice until after Nth Connect's motion for summary judgment (which will be filed shortly) is heard. There is no point distributing notice to a class of over 100 employees if, as is likely to be the case, the matter is dismissed on summary judgment.

Dated: March 28, 2008

                                        Friedman, Enriquez & Carlson, LLP

                                        By: _____/s/_____
                                                  Grant A. Carlson, Esq.
                                                  Attorneys for Defendants
                                                  Nth Connect Telecom, Inc. and Steven Chen

DEFENDANTS' OPPOSITION TO PLAINTIFFS' *HOFFMAN-LA ROCHE* MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF