ADAM WANG, Bar No. 210233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:   415-861-9600
Fax:              415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo & Osmin Avila

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR BALAREZO & OSMIN AVILA, and on behalf of other similarly situated<br><br>Plaintiffs,<br>vs.<br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.:  Case No.: C07-01248 JF<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR APPROVAL OF *HOFFMANN-LA ROCHE* NOTICE**<br><br>Date:  May 2, 2008<br>Time:  9:00 am<br>Judge:  Honorable Jeremy Fogel |

**I.  WHILE DEFENDANTS ACKNOWLEDGE THAT THE STANDARD FOR THE *HOFFMANN-LA ROCHE* NOTICE IS MORE LENIENT THAN THE RULE 23 CLASS STANDARD, THEIR ARGUMENTS ARE PREMISED ON THE HIGHER STANDARD WITH RESPECT TO THE EVIDENTIARY BURDEN NEEDED.**

The two-tier approach in approving the *Hoffmann-La Roche* notice carries with it a lenient standard which typically results in the issuance of the notice, *see Centurioni* v. *City and County of San Francisco*, No. C 07-01016 JSW, 2008 U.S. Dist. LEXIS 10856 at *5-*6 (ND Cal. 2008). "The plaintiffs must show that there is some factual basis beyond the mere averments in

1                                                                                       C07-01248 JF

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

their complaint for the class allegations", and "the district court need only be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits." *Id.*, at 2008 U.S. Dist. LEXIS 10856 at *5-*6.

Defendants' opposition brief suffers from a two-fold defect. First, Defendants arguments appear premised on the more rigorous standard under Rule 23 certification. Second, factual arguments made by Defendants attempt to complicate the claims of the opt-in class sought. With respect to Defendants' objections to evidence, FLSA jurisprudence shows that the *Hoffmann-La Roche* notice standard requires a minimal showing in all but the most complicated cases. In fact, it has been held that allegations in complaint were "more than sufficient to support provisional certification", *Williams v. Sprint/UnitedMgmt Co.,* 222 F R.D. 483, 487 (D Kan. 2004). *See also Reab v. Electronic Arts, Inc.*, 214 F.R D. 623, at 628 (D. Colo. 2002) (allegations in complaint); *Allen v. Marshall Field & Co,* 93 F.R.D.. 438, 442-45 (ND Ill., 1982) (allegations in complaint sufficient).

Unlike the Rule 23 standard, in FLSA opt-in cases like here, a relatively modest factual showing in the form of affidavits has been found sufficient to support the issuance of the notice. *See, Ballaris v. Wacker Siltronic Corp. ,*2001 U.S. Dist LEXIS 13354 at *.3-*5 (D, Or, 2001) (two affidavits); *De Asencio* v. *Tyson Foods, Inc ,* 130 F. Supp 2d 660, 663 (ED Pa. 2001), *rev'd on other grounds,* 342 F,3d 301 (four affidavits out of at least 100 putative members[1]); *Zhao v. Benihana,* 2001 U.S. Dist, LEXIS 10678 at *12-*13, (S..D.N..Y 2001) (one affidavit based on plaintiffs "best knowledge" sufficient to support notice to FLSA class consisting of 10-12 members[2]); *Aguayo,* 2005 US Dist LEXIS 21190 at *11-12 (allegations in complaint and declaration of one plaintiff sufficient for a notice to a class of 30 members[3]). Undoubtedly, it is not the number of putative class members submitting the affidavits that matters; rather it is the

---

[1] At the time of the ruling on the motion, the court noted 94 employees had already opted in. *De Asencio,* at 130 F. Supp 2d 661.

[2] *Zhao,* 2001 U.S. Dist, LEXIS 10678 at *14-15.

[3] *Aguayo,* 2005 US Dist LEXIS 21190 at *15.

2                                                              C07-01248 JF

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

nature and the quality of the affidavits, along with evidence submitted in other forms, that is conclusive as to whether there is "some factual basis beyond the mere averments in [plaintiffs'] complaint for the class allegations", *see Centurioni*, at 2008 U.S. Dist. LEXIS 10856 at *5-*6.

The case at bar is simple. Plaintiffs are claiming a common FLSA representative claim wherein the opt-in class would be bound by the allegation that a piece rate system was used, overtime hours were worked, and Defendants failed to pay overtime wages. The underpayment scheme executed by Defendants was simple. Installation Technicians were paid all of the piece rate earnings and their hours were tracked. However, the wages were paid as minimum wage payments for regular and overtime hours with a bonus added to this to reach the piece rate earnings total. The reverse engineering was this bonus system which varied by the number of hours to total the piece rate total. This scheme is not in compliance with the method for overtime, prescribed under 29 C.F.R. § 778.11 which requires that overtime hours are paid on an overtime basis using the "regular rate" of pay.

As a result, and as will be shown below, the evidence shows a uniform piece rate compensation system. The only appreciable difference among the opt-in class sought is that each worker worked a different number of overtime hours and earned a different wage amount based on the piece rate work performed. That is, each worker will have a different regular rate for purposes of their unpaid wages.

## II. PLAINTIFFS HAVE MET THE BURDEN FOR AUTHORIZATION OF *HOFFMANN-LA ROCHE* NOTICE

Here, Plaintiffs have met the lenient test for the Court to authorize the *Hoffmann-La Roche* notice. Plaintiffs have shown that the opt-in class worked overtime hours, that they were compensated on a piece rate basis, and that overtime wages were improperly calculated based on 29 C.F.R. § 778.11.

With respect to the overtime hours worked, it is undisputed that throughout his entire employment, Plaintiff Balarezo consistently worked overtime hours. While Plaintiff Balarezo and counsel focused on one payroll period, the totality of his 10-month employment history

3                                                                                                  C07-01248 JF

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

shows that Plaintiff Balarezo worked 632.45 overtime hours. *see* Margain Supp. Decl., at ¶ 5 Exh 1 and 2. In fact, the payroll records used to determine the number of hours were authenticated and introduced by Defendants in their motion to dismiss. *see* Margain Supp. Decl., at ¶ 4.

With respect to the piece rate compensation scheme uniformly applied to all Installation Technicians of Nth Connect, sufficient evidence was established in the form of affidavits and the allegations in the Complaint. Plaintiffs alleged that they were paid on a piece rate system where the computation was totaled in "teck bi-weekly" payout sheets workers received with their pay checks. see Balarezo Decl., at ¶ 4; (Docket #27); Avila Decl., at ¶ 3 (Docket #28). In an abundance of caution Plaintiff Balarezo has supplied a supplemental declaration introducing these piece rate compensation sheets received during his entire employment with Nth Connect. They are admissible both as admissions and business records.

Apparently, Defendants would now like to argue that they do not have a piece rate compensation system. However, such an argument is illogical given that the wage and bonus payment in wage stubs miraculously equal the piece rate compensation total. Moreover, Defendants already admitted to having a Piece Rate Compensation system in previous litigation. In fact, at deposition a Danielle Silva, the Payroll Supervisor at Nth Connect, testified that each installation job is assigned a code, (Silva Depo., at 17:23-25, Wang Sup. Decl., Exh. 1), and the technicians are paid per piece with a flat fee for one installation (Silva Depo., at 21:5-22, Wang Sup. Decl., Exh. 1). Ms. Silva would also enter the number of jobs performed by a technician, and such data go into payroll (Silva Depo., at 20:24-21:4, Wang Sup. Decl., Exh. 1). Similarly, a Linda Francis, the Human Resource Supervisor at Nth Connect, testifies that all Nth Connect employees are required to prepare timecards "on a weekly basis and signed by the employee and a supervisor. The timesheets are turned in to the supervisor and go to the payroll department, from which the paychecks are generated. The original timesheet are then stored in our payroll department in the ordinary course of business." *See,* Wang Sup. Decl., Exh. 2.

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

### III. DEFENDANTS HAVE FAILED TO PROFFER ANY EVIDENCE TO DISPUTE THE FACT THAT ALL INSTALLATION TECHNICIANS ARE SUBJECT TO THE SAME SCHEME

In light of the evidence proffered by the Plaintiffs, Defendants have failed to produce any evidence disputing the fact that all Installation Technicians are subject to the same payroll practice designed to deny overtime time to Installation Technicians. Instead, Defendants simply rely on two cases, which are clearly distinguished from the instant case here. Each case will be discussed separately as they actually support issuing the Notice in the case at bar.

First, Defendants cite *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042 ((N.D. Ill. 2003) arguing that Plaintiffs' evidence is not sufficient to authorize the *Hoffmann-La Roche* notice. However, *Flores* is clearly distinguished. In *Flores,* plaintiffs sued to recover unpaid overtime. Four named plaintiffs claimed that for a 15-day pay period from July 16, 2003 to July 31, 2003, they worked 96, 96, 97 and 96.5 hours, respectively and were not paid overtime. *Id.,* at 1045. On this basis, Plaintiffs asserted that there was a common scheme to deny Plaintiffs and other employees overtime pay, and moved for authorization of the *Hoffmann-La Roche* notice to the putative class members, *Id.*, at 1046. In response, Defendants argued that Plaintiffs had mistaken its 15-day/bi-monthly pay period as bi-weekly, whereas the 15-day pay period encompasses two weeks and a portion of the third week. As result, two plaintiffs were not owed any overtime, *id.*, at 1046, while the remaining two were not paid for only one hour and one-half hour, respectively, *id.* In light of this revelation, the court in *Flores* found that payment practice concerning these two employees was insufficient to demonstrate a common plan and policy with respect to a 50-employ workforce, *id.* Although plaintiffs in *Flores* also submitted declarations of other two Plaintiffs that they have consistently worked between 50 or 60 hours every week, apparently no documentary evidence were submitted to support the allegations. As such, the court found that the mere declarations were not the type of factual showing that would establish the colorable common policy or plan by defendants that violated FLSA. *Id.*

Here, however, there is more than sufficient factual basis—supported by uncontroverted documents, testimonies on behalf of Defendants, and Plaintiffs' affidavits—for this Court to

5                                                                   C07-01248 JF

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

conclude that questions common to a potential group of plaintiffs—*i.e.,* whether it is a violation of FLSA to pay all technicians straight piece rate and not required overtime rate pursuant to 29 C.F.R. § 778.111 for overtime hours worked—would predominate a determination of the merits. *Centurioni*, 2008 U.S. Dist. LEXIS 10856 at *5-*6. For example, there are Plaintiff Balarezo's timecards and pay records showing that he consistently worked overtime, Margain Sup. Decl., at ¶ 5. Moreover, on each and every bi-weekly pay period, Balarezo received a "teck payout sheet" showing the total piece rate compensation earned. Balarezo Sup. Decl., Exh.1). If this was not sufficient, Declarations of Osmin Avila, Victor Funez and Luis Chiarella, all show a uniform scheme where overtime wages are not paid at the regular rate in a uniform manner. Finally, testimonies of the Payroll Supervisor at Nth Connect confirms that all installation technicians are paid by piece (Silva Depo, at 17:23-21:22 Wang Sup. Decl., Exh 1). The Human Resources Supervisor at Nth Connect further confirms that all Installation Technicians' payrolls were centrally processed by its Payroll Department, Wang Decl., Exh. 2. In short, Plaintiffs have made the required minimum showing that there exist substantial factual basis supporting the allegations in their Complaint, and issuance of *Hoffmann-La Roche* notice to all the Installation Technicians will permit "efficient resolution in one proceeding" of factual and legal issues common to all putative members. *See Hoffmann-La Roche,* 493 U.S.at 170.

**IV.    DEFENDANTS HAVE MISPLACED THEIR RELIANCE ON *GUESS***

Defendants also cite to *Guess v. US Bancorp*, 2008 U.S. Dist. LEXIS 18806 (N.D. Cal. 2/26/08).[4] However, Defendants' reliance on the *Guess* is also to no avail as that case involved a complex nation-wide dispute with different sub-classes and differences among those sub-classes which correctly could not be certified with the sparse evidence before the Court. According to Defendants, the plaintiff in *Guess* only submitted his declaration and a declaration of his counsel

---

[4] In its order in the *Guess* litigation, this Court has clearly indicated that its ruling denying Plaintiff's motion for *Hoffmann-La Roche* notice without prejudice is not for publication and cannot be cited to and relied on in any other litigation.

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

to support of his motion for *Hoffmann-La Roche* notice. Defs' Opposition, at p. 9. Therefore, as far as the logic of Defendants' argument goes, because the motion for *Hoffmann-La Roche* notice in *Guess* was denied, any motion supported by Plaintiffs' own declaration and declaration of their counsel must be also insufficient.

However, it is clear from the Court's ruling in *Guess* that this Court did not deny plaintiff's motion for *Hoffmann-La Roche* notice simply because plaintiff or his counsel submitted declarations. Rather, this Court denied the motion in *Guess* based on the merits backed by well reasoned analysis. In *Guess,* plaintiff proposed a broadly defined nation-wide class encompassing vast different positions, with broad range of titles and job duties that would go directly to the issues of exempt status of each of these positions. Given the broad range of the positions involved, and variety of the potential exemptions available to the positions affected, this Court found that plaintiff had not carried the burden that putative members employed in these positions are similarly situated, and denied the motion without prejudice.

Unlike in *Guess,* here, the proposed class here involves only one position—Installation Technicians who shared the same job duties—*i.e.*, installing the cable satellite equipments at the customers houses per the order placed with the Comcast. The substantial documents, Defendants' own testimonies, and Plaintiffs' declarations –which are all not disputed by Defendants—clearly establish that all Installation Technicians have been paid only the straight piece rate and not required overtime rate for the overtime hours they worked. Therefore, this case has no analogy to *Guess,* and Defendants' reliance on *Guess* is completely misplaced.

**V.    ALL CLASS MEMBERS ARE SIMILARLY SITUATED AND ARE PROPERLY REPRESENTED**

Plaintiffs have proposed only one class for the purpose of FLSA claims—all Installation Technicians employed anytime since October 24, 2007. Although before April 2006, Installation Technicians employed at Nth Connect were misclassified as independent contractors, this fact does not prevent the *Hoffmann-La Roche* notice to all Installation Technicians.

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

First, installers employed both before and after April 2006 would be adequately represented by named Plaintiff Balarezo and Avila[5], as Balarezo was employed from October 2006 to August 2007, Balarezo Decl., at ¶ 2 (Docket #27), and Avila was employed from 2005 to 2007 who was issued 1099 during his employment period before April 2006. Avila Decl., at ¶¶ 2 &7 (Docket # 28). As such, current representation by the named Plaintiffs is sufficient to cover the discrepancy, if any, between the independent contractor installers and W-4 installers. *See Staton, et al. v. Boeing Company*, 327 F.3d 938 (9th Cir. 2003) where the Ninth Circuit affirmed the certification of a single class of victims of racial discrimination that "encompasse[d] some 15,000 employees, from a wide range of positions both salaried and hourly, who are employed at Boeing facilities located in 27 different states", *id.*, at 953, because, as found by the district court, "the named plaintiffs ... include a very broadly selected cross-section of the different categories of Boeing employees. Salaried and hourly, management and line-worker, union and non-union are all represented, as are each of the major geographic hubs of Boeing's operations and each of the pre-merger companies", *id.* at 957. Therefore, here, because named Plaintiffs Balarezo and Avila represent all installers before and after April 2006, Defendants' contention that proposed class comprises of two distinct subclasses and cannot be certified as a single FLSA class is without merit.

Furthermore, *Hunter v Sprint Corp,* 346 F Supp 2d 113 (DC Dist. 2004)—the case relied on by Defendants—does not aid Defendants' cause. In *Hunter*, plaintiffs were computer engineers who were misclassified as exempt employees, but were reclassified as non-exempt and were paid back overtime wages for the years before the reclassification. *Id.*, at 116. Also, "there are anywhere between ten and twenty [computer engineers] whom defendants have always classified as exempt and did not re-classify as non-exempt along with [plaintiffs]", *id.* Plaintiffs in *Hunter* moved the court to classify a FLSA class to include these ten to twenty engineers who were consistently classified as exempt, *id.* at 117-18. Ruling on the motion, the district court

---

[5] The original Complaint only named Plaintiff Balarezo. On March 6, 2008, Plaintiff field a First Amended Complaint, naming the additional named Plaintiff Avila, see Docket #24.

8    C07-01248 JF

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

there conditionally certified the FLSA class including those who were first misclassified as exempt and then reclassified as non-exempt, but precluded the employees who were consistently classified as exempt from the FLSA class, because, the court reasoned, inclusion of these employees would add extra factual or legal issues concerning these employee' exempt status, and would compromise, rather than promote, the goal of "efficient resolution of common issues of law and fact arising from the same alleged [unlawful] activity" identified by the Supreme Court, in *Hoffmann-La Roche* at 493 U.S. 170. *See Hunter*, at 346 F. Supp. 2d 119.

The concern that prompted the *Hunter* court to preclude the employees who have not been reclassified as non-exempt from the FLSA class is not present here in the instant case. To the contrary, as named Plaintiff Avila would claim the overtime for the period before April 2006 when he was misclassified and treated as an independent contractor, inclusion of the installers who were employed during that period would promote the goal of efficient resolution of all legal and factual issues arising from Nth Connect's misclassification of its Installation Technicians as independent contractors.

At this stage, the Court is only being asked to conditionally certify the FLSA class for notice and discovery purpose. "[S]hould discovery reveal that plaintiffs are not similarly situated to some or all of the persons who may choose to opt in, [the Court] may later decertify the class or *divide* the class into subgroups, if appropriate." *See Thiebes v. Wal-Mart Stores, Inc.*, 1999 U.S. Dist LEXIS 18649 at *9 (D Or. Dec, 1, 1999).

Therefore, Installation Technicians employed before April 2006 should be included in the FLSA class as proposed by Plaintiffs for the purpose of this motion for approval of *Hoffmann-La Roche* notice.

**VI.  THERE IS NO COGNIZABLE CONFLICT IN INTEREST WITHIN THE PROPOSED FLSA CLASS**

Now, citing *White v Osmose, Inc.* 204 F Supp 2d 1309 (MD Ala 2002), Defendants allege there exist a conflict in interests within the proposed class of Installation of Technicians at Nth Connect. The allegation is simply unfounded.

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.

In *White*, plaintiff proposed a FLSA class to include foremen and crewmen. *Id.,* at 1314. Because foremen's duties included supervising the crewmen and maintaining the crewmen's timecards. *Id.*. A foreman would also be instructed by his supervisors to alter crewmen's timecards by reducing the number of hours worked by the crewmen under his supervision. *Id.*. As such, the court in *White* found that there existed potential conflicts between the foremen and crewmen because foremen may be found liable as crewmen's employer under FLA's statutory scheme. *Id.*, at 1314-15. Obviously, *White* is not applicable in this case, because the FLSA class proposed by Plaintiffs here only includes the Installation Technicians and not any their supervisors.

Apparently recognizing this, Defendants describe the alleged conflict because each member in the class has the incentive to maximize his or her own pie in the Defendants' limited resources dedicated to payout in this case. As such, Defendants argue, each putative member has incentive to preclude any other member from the class, and to see any other member lose or reduce such other members' claims. Defs' Opposition, at p. 8.

For the Court to recognize such a "conflict," most if not all class actions would be precluded as there are always inherent differences in damages among class members . Defendants have not cited to any authorities to support their contention, because they simply cannot—there is no case law or statutory authorities that recognize this type of tension as to preclude the certification of a class.

## VII. CONCLUSION

Plaintiffs have made sufficient showing that there is factual basis for this Court to conclude that all Installation Technicians employed by Defendant Nth Connect are subject to a same payroll practice that deprived of their overtime pay required under FLSA. As such, distribution of notice to the putative members would promote the efficient resolution of all such members' claims over which the common issue of legality of Nth Connects payroll practice predominates.

1  Dated: April 4, 2008                    By: /s/ ADAM WANG
2                                                Adam Wang
                                                 Law Offices of Adam Wang
3                                                Attorney for Plaintiffs

4                                              /s/ TOMAS MARGAIN
                                                 Tomas Margain
5                                                Law Offices of Tomas
                                                 Attorney for Plaintiffs

**REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.