ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
SAN JOSE, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:    415-861-9600
Fax:               415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir A. Balarezo & Osmin Avila

Grant Carlson, Esq. (State Bar No. 155933)
Friedman Enriquez & Carlson LLP
433 N. Camden Drive, Suite 965
Beverly Hills, CA 90210

Attorney for Defendants
Nth Connect Telecom Inc. & Steven Chen

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR A. BALAREZO, ET AL, individually and on behalf of others similarly situated<br><br>Plaintiff,<br>vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.: C07-05243 JF<br><br>JOINT CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

1. **<u>Jurisdiction and Service</u>**

- 1 -    C07-05243 JF

JOINT CMC STATEMENT
Balarezo, et al. v, Nth Connect Telecom Inc. et al.

The basis for the Court's subject matter jurisdiction over the claims of Plaintiffs Vladimir Balarezo and Osmin Avila (hereinafter "Plaintiffs") is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint.  There are no existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

2. **Facts**

Plaintiffs were employed by defendant Nth Connect Telecom, Inc. as technicians to install satellite equipment.  Defendant Steven Chen is the CEO of Nth Connect.  In this action, Plaintiffs seek compensation for overtime and other wage and hour claims against Defendants under Federal and California law, and also seeks class certification.

The principal factual issues in dispute are:

    1.    Whether and to what extent Plaintiffs and the class they seek to represent were not paid overtime to which they are entitled;

    2.    Whether and to what extent the Plaintiffs and the class they seek to represent had not been provided with meal breaks as required by law.

    3.    Whether Plaintiffs' claim is suitable for a class action certification.

    4.    Whether Plaintiffs are suitable as class representatives.

3. **Legal Issues**

Plaintiffs have filed this action as a class action under Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs also seek treatment of opt-in class action under 29 U.S.C. § 216(b). In his substantive allegations, Plaintiffs assert that Defendants failed to pay the Plaintiffs and a class of employees overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*  Plaintiffs further allege that Defendants failed to pay Plaintiffs and the putative class members their wages upon termination in violation of California Labor Code § 201.  Finally, Plaintiffs seek restitution of overtime wages in accordance with California Business & Professions Code § 17200.

Defendants dispute that Plaintiffs were improperly compensated, and instead assert that at

1  all times they paid plaintiff properly under the law.  Defendants also dispute both whether
2  plaintiffs are an adequate representative for the putative class and whether a class action can be
3  certified.

**4. <u>Motions</u>**

The parties anticipate the filing of the following motions:

(a)    Defendants' Rule 12(b) motion to dismiss, heard on February 22, 2008 and denied on February 27, 2008;

(b)    Plaintiffs' Motion for Class Certification under FLSA, to be heard on May 2, 2008;

(c)    Plaintiffs' Motion for Class Certification und Fed. R. Civ. P. 23;

(c)    Plaintiff's Partial Summary Judgment Motion for Class Liability;

(d)    Defendants' Motions for Partial Summary Judgment and/or Summary Judgment.

**5. <u>Amendment of Pleadings</u>**

Plaintiffs have field a First Amended Complaint, adding one more named Plaintiff.  Plaintiffs have secured clearance from California Labor and Workforce Development Agency to sue under California Labor Code Private Attorney General's Act ("PAGA") to seek civil penalties on behalf all current and former employees.  Plaintiffs are yet to decide whether to pursue PAGA claims in this action.

**6. <u>Evidence Preservation</u>**

Defendants are hereby notified by their counsel of the obligation to preserve all electronically stored evidence and will not take steps to do so.

**7. <u>Disclosures</u>**

The parties have served their respective initial disclosures.

**8. <u>Discovery</u>**

The parties agree to adhere to the following discovery and case management schedule:

(a) Deadline to complete fact discovery: February 28, 2009.

(b) Deadline for Plaintiff to file motions for class certification: November 30, 2008.

(c) Deadline for expert disclosure statements under Fed. R. Civ. P. 26: March 31, 2009.

(d) Deadline to conduct expert discovery: April 30, 2009.

(e) Last day for hearing dispositive motions to be filed: June 19, 2009.

The parties wish to reserve the ability to seek an acceleration (or an extension) of the above-proposed schedule.

### 9. Class Action

Plaintiffs provide the following statement in compliance with Local Rule 16-9(b).

(1) The class action for claims under California law is maintained under Fed. R. Civ. P. 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(3). This class action insofar as claims under the FLSA are asserted is maintainable under 29 U.S.C. § 216(b), as distinct from Fed. R. Civ. P. 23.

(2) Plaintiffs propose two separate classes:

a) FLSA claims: All non-exempt installation technicians: i) who worked for defendant commencing at any time since three years before the filing of this action; (the "FLSA Class").

b) California claims: All installation technicians who: i) worked for defendant in California commencing at any time since four years before the filing of this action; (the "California Class"). A sub-class of California Class consists of all installation technicians whose employment with defendant terminated at any time in three years before the filing of this case (California § 203 Class).

Depending upon further investigation and the results of discovery, Plaintiffs may seek to modify these class definitions. Moreover, further discovery may justify elaboration on the form of Defendants' failure to provide employee benefits such that added classes are appropriate.

(3) Plaintiffs are members of the Federal Class, as well as the California Class and, like other members, were not paid overtime pay and were not provided required meal breaks in violation of the FLSA and California labor law. While Plaintiffs are unable to state the exact number of either class without access to records within Defendants' possession, Plaintiffs believes and Defendants had presented that the California Class and the Federal Class exceed 100 members.

Plaintiffs allege that common questions of law and fact predominate in this case. For example, the class members' rights insofar as this action is concerned arise from the Defendants' uniform payroll practice of paying straight time only, applicable to all non-exempt installation technicians. In light of the commonality of the sources of the putative class members' rights, individual adjudications harbor the possibility of inconsistent adjudications. Plaintiffs have no conflicts of interest and will fairly and adequately represent both classes. Plaintiffs are not aware of any other pending litigation concerning the claims asserted herein nor of any difficulties that should be encountered in the management of this litigation as a class action.

(4) Plaintiffs plan to file motions for the Court to consider class certification no later than November 30, 2008, though Plaintiffs may file such motions sooner.

Defendants dispute all allegations concerning class status.

### 10. Related Cases

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

### 11. Relief

At this point, Plaintiffs do not have sufficient record to estimate the damages.

### 12. Settlement and ADR

Pursuant to this Court's order, parties had an early settlement conference before Judge Trumbull on March 7, 2008. The settlement conference did not lead to a settlement.

**13. Consent To Magistrate Judge For All Purposes**

Plaintiffs are not willing to consent to have a Magistrate Judge to conduct all further proceedings in this matter.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or any other reference.

**15. Narrowing Of Issues**

Plaintiffs do not expect the parties to be able to narrow the issues. However, the issues in this case may be narrowed by motions related to the class action process.

**16. Expedited Schedule**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Trial**

Plaintiffs have requested a jury trial. The expected length of trial is 15 court days.

**18. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs have no one to disclose other than parties themselves.

**19. Other Matters**

None.

Dated:  April 30, 2008                    By:    /s/ ADAM WANG
                                                 Adam Wang
                                                 Attorney for Plaintiffs
                                                 Vladimir Balarezo & Osmin Avila

Dated:  April 30, 2008
                                          By:    /s/ Grant Carlson
                                                 Grant Carlson
                                                 Attorney for Defendants
                                                 Nth Connect Telecom Inc.

1   and Steven Chen
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JOINT CMC STATEMENT
Balarezo, et al. v, Nth Connect Telecom Inc. et al.

- 7 -                                    **C07-05243 JF**