ADAM WANG, Bar. No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:              415-861-9622
margainlaw@hotmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR A. BALAREZO, ET AL., individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., ET AL.,<br><br>Defendants | Case No.:  C07-05243 JF (PVT)<br><br>**NOTICE OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS & MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**<br><br>Date:   July 1, 2008<br>Time:   10:00 am<br>Judge: Honorable Patricia V. Trumbull |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on July 1, 2008 at 10:00 a.m., Plaintiffs will and do hereby move this Court for an Order compelling the production of certain documents necessary for the litigation of two issues in dispute: (1) whether certifying this case as a class action under Rule 23 is proper and (2) the prosecution on the claims of an opt-in class already certified by this Court.

1

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                                           C07-5243 JF (PVT)

This motion is supported by the Memorandum of Points and Authorities in Support of Motion to Compel, Declaration of Adam Wang in Support thereof, and the other records, pleadings and papers filed in this action; and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On February 26, 2008, Plaintiffs served their Amended Request for Production of Production of Documents Set One ("RFP") on Defendants' counsel (Wang Decl., Exh. 1). The RFP requested production of payroll information pertaining to all putative class members. These documents were and are necessary for two reasons. First, for Plaintiffs to assess the viability of and to provide the factual support for a Motion to Certify under Rule 23 of the Federal Rules of Civil Procedure. Second, to investigate and develop pattern and practice evidence for the claims of the opt-in class already approved by the Court. If fact, Plaintiffs anticipate that Defendants' will attempt to decertify the opt-in class already approved or to seek a denial of a Rule 23 Motion based on the argument that putative class members are not "similarly situated." Therefore these documents are needed.

Defendants served their response to RFP on April 1, 2008. (Wang Decl., Exh. 2) Defendants' primary objection pertained to documents regarding putative class members. Defendants' other objections were boilerplate, or related to timing of Plaintiffs' request. Each will be discussed below.

The parties have reached an impasse on this issue after meeting and conferring. Defendants refuse to produce responsive documents regarding putative class members until after a Rule 23 opt-out class was certified and were only willing to provide documents regarding individual workers after they opted-in. This motion follows because class representatives are entitled to discovery pertaining to whether their case should be certified and maintained as a

2

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                                           C07-5243 JF (PVT)

class action. See Ho v. Ernst & Young, LLP, 2007 WL 2301780 (N.D.Cal.) Absent a compelling reason, it is an abuse of discretion court to deny such discovery. Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975). All documents Plaintiff request seek information relevant to the class determination which is a contested issue. The documents also seek pattern and practice evidence needed for workers either individually or collectively. Therefore, the Court should order Defendants to produce these documents.

## II.     NATURE AND PROCEDURAL BACKGROUND OF CLAIM

### A.     Claims Alleged Class Wide

Plaintiffs allege the following class-wide claims:

1. Overtime

Named Plaintiffs Balarezo and Avila were employed by Defendant Nth Connect Telecom Inc. ("Nth Connect") as cable installers to connect and disconnect cable services at Comcast customers' homes. They sue to recover unpaid overtime on behalf of all current and former installers. Plaintiffs allege Defendants paid them by the piece, according to the number of connects and disconnects performed. (Balarezo Decl., ¶ 4, at Wang Exh. 2) While employed, Defendants gave them and other employees a document entitled "By-weekly Payout" at the end of each two-week pay period which summarized the number of connects and disconnects performed and amounts earned during that pay period. Id. This policy existed even during th time Defendants treated installers as "independent contractors." (Avila Decl., ¶ 4 & 7, at Wang Decl., Exh. 3.)

Beginning April 2006, Nth Connect started issuing its installers W-2s and pay stubs. Nth Connect artificially assigned installers an hourly rate near minimum wage, to reverse-engineer the payroll statement. This created the appearance that the installers were paid by an hourly rate for all regular hours, and one and one half the regular rate for all overtime hours. (Balarezo

3

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                              C07-5243 JF (PVT)

Decl., ¶ 7 and Avila Decl., ¶ 7, at Wang Decl., Exh 1 & 2.) These reverse-engineered hourly earnings for a particular pay period differed from the amount of the actual piece rate earnings. To make up the difference, Nth Connect would list extra amounts as "bonus", "gas reimbursements", "expenses" and "tools", etc. Despite these payments in the wage stubs, Installers were not paid any such amounts. Id. Nth Connect essentially only paid installers the piece rate earnings and in doing so failed to pay all of the workers overtime ages as required by 29 C.F.R. § 778.11[1].

### 2. Meal Period Premiums

In addition to their overtime claim, Plaintiffs also allege a class wide claim for unpaid meal period premiums. Defendants failed to provide Plaintiffs a 30-minute undisturbed meal period every 5 hours worked pursuant to California Labor Code § 226.7. Labor Code section 226.7 provides that an employee is entitled to an extra hour's premium pay at the regular rate for each time not provided the required meal period. Nth Connect forced Plaintiffs to prepare daily time cards which created the false record that Defendants had actually provided Plaintiffs 30-minute meal periods. Defendants denied Plaintiffs meal periods in order to adhere to Comcast's intense installation schedule. Plaintiffs had target windows during which customers would wait for them in their home. If Plaintiffs fell behind, they would miss their next appointment's time

---

[1] 29 C.F.R. § 778.11 provides that:
> "When an employee is employed on a piece-rate basis, his regular hourly rate of pay is computed by adding together his total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions): This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's ''regular rate'' for that week. For his overtime work the piece-worker is entitled to be paid, in addition to his total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week."

4

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                                C07-5243 JF (PVT)

window, and in turn usually miss further appointments, as some customers would not remain at home longer than the scheduled periods.

### 3. Expenses Reimbursement

Plaintiffs also seek class wide recovery for expenses incurred in connection with performing installation duties. Nth Connect failed to reimburse Plaintiffs for costs and gas expenses incurred traveling to and between customer's homes or for costs related to use of Plaintiffs' own trucks and tools.

### 4. Waiting Time Penalties

Plaintiffs also allege a sub-class consisting of employees who Defendants terminated during the three years prior to the filing of the Complaint and who were not paid all of their earned wages upon termination. This sub-class seeks waiting time penalties under California Labor Code § 203, which subjects an employer to a penalty of up to 30 days wages if it fails to pay the employee all readily ascertainable wages upon termination.[2] In order to recover this penalty, workers must show that the Employer's conduct was willful or intentional.

## B. Procedural Posture

Plaintiff Balarezo filed his Class Action Complaint (Docket #1) on October 12, 2007. The Complaint seeks an opt-in class status for FLSA claims and Rule 23 class status for California claims.

Defendants filed a Motion to Dismiss (Docket #5) under Rule 12(b) on January 7, 2008, arguing Plaintiff was an hourly employee and had been properly paid for all hours worked, including all one and one half overtime rate hours. The Court denied Defendants' Motion to Dismiss (Docket #22) on February 27, 2008.  Plaintiff filed a First Amended Complaint (Docket

---

[2] Labor Code section 203 enjoys a three year statute of limitations based on the language of the statute.

5

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                    C07-5243 JF (PVT)

#24) on March 6, 2008, adding Osmin Avila as a named Plaintiff.

On March 6, 2008, Plaintiffs filed a motion to conditionally certify FLSA opt-in class (Docket #25 & 26). The Court granted Plaintiffs' motion and certified the FLSA opt-in class (Docket #48) on May 2, 2008.

Under the two-tiered approach pursuant to which the Court conditionally certified FLSA opt-in class, Defendants may file a motion to decertify the opt-in after discovery is completed by presenting evidence there is no class of employees similarly situated with named Plaintiffs.[3] Plaintiffs also anticipate filing a motion to certify Rule 23 class for various California claims.

**C.    Discovery Dispute**

The disputes arise out of Plaintiff's RFP, which seeks disclosure of documents that will assist in determining class status with respect to various claims. The RFP also seeks pattern and practice evidence regarding the workload and various installation target windows assigned to each installer, which goes to the meal break claims..

Request No. 1: "any and all records, including but not limited to timecard, time sheet, calendar entries, calendar pages, books, notes, and any other document, that show, mention, concern or relate to the time and hours worked by each Plaintiff and all your EMPLOYEES during the CLAIM PERIOD."

Defendants' response to Request No. 1:
> "Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad

---

[3] See Order Granting Motion For Approval Of Hoffmann-Laroche Notice (Docket #48).

6

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                    C07-5243 JF (PVT)

with respect to the time period for which it seeks records. It also seeks
documents which are not relevant to the claims set forth in the complaint, nor
which are reasonably calculated to lead to the discovery of admissible evidence.
It also purports to call for production of documents pertaining to employees of
Nth Connect who are not parties to this case, and such records are protected by
the right to privacy under the United States and California Constitutions. Further,
plaintiff has failed to comply with California Code of Civil Procedure section
1985.6 in giving notice to such employees that their records are being sought.
Finally, the request potentially calls for the production of documents protected
by the attorney-client privilege and attorney work product doctrine.
     Without waiving these objections, responding party answers as follows:
Responding party will produce all unprivileged, responsive documents to the
extent that they pertain to plaintiff Vladimir Balarezo."

Request No. 2: "complete PAYROLL RECORDS relating to each Plaintiff and all EMPLOYEES covering the entire CLAIM PERIOD, including but not limited to, all payroll statement (commonly known as pay stubs), payroll register generated by YOUR payroll processing service, all canceled checks reflecting any and all payments whatever the nature to each Plaintiff and all EMPLOYEES, BI-WEEKLY PAYOUT sheets, and all tax records concerning each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD." These payroll records also include a series of Excel documents with a separate sheet entitled "Payroll."

Defendants' Response to Request No. 2:
     "Responding party incorporates each preliminary objection as through set
fort in full. As noted above in preliminary objection number one, the only named
plaintiff at the time these requests were served was Vladimir Balarezo. As such,
these responses are limited to that plaintiff. Responding party also objects to this
request for production, as it is compound, complex and overbroad with respect to
the time period for which it seeks records. It also seeks documents which are not
relevant to the claims set forth in the complaint, nor which are reasonably
calculated to lead to the discovery of admissible evidence. It also purports to call
for production of documents pertaining to employees of Nth Connect who are not
parties to this case, and such records are protected by the right to privacy under
the United States and California Constitutions. Further, plaintiff has failed to
comply with California Code of Civil Procedure section 1985.6 in giving notice to
such employees that their records are being sought. . Finally, the request
potentially calls for the production of documents protected by the attorney-client
privilege, attorney work product doctrine and tax return privilege.

7
**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.     C07-5243 JF (PVT)

> Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff Vladimir Balarezo."

Request No. 3: "All DAILY COUNT SHEETS with respect each Plaintiff and all EMPLOYEES during COMPLAINT PERIOD."  The Daily Count Sheet records the number of connects and disconnects performed by each putative installer each day.

Defendants' Response to Request No. 3:

> "Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It is also vague and ambiguous with regard to the term "DAILY COUNTSHEETS." It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees that their records are being sought. Finally, the request potentially calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine.
> Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff Vladimir Balarezo."

Request No. 4: "all COMCAST WORK ORDERS with respect to each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD."  With respect to this request, Plaintiff attached an exemplar Comcast Work Orders as Exhibit 3 to the RFD.

Defendants' Response to Request No. 4:

> "Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects (0 this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It also seeks documents which are not

8

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                                              C07-5243 JF (PVT)

in the possession of responding party. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees that their records are being sought. Finally, the request potentially calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine.

Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they are within the custody and control of responding party and which pertain to plaintiff Vladimir Balarezo."

Request No. 6 requests all employee manuals and policies which were in place for the entire complaint period. Defendants have not produced any of these documents.

Defendants' response to Request No. 6:

"Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also calls for production of documents which are proprietary, protected trade secrets, and which are potentially covered by the attomey-c1ient privilege and the attorney work product doctrine.

Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff Vladimir Balarczo."

Request No. 7 calls for all communications and documents concerning Comcast's requirements relating to installation schedules made with Comcast customers.

Defendants' response to Request No. 7:

"Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this

9

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                    C07-5243 JF (PVT)

request for production, as it is compound, complex and vastly overbroad, as it appears to seek records pertaining to communications between responding party and Comcast for an unlimited period of time. Responding to such a request is unduly burdensome. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees and customers of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees and customers that their records are being sought. Finally, this request potentially calls for the production of documents which are proprietary, trade secrets, and which are protected by the attorney-client privilege and/or the work product doctrine. Based upon these objections, responding party will not produce any documents in response to this request."

Request No. 8 calls for documents concerning charge backs against Nth Connect Telecom Inc. by Comcast for technicians' failure to keep installation schedules with customers.

Defendants' response to Request No. 8:
"Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and vastly overbroad, as it appears to seek records pertaining to communications between responding party and Comcast for an unlimited period of time. Responding to such a request is unduly burdensome. This request is also vague and ambiguous as to the term "chargebacks." It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees and customers of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees and customers that their records are being sought. Finally, this request potentially calls for the production of documents which are proprietary, trade secrets, and which are protected by the attorney-client privilege and/or the work product doctrine.
Based upon these objections, responding party will not produce any documents in response to this request."

### III.    LEGAL STANDARDS

10

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                                C07-5243 JF (PVT)

At the pre-certification stage, a class action Representative Plaintiff is entitled to discovery relating to issues of whether the case should be certified and maintained as a class action. See Ho v. Ernst & Young, LLP, 2007 WL 2301780 (N.D.Cal.).  Denial of such discovery can be abuse of discretion.  Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975).

**IV.    ARGUMENTS**
   **A.  PLAINTIFFS ARE ENTITLED TO DOCUMENTS RELEVANT TO WHETHER ALL INSTALLERS ARE SIMILARLY SITUATED AND TO WHETHER PLAINTIFFS MAY MAINTAIN CLASS ACTION WITH RESPECT TO OVERTIME CLAIMS**

In order to prevail on their claims, Plaintiffs must prove that (i) they were paid by piece rate; (ii) they worked overtime and (iii) they were not paid the legally required rate under 29 C.F.R. § 778.11 for overtime hours worked.  Therefore, Plaintiffs are entitled to documents relevant to establishing that the above three factors apply to all putative installers as Defendants can argue that a class should not be certified as installers are not similarly situated or by arguing that the commonality and typicality elements needed to certify a class are not present.

Plaintiffs are entitled to all documents relating to the time and hours worked by all putative installers.  (Request No. 1).  This request is relevant to show that Plaintiffs' claim that they regularly worked overtime is typical of all putative installers.

Similarly, Defendants should produce the "By-Weekly Payout Sheet" and payroll statements of all installers (Request No. 2) because these documents are relevant to show that Defendants paid installers by piece, not by hour.  These documents will show Plaintiffs' claim that they were only paid by piece earnings and were denied overtime pay time as required under 29 C.F.R. 778.11 is common and typical among all putative installers.

Request No. 3 calls for the documents entitled Daily Count Sheet, which record the number of connects and disconnects each installer performed each work day.  Such Daily Count Sheets will be used in reconstructing the piece rate earnings of the putative installers in the event

11
**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                    C07-5243 JF (PVT)

Defendants assert any of the "Bi-Weekly Payout Sheets" no longer exist.[4] If Defendants fail to preserve and produce the Bi-Weekly Payout Sheets with respect to any putative installer, the Court should compel Defendants to produce all Daily Count Sheets of all installers.

Request 4 calls for Comcast Work Orders. These are generated and given to each installer when a Comcast customer places an order indicating type, address, and window of time for installation. Defendants require installers to indicate on the Order the time they arrive at the address and the time they complete the job. The customer then signs the order in triplicate, keeping one copy. Nth Connect keeps one copy and Comcast receives one copy, presumably with billing from Nth Connect. As such, the Comcast Work Orders contain much of the information needed to determine the number and types of installations performed by any given installer during a pay period, and the time when each installer ended their last installation of each work day. The analysis of these documents will show pattern and practice of Defendants instructing all installers to work overtime on regular basis and assigned installers schedules which precluded 30-minute meal breaks 5 hours into their workday. Specifically, the documents will be used to show that installers did not voluntarily decide not to take a lunch as they had a lot of production pressure both by their own work orders and the total work orders of the entire installation crew. This is also addressed below.

### B. PLAINTIFFS ARE ENTITLED TO DOCUMENTS RELEVANT TO CLASS STATUS DETERMINATION WITH RESPECT TO CLAIM FOR MEAL PERIOD VIOLATIONS.

Plaintiffs also claim, on behalf of all installers, Defendants required all installers adhere to Comcast customer installation schedules. These schedules precluded the installers from taking required 30-minute lunch breaks after working 5 hours during the day, notwithstanding

---

[4] In the Joint Case Management Statement, Defendants' counsel twice stated that Defendants have been advised to preserve all electronically stored evidence, but will not take step to do so (See Docket #15 & #47, at ¶ 6).

12

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                         C07-5243 JF (PVT)

Defendants' forcing the installers to create false records of 30 minute lunch breaks on their time cards. The Court should compel Defendants to produce showing installers' timecards which indicate lunch breaks are inconsistent with other Nth Connect time logs; that Nth Connect enforces Comcast's requirement that installation has to be performed during predetermined windows of time during which Comcast customers wait at home for service.

All installers are required to report to Nth Connect dispatch time of arrival and time of job completion. Nth Connect records these reported times for each job. It is Plaintiffs' understanding that Nth Connect contemporaneously transmits these time logs to Comcast, so that in the event that an installer fails to show up as scheduled, Comcast is appraised and prepared for complaint calls from its customers. Moreover, as Defendants are likely to argue installers chose to voluntarily forego particular meal periods, these records will also serve as pattern and practice evidence to determine the workload of specific installers and installation crews for as many specific days as possible. This reconstruction will be used in Plaintiffs' case in chief to show that installers did not have a choice not to work through lunch. Missing a single appointment window by taking a 30 minute meal break would create the risk of a domino effect of further missed appointment windows. Therefore, Plaintiffs require documentation of the number and timing of all jobs by all installers to demonstrate this by showing the staffing levels both for tickets to one installer and among the entire crew.

Requests No. 6, 7 & 8 are designed to discover existence of an Nth Connect policy requiring all installers to adhere to Comcast customer installation schedules. These documents are relevant to class determination with respect to meal break violations.

C. **DEFENDANTS' BOILERPLATE OBJECTIONS TO PLAINTIFFS' RFP ARE IMPROPER**

Defendants make unmerited boilerplate objections to each of Plaintiff's requests for production.

**1. Plaintiff's Requests Are Not "Compound, Complex and Overbroad"**

13

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                    C07-5243 JF (PVT)

The documents Plaintiffs seek for the relevant class claims period and facts. This objection has no basis. Moreover, Defendants have also stated that the production would be unduly burdensome. However, Defendants have produced only partial and unsubstantial documents with respect to Plaintiff Balarezo. Defendants provided no information regarding what, if any, efforts they have made to locate the documents.

Defendants must show that the production of these documents would cause an undue burden. See, <u>Blakenship v. The Hearst Corporation</u>, 519 F.2d 418, 429 (1975), <u>In re Syncor ERISA Litig.</u>, 229 F.R.D. 636, 643 (N.D. Cal. 2005). See also, <u>Cobb v. Danzig</u>, 190 F.R.D. 564, 566 (S.D. Cal. 1999) (Even if "good cause" is shown in compliance with <u>Blakenship</u> for not producing discovery, the Court must still "balance the competing interests of allowing discovery and the relative burdens to the parties.") No such attempt was made and it can be inferred that this objection is merely boilerplate.

**2. Defendants' Objection Based on "Attorney Client Privilege and/or Work Product Doctrine" Has no Merit**

These objections s are totally unsubstantiated. Defendants have provided no privilege log. The requested materials are merely operational documents such as time records, payroll records, policy guidelines or communications. Plaintiffs have made no requests for counsel/client restricted communications or documents prepared for litigation.

**3. Plaintiff's RFPs Are Clearly Defined and Not "Vague and Ambiguous"**

There is nothing vague or ambiguous about any of the Plaintiffs' requests. The materials sought in the requests are clearly stated. Relevant terms, such as "Bi-Weekly Payout Sheet", "Daily Count Sheet" and "charge backs" are explicitly defined. Moreover, the RFP even refers to exhibits attached as exemplar documents generated by Defendants or Comcast.

**4. California Code of Civil Procedure § 1985.6 Does not Apply to Federal Litigation**

14

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
<u>Balarezo, et al. v. NTH Connect Telecom Inc., et al.</u>                    C07-5243 JF (PVT)

California Code of Civil Procedure § 985.6 requires notification of non-party employees before disclosure of their records. However, this procedural rule is not applicable in Federal litigation. See Corser v. County of Merced, 2006 WL 2536622 (E.D. Cal. 2006).

### 5. **Federal Rules Do not Extend Privacy Protection to Payroll Records**

Defendants assert the payroll records are not discoverable, as they are protected under privacy rights. However, except for tax returns filed with the government, payroll records and other documents are subject to discovery in litigation conducted in federal courts. Maldonado v. St. Croix Discount, Inc., 77 F.R.D. 501 (D. Vi. 1978)(While past income tax returns are not discoverable, W-2 and other payroll records are available for discovery). Plaintiffs are prepared to redact social security numbers and wage garnishment information from the pay records. No other information in these records is protected from discovery on privacy grounds.

### D. PLAINTIFFS HAVE MET MEET AND CONFER REQUIREMENTS

As outlined in the Declaration of Adam Wang, Plaintiffs met and conferred with Defendants' counsel to attempt to resolve this dispute without the necessity of moving to compel and reached an impasse.

Upon receiving Defendants' responses to the RFP, Plaintiffs' counsel sent Defendants' counsel a three page letter dated May 7, 2008, outlining the issues with respect to each of Defendants' responses and providing legal authority as to why the documents requested should be produced. Wang Decl., Exh. 5. Defense counsel responded with an e-mail on May 14, 2008 stating documents would not be produced and reiterating their objections. Wang Decl., Exh. 6. While it was clear that a Court Order would be necessary, nonetheless on May 14, 2008, in response to Defense counsel's email, Plaintiff counsel again sent an e-mail pointing out that Plaintiffs are entitled to discovery of information relevant for class status determination, even at the pre-certification stage. Wang Decl. ¶ 9, Exh. 7. In response, On May 15, 2008. Defendants' counsel sent an e-mail reiterating their position that they would not produce discovery documents related to putative class members. Wang Decl. ¶ 10, Exh. 8.

15

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                              C07-5243 JF (PVT)

## IV. CONCLUSION

For the foregoing reasons, The Court should compel Defendants to produce all requested discovery.

Dated: May 27, 2008                     By: /s/ ADAM WANG
                                            Adam Wang
                                            Attorney for Plaintiffs

                                        By: /s/ Tomas Margain
                                            Tomas Margain
                                            Attorney for Plaintiffs

16

**NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**
Balarezo, et al. v. NTH Connect Telecom Inc., et al.                     C07-5243 JF (PVT)