ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 286-6619
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:          415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo, Abelardo Guerrero,
Victor Funez & Osmin Avila

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR BALAREZO, ABELARDO GUERRERO, VICTOR FUNEZ & OSMIN AVILA, and on behalf of other similarly situated<br><br>            Plaintiffs,<br><br>    vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br><br>            Defendants | Case No.: C07-01248 JF<br><br>**AMENDED PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:**        **PLAINTIFFS, VLADIMIR BALAREZO, ABELARDO GUERRERO, VICTOR FUNEZ & OSMIN AVILA**

**RESPONDING PARTY:**        **DEFENDANT, NTH CONNECT TELECOM INC.**

**SET NO.:**                **1**

1                Case No.    C07-05243 JF

# I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs, by undersigned counsel, request that Defendants NTH CONNECT TELECOM INC., and STEVEN CHEN produce for inspection and copying the documents designated under the heading "DOCUMENTS REQUESTED" within 30 days of service hereof at the office of the undersigned.

Defendants are required to produce all requested documents that are in their actual or constructive possession, custody or control.

These requests for production are continuing in nature and require supplemental responses to the greatest extent permitted by Fed. R. Civ. P. 26(e). Plaintiffs will object to the presentation of any documentation not disclosed by the date set by the Court for such disclosure.

Plaintiffs request that such production be made in accordance with the "Definitions and Instructions" set forth below.

## II. DEFINITIONS AND INSTRUCTIONS

**A.    Definitions**

As used herein:

1.    "YOU" or "YOUR" refers to the Defendant NTH Connect Telecom Inc.

2.    "EMPLOYEE" or "EMPLOYEES" means any and every person who, at any time since October 12, 2003 to the date hereof, had been hired by YOU in a position known as "Installation Technician", "Service Technician", "Field Technician" and/ or "Tech", and/or who had performed duties of any such position.

4.    "COMMUNICATION" means and includes every manner of means of disclosure, transfer or exchange of information, fact, idea, or inquiry, whether orally or by document or whether face-to-face or electronically, by telephone, telecopier, mail, email, facsimile, personal delivery, overnight delivery or otherwise.

Case No.    C07-05243 JF

5.      "COMPLAINT" refers to the Complaint filed by Plaintiffs Vladimir Balarezo, Abelardo Guerrero, Victor Funez and Osmin Avila in the United States District Court for Northern District of California, No. C07-05243 JF.

6.      "DOCUMENT" or "DOCUMENTS" has the same meaning as in Fed. R. Civ. P. 34 and includes, in the broadest sense possible, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter- and intraoffice communications, e-mail, deleted e-mail, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-cuts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained from computers and hard drives and servers, and your personal computers, hard drives and servers, wherever located (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. The term also includes each and every file folder or other material in which the above items are stored, filed, or maintained.

3      Case No.    C07-05243 JF

7.      "PERSON" includes any natural person, proprietorship, public or private corporation, company, firm, governmental body, partnership, trust, joint venture, entity or any other form of business or legal entity, organization or arrangement, group or association.

8.      The words "and" and "or" are to be construed both conjunctively and disjunctively as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside its scope.

9.      The terms "all" and "each" shall be construed as all and each.

10.     "Relating to" or "relate" means referring to, pertaining to, concerning, describing, discussing, commenting on, constituting, comprising, explaining, showing, analyzing, evidencing, supporting or contradicting, directly or indirectly, whether in whole or in part.

11.     "CLAIM PERIOD" means the period starting October 12, 2003 till the date of production.

12.     "PAYROLL RECORDS" are defined as any DOCUMENTS that show, indicate, address, mention, memorialize, reflect, or otherwise relate to any monetary payment, exchange or financial arrangement between YOU and a EMPLYEE including but not limited to payment, repayment, and/or exchange of wages, salaries, loans, advances, or interests thereon.

13.     "BY-WEEKLY PAYOUT" refers to any document that is substantially in the form of Exhibit 1 hereto and/or any document that serves the substantially the same function as Exhibit 1.

14.     "DAILY COUNT SHEET" refers to any document that is substantially in the form of Exhibit 2 hereto and/or any document that serves the substantially the same function as Exhibit 2.

15.     "COMCAST WORK ORDER" refers to any document that is signed by a customer and is substantially in the form of Exhibit 3 hereto and/or any document that serves the substantially the same function as Exhibit 3.

**B. Instructions**

1.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others as appropriate in the context.

Case No.    C07-05243 JF

2.      You are required to produce all of the requested documents in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your subsidiaries, divisions, affiliates or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, employees or other agents, as well as your present or former independent contractors and any other person acting on your behalf, and shall supplement your response whenever necessary in accordance with the Federal Rules of Civil Procedure.

3.      If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, state the following:

          (a) the date of the document;

          (b) the name, the present or last known home and business address, the telephone numbers, the title (or position), and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of, said document;

          (c) a description of the document sufficient to identify it without revealing the information for which the privilege is claimed

          (d) each and every fact or basis upon which you claim any such privilege;

          (e) the location of the document; and

          (f) the custodian of the document.

4.      Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have removed, excised or deleted any portion of a document, stamp the word "redacted" on each page of the document, which you have redacted. Redactions should be included on the privilege log described in Instruction No. 3.

5.      If any otherwise responsive document was, but is no longer, in existence or in your possession, custody or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, the identity of all

persons having knowledge or who had knowledge of the document and describe in full the circumstances surrounding its disposition from your possession or control.

6.     Pursuant to Fed. R. Civ. P. 34(b), documents produced pursuant to this Request shall be: (a) produced as kept in the regular course of business, together with the original folders, binders, or boxes in which they were maintained; or (b) produced, organized and labeled to correspond to the categories of this request. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

7.     All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

8.     If any document requested herein is stored on or in a computer data storage device or media, produce the data in computer-usable form (e.g., on diskettes or tapes) and printouts if they exist.

9.     Documents attached to each other should not be separated.

10.     Documents not otherwise responsive to this Request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this Request, or if such documents are attached to documents called for by this Request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

11.     Documents shall be produced in such fashion as to identify the department, branch or office, if any, in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

### III. DOCUMENTS REQUESTED:

<u>Request for Production No. 1:</u>

6                    Case No.    C07-05243 JF

All and any records, including but not limited to timecard, time sheet, calendar entries, calendar pages, books, notes, and any other document, that show, mention, concern or relate to the time and hours worked by each Plaintiff and all your EMPLOYEES during the CLAIM PERIOD.

Request for Production No. 2:

The complete PAYROLL RECORDS relating to each Plaintiff and all EMPLOYEES covering the entire CLAIM PERIOD, including but not limited to, all payroll statement (commonly known as paystubs), payroll register generated by YOUR payroll processing service, all canceled checks reflecting any and all payments whatever the nature to each Plaintiff and all EMPLOYEES, BI-WEEKLY PAYOUT sheets, and all tax records concerning each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD.

Request for Production No. 3:

All DAILY COUNT SHEETS with respect each Plaintiff and all EMPLOYEES during COMPLAINT PERIOD.

Request for Production No. 4:

All COMCAST WORK ORDER with respect to each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD.

Request for Production No. 5:

All personnel records of each Plaintiff and all EMPLOYEES, including but not limited to any and all employment agreements you had with each Plaintiff and all EMPLOYEES, any DOCUMENT signed by each Plaintiff and all EMPLOYEES during their employment with YOU, and any DOCUMENT concerning the discipline, performance and evaluation of each Plaintiff and all EMPLOYEES.

Request for Production No. 6:

Any and all employee manuals, employee handbook, or policies that governed any aspect of employment of each Plaintiff and all EMPLOYEES, including but not limited to work schedule, overtime policy, lunch breaks, rest periods, tools, reimbursement for tools, vehicles used in performing job duties, gas reimbursements, deductions, and disciplines.

Case No.    C07-05243 JF

Request for Production No. 7:

Any and all COMMUNICATIONS and DOCUMENTS concerning, pertaining to and implementing the requirements or guidelines from COMCAST relating to installation schedule made with the customers.

Request for Production No. 8:

Any and all COMMUNICATIONS and DOCUMENTS concerning chargebacks by COMCAST for failure to keep the installation schedule with customers.

Request for Production No. 9:

Any and all COMMUNICATIONS and DOCUMENTS concerning payuments made to all EMPLOYEES during the COMPLAINT PERIOD for earned but unpaid overtime wages. This includes but is not limited to any audits of unpaid overtime wages and any releases sought or received from EMPLOYEES during the COMPLAINT PERIOD.

Request for Production No. 10:

Any and all DOCUMENTS you intend to produce at the time of trial.

Dated: February 26, 2008

Adam Wang

Attorney for Plaintiffs

8                    Case No.    C07-05243 JF

**PROOF OF SERVICE**


I, the undersigned, declare that I am over the age of eighteen (18) and not a party to this action. My business address is 12 South First Street, Suite 613, San Jose, CA 95113.

On the date hereof, I mailed and e-mailed and mailed the following document(s):

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

to the following:

Grant Carlson, Esq.
Friedman Enriquez & Carlson LLP
433 N. Camden Drive
Suite 965
Beverly Hills, CA 90210
GCarlson@go4law.com


I declare that the under penalty of perjury under the laws of the United States, the foregoing is true and correct.


Dated : February 26, 2008

Adam Wang

9                  Case No.    C07-05243 JF

Comcast South Bay  Broadband Installation

| | |
|---|---|
| Bi-Weekly Payout | 12/24 to 1/6 |
| Vehicle # | |
| Mileage In: | |
| Mileage Out: | |
| Total Milage: | 0 |
| Tech Name: Osmin Avila | |

| | |
|---|---|
| | $736.25 |
| Deductions | $0.00 |
| Total | $736.25 |

## San Jose

| Item | Code | Rate | 12/24 | 12/25 | 12/26 | 12/27 | 12/28 | 12/29 | 12/30 | Total | 12/31 | 1/1 | 1/2 | 1/3 | 1/4 | 1/5 | 1/6 | Total | Total Bi Week | First week | Second week | Payroll |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Aerial New Connect | NAH | $23.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| UG New Connect | NUH | $18.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| MDU New Connect | NLB | $18.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Connect Existing A/O | EO1 | $4.50 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Aerial Same Trip A/O | AO1 | $9.00 | | | | | 2 | | 2 | | | | | | | 1 | 1 | 3 | 18.00 | 9.00 | 27.00 |
| UG Same Trip A/O | AO1 | $9.00 | | | | | | 1 | 0 | | | | | 4 | 5 | 5 | | 0.00 | 45.00 | 45.00 |
| MDU Same Trip A/O | AO1 | $9.00 | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Additional outlet W/wallfish | WF1 | $27.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Separate Trip A/O | ASU/ASW | $17.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Service Tier Change | STC | $7.00 | | | | | | | 0 | | | | 2 | | 1 | 3 | 3 | 0.00 | 21.00 | 21.00 |
| Additional Digital Box/Upgrade | AD1 | $5.00 | | | | 1 | 3 | 4 | | 1 | | | | | | 1 | 20.00 | 5.00 | 25.00 |
| Cable Card Installs | CC1 | $7.50 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Remove Drop (Video, H S I , Telephony) | RED | $10.00 | | | | | | | 0 | | | | | | 1 | 3 | 20.00 | 10.00 | 30.00 |
| Aerial/UG/MDU Drop Replacement | RPD | $10.00 | | 2 | | | | 2 | | 1 | | | | | 1 | 3 | 20.00 | 10.00 | 30.00 |
| Conduit Push (Video, H S I , Telephony) | CON | $10.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Video Reconnect | REH | $18.25 | | | | | | | 0 | | | 1 | | 1 | 2 | 2 | 0.00 | 36.50 | 36.50 |
| Reconnect MDU | RLB | $18.25 | | | 1 | | | 1 | 2 | | | 1 | | | 1 | 1 | 36.50 | 18.25 | 54.75 |
| Make Hot Tap | MHT | $8.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Disco | DXS | $6.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Disco W/Equipment | DXE | $11.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Satellite Dish Remove | SAL | $7.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Self Installation Kit | SK1 | $3.00 | | | | | | | | 0 | | | | | 1 | 1 | 1 | 0.00 | 3.00 | 3.00 |
| Troubleshoot Non-Responding DCT/DVR | TNR | $26.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Separate DCT Up Grade | SDB | $12.00 | | | 2 | | | 2 | | 2 | | | 2 | | 1 | 5 | 7 | 24.00 | 60.00 | 84.00 |
| UG Drop Bury | | | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| UG Drop Bury - Conduit W/O Construction | | | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| UG Drop Bury - W/Construction | | | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| New C.H.S.I Premium | PNC | $50.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Reconnect C.H.S.I Premium | PRC | $40.00 | | | 1 | | 1 | 1 | 3 | | | | | | 1 | 1 | 120.00 | 40.00 | 160.00 |
| H.S.I Reconnect W/Home Networking | | $63.25 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I Reconnect W/Home Networking (MDU) | | $58.25 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I New W/Home Networking | | $80.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I New W/Home Networking (MDU) | | $75.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium New Connect | NVH | $60.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium New Connect (MDU) | NVH | $55.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium Reconnect | RVH | $50.00 | | | | 1 | 2 | 3 | | 1 | | | | | 1 | 2 | 5 | 150.00 | 100.00 | 250.00 |
| Combo-Premium Reconnect (MDU) | RVH | $50.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Home Networking (1-5 Computers) | HN1+ | $14.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| CDV NEW CONNECT | CNC | $53.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| CDV RECONNECT | CRC | $40.00 | | 2 | | | | 2 | 4 | | 1 | | 3 | 4 | | 8 | 12 | 160.00 | 320.00 | 480.00 |
| TELEPHONE LINE | TEL | $9.00 | | | | | | | 0 | | 1 | | 2 | | | 3 | 3 | 0.00 | 27.00 | 27.00 |
| RECONFIGURE PHONE | RPJ | $4.50 | | | | 3 | | 3 | | | 4 | | | | 4 | 7 | 13.50 | 18.00 | 31.50 |
| VERIFYING CUSTOMER ALARM | VCA | $6.75 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW VIDEO AND CDV (SDU) | NVP | $42.50 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW VIDEO AND CDV (MDU) | NVP | $55.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW HSI AND CDV (SDU) | NHP | $78.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW HSI AND CDV (MDU) | NHP | $65.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (SDU) | RVP | $50.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (MDU) | RVP | $50.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT HSI AND CDV (SDU) | RHP | $55.00 | | 1 | | | 1 | | 2 | | | 1 | | | | 1 | 3 | 110.00 | 55.00 | 165.00 |
| DUAL INSTALL - RECONNECT HSI AND CDV (MDU) | RHP | $55.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (SDU) | NTC | $80.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (MDU) | NTC | $65.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (SDU) | RTC | $65.00 | | 1 | | | 1 | | 2 | | | | | | | 0 | 2 | 130.00 | 0.00 | 130.00 |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (MDU) | RTC | $65.00 | | | | | | 1 | 1 | | | | | | | | 0 | 65.00 | 0.00 | 65.00 |

| | | | | |
|---|---|---|---|---|
| | 69 | 867.00 | 767.75 | 1,634.75 |

# NthCONNECT TELECOM INC.

## Service Technician Daily Count Sheet

**System:** South Bay

**Date:** 4/30/7

**Tech Number:** 8866

**Tech Name:** O3min avila

**$ 310.25**

| Job # | | | |
|-------|---|---|---|
| 1 | 934-430 | | |
| 2 | 916-948 | | |
| 3 | 917-111 | | |
| 4 | 914-887 | | |
| 5 | 882-001 | | |
| 6 | 915-123 | | |
| 7 | 920-112 | | |
| 8 | 982-540 | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |

**Time Start** _____

**Tech's Signature** _____

**Reg.** _____   **O.T.** _____

**Supervisor's Signature** _____

**Total:** _____

| TECHNICIAN | JOB DESCRIPTION | | JOB |
|---|---|---|---|
| 9650 | SIK W/O HSI | | 549,507 |
| SALES REP | ORDER NUMBER | | PRINT DATE |
| 00008 | 105001940412202B0001 | | 12/28/0 |

| SERVICE NAME AND ADDRESS | HOME PHONE | DATE | TIME | UNITS | CATG. | *REPRIN |
|---|---|---|---|---|---|---|
| | 408-938-0421 | 12/28/05 | 9 8A-8P | 003 | 19 | |
| | WORK PHONE | CUSTOMER NUMBER | | CALL FIRST | | PRINT II |
| | 811-610-8527 | 120201B877855 | | | | |
| | | ORDER REASONS | | | | |
| | REMOVE/RELOC FT | | | | | |

| REQUESTOR |
|---|

DEPOSIT AMT              0.00   COPREPAY AMT              0.00

OTHER ACTIVE CUSTOMERS

| DATE | TECHNICIAN | START | STOP | CODE | RESOLUTION CODES | | | | | | CASH ON DELIVERY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

By signing this work order, I represent that I am at least 18 years old; I am the owner of, or tenant in, the premises at the above address and that the installation, repair or other work provided has been satisfactorily completed. If this work order relates to the initial installation of services, I acknowledge receipt of Comcast's Welcome Kit which contains the Comcast Subscriber Agreement, the Comcast Cable Subscriber Privacy Notice and other important information about the services. I agree to be bound by the Comcast Subscriber Agreement which constitutes the agreement between Comcast and me for the services. If other non-installation work was provided, I agree to continue to be bound by the current Comcast Subscriber Agreement. I authorize Comcast to obtain a credit report from a consumer credit agency in connection with the provision of the services I am receiving.

CUSTOMER SIGNATURE _____ / ____ DATE

COMPANY REPRESENTATIVE _____ / ____ DATE