LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  408-292-1040
Fax:  408-416-0248

Adam Wang


May 7, 2008

Grant Carlson, Esq.
Friedman Enriquez & Carlson LLP
433 N. Camden Drive
Suite 965
Beverly Hills, CA 90210

Re:     Barlarezo, et al. v. NTH Connection Telecom Inc., et al
        C0705243 JF (PVT)

Dear Mr. Carlson,

Please consider this our meet and confer with respect to your deficient responses to Amended Plaintiffs' Request for Production of Documents Set One ("RFD").

I.      **Documents Relating to Plaintiff Vladimir Balarezo**:

We note that you have agreed to produce all responsive documents called for by the RFD.  However, while you have produced some categories of the documents, certain important documents have not been produced.

1.      Request No. 1 calls for any and all documents that relate to the time and hours worked by Plaintiff.  Only responsive documents produced are the time cards filled out and signed by Balarezo.  However, we understand that Nth Connect keeps records of the time any particular technician arrives at the customer's house and the time he or she finishes the job and leaves that house.  These records show the accurate time a technician ends his or her day.  Such records need to be produced. Please produce these records within10 days of this letter

2.      Request No. 2 calls for the complete payroll records of the plaintiff.  Such records include "Bi-Weekly Payout Sheet" substantial in the form as attached as Exhibit 1 to the Request.  We have not received these records.  Please produce these records within 10 days of this letter.

The payroll records also include a series of Excel documents with a separate sheet entitled "Payroll." These documents also need to be produced.

Finally, the payroll records include cancelled checks issued to the plaintiff.

Grant Carlosn, Esq.
Re: Balarezo, et al vs. NTH Connect Telecom Inc., et al
May 7, 2008
-2-

     3.     Request No. 3 calls for Daily Count Sheet substantial in the form attached as Exhibit 2 to the RFD. None of the Daily Count Sheet has been produced. Please do so within 10 days of this letter.

     4.     Request No. 4 calls for ALL Comcast Work Orders substantial in the form attached as Exhibit 3 to the RFD. These documents would indicate the start and end time of a particular job. You only produced three or four such orders as part of what seems to be Balarezo's personnel records addressing his performance issues, while most of documents falling within this category have not been produced. My understanding is that the customer signs this document, receives a copy, that Comcast receives a copy and that Nth Connect also receives a copy. Therefore your client has these records. Please produce these documents within 10 days of this letter.

     5.     Request No. 6 requests all employee manuals and policies that were in place for the entire complaint period. None of these documents have been produced. Please produce these documents within 10 days of this letter.

     6.     Request No. 7 calls for all communications and documents concerning Comcast requirements relating to the installation schedule made with Comcast customers. As such, the scope of this request is carefully tailored to limit the discovery to the documents relating to the policy requiring the technicians to adhere to the installation schedule with the customers. It is particularly relevant to Plaintiff's meal period claims. Please supplement your response to reflect that Defendant will produce documents responsive to this Request; and produce these documents within 10 days of this letter.

     7.     Request No. 8 calls for documents concerning chargebacks against Nth Connect Telecom Inc. by Comcast for technicians' failure to keep the installation schedule with the customers. The documents are relevant to the meal period claims as the documents show that the technicians are not free to take 30-minute undisrupted meal break as they must adhere to the installations schedules dictated by the Comcast work orders. Federal Rules of Civil Procedure do not requires the procedure mandated under California Code of Civil Procedure. Please supplement your response to reflect that you will produce these documents; and please produce these documents within 10 days of this letter.

## II.    **Documents Relating Plaintiff Osmin Avila**

     Osmin Avila has been added as a named Plaintiff in this case. It seems you have no dispute that all documents requested relating to a named Plaintiff should be produced. As such, please supplement your response to reflect that all documents requested will be produced relating to Osmin Avila; and produce these documents in 10 days of this letter.

## III.    **Documents Relating to Putative Class Members**

Nelson C. Lam, Esq.
Re: Gatica, et al vs. TLL Inc., et al
August 17, 2007
-3-


      You have refused to produce all documents relating to putative class members. Your position is untenable. We have already certified an FLSA opt-in class. Moreover, we still need to conduct discovery on a Rule 23 class action for pendant state claims. It is settled law that we can pursue discovery of putative class members and or documents that allow us to analyze the appropriateness of the class action vehicle and give us the factual basis, (numerosity, typicality, commonality) to move for class certification. As such, you may not object based on relevance and it would be an abuse of discretion for the District Court to deny such discovery. See, Yafee v. Powers, 454 F.2nd 1362, 1366 (1st Cir. 1972), cited by Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975). See, also, Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304 (9th Cir. 1977).

      It has been your position that Defendant did not have a uniform payroll practice as to how the technicians were paid. All the documents requested are designed to establish that there was a common scheme to deprive installation technicians of overtime. In light of the Court May 2, 2008 conditionally certifying the FLSA op-in class, these documents are relevant in establishing that all installations technicians are indeed similarly situated in anticipating a motion to decertify the FLSA class.

      The only issue as to these documents is that of privacy concerns and a limited argument that such a request would be burdensome and oppressive. Here, we have no issue with social security numbers and garnishment information being redacted. This would alleviate any and all privacy concerns.[1] As for the request being burdensome, time and pay records are required to be maintained and to be segregated as to each employee. Therefore, the request is not burdensome. If you are going to rely on this objection, I ask that you provide a factual basis.

      Please supplement your response to reflect that all documents relating putative class will be produced and please produce all these documents in 10 days of this letter.

      Sincerely,


      Adam Wang

---

[1] I note that pursuant to Judge Fogel's Order certifying an opt-in class, we are now entitled to the names and contact information of all installers so that we can send them the Notice as Ordered by the Court. Therefore, only social security and wage garnishment information can and should be redacted.