# Adam Wang

| | |
|---|---|
| **From:** | Dana Butler [DButler@go4law.com] |
| **Sent:** | Thursday, May 15, 2008 2:57 PM |
| **To:** | Adam Wang; Tomas Margain |
| **Cc:** | Grant Carlson |
| **Subject:** | RE: Balarezo v. Nth Connect |

Dear Mr. Wang,

In response to your email below, here is our position:

(1) Documents re. Balarezo. As part of our initial disclosures, we turned over plaintiff Balarezo's entire payroll file, including signed time cards and payroll stubs. It was not until we received your letter of May 7th that we learned you felt there were more documents not included in that file to which you were entitled. We have already agreed to produce documents relating to Balarezo in our written response to plaintiff's request for production, and are working with our client to identify which of the categories in your May 7th letter exist and how long they will take to produce. We have already told you that we will need two weeks to accomplish this goal and will let you know the result by May 28th. Threatening us with a motion to compel under these circumstances is unwarranted. Our client is cooperating and simply needs a reasonable period of time to do so.

(2) Documents re. Avila. Since you added Avila as a plaintiff on March 6, 2008, we concede that his addition entitles you to our initial disclosures under FRCP Rule 26(a) as they pertain to Avila. We will provide you with our initial disclosures as to Avila by May 28, 2008. However, we do not believe that your document request served on February 26, 2008, entitles you to documents relating to Avila, as he was not then a party to the suit and his employment records were both privileged/protected by the right to privacy and irrelevant.

(3) Documents re. other Nth Connect Employees. The request for production was served on February 26, 2008, well before the Court granted the conditional class approval on May 2nd, and thus, we believe our objections on the grounds of overbreadth, burden, relevance and privacy as to non-party employees are well founded. Further, it is our position that until an employee opts in, their records are not discoverable due to the above objections. Unless you can provide us with authority to the contrary -- i.e. that simply by filing a class action, an individual plaintiff is entitled to compel an employer to turn over non-party employee records -- we will stand on our objections.

We have addressed the issue of the May 2nd order in a separate email correspondence with Mr. Margain.

Sincerely,

Dana Butler


>        -----Original Message-----
>        **From:** Adam Wang [mailto:waqw@sbcglobal.net]
>        **Sent:** Wednesday, May 14, 2008 11:43 PM
>        **To:** Dana Butler; 'Tomas Margain'
>        **Cc:** Grant Carlson
>        **Subject:** RE: Balarezo v. Nth Connect
>
>        Dear Ms. Butler,
>
>        You have agreed to produce the documents with respect to Balarezo; and I would assume that you should have ascertained the what documents you have in response to the RFD. For example, you should have been well aware that the payroll sheet existed from the Armanda litigation, and these payroll documents should have been produced as part of initial disclosure. We do not believe that you need two weeks to "respond in detail." Two weeks should be more than enough to produce all document relating to Balarezo which you have already

1

agreed to produce.  If we do not receive all responsive documents relating to Balarezo by May 28, 2008, we will file a motion to compel and seek sanctions.

As for Osmin Avila, I believe that you are aware that your obligation to produce documents is ongoing.  As such, when the Complaint was amended in March adding Avila as Plaintiff, you do not need another service of the RFD to know that documents pertaining to Avila should be produced.

In any event, documents relating to putatitive members, including Avila, are discoverable from the beginning without even the Judge Fogel's ruling granting FLSA opt-in class, as made clear by the authorities we cited you in our May 7, 2008 letter.  You already had one week to consider our position and evaluated the merits of your position.  We expect to receive by May 21, 2008 a supplemental response to reflect that you have changed your position, and will produce the documents as requested.  Upon your agreement to produce documents as requested, you will have three weeks  for actual production by June 11, 2008.  If we do not receive your supplemental response indicating your agreement to produce by May 21, 2008, or if you do indicate your agreement to produce by May 21, 2008, but fail to make the actual production by June 11, 2008, we will file necessary motion(s) to compel and seek sanctions.

Finally, as Mr. Margain pointed out, you are ordered to produce the contact information of putative class members by May 12, 2008.  Unless we heard compelling reasons that prevent you from complying with the Court order, we will file appropriate motion for contempt for failure to comply with the May 2, 2008 order should we not receive the required information in the required format by May 19, 2008.

Adam Wang

---

**From:** Dana Butler [mailto:DButler@go4law.com]
**Sent:** Wednesday, May 14, 2008 3:07 PM
**To:** waqw@sbcglobal.net; Tomas Margain
**Cc:** Grant Carlson
**Subject:** RE: Balarezo v. Nth Conenct


Dear Mr. Wang,

This letter will serve as a partial response to your meet and confer letter dated May 7, 2008, in which you seek further responses and additional documents from defendants in response to Plaintiff's Amended Request for Production of Documents, Set One (hereinafter "Amended RFP").

First, without addressing each of the categories youhave raised in Section I as to plaintiff Balarezo, please be advised that the documents you have sought pertaining to Mr. Balarezo via this letter are extensive.  Before we can even begin to produce them, we will need to ascertain (1)  whether such documents exist, (2) how voluminous they are and how long they will take to retrieve, and (3) whether they are encompassed in your requests and are otherwise not privileged.  Your deadline demanding a further written response and production of these documents within 10 days of receipt of your letter is thus unrealistic, as it does not even permit time to meet and confer.  We will need at minimum an additional two weeks to ascertain what documents exist and to respond in detail to your letter, and will do so by May 28, 2008.

Second, as to the issues you raise in Section II of the letter as to Osmin Avila, and Section III of the letter as to Putative Class Members, please correct us if we are wrong, but it is our understanding that (1) theAmended RFP was served *prior* to your filing an amended complaint that named Osmin Avila as a plaintiff, and (2) our response to the Amended RFP were also served *prior* to the Court's Ruling on the Hoffman-La Roche Motion.  Thus, as was noted in defendants' response thereto, it appears that the only person as to whom you were entitled to request discovery at the time was Vladimir Balarezo.  If you are aware of any authority that makes previously-served discovery binding on later-added parties, or authority which makes a Court ruling on a Hoffman-La Roche motion sufficient to compel responses of a party to previously-served discovery, please let us know and we will be happy to reconsider our position.

2

Sincerely,

Dana Butler


Friedman, Enriquez & Carlson, LLP
433 N. Camden Drive, Suite 965
Beverly Hills, CA 90210
Tel. No. 310 273-0777
Fax No. 310 273-1115

The information contained in this e-mail message is intended only for the personal and confidential use of the intended recipient. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any review, use, dissemination, forwarding or copying of this e-mail message is strictly prohibited. If you are not the intended recipient of this e-mail message, please notify us immediately by reply e-mail or telephone, and delete this e-mail message and all attachments from your system

**From:** Adam Wang [mailto:waqw@sbcglobal.net]
**Sent:** Wednesday, May 07, 2008 12:05 PM
**To:** Grant Carlson
**Cc:** 'Tomas Margain'
**Subject:** Balarezo v. Nth Conenct

Grant,

Attached please find a letter in efforts to resolve discovery disputes informally. A hard copy is also sent to you by mail.

Adam Wang