Grant A. Carlson, Esq. - SBN 155933
Friedman, Enriquez & Carlson, LLP
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0777
Fax: (310) 273-1115

Attorneys for Defendants
Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated<br><br>          Plaintiff,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., and STEVEN CHEN,<br><br>          Defendants. | Case No. C 07 05243 JF (PVT)<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:         July 1, 2008<br>Time:        10:00 a.m.<br>Courtroom: Courtroom 5, 4th Floor<br>Judge:       Hon. Patricia V. Trumbull |

   Defendants Nth Connect Telecom Inc. and Steven Chen hereby oppose the plaintiffs' Motion to Compel Production of Documents. This opposition is based on the attached memorandum of points and authorities, and the declaration of Grant A. Carlson.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This is an alleged class action lawsuit brought by lead plaintiffs Vladimir A. Balarezo and Osmin Avila against their former employer, defendant Nth Connect Telecom Inc. ("Nth Connect"), and director and officer, Steven Chen, for alleged wage and hour violations which purportedly occurred when plaintiffs and others "likewise situated" worked for Nth Connect's satellite installation business. However, at all times when plaintiffs worked for Nth Connect, they were properly compensated for their work.

In this motion, plaintiffs seek to compel defendants to produce payroll and other documentary information pertaining to all putative class members, whether they have opted into the action or not. Defendants have objected to the production of such records on a number of grounds, including the right to privacy, relevancy, and based on the timing of the requests, which were made before this Court granted plaintiffs' *Hoffman-La Roche* motion. As acknowledged by plaintiffs, defendants are only objecting to the production of records relating to non-party employees who have not opted in to this action.

Defendants vehemently oppose plaintiffs argument that the discovery is necessary in order for them to develop support for their Rule 23 Motion to certify the class. How are the records for every single installation technician targeted toward the certification issue? The answer is that they are not – plaintiffs clearly want the documents to assess damages, which is "putting the cart before the horse." Plaintiffs have entirely failed to show that the information they seek is actually necessary to making their Rule 23 Motion. Moreover, even if the information would be helpful to the plaintiffs, the violation of the workers' right to privacy – especially if they do not opt in – far outweighs the utility to the plaintiffs. The privacy of one's financial information is a basic right under both the State and Federal Constitutions, and a right which should not be treaded upon lightly by this Court.

For all of these reasons, defendants respectfully request that this Court deny plaintiffs motion in its entirety.

///

## II. PROCEDURAL BACKGROUND AND ALLEGATIONS PER THE COMPLAINT.

Balarezo filed the complaint in this action on October 12, 2007 naming only one plaintiff, Vladimir Balarezo. It purports to be a class action and pleaded causes of action under both State and Federal law against defendants Nth Connect and Steven Chen. The six causes of action are: (1) Violation of California Labor Code Sections 510 and 1194; (2) Violations of the Fair Labor Standards Act (Non-payment of overtime); (3) Failure to Provide Meal Periods in Violation of California Labor Code Section 226.7; (4) Penalty for Failure to Pay Wages at Termination under California Labor Code section 203; (5) Failure to Reimburse Expenses under California Labor Code section 2802; and (6) for Restitution of Unpaid Overtime Wages under California Business & Professions Code section 17203. (Declaration of Grant A. Carlson, filed concurrently herewith (hereinafter "Carlson Decl."), at ¶ 3.)

On February 26, 2008, plaintiffs served the requests for production which are at issue in this matter. (Carlson Decl., ¶ 4.) On March 6, 2008, plaintiffs served an amended complaint, which added Osmin Avila as a plaintiff, and essentially pleaded the identical causes of action against defendants (hereinafter, the first amended complaint will be referred to as the "FAC.").[1]

All causes of action rest upon the same facts, i.e., that it "is a class action on behalf of putative members who had been employed on a piece rate basis by Nth Connect Telecom Inc. ("Nth") during the last four years of the filing of this FAC, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes." (FAC, ¶ 1.) Further, plaintiffs allege that they and others similarly situated are entitled to compensatory damages for "unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code §203, and attorney's fees, costs, prejudgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b), and restitution under California Unfair Trade Practices Act" pursuant to California Business & Professions Code § 17203. (FAC, ¶ 1.)

---

[1] Although the caption of the case contains seven causes of action, the body of the FAC only contains six.

1    The specific allegations in the FAC are simple. Plaintiffs allege that:

2    (1)    They were employed with Defendant Nth Connect on a piece rate basis for
3           sometime during the last four years. (FAC, p. 2, ¶2.)
4    (2)    Their claims are "typical" of the claims of the members of the class and all
5           members are similarly affected by defendants' wrongful conduct. (FAC, p.
6           3, ¶ 13.)
7    (3)    During the last four years, plaintiffs and other hourly paid employees worked
8           over 8 hours a day and over 40 hours a week, but did not receive one and one
9           half times of their regular rate of pay for such overtime – i.e. that they
10          received only "straight" time for the overtime hours. (FAC, p. 4, ¶11.)
11   (4)    Defendants failed to provide breaks and meal periods. (FAC, pp. 4-5, ¶15.)
12   (5)    Defendants failed to pay wages at termination. (FAC, p. 4, ¶13.)

13   On April 1, 2008, defendants responded to the amended requests for production, agreeing
14   to produce records relating to Balarezo only, as he was the only named plaintiff at the time the
15   requests for production were served. (Carson Decl., ¶ 5; Exhibit "A" thereto.)

16   **III.    ACTUAL FACTUAL BACKGROUND.**

17   Plaintiffs' primary claims are (1) that they were not paid overtime and (2) that they were not
18   provided with meal breaks. Plaintiffs have been provided all records relating to plaintiff Balarezo
19   and initial disclosures as to Avila, and plaintiffs have agreed to produce records relating to new
20   plaintiffs if and/or when more plaintiffs opt-in. (Carlson Decl., ¶ 6.) Even a cursory examination
21   of the documents produced thus far in this action as to plaintiffs Balarezo and Avila *clearly*
22   *demonstrates that* both Avila and Balarezo *were* paid overtime on every overtime hour they worked.[2]
23   Moreover, each signed time cards for every pay period verifying that they were provided with

---

[2] Plaintiff Vladimir Balarezo's time cards and pay stubs were previously submitted to this Court as Exhibits "A" and "B" to the Declaration of Linda Francis, which defendants filed in support of their Opposition to Plaintiffs' Hoffman-La Roche Motion. The employment records of both Osmin Avila and Vladimir Balarezo were submitted by plaintiffs in support of this motion to compel, as well. (See Exhibits 1 and 2 to the Declaration of Adam Wang, filed in support of Plaintiff's Motion to Compel.)

-4-

meal breaks. Indeed, Osmin Avila's records show that during many pay periods, he did not work more than 40 hours per week, thus he was not entitled to overtime.

### IV.  PLAINTIFFS ARE NOT ENTITLED TO OBTAIN FINANCIAL INFORMATION OF NON-PARTY NTH CONNECT EMPLOYEES.

Plaintiffs argue that they are entitled to responses to document requests directed at all employees of Nth Connect, regardless of whether such employees have opted in, because they need the information to support their Rule 23 Motion to certify the class action. (Notice of Motion, p. 1.) The law is clear that, in this case, plaintiffs are overreaching. Under the relevant law, plaintiffs are not entitled to direct individual discovery to class members until after class certification; prior to certification, they are limited to discovery of facts general to the class. Even if the plaintiffs are entitled to limited discovery, the discovery they seek here is overreaching and violates the right to privacy of non-parties. In addition to the privacy objections, plaintiffs other objections are valid as well. Finally, the timing of plaintiffs request should render it moot.

#### A.  Plaintiffs Are Not Entitled to Conduct "Fishing Expeditions."

The law is *clear* that discovery pertaining to the *merits* of the class action claims is usually deferred **until it is certain that the case will be allowed to proceed as a class action**. "Fishing expedition" type discovery should be precluded, and reasonable limitations as to scope imposed. (*Mantolete v. Bolger* (9th Cir. 1985) 767 F.2d 1416, 1424.)

As a threshold issue, plaintiffs cannot obtain such discovery without a court order. Before obtaining an order allowing plaintiffs to proceed with discovery from class members who have not opted in prior to class certification, plaintiffs **must** demonstrate that certain conditions have been met. (*In re Carbon Dioxide Industry Antitrust Litigation* (M.D. FL 1993) 155 F.R.D. 209, 212.) The burden is on the party seeking the discovery. (*Clark v. Universal Builders* (7th Cir. 1974) 501 F.2d 324, 340; *Baldwin & Flynn v. National Safety Associates* (N.D. Cal.1993) 149 F.R.D. 598, 600.)

Here, plaintiffs have not demonstrated such need, and discovery directed to unnamed members of a proposed class requires a demonstration of need. No discovery is allowed otherwise, because absent class members are not parties subject to discovery. (*Wainwright v. Kraftco Corp.* N.D. GA 1972) 54 F.R.D. 532; *Fisher v. Wolfinbarger* (W.D. Ky. 1971) 55 F.R.D. 129.) Indeed,

-5-

1  prior to class certification, discovery should be limited to that which is necessary to issues pertaining

2  to the *class as a whole*, and not to issues relating to individual claims. (*United States v. Trucking

3  Employers, Inc.* (D. D.C. 1976) 72 F.R.D. 101, 104.) Plaintiffs have not explained at all why they

4  need individual time cards and payroll records to prove issues pertaining to the class as a whole.

5  There is nothing in plaintiffs' moving papers which meet their burden that this discovery is the only

6  way they can prove class claims. As such, the motion should be denied.

7        **B.**     **Plaintiffs Seek the Records of Every Single Nth Connect Installer – There is No**

8              **Attempt Whatsoever to Hide the Fact that Plaintiffs Are Trying to Treat The**

9              **Case as a Certified Class Action, which is Premature.**

10  Here, plaintiffs are seeking, in effect, production of *all payroll records* relating to *all*

11  *installation technicians* over a 4+ year period of time. (See, Requests for Production of Documents,

12  attached as Exhibit 3 to Wang Declaration.) They are also seeking records which are relating to

13  customers of Comcast, the service provider for whom defendant Nth Connect provides installation

14  services. (See, e.g., Request for Production No. 4, which seeks Comcast Work Orders.) These

15  records are far in excess of what plaintiffs will need to support a motion to certify the class – i.e.

16  evidence to support the numerosity, that there are common questions of law and fact, the typicality

17  of claims and fairness of the action. (F.R.C.P. Rule 23, subd. (a).)

18  Plaintiffs could have directed interrogatories to defendants to find out such questions as the

19  number of technicians and whether they are all paid in a similar fashion. Plaintiffs could have

20  attempted to obtain a more limited sample of records. However, plaintiffs here are arguing that they

21  basically are entitled to every record relating to over 100 technicians, whether those individuals want

22  to be part of this class action or not – and nothing could be closer to the epitome of a "fishing

23  expedition." Plaintiffs should not be permitted to obtain the discovery as requested.

24        **C.**     **The Records Sought Are Clearly Protected by the Right to Privacy.**

25  In addition to not meeting their burden of proof under Federal law needed to obtain discovery

26  from unnamed class members prior to class certification, plaintiffs motion also fails, as the records

27  sought are clearly protected by the right to privacy under the California and Federal Constitutions,

28  and such records cannot be ordered produced absent a showing of compelling need. (*Central Valley*

-6-

*Ch. 7th Step Foundation, Inc. v. Younger* (1989) 214 Cal.App.3d 145.)

The non-party employees of Nth Connect enjoy a right to privacy under both State and Federal Law. (California Constitution, Art. I, Sec. 1; Federal Constitution, 4th and 5th Amendments; *Griswold v. Connecticut* (1965) 381 U.S. 479, 486.)

Plaintiffs' argument that the right to privacy in cases under Federal law are limited is simply a wrong interpretation of the law. First of all, Federal Rules of Evidence, Rule 501, provides that privileges are to be interpreted under State law. (F.R.E., Rule 501.) Second, plaintiff cites no binding authority to support its position that State privacy protections do not apply.

The law in California provides broad privacy protections. While the right to privacy is not absolute under California law, it cannot be violated absent a compelling need. (*Central Valley Ch. 7th Step Foundation, Inc. v. Younger* (1989) 214 Cal.App.3d 145; *Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal.App.4th 347, 358.) Here, plaintiffs have not adequately shown a compelling need for the discovery, nor why they cannot likewise obtain information to support their Rule 23 Motion from requesting responses to interrogatories or the like which are less intrusive.

Because of the failure to show a compelling need for the discovery, plaintiffs' motion should also be denied.

**D.    Defendants' Other Objections are All Warranted.**

Defendants other objections are likewise warranted.

In its motion, plaintiffs ask for (1) all documents relating to the time and hours worked by all putative installers (RFP No. 1); (2) all "by-weekly payout sheets" and payroll statements of all installers (RFP No. 2); (3) the daily count sheets for all installers (RFP No. 3);[3] (4) work orders from Comcast (RFP No. 4);[4] and (5) documents designed to discovery existence of an Nth Connect policy

---

[3] In footnote 4, on page 12 of the Motion, plaintiffs purportedly claim that defendants are not planning to preserve electronic evidence. However, plaintiffs were the ones who prepared the Joint Case Management Statement, and when told that ¶ 6 contained a typographical error, plaintiffs refused to change the statement. In any event, defendants have no plan to destroy evidence.

[4] In a recent meet and confer letter, plaintiffs were advised that there were 50 bankers' boxes worth of Comcast Work Orders for the 11 month time period when Vladimir Balarezo worked for Nth Connect. Thus, for the entire time period covered in the complaint, there would be over 200 boxes

-7-

1 allegedly requiring all installers to adhere to Comcast customer installation schedules (RFP Nos. 6-
2 8). (Motion, pp. 12-13.) Plaintiffs then claim that defendants' objections are "boilerplate," and
3 should be disregarded. Simply because each of plaintiffs' RFPs were objectionable on similar
4 grounds, does not render objections "boilerplate."

### 1. Overbreadth.

One objection asserted by defendants was based on overbreadth. The shear volume of records sought should be indicative of the overbreadth of the requests. As defendants noted in a recent meet and confer letter to plaintiffs, it will take approximately 50 hours of time to go through 50 boxes of work orders to pull records pertaining to plaintiffs Balarezo and Avila. To provide documents as requested by plaintiffs, while redacting them to protect the right of privacy of customers and to pull records from employees who have not opted in to the action will be overwhelmingly time consuming. (Carlson Dec., ¶ 7; Exhibit "B" thereto.)

### 2. Notice under California Code of Civil Procedure Section 1985.6.

Defendants also objected on the grounds that plaintiffs failed to comply with California Code of Civil Procedure section 1985.6, which requires a party seeking employment records to give notice to the employee prior to the employer releasing such records. Here, plaintiffs have admittedly NOT given notice to the Nth Connect employees whose records they are seeking, taking the position that C.C.P. § 1985.6 is not applicable in Federal actions. (Motion, p. 15.) As noted above, under both the California and Federal Constitutions, non-parties to litigation are entitled to the right to privacy. (*Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal.App.4th 347, 367.)

Plaintiffs claim that the non-party employees are not entitled to notice under California Code of Civil Procedure section 1985.6 when an action is in Federal Court is simply wrong.[5] (Motion, p.

---

of Work Orders. In addition to information relating to the jobs performed by the installer, the work orders contain personal information, such as names, addresses and amount paid, of customers of Nth Connect who have not been provided any kind of notice that such information is being sought. (Carlson Decl., ¶ 7 and Exhibit "B" thereto.) This overbroad discovery should not be permitted.

[5] Plaintiffs have cited to only one case, *Corser v. County of Merced* (E.D. Cal. 2006) 2006 WL 2536622, in support of its claim that California Code of Civil Procedure section 12985.6 does not apply in Federal cases. Defendants believe this is an unpublished case; however, the were unable

-8-

15.) First, the Federal Practice Guides state that "it is not clear whether state or federal law governs notice to the person whose records are subpoenaed. For example, in California, special notice and subpoenaing requirements apply to obtain 'personal records of consumers.[6]'" (Schwarzer et al., <u>Cal. Pract. Guide: Federal Civil Proc. Before Trial</u> (2008 The Rutter Group), p. 11-120; ¶ 11:994.) The practice guide recommends that the "safer practice is to follow the state notice procedures," even when in Federal Court. (Schwarzer, at p. 11-120; ¶ 11:995.)

Plaintiffs did not follow the notice procedure, and now want this Court to steamroll over the privacy rights of over 100 employees who may choose to opt out of this lawsuit. It is far too early in this litigation to order a wholesale production of employee records, without giving them the chance to object to their production, nor without even knowing if this case is going to be certified as a class action.

### 3. Relevance.

The records of employees who have not opted in to the action are not relevant at this time, and as such, are not discoverable. (F.R.C.P., Rule 26, subd. (b)(1).) The individual time cards and payroll records of each employee might be relevant after a class action has been certified and plaintiffs have established that its claims have merit, so that plaintiff can have the evidence it needs to put forth its argument on damages. However, at present there are far less intrusive methods of the discovery which plaintiffs can conduct to garner evidence to support its Rule 23 Motion, without turning over thousands and thousands of pages of irrelevant employee records.

### 4. Attorney/Client Privilege and Attorney Work-Product Doctrine.

Plaintiffs requests were so overbroad as written that defendants needed to assert attorney-client privilege and attorney work-product objections to preserve them. However, at present no documents have been withheld on these grounds, thus the objections are not relevant to this motion.

///

---

to locate this case on Lexis/Nexis nor on the Court website, thus are unable to address it.

[6] California Code of Civil Procedure section 1985.3 applies to personal records of consumers, which C.C.P. § 1985.6 applies to records of employees. However, both are entitled to the same application under law. (See, e.g., Cal. Code Civ. Pro., § 2020.030.)

-9-

### D. The Timing of the Service of the Requests Should Render them Moot.

Plaintiff appears to rely upon the Court's order of May 2, 2008 on plaintiffs' *Hoffman-La Roche* motion (permitting plaintiffs to contact Nth Connect employees to notify them of their right to opt-in to plaintiffs' cause of action under the Fair Labor Standards Act, because unlike Rule 23 Class Actions, which are opt-out, collective actions under F.L.S.A. are opt-in), for support that it has made a showing of "compelling need," for the discovery. However, plaintiff Balarezo served these requests for production prior to the Court's ruling on the plaintiffs' *Hoffman-La Roche* motion, so that outcome should have no impact on the discovery.

Further, plaintiff served the requests for production, seeking the records of non-party employees, without first obtaining a Court order, thus rendering them moot.

## V. CONCLUSION.

For all the above reasons, defendants Nth Connect and Steven Chen respectfully requests that this court deny plaintiffs' motion to compel.

Dated: June 10, 2008

                                          Friedman, Enriquez & Carlson, LLP

                                          By: _____/s/_____
                                              Grant A. Carlson, Esq.
                                              Attorneys for Defendants
                                              Nth Connect Telecom, Inc. and Steven Chen

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF