Grant A. Carlson, Esq. - SBN 155933
Friedman, Enriquez & Carlson, LLP
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0777
Fax: (310) 273-1115

Attorneys for Defendants
Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., and STEVEN CHEN,<br><br>Defendants. | Case No. C 07 05243 JF (PVT)<br><br>DECLARATION OF GRANT A. CARLSON IN SUPPORT OF DEFENDANTS' DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Date:       July 1, 2008<br>Time:      10:00 a.m.<br>Courtroom: Courtroom 5, 4th Floor<br>Judge:     Hon. Patricia V. Trumbull |

**DECLARATION OF GRANT A. CARLSON**

I, Grant A. Carlson, declare under penalty of perjury the foregoing is true and correct.

1.  I am an attorney for the law firm of Friedman, Enriquez & Carlson, LLP, attorneys of record for defendants Nth Connect Telecom Inc. and Steven Chen. I am licensed to practice in the State of California. This declaration is based on personal knowledge.

2.  I make this declaration in support of defendants Nth Connect Telecom, Inc. and Steven Chen's Opposition to Plaintiffs' Motion to Compel Production of Documents.

3.  Balarezo filed the complaint in this action on October 12, 2007 naming only one

-1-

-2-

1 plaintiff, Vladimir Balarezo.

2   4.   February 26, 2008, plaintiffs served the requests for production which are at issue in this matter. On March 6, 2008, plaintiffs served an amended complaint, which added Osmin Avila as a plaintiff, and essentially pleaded the identical causes of action against defendants (hereinafter, the first amended complaint will be referred to as the "FAC.").

   5.   On April 1, 2008, defendants responded to the amended requests for production, agreeing to produce records relating to Balarezo only, as he was the only named plaintiff at the time the requests for production were served. A true and correct copy of defendants' response to the amended requests for production are attached hereto as Exhibit "A."

   6.   Plaintiffs have been provided all records relating to plaintiff Balarezo and initial disclosures as to Avila, and defendants have agreed to produce records relating to new plaintiffs if and/or when more plaintiffs opt-in.

   7.   In a recent meet and confer letter, plaintiffs were advised that there were 50 bankers' boxes worth of Comcast Work Orders for the 11 month time period when Vladimir Balarezo worked for Nth Connect. Thus, for the entire time period covered in the complaint, there would be over 200 boxes of Work Orders. In addition to information relating to the jobs performed by the installer, the work orders contain personal information, such as names, addresses and amount paid, of customers of Nth Connect who have not been provided any kind of notice that such information is being sought. A true and correct copy of the letter we sent to plaintiffs' counsel is attached hereto as Exhibit "B." To provide documents as requested by plaintiffs, while redacting them to protect the right of privacy of customers and to pull records from employees who have not opted in to the action will be overwhelmingly time consuming.

   8.   Plaintiffs have cited to only one case, *Corser v. County of Merced* (E.D. Cal. 2006) 2006 WL 2536622, in support of its claim that California Code of Civil Procedure section 12985.6 does not apply in Federal cases. We believe this is an unpublished case as there is no parallel citation to the official Federal Reporter. My associate, Dana Butler, was unable to locate this case

/ / /

/ / /

1 on Lexis/Nexis, nor was she able to locate an order on the Eastern District's website which was in
2 accord with plaintiffs' claims as to the cases' holding, thus, defendants are unable to address it.
3   I declare under penalty of perjury under the laws of the State of California and the Federal
4 Government that the foregoing is true and correct.

6 Dated: June 10, 2008

\s\
Grant A. Carlson

-3-

ANSWER OF DEFENDANTS NTH CONNECT TELECOM INC. AND STEVEN CHEN TO COMPLAINT

**PROOF OF SERVICE BY MAIL**
**(Code Civ. Proc., §§ 1013, 2015.5)**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Sheila Goetz, declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 433 North Camden Drive, Suite 965, Beverly Hills, California 90210; I am employed in Los Angeles County, California.

I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service. On _____, I served a copy of the following document:

**ANSWER OF DEFENDANTS NTH CONNECT TELECOM INC. AND STEVEN CHEN TO COMPLAINT**

on the interested parties in Case No. C 07 05243 PVT following ordinary business practices and placing for collection and mailing at 433 North Camden Drive, Beverly Hills, California, on _____, a true copy of the above-referenced document, enclosed in a sealed envelope; in the ordinary course of business, the above documents would have been deposited for first-class delivery with the United States Postal Service the same day they were placed for deposit, with postage thereon fully prepaid, addressed as follows:

**Adam Q. Wang, Esq.**
**Dal Bon & Wang**
**12 South 1st St., Suite 613**
**San Jose, CA  95113**

Executed on _____, at Beverly Hills, California.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_____
Sheila Goetz

(Rev. 1-1994)