Grant A. Carlson, Esq. - SBN 155933
Friedman, Enriquez & Carlson, LLP
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0777
Fax: (310) 273-1115

Attorneys for Defendants
Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR BALAREZO, <br><br> Plaintiff, <br><br> vs. <br><br> NTH CONNECT TELECOM INC., STEVEN CHEN, DOES 1 to 15, <br><br> Defendants. | Case No. 5:07-cv-05243-JF <br><br> DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE TO AMENDED PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE |

Propounding Party:   Plaintiff Vladimir Balarezo

Responding Party:    Defendant Nth Connect Telecom Inc.

Set No.:             One

Defendant Nth Connect Telecom, Inc. ("responding party") responds to plaintiff Vladimir Balarezo's request for documents as follows:

<u>Preliminary Statement and General Objections</u>

1. Responding party objects to the requests for production propounded by plaintiff in its entirety, as it contains a different caption than that contained in the complaint, and also purports to be served on behalf of plaintiffs who are not named in the complaint. It also refers to a case

-1-   **EXHIBIT A**

DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS (SET ONE)

1  number different than that of the complaint. At the time these requests were served, the only named plaintiff in this action was Vladimir Balarezo, and thus, defendants respond only as to that plaintiff.

2. Responding party objects to each demand to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine or other applicable privilege against disclosure. In the event that a document is inadvertently produced which contains information protected by such privilege, such inadvertent disclosure is not to be construed as a waiver in any way of the attorney-client privilege or attorney work-product doctrine or other legal privilege against disclosure. Responding party specifically reserves the right to demand the return of such documents in the event that any such document is inadvertently produced.

3. Responding party objects to each demand, instruction and definition to the extent it purports to create duties or obligations more extensive or different from those imposed by the California Code of Civil Procedure.

4. Responding party objects to each demand to the extent it seeks documents which do not relate to the subject matter of this action on the grounds that such request calls for the production of documents which are neither relevant to the issues in this case nor reasonably calculated to lead to the discovery of relevant admissible evidence, and on the grounds that such request is overly broad, unduly burdensome, and oppressive. Many of the demands purport to require responding party to provide facts or information that are vaguely defined and ambiguous and hence are extremely broad. In response to propounding party's requests, to the extent not objected to, responding party will use reasonable diligence to locate responsive documents. To the extent that propounding party seeks to require responding party to do more than the foregoing, responding party objects to each and every demand on the grounds that it is vague and ambiguous, overbroad, seeks information not relevant to the subject matter of the action or not in a manner reasonably calculated to lead to the discovery of relevant admissible evidence and subjects responding party to oppression, harassment and undue burden and expense incommensurate with propounding party's legitimate discovery needs.

5. Responding party objects to each demand to the extent it seeks documents the

-2-

disclosure of which would compromise responding party's privacy rights or the privacy rights of third parties.

6. Responding party objects to each demand to the extent it seeks information which is of public record or which is equally available to propounding party on the grounds that such request is unduly burdensome and oppressive.

7. Responding party objects to each definition used by propounding party to the extent any definition purports to summarize the contents of documents or to state the obligations of any party under any document or under the law of any jurisdiction.

8. Responding party objects to each and every demand which relates to those of its activities which are believed to be entirely irrelevant to the subject matter of this action, on the grounds that such demand is irrelevant and is not reasonably calculated to lead to the discovery of relevant admissible evidence.

9. Responding party has not yet completed his investigation, discovery or preparation for trial of this matter. All of the responses contained herein are based solely on such information and documents as are presently available to and specifically known to or recalled by responding party.

10. Responding party objects to each and every demand on the ground that the demands request the production of original documents. Responding party will provide copies in response to the demands. However, if propounding party wishes to examine the originals of the produced documents, propounding party may contact responding party's counsel and schedule a mutually convenient time and place for such inspection.

11. The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which may later be recalled. Responding party accordingly reserves the right to change any and all responses herein as additional documents are discovered, facts are ascertained, analyzes are made, legal research is completed and contentions are made. Responses contained herein are made in a good faith effort to supply as many documents as are presently known and available, but should in no way prejudice responding party in regards to further discovery, research or analysis.

DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS (SET ONE)

12. Responding party objects to producing documents either originals or copies of which are already in propounding party's possession, custody or control. Such request on propounding party's part is unduly burdensome and oppressive.

13. Responding party objects to the time-frame involved in the demand on the grounds that much of the period is neither relevant nor calculated to lead to the discovery of relevant admissible evidence and is burdensome and oppressive.

II.

RESPONSES TO DOCUMENT REQUESTS

REQUEST NO. 1:

All and any records, including but not limited to timecard, time sheet, calendar entries, calendar pages, books, notes, and any other document, that show, mention, concern or relate to the time and hours worked by each Plaintiff and all your EMPLOYEES during the CLAIM PERIOD.

RESPONSE TO DOCUMENT REQUEST NO. 1:

Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees that their records are being sought. Finally, the request potentially calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine.

Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff

-4-

1  Vladimir Balarezo.

2  REQUEST NO. 2:

3  The complete PAYROLL RECORDS relating to each Plaintiff and all EMPLOYEES covering the entire CLAIM PERIOD, including but not limited to, all payroll statement (commonly known as paystubs), payroll register generated by YOUR payroll processing service, all cancelled checks reflecting any and all payments whatever the nature to each Plaintiff and all EMPLOYEES, BI-WEEKLY PAYOUT sheets, and all tax records concerning each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD.

9  RESPONSE TO DOCUMENT REQUEST NO. 2:

10  Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees that their records are being sought. . Finally, the request potentially calls for the production of documents protected by the attorney-client privilege, attorney work product doctrine and tax return privilege.

23  Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff Vladimir Balarezo.

26  REQUEST NO. 3:

27  All DAILY COUNT SHEETS with respect each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD.

RESPONSE TO DOCUMENT REQUEST NO. 3:

Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It is also vague and ambiguous with regard to the term "DAILY COUNT SHEETS." It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees that their records are being sought. Finally, the request potentially calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine.

Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff Vladimir Balarezo.

REQUEST NO. 4:

All COMCAST WORK ORDERS with respect to each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD.

RESPONSE TO DOCUMENT REQUEST NO. 4:

Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It also seeks documents which are not in the possession of responding party. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of

-6-

1 | admissible evidence. It also purports to call for production of documents pertaining to employees
2 | of Nth Connect who are not parties to this case, and such records are protected by the right to privacy
3 | under the United States and California Constitutions. Further, plaintiff has failed to comply with
4 | California Code of Civil Procedure section 1985.6 in giving notice to such employees that their
5 | records are being sought. Finally, the request potentially calls for the production of documents
6 | protected by the attorney-client privilege and attorney work product doctrine.
7 |     Without waiving these objections, responding party answers as follows: Responding party
8 | will produce all unprivileged, responsive documents to the extent that they are within the custody
9 | and control of responding party and which pertain to plaintiff Vladimir Balarezo.
10 | REQUEST NO. 5:
11 |     All personnel records of each Plaintiff and all EMPLOYEES, including but not limited to
12 | any all employment agreements you had with each Plaintiff and all EMPLOYEES, any
13 | DOCUMENT signed by each Plaintiff and all EMPLOYEES during their employment with YOU,
14 | and any DOCUMENT concerning the discipline, performance and evaluation of each Plaintiff and
15 | all EMPLOYEES.
16 | RESPONSE TO DOCUMENT REQUEST NO. 5:
17 |     Responding party incorporates each preliminary objection as through set forth in full. As
18 | noted above in preliminary objection number one, the only named plaintiff at the time these requests
19 | were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
20 | Responding party also objects to this request for production, as it is compound, complex and
21 | overbroad with respect to the time period for which it seeks records. It also seeks documents which
22 | are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead
23 | to the discovery of admissible evidence. It also purports to call for production of documents
24 | pertaining to employees of Nth Connect who are not parties to this case, and such records are
25 | protected by the right to privacy under the United States and California Constitutions. Further,
26 | plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving
27 | notice to such employees that their records are being sought. Finally, the request potentially calls
28 | for the production of documents protected by the attorney-client privilege and attorney work product

-7-

1  doctrine.

2  Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff Vladimir Balarezo.

REQUEST NO. 6:

Any and all employment manuals, employee handbook, or policies that governed any aspect of employment of each Plaintiff and all EMPLOYEES, including but not limited to work schedule, overtime policy, lunch breaks, rest periods, tools, reimbursement for tools, vehicles used in performing job duties, gas reimbursements, deductions, and disciplines.

RESPONSE TO DOCUMENT REQUEST NO. 6:

Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and overbroad with respect to the time period for which it seeks records. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also calls for production of documents which are proprietary, protected trade secrets, and which are potentially covered by the attorney-client privilege and the attorney work product doctrine.

Without waiving these objections, responding party answers as follows: Responding party will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff Vladimir Balarezo.

REQUEST NO. 7:

Any and all COMMUNICATIONS and DOCUMENTS concerning, pertaining to and implementing the requirements or guidelines from COMCAST relating to installation schedule made with the customers.

RESPONSE TO DOCUMENT REQUEST NO. 7:

Responding party incorporates each preliminary objection as through set forth in full. As

noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and vastly overbroad, as it appears to seek records pertaining to communications between responding party and Comcast for an unlimited period of time. Responding to such a request is unduly burdensome. It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for production of documents pertaining to employees and customers of Nth Connect who are not parties to this case, and such records are protected by the right to privacy under the United States and California Constitutions. Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving notice to such employees and customers that their records are being sought. Finally, this request potentially calls for the production of documents which are proprietary, trade secrets, and which are protected by the attorney-client privilege and/or the work product doctrine.

Based upon these objections, responding party will not produce any documents in response to this request.

REQUEST NO. 8:

Any and all COMMUNICATIONS and DOCUMENTS concerning chargebacks by COMCAST for failure to keep the installation schedule with customers.

RESPONSE TO DOCUMENT REQUEST NO. 8:

Responding party incorporates each preliminary objection as through set forth in full. As noted above in preliminary objection number one, the only named plaintiff at the time these requests were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff. Responding party also objects to this request for production, as it is compound, complex and vastly overbroad, as it appears to seek records pertaining to communications between responding party and Comcast for an unlimited period of time. Responding to such a request is unduly burdensome. This request is also vague and ambiguous as to the term "chargebacks." It also seeks documents which are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead

1  to the discovery of admissible evidence. It also purports to call for production of documents
2  pertaining to employees and customers of Nth Connect who are not parties to this case, and such
3  records are protected by the right to privacy under the United States and California Constitutions.
4  Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in
5  giving notice to such employees and customers that their records are being sought. Finally, this
6  request potentially calls for the production of documents which are proprietary, trade secrets, and
7  which are protected by the attorney-client privilege and/or the work product doctrine.
8       Based upon these objections, responding party will not produce any documents in response
9  to this request.
10 REQUEST NO. 9:
11      Any and all COMMUNICATIONS and DOCUMENTS concerning payments made to all
12 EMPLOYEES during the COMPLAINT PERIOD for earned but unpaid overtime wages. This
13 includes but is not limited to any audits of unpaid wages and any releases sought or received from
14 EMPLOYEES during the COMPLAINT PERIOD.
15 RESPONSE TO DOCUMENT REQUEST NO. 9:
16      Responding party incorporates each preliminary objection as through set forth in full. As
17 noted above in preliminary objection number one, the only named plaintiff at the time these requests
18 were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
19 Responding party also objects to this request for production, as it is compound, complex, overbroad
20 with respect to the time period for which it seeks records, and unintelligible. It also seeks documents
21 which are not in the possession of responding party. It also seeks documents which are not relevant
22 to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery
23 of admissible evidence. It also purports to call for production of documents pertaining to employees
24 of Nth Connect who are not parties to this case, and such records are protected by the right to privacy
25 under the United States and California Constitutions. Further, plaintiff has failed to comply with
26 California Code of Civil Procedure section 1985.6 in giving notice to such employees that their
27 records are being sought. Finally, this request potentially calls for the production of documents
28 which are protected by the attorney-client privilege and attorney work product protections.

DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS (SET ONE)

  Without waiving these objections, responding party answers as follows: Responding party does not have any documents in its possession which are responsive to this request.

Dated: April 1, 2008

              Friedman, Enriquez & Carlson, LLP

              By: _____
                Grant A. Carlson, Esq.
                Attorneys for Defendants

DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS (SET ONE)

# PROOF OF SERVICE

I am a citizen of the United States. My business address is 433 North Camden Drive, Suite 965, Beverly Hills, California 90210. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 and not a party to the within action. On April 1, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE
TO PLAINTIFF'S REQUEST FOR DOCUMENTS (SET ONE)**

☐ by causing a true copy of the document(s) listed above to be personally served in a sealed envelope to the address(es) set forth below.

☒ by placing a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Beverly Hills, California addressed as set forth below. I am readily familiar with my firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

> Adam Q. Wang, Esq.
> Law Offices of Adam Wang
> 12 South 1st St., Suite 613
> San Jose, CA 95113
>
> Tomas E. Margain, Esq.
> Law Offices of Tomas E. Margain
> 1550 Bryant St., Suite 725
> San Francisco, CA 94103

☐ by transmitting via facsimile on this date from fax number 310-273-1115 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2.301(3).

Executed on April 1, 2008, at Beverly Hills, California.

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Sheila Goetz*
Sheila Goetz

-12-

DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS (SET ONE)