ADAM WANG, Bar No. 210233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone: 415-861-9600
Fax: 415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo & Osmin Avila

UNITED STATES DISTRICT COURT
FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR BALAREZO, ABELARDO GUERRERO, VICTOR FUNEZ & OSMIN AVILA, and on behalf of other similarly situated<br><br>Plaintiffs,<br>vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.:C07-05243 JF (PVT)<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date: July 1, 2008<br>Time: 10:00 am<br>Judge: Patricia V. Trumbull |

**I.   INTRODUCTION**

In their opposition, Defendant essentially concede that all the document requests at issue in this motion are relevant to establishing Plaintiffs' claims. Defendants' objections hinge on the following grounds:

1. The document requests concerning employees who have not opted-in are premature and irrelevant at this stage of the case;

2. The wage and hour documents are protected by a right of privacy;

1                     Case No.C07-5243 JF (PVT)

1    3.  Production would be overbroad and over-burdensome;

2    4.  The effect of Plaintiff requests for documents was somehow reduced because the request was served before the Court granted Plaintiffs' motion to conditionally certify an opt-in FLSA class.

None of these objections have merit.  In a class action seeking unpaid overtime and other wages, documents relating to the other putative members' hours and wages are relevant to issues of numerosity, commonality, typicality and adequate representation necessary to certify a class.  As such, a request for production of such documents is not premature and irrelevant at the pre-certification stage.  <u>Hill v. Eddie Bauer</u>, 242 F.R.D. 556 (C.D. Cal. 2007).

Defendants' concern for their employee's right to privacy, while recognized by FED. R. EVD. 501 in federal case based on diversity jurisdiction, is not recognized in an action based on federal question jurisdiction.  <u>see</u> <u>Corser v. County of Merced</u>, 2006 WL 2536622 (E.D. Cal. 2006); <u>see also</u>, <u>Hill</u>, at 242 F.R.D. 562.  To begin, it is doubtful that any of the information sought infringes on a right to privacy as only time and pay information is being sought.  However, even recognizing a limited privilege under state law, this privilege is subject to "balancing the needs of the litigation with the sensitivity of the information/records sought." <u>Id.</u>, at 563.  Here, Plaintiffs need these documents to pursue the class action certification, as well as to prosecute this case, which will result in an economic benefit to these workers if successful.  Therefore, Plaintiffs are entitled to these documents.

Although Defendants assert the objection on the ground that the documents sought are overbroad and burdensome to the Defendants, they have failed to introduce any evidence to show undue burden.  Perhaps had Defendants not stonewalled discovery and made boiler plate objections, there may have developed some factual basis for some of these documents to justify this objection.

The only category of documents Defendants have specifically addressed are the Comcast Orders.  However, as will be explained below, Plaintiffs believe, and Defendants also acknowledge, that Defendants have in their possession other documents that are complied based

2                    Case No.C07-5243 JF (PVT)

on the preliminary Comcast Orders. Therefore, this shows that both the Comcast work orders at some point were compiled into one group of documents and that they can be located, copied, and produced. Moreover, it also appears that so long as the Comcast work Orders are not destroyed, there exist documents which Defendants compiled based on the raw data of the work orders and serve as a summary. Plaintiffs are willing to accept these compilation documents and review them so long as (1) the Work Orders cannot be easily copied when needed, and/or (2) Plaintiffs can verify that Defendants have not altered.

Again, if Defendants can establish some sort of burden as to the work orders, Plaintiffs will accept the compilation documents so long as they can then request Comcast Orders as to some specific weeks to spot check these compilations for accuracy. Plaintiffs suggest that the compilation documents be produced and for Plaintiffs to then be able to request Work Orders for five (5) specific weeks to spot check the compilations.

Finally, Defendants' refusal to produce documents based on the timing of the service of the document request is a vivid illustration of Defendants' habitual tactics of delaying and stalling this litigation. The document request was made and served because Plaintiffs filed and intend to pursue a class action for Defendants class wide wage and hour violations. Defendants have an obligation to comply with the document requests, regardless the fact that Plaintiffs served the request before they prevail on their motion to certify the FLSA.

## II.   ARGUMENTS

### A. REQUEST FOR WAGE AND HOUR DOCUMENTS RELATING TO EMPLOYEES OTHER THAN PLAINTIFFS IS NOT PREMATURE BECAUSE THESE DOCUMENTS ARE RELEVANT AT THE PRE-CERTIFICATION STAGE IN A WAGE AND HOUR CLASS ACTION

Defendants concede, as they must, that at this stage of litigation, Plaintiffs are entitled to documents that are relevant to the class certification issues. Despite this concession, Defendants take the position that Plaintiffs are not entitled to any documents relating to any employees who

are not named as a Plaintiff or has opted into the case.[1] Defendants' position is completely without merits and without any justification.

In <u>Hill v. Eddie Bauer</u>—a similar class action to recover unpaid overtime and other wages, the Central District for California held that in a wage and hour class action, documents relating employee other than Plaintiffs are relevant and should be produced at the pre-certification stage. The Hill Court wrote:

> "In a recent opinion regarding class certification, the Ninth Circuit recognized that '[t]he party seeking [class] certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b} have been met.' *Dukes v. Wal-Mart. Inc.*, 474 F.3d 1214, 1224 (9th Cir. 2007). In showing that each of the four requirements of Rule 23(a) have been met, plaintiff must establish numerosity, commonality, typicality, and adequate representation. Certainly, the [wage and hour] document requests will assist plaintiff in showing numerosity. Similarly, since '[i]t is well established that commonality may be established . . . through the use of statistical analysis[,] <u>id</u>. at 1228 (citing <u>Caridad v. MetroNorth Commuter R.R.</u>, 191 F.3d 283, 292 (2d Cir. 1999), cert. denied, 529 U.S. 1107 (2000) and <u>Stastny v. S. Bell Tel. & Tel. Co.</u>, 628 F.2d 267, 278 (4th Cir. 1980)), [wage and hour] document requests will also assist plaintiff in showing commonality. Thus, plaintiff's Category (3) document requests are not premature ,and are not precluded…"

<u>Hill v. Eddie Bauer,</u> at 242 F.R.D. 562.

Accordingly, Plaintiffs' document request is not premature and Plaintiffs' motion should be granted.

**B. EMPLOYEES' RIGHT TO PRIVACY UNDER CALIFORNIA LAW DOES NOT PRECLUDE THE PRODUCTION OF DOCUMENTS REQUESTED IN THIS CASE**

Defendants cite FED. R. EVD. 501for a proposition that third party's right to privacy under California law should be recognized in this case. However, FED. R. EVD. 501 only requires

---

[1] To further illustrate Defendants' foot dragging, they have so far refused to provide Plaintiffs' counsel with a list of workers with addresses to send them the Opt-in Notice after Judge Fogel's Order dated May 2, 2008. Ironically Defendants refuse to provide this information and take the position that they will only provide worker specific information as they opt in.

federal court to recognize state law privilege in diversity cases.  In a case like here where the substantive rights are based on a federal statute, privilege afforded merely under state laws are not recognized.  <u>Corser v. County of Merced</u>, 2006 WL 2536622.[2]  <u>See also</u> <u>Hill</u>, at 242 F.R.D. 562.  Plaintiffs are not trying to be draconian or to infringe on the privacy rights of workers.  The documents sought include work related production documents and some stray pay records where worker's social security information and perhaps wage garnishment information may be found.  However, this information is not relevant to proving up the case and Plaintiffs counsel will safeguard this information just as they do with their own client files when they contain social security numbers and other such information which federal law prohibits from being published.

In any event, even if the Court were to recognize privacy rights under California law, such rights are not absolute and are subject to the "balancing the needs of the litigation with the sensitivity of the information/records sought."  <u>Id.</u>, at 563.  As discussed above, because Plaintiffs need these documents to pursue the class action certification, as well as to prosecute this case, Plaintiffs are entitled to these documents.  <u>Id.</u>

For the same reason, Defendants' argument that Plaintiff should follow the notice procedure prescribed under California Code of Civil Procedure § 1985.6 fails, as this state law privilege does not apply in this case.  <u>Corser v. County of Merced</u>, 2006 WL 2536622.

### C. DEFENDANTS HAVE FAILED TO MAKE THE REQUISITE SHOWING THAT THE PRODUCTION OF DOCUMENTS REQUESTED WOULD BE UNDULY BURDENSOME

The Court in <u>Hill</u> limited Plaintiff's document requests only after the Defendants in that case made the required convincing showing that due to the way the documents were stored to generate and produce the documents as requested would be burdensome.  See <u>Hill</u>, at 242 F.R.D. 563-64.  Here, Defendants have obviated any attempt to make a similar showing.

---

[2] In light of Defendants' complaint that they do not have access to west law, Plaintiffs have attached a copy of the opinion to this brief.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
Balarezo . v. NTH Connect Telecom Inc., et al.**

In their Opposition, Defendants simply failed to make any efforts to show why and how the production of documents as requested by Plaintiffs would be unduly burdensome. Except with respect to Comcast Orders, Defendants did not explain how the documents requested are stored; and what would be entailed to generate the documents requested. In fact, Defendants did not even submit one competent declaration to meet their burden in order to successfully resist the requested production.

There is only one reason for Defendants' such failure—they cannot make the required showing. RFD No. 1 requests individual employees' time cards. Ordinarily, time cards of all employees are stored by time periods; or maintained and sorted per employee. Neither of these storage systems requires substantial time to gather the documents required. Another document called for by the RFP is a computer maintained records that tracked the time each installer arrived at the customer's house and the time he finished the job. This document with respect to installers can be easily complied and produced by mere key strokes in the computer system. Oddly, rather than produce such documents, Defendants choose to go through 50 banker boxes at the costs of spending 50 man-hours[3] to pull the physical Comcast Orders with respect to Plaintiff Vladimir Balarezo, because the information contained in that electronically maintained system could also be found in the 50 boxes of the documents. See Letter from Ms. Dana Butler, at Exh.1 to Wang Supp Decl.

RFP No. 2 calls for "By-Weekly Pay Out Sheet" and payroll records for all employees. Based on the testimony solicited in another separate case against the same Defendants, these documents are all electronically stored and contained in a series of Excel spreadsheets. See Wang Supp. Decl.,at ¶ 3. No burden at all would be anticipated in generating and producing these documents. Furthermore, since April 2006, Defendants started using an outside payroll processor to process employees' payroll. Every pay period, Defendants would receive documents entitled "Payroll Register" of all employees from the payroll processor, and sall

---

[3] See Opposition, at p. 8, lns 7-9.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
Balarezo . v. NTH Connect Telecom Inc., et al.**

Payroll Registers with respect to all employees would be stored in a central location in binders. There should be no burden at all in locating and producing these documents. See Wang Decl., at ¶ 3.

REP No. 3 calls for the documents entitled Daily Count Sheet which record the number of connects and disconnects each installer performed each work day. Admittedly, these documents are voluminous, but they are presumably stored and sorted by each employee per pay period, and should be easily gathered and produced. No evidence submitted suggests otherwise.

RFP No. 6 calls for employees manuals and polices that were in place during the complaint period in this case. Plaintiffs do not understand why Defendants even objected to this request, and trust that everyone would agree that no undue burden should be caused by such request.

RFP No. 7 calls for the installation schedules Comcast made with the customers. This request may be complied by producing the computer maintained installation time log with respect to each and every installer. No burden at all should be caused by this request.

RFP No. 8 calls for documents concerning charges back against Defendants by Comcast for installer's failure to keep the installation schedules. While in their Opposition, Defendants failed to discuss this request, in the meet and confer process, Defendants made it clear that the objection was based on relevance by arguing that Defendants did pass on these charges to the installers. In this context they argue that the documents contained personal information of their client Comcast and other proprietary information. See Wang Supp. Decl., Exh. 1. First, these documents are relevant because they establish the existence of the Defendants' policy requiring installers to keep schedules at the cost of their meal breaks. Furthermore, Defendants may not refuse to produce these documents without explaining exactly what "personal and proprietary information" is at stake. Nor Defendants have explained why and how this request would cause any undue burden.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS**
**Balarezo . v. NTH Connect Telecom Inc., et al.**

## III. CONCLUSION

For the reasons stated above, Defendants should be ordered to produce RFP Nos. 1, 2, 6, 7, and 8.

Dated: June 17, 2008                    By: /s/ Adam Wang
                                             Adam Wang

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
Balarezo . v. NTH Connect Telecom Inc., et al.**