

Slip Copy  Page 1
Slip Copy, 2006 WL 2536622 (E.D.Cal.)
**(Cite as: Slip Copy)**



Corser v. County of Merced
E.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
David C. CORSER, Plaintiff,
v.
COUNTY OF MERCED; Gloria Cortez-Keene; Demetrios Tatum; Merced County Sheriff's employees Sheriff Mark Pazin, Undersheriff Bill Blake, Commander Parrish, Deputy Zyskowski, Deputy L. Miller, Volunteer Smallwood, (Badge # V330); Merced County Public Works Director Paul Fillebrown; Larry Gonzales; Maria Socorro Gonzales; Ruth Stone; and Does 1 through 50, Defendants.
No. 1:05-CV-00985 OWW DLB.

Aug. 31, 2006.

David C. Corser, Planada, CA, pro se.
Michael L. Mason, Mason, Robbins, Gnass & Browning, Merced, CA, Sharon B. Futerman, Hewitt & Prout, Sacramento, CA, Justus C. Spillner, Graham Christenson Mills, Matthew Edward Fletcher, McCormick, Barstow, Sheppard, Wayte & Carruth LLP, Fresno, CA, for Defendants.

**ORDER DENYING PLAINTIFF DAVID C. CORSER'S MOTION TO QUASH SUBPOENA**
OLIVER W. WANGER, District Judge.

### I. INTRODUCTION

**\*1** Plaintiff David C. Corser ("Plaintiff") moves to quash subpoenas issued by the court on July 17, 2006. Defendant Maria Socorro Gonzales ("Defendant") opposes the motion.

### II. PROCEDURAL HISTORY

The complaint was filed on July 29, 2005. Doc. 1, Compl. Defendant Larry Gonzales' motion to dismiss the second, fifth, and seventh causes of action and strike the fifth, Doc. 18, Mot. to Dismiss and Strike, filed on September 30, 2005, was denied by order entered January 10, 2006. Doc. 35, Order. Defendant County of Merced answered on October 19, 2005. Doc. 23, Answer. Defendant Maria Socorro Gonzales ("Defendant") answered on November 11, 2005. Doc. 31, Answer. Defendant Larry Gonzales answered on November 18, 2005. Doc. 33, Answer. Plaintiff moved on July 20, 2006, to quash subpoenas issued by the court on July 17, 2006. Doc. 58, Mot. to Quash. Defendant filed opposition on August 7, 2006.

### III. BACKGROUND

Plaintiff moves to quash the July 17, 2006, subpoenas issued to Mercy Urgent Care Life Time Health Care ("Mercy"), Olivewood Meadows Occupational Health Center ("Olivewood"), Hansen-Richey Radiology Group ("HRRG"), the California State Compensation Fund ("the Fund"), and the California Department of Industrial Relations-Workers Compensation Division ("WCD"). The subpoenas issued to Mercy, Olivewood, and HRRG commanded those entities to:

produce and permit inspection and copying of the following documents or objects ...:
Any and all documents and records pertaining to care, treatment[,] and examination, including but not limited to, all office, emergency room, inpatient/out-patient charts, x-ray films, MRI films, [and] CT scans. Any and all records of payment and/or discount regarding any medical billing as well as the bills themselves, billing information, including but not limited to statements, computer printouts, all charges, credits, payments, adjustments [,] and/or write-offs, and the sources of each, such as all EOBs from any insurance carrier reflecting any and all credits and adjustments and write-offs to the bills by virtue of any payments and/or contractual agreements/adjustments, including fees, etc.[,] for professional services including Medicare, Medicaid, etc.[,] pertaining to [Plaintiff][.]

Doc. 58, Mot. to Quash, Ex. A. The subpoena issued to the Fund commanded it to:produce and permit inspection and copying of the following documents or objects ...:
Any and all non-privileged records and documents, including but not limited to industrial injury records, benefits entitled to or paid out, medical records and information of health and/or accident claims pertaining to [Plaintiff].

*Id.* The subpoena issued to the WCD commanded it to:produce and permit inspection and copying of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                        Page 2
Slip Copy, 2006 WL 2536622 (E.D.Cal.)
**(Cite as: Slip Copy)**

following documents or objects ...:
Any and all records regarding commission awarded to [Plaintiff] ... from any and all dates.

*Id.*

### IV. LEGAL STANDARD AND ANALYSIS

**\*2** Plaintiff moves to quash these subpoenas "for failure to follow the **procedures** outlined in [**California** Civil **Procedure** Code Section] **1985**.**3**.": Attorneys for Defendant [ ] have requested documents which require specific [n]otice to [c]onsumers or [e]mployees. Defendant [ ] has failed to comply with the rules and procedures protecting the privacy of medical and other personal records. In particular, [Defendant] has failed to include proper notice as required in subdivision (e), sections 1 through 3, which should have included a basic statement of consumer/employee rights regarding the option to object to the release of protected documents.

Doc. 58, Mot. to Quash, 1-2.

A federal court follows federal procedural law. Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 830 (9th Cir.2006). The Federal Rules of Civil Procedure apply irrespective of the source of subject-matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1102 (9th Cir.2003). Discovery is a procedural matter governed by federal law. Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 14 (1941); Univ. of Texas at Austin v. Vratil, 96 F.3d 1337, 1340 n. 3 (10th Cir.1996); Fagin v. Gilmartin, 432 F.3d 276, 285 n. 2 (3rd Cir.2005).
State law is of very little relevance to discovery in a federal action. Rule 69 provides that discovery in aid of execution may be had either in the manner provided in the federal rules or in the manner provided by the practice of the state in which the district court is held. State law may affect questions of privilege. But except for those two matters it is wholly settled that discovery in a federal court is governed only by these rules and that state discovery practices are irrelevant.

8 Wright, Miller & Marcus, Federal Practice & Procedure: *Civil* 2d §   2005 (1994 & Suppl.2006).

Plaintiff has not asserted any privilege. To the extent that Section 1985.3 may provide a California-law privilege, however, the privilege does not apply to this litigation. Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part:
Parties may obtain discovery regarding any matter, *not privileged,* that is relevant to the claim or defense of any party[ .]

Rule 26, Fed.R.Civ.P. Rule 501 of the Federal Rules of Evidence provides, in relevant part:Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

**\*3** Rule 501, Fed.R.Evid.

Here, the rule of decision is provided by Title 42, Section 1983, of the United States Code. The scope of an evidentiary privilege in a Section 1983 civil rights action is a question of federal law. Green v. Baca, 226 F.R.D. 624, 643 (C.D.Cal.2005) *(citing* Breed v. United States District Court, 542 F.2d 1114, 1115 (9th Cir.1976)); *see also* Everitt v. Brezzel, 750 F.Supp. 1063, 1066 (D.Colo.1990) ("since this case involves civil rights claims arising under 42 U.S.C. § 1983 (1988), [the court] will look to federal common law to determine whether the materials are privileged").

That there are state-law claims subject to the court's supplemental jurisdiction under Title 28, Section 1367(c)(3), of the United States Code, does not alter this conclusion. "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." Agster v. Maricopa County, 422 F.3d 836, 839-40 (9th Cir.2005); *accord* Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir.1992); Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir.1992); von Bulow v. von Bulow, 811 F.2d 136, 141 (2nd Cir.1987), *cert. denied,* 481 U.S. 1015 (1987); Thompson Co. v. General Nutrition Corp., Inc., 671 F.2d 100, 104 (3rd Cir.1982); Memorial Hospital for McHenry County v. Shadur, 664 F.2d 1058, 1061 n. 3 (7th Cir.1981); *see also* Fed.R.Evid. 501 advisory committee's note ("[i]t is also intended that the Federal law of privileges

Slip Copy  
Slip Copy, 2006 WL 2536622 (E.D.Cal.)  
**(Cite as: Slip Copy)**

Page 3

should be applied with respect to pendent State law claims when they arise in a Federal question case").

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's motion to quash is DENIED.

**SO ORDERED**

E.D.Cal.,2006.  
Corser v. County of Merced  
Slip Copy, 2006 WL 2536622 (E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.