

**FRIEDMAN, ENRIQUEZ & CARLSON**

PAUL M. ENRIQUEZ
BARRY A. FRIEDMAN*
GRANT A. CARLSON

*ALSO ADMITTED IN ILLINOIS
‡ALSO ADMITTED IN NEW JERSEY

May 28, 2008

OF COUNSEL
RICHARD B. SKOLNICK
BARBARA S. LEMERMAN
KYLE P. KELLEY‡
DANA E. BUTLER

<u>By Telefax (408) 416-0248 and U.S. Mail</u>

Adam Q. Wang, Esq.
Dal Bon & Wang
12 South 1st Street, Suite 613
San Jose, California 95113

<u>By Telefax (415) 861-9622 and U.S. Mail</u>

Tomas E. Margain, Esq.
Law Offices of Tomas E. Margain
1550 Bryant Street, Suite 725
San Francisco, California 94103

Re:  <u>Nth Connect Telecom, Inc. adv. Balarezo</u>

Dear Messrs. Wang and Margain:

This letter is in follow up to our email of May 15, 2008 regarding plaintiff's requests for production of documents, set one, as they pertain to Vladimir Balarezo, in order to more fully respond to your meet and confer letter dated May 7, 2008.[1]

1. RFP No. 1. In addition to time cards, which defendants have already produced, you claim that RFP No. 1 includes "documents that show when Balarezo arrived at the customer's house and the time he finished the job." This information can be found on Balarezo's work orders, which we will agree to produce. However, Nth Connect files work orders by date, NOT by employee name, and the work orders for the time period when Balarezo was employed are contained in approximately 50 banker's boxes. Our client will devote two employees part-time[2] to going through the boxes and

---

[1] Our email of May 15, 2008 previously addressed the points in your May 7, 2008 letter as they pertained to Osmin Avila and other non-party Nth Connect employees.

[2] The two employees will work on the document review after they complete their daily task of reconciling work orders. Our client estimates that each will be able to spend approximately 2 hours per day on the document review.

FRIEDMAN, ENRIQUEZ & CARLSON, LLP
LAW OFFICES
433 N. CAMDEN DRIVE, SUITE 965, BEVERLY HILLS, CALIFORNIA 90210   (310) 273-0777
FAX (310) 273-1115    EMAIL: DBUTLER@GO4LAW.COM

www.go4law.com

**FRIEDMAN, ENRIQUEZ & CARLSON, LLP**
LAW OFFICES

Adam Q. Wang, Esq.
Dal Bon & Wang
Tomas E. Margain, Esq.
Law Offices of Tomas E. Margain
May 28, 2008
Page 2

pulling work orders relating to Balarezo.[3] We estimate that it will take at least 30 days to pull the records; however, we will agree to make the Balarezo work orders available on a weekly basis as they are pulled.

    2.     RFP No. 2. You claim that "payroll records" includes a document known as a "Bi-Weekly Payout Sheet." We will agree to produce the bi-weekly payout sheets as they pertain to Balarezo. Our client is sending Balarezo's biweekly payout sheets from November 2006 until his termination via overnight mail today, and we will have them to you by Friday. It will take more time to locate the biweekly payout sheets for the time period before November 2006; our client estimates that they will have them ready by next week.

You also claim that "payroll records" include "a series of Excel documents with a separate sheet entitled 'Payroll.'" The excel payroll record contains information relating to all technicians, not just Balarezo. We will agree to produce it in redacted form next week, with the Balarezo biweekly payout sheets.

You also claim that "payroll records" include "cancelled checks issued to Balarezo." We will agree to produce cancelled checks as they pertain to Balarezo. However, these must be manually pulled from Nth Connect's monthly bank statements, and due to privacy and other financial considerations, the cancelled checks must be pulled from the bank statements by Steven Chen himself. He estimates that it will take approximately 15 days to pull the cancelled checks; thus, we will target Friday, June 13th for production.

    3.-4.    RFP No. 3 (Daily Count Sheets as they pertain to Balarezo) and RFP No. 4 (Comcast Work Orders as they pertain to Balarezo). Daily count sheets are contained in the work orders. Please see paragraph no. 1, supra.

    5.     RFP No. 6 calls for the production of employee manuals for the time when Balarezo worked for Nth Connect. Nth Connect did not have any employee manuals during this time period, and thus, there are none to produce.

---

[3] While we are standing on our objection to the RFPs as they pertain to Avila, we have requested that the Nth Connect employees pull work orders pertaining to Avila at the same time as they pull those relating to Balarezo, so that we will not have to repeat the process if/when you re-serve document requests on behalf of Avila.

**FRIEDMAN, ENRIQUEZ & CARLSON, LLP**
LAW OFFICES

Adam Q. Wang, Esq.
Dal Bon & Wang
Tomas E. Margain, Esq.
Law Offices of Tomas E. Margain
May 28, 2008
Page 3

6. You claim that RFP No. 7 calls for the production of documents relating to "the installation schedule made with Comcast customers." This information is contained in the work orders. As noted above in paragraph no. 1, defendants have agreed to produce the work orders as they pertain to Balarezo.

7. You claim that RFP No. 8 calls for production of documents reflecting "chargebacks against Nth Connect Telecom Inc. by Comcast for technicians' failure to keep the installation schedule with customers." Nth Connect did not bill charge-backs from Comcast to its technicians, so defendants fail to see how/why this information is relevant. Even if you can provide us with authority that shows that such information is relevant to your claims, these records include both personal information of third party customers and proprietary information, and as such, defendants cannot produce them without violating those rights.

If you have any questions about the above, please do not hesitate to call.

Very truly yours,

Dana E. Butler

DEB:sg
ltr3