1   ADAM WANG, Bar No. 210233
    LAW OFFICES OF ADAM WANG
2   12 South First Street, Suite 613
    San Jose, CA 95113
3   Tel:  (408) 292-1040
    Fax:  (408) 286-6619
4   waqw@sbcglobal.net

5   TOMAS E. MARGAIN, Bar No. 193555
    LAW OFFICES OF TOMAS E. MARGAIN
6   1550 Bryant Street, Suite 725
    San Francisco, CA  94103
7   Telephone:    415-861-9600
    Fax:          415-861-9622
8   margainlaw@hotmail.com

9   Attorney for Plaintiffs
    Vladimir Balarezo & Osmin Avila
10

11              UNITED STATES DISTRICT COURT
          FOR DISTRICT OF NORTHERN CALIFORNIA
12

13  VLADIMIR BALAREZO, ABELARDO          Case No.:C07-05243 JF
    GUERRERO, VICTOR FUNEZ & OSMIN
    AVILA, and on behalf of other similarly   **DECLARATION OF ADAM WANG IN**
14  situated                                   **SUPPORT OF  PLAINTIFFS' MOTION TO**
                                               **COMPEL PRODUCTION OF**
15                    Plaintiffs,              **DOCUMENTS**

16          vs.                                 Date:  July 1, 2008
                                               Time:  10:00 am
17  NTH CONNECT TELECOM INC., AND            Judge:  Patricia V. Trumbull
    STEVEN CHEN,
18
                      Defendants
19
20          I, the undersigned, declare as follows:

21          1.      I am an attorney duly authorized to practice before this Court and one of

22  Plaintiffs' attorneys of record in this action.  I base this declaration on my personal knowledge

23  unless otherwise indicated.

24          2.      Exhibit 1 hereto is a true and accurate copy of Plaintiff's Amended Request for

25  Production of Documents, served on Defendants Set One on February 26, 2008.

                                    1              Case No.C07-5243 JF
    **DECLARATION OF ADAM WANG IN SUPPORT OF PLAINTIFFS' MOTION**
    TO COMPEL PRODUCTION OF DOCUMENTS
    **Balarezo . v. NTH Connect Telecom Inc., et al.**

3.     Exhibit 2 hereto is a true and accurate copy of Plaintiff's Blarezo's Declaration filed in Conjunction with an Opt-in Motion granted by Department 3 of this Court.

4.     Exhibit 3 hereto is a true and accurate copy of Plaintiff's Avila's Declaration filed in Conjunction with an Opt-in Motion granted by Department 3 of this Court.

5.     Exhibit 4 hereto is a true and accurate copy of Defendants' Response to Plaintiff' Amended Request for Production of Documents Set One.

6.     Prior to filing this motion, I met and conferred with Defendants' counsel and reached an impasse on the discovery dispute before this Court.

7.     Exhibit 5 hereto is a true and accurate copy of my letter dated May 7, 2008 sent for the purpose of meeting and conferring with Defendants to resolve the discovery issues informally.

8.     After sending Exhibit 5, Defendants' counsel and I exchanged e-mails in which it was clear that we had exhausted all attempts to resolve this issue prior to filing this motion. Exhibit 6 hereto is a true and accurate copy of an e-mail dated May 14, 2008 from Defendants' counsel in response to my May 7, 2008 meet and confer letter.

9.     Exhibit 7 hereto is a true and accurate copy of my e-mail to Defendants' counsel Ms. Donna Butler in response to her May 14, 2008 e-mail in which I responded to her individual concerns in the hope of resolving the discovery dispute informally.

10.     Exhibit 8 hereto is a true and accurate copy of a May 15, 2008 e-mail from Defendants counsel Ms. Donna Butler, stating that no documents would be produced with respect to putative class members other than named Plaintiffs.

I declare under penalties of perjury under the laws of the United States that the foregoing is true and accurate.

Dated: May 27, 2008         By: /s/ Adam Wang
                                Adam Wang

**DECLARATION OF ADAM WANG IN SUPPORT OF PLAINTIFFS' MOTION**
TO COMPEL PRODUCTION OF DOCUMENTS
**Balarezo . v. NTH Connect Telecom Inc., et al.**

ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 286-6619
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:             415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo, Abelardo Guerrero,
Victor Funez & Osmin Avila

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR BALAREZO, ABELARDO GUERRERO, VICTOR FUNEZ & OSMIN AVILA, and on behalf of other similarly situated<br><br>          Plaintiffs,<br><br>     vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br><br>          Defendants | Case No.: C07-01248 JF<br><br>**AMENDED PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:**          **PLAINTIFFS, VLADIMIR BALAREZO, ABELARDO**

                                           **GUERRERO, VICTOR FUNEZ & OSMIN AVILA**

**RESPONDING PARTY:**          **DEFENDANT, NTH CONNECT TELECOM INC.**

**SET NO.:**                                                **1**

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Balarezo, et al vs. NTH Connect Telecom Inc., et al

# I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs, by undersigned counsel, request that Defendants NTH CONNECT TELECOM INC., and STEVEN CHEN produce for inspection and copying the documents designated under the heading "DOCUMENTS REQUESTED" within 30 days of service hereof at the office of the undersigned.

Defendants are required to produce all requested documents that are in their actual or constructive possession, custody or control.

These requests for production are continuing in nature and require supplemental responses to the greatest extent permitted by Fed. R. Civ. P. 26(e). Plaintiffs will object to the presentation of any documentation not disclosed by the date set by the Court for such disclosure.

Plaintiffs request that such production be made in accordance with the "Definitions and Instructions" set forth below.

## II. DEFINITIONS AND INSTRUCTIONS

**A.    Definitions**

As used herein:

1.    "YOU" or "YOUR" refers to the Defendant NTH Connect Telecom Inc.

2.    "EMPLOYEE" or "EMPLOYEES" means any and every person who, at any time since October 12, 2003 to the date hereof, had been hired by YOU in a position known as "Installation Technician", "Service Technician", "Field Technician" and/ or "Tech", and/or who had performed duties of any such position.

4.    "COMMUNICATION" means and includes every manner of means of disclosure, transfer or exchange of information, fact, idea, or inquiry, whether orally or by document or whether face-to-face or electronically, by telephone, telecopier, mail, email, facsimile, personal delivery, overnight delivery or otherwise.

Case No.    C07-05243 JF

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Balarezo, et al vs. NTH Connect Telecom Inc., et al

5.      "COMPLAINT" refers to the Complaint filed by Plaintiffs Vladimir Balarezo, Abelardo Guerrero, Victor Funez and Osmin Avila in the United States District Court for Northern District of California, No. C07-05243 JF.

6.      "DOCUMENT" or "DOCUMENTS" has the same meaning as in Fed. R. Civ. P. 34 and includes, in the broadest sense possible, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter- and intraoffice communications, e-mail, deleted e-mail, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-cuts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained from computers and hard drives and servers, and your personal computers, hard drives and servers, wherever located (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. The term also includes each and every file folder or other material in which the above items are stored, filed, or maintained.

3          Case No.    C07-05243 JF

7.      "PERSON" includes any natural person, proprietorship, public or private corporation, company, firm, governmental body, partnership, trust, joint venture, entity or any other form of business or legal entity, organization or arrangement, group or association.

8.      The words "and" and "or" are to be construed both conjunctively and disjunctively as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside its scope.

9.      The terms "all" and "each" shall be construed as all and each.

10.     "Relating to" or "relate" means referring to, pertaining to, concerning, describing, discussing, commenting on, constituting, comprising, explaining, showing, analyzing, evidencing, supporting or contradicting, directly or indirectly, whether in whole or in part.

11.     "CLAIM PERIOD" means the period starting October 12, 2003 till the date of production.

12.     "PAYROLL RECORDS" are defined as any DOCUMENTS that show, indicate, address, mention, memorialize, reflect, or otherwise relate to any monetary payment, exchange or financial arrangement between YOU and a EMPLYEE including but not limited to payment, repayment, and/or exchange of wages, salaries, loans, advances, or interests thereon.

13.     "BY-WEEKLY PAYOUT" refers to any document that is substantially in the form of Exhibit 1 hereto and/or any document that serves the substantially the same function as Exhibit 1.

14.     "DAILY COUNT SHEET" refers to any document that is substantially in the form of Exhibit 2 hereto and/or any document that serves the substantially the same function as Exhibit 2.

15.     "COMCAST WORK ORDER" refers to any document that is signed by a customer and is substantially in the form of Exhibit 3 hereto and/or any document that serves the substantially the same function as Exhibit 3.

**B. Instructions**

1.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others as appropriate in the context.

4

2.      You are required to produce all of the requested documents in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your subsidiaries, divisions, affiliates or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, employees or other agents, as well as your present or former independent contractors and any other person acting on your behalf, and shall supplement your response whenever necessary in accordance with the Federal Rules of Civil Procedure.

3.      If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, state the following:

        (a) the date of the document;

        (b) the name, the present or last known home and business address, the telephone numbers, the title (or position), and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of, said document;

        (c) a description of the document sufficient to identify it without revealing the information for which the privilege is claimed

        (d) each and every fact or basis upon which you claim any such privilege;

        (e) the location of the document; and

        (f) the custodian of the document.

4.      Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have removed, excised or deleted any portion of a document, stamp the word "redacted" on each page of the document, which you have redacted. Redactions should be included on the privilege log described in Instruction No. 3.

5.      If any otherwise responsive document was, but is no longer, in existence or in your possession, custody or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, the identity of all

5

Case No.    C07-05243 JF

persons having knowledge or who had knowledge of the document and describe in full the circumstances surrounding its disposition from your possession or control.

6.     Pursuant to Fed. R. Civ. P. 34(b), documents produced pursuant to this Request shall be: (a) produced as kept in the regular course of business, together with the original folders, binders, or boxes in which they were maintained; or (b) produced, organized and labeled to correspond to the categories of this request. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

7.     All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

8.     If any document requested herein is stored on or in a computer data storage device or media, produce the data in computer-usable form (e.g., on diskettes or tapes) and printouts if they exist.

9.     Documents attached to each other should not be separated.

10.    Documents not otherwise responsive to this Request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this Request, or if such documents are attached to documents called for by this Request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

11.    Documents shall be produced in such fashion as to identify the department, branch or office, if any, in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

## III. DOCUMENTS REQUESTED:

Request for Production No. 1:

All and any records, including but not limited to timecard, time sheet, calendar entries, calendar pages, books, notes, and any other document, that show, mention, concern or relate to  the time and hours worked by each Plaintiff and all your EMPLOYEES during the CLAIM PERIOD.

Request for Production No. 2:

The complete PAYROLL RECORDS relating to each Plaintiff and all EMPLOYEES covering the entire CLAIM PERIOD, including but not limited to, all payroll statement (commonly known as paystubs), payroll register generated by YOUR payroll processing service, all canceled checks reflecting any and all payments whatever the nature to each Plaintiff and all EMPLOYEES, BI-WEEKLY PAYOUT sheets, and all tax records concerning each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD.

Request for Production No. 3:

All DAILY COUNT SHEETS with respect each Plaintiff and all EMPLOYEES during COMPLAINT PERIOD.

Request for Production No. 4:

All COMCAST WORK ORDER with respect to each Plaintiff and all EMPLOYEES during the COMPLAINT PERIOD.

Request for Production No. 5:

All personnel records of each Plaintiff and all EMPLOYEES, including but not limited to any and all employment agreements you had with each Plaintiff and all EMPLOYEES, any DOCUMENT signed by each Plaintiff and all EMPLOYEES during their employment with YOU, and any DOCUMENT concerning the discipline, performance and evaluation of each Plaintiff and all EMPLOYEES.

Request for Production No. 6:

Any and all employee manuals, employee handbook, or policies that governed any aspect of employment of each Plaintiff and all EMPLOYEES, including but not limited to work schedule, overtime policy, lunch breaks, rest periods, tools, reimbursement for tools, vehicles used in performing job duties, gas reimbursements, deductions, and disciplines.

Case No.    C07-05243 JF

Request for Production No. 7:

Any and all COMMUNICATIONS and DOCUMENTS concerning, pertaining to and implementing the requirements or guidelines from COMCAST relating to installation schedule made with the customers.

Request for Production No. 8:

Any and all COMMUNICATIONS and DOCUMENTS concerning chargebacks by COMCAST for failure to keep the installation schedule with customers.

Request for Production No. 9:

Any and all COMMUNICATIONS and DOCUMENTS concerning payuments made to all EMPLOYEES during the COMPLAINT PERIOD for earned but unpaid overtime wages. This includes but is not limited to any audits of unpaid overtime wages and any releases sought or received from EMPLOYEES during the COMPLAINT PERIOD.

Request for Production No. 10:

Any and all DOCUMENTS you intend to produce at the time of trial.

Dated: February 26, 2008

Adam Wang

Attorney for Plaintiffs

8

Case No.    C07-05243 JF

1

2 **PROOF OF SERVICE**

3

4     I, the undersigned, declare that I am over the age of eighteen (18) and not a party to this

5 action. My business address is 12 South First Street, Suite 613, San Jose, CA 95113.

6     On the date hereof, I mailed and e-mailed and mailed the following document(s):

7 **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

8 to the following:

9 Grant Carlson, Esq.
Friedman Enriquez & Carlson LLP
10 433 N. Camden Drive
Suite 965
11 Beverly Hills, CA 90210
GCarlson@go4law.com
12

13     I declare that the under penalty of perjury under the laws of the United States, the foregoing is

14 true and correct.

15

16     Dated : February 26, 2008

17

18                                                          Adam Wang

19

20

21

22

23

24

25

9

Comcast South Bay  Broadband Installation

| | | |
|---|---|---|
| Bi-Weekly Payout | 12/24 to 1/6 | |
| Vehicle # | | |
| Mileage In: | | |
| Mileage Out: | | $736.25 |
| Total Milage: | 0 | Deductions $0.00 |
| Tech Name: Osmin Avila | | Total $736.25 |

### San Jose

| Item | Code | Price | Total 2 Weeks | First week | Second week | Payroll |
|---|---|---|---|---|---|---|
| Aerial New Connect | NAH | $13.00 | 0 | 0.00 | 0.00 | 0.00 |
| UG New Connect | NUH | $18.00 | 0 | 0.00 | 0.00 | 0.00 |
| MDU New Connect | NLB | $18.00 | 0 | 0.00 | 0.00 | 0.00 |
| Connect Existing A/O | KO1 | $4.50 | 0 | 0.00 | 0.00 | 0.00 |
| Aerial Same Trip A/O | AO1 | $9.00 | 3 | 18.00 | 9.00 | 27.00 |
| UG Same Trip A/O | AO1 | $9.00 | 5 | 0.00 | 45.00 | 45.00 |
| MDU Same Trip A/O | AO1 | $9.00 | 0 | 0.00 | 0.00 | 0.00 |
| Additional outlet W/wallfish | WF1 | $27.00 | 0 | 0.00 | 0.00 | 0.00 |
| Separate Trip A/O | AHO/ AHM | $17.00 | 0 | 0.00 | 0.00 | 0.00 |
| Service Tier Change | STC | $7.00 | 3 | 0.00 | 21.00 | 21.00 |
| Additional Digital Box/Upgrade | AD1 | $5.00 | 1 | 20.00 | 5.00 | 25.00 |
| Cable Card Installs | CC1 | $7.50 | 0 | 0.00 | 0.00 | 0.00 |
| Remove Drop (Video, H S I , Telephony) | RED | $10.00 | 3 | 20.00 | 10.00 | 30.00 |
| Aerial/UG/MDU Drop Replacement | RPD | $10.00 | 0 | 0.00 | 0.00 | 0.00 |
| Conduit Push (Video, H S I , Telephony) | CON | $18.00 | 2 | 0.00 | 36.50 | 36.50 |
| Video Reconnect | REH | $18.25 | 2 | 0.00 | 36.50 | 36.50 |
| Reconnect MDU | RLB | $18.25 | 3 | 36.50 | 18.25 | 54.75 |
| Make Hot Tap | MHT | $8.00 | 0 | 0.00 | 0.00 | 0.00 |
| Disco | OXS | $6.00 | 0 | 0.00 | 0.00 | 0.00 |
| Disco W/Equipment | DXE | $11.00 | 0 | 0.00 | 0.00 | 0.00 |
| Satellite Dish Remove | SAL | $7.00 | 0 | 0.00 | 0.00 | 0.00 |
| Self Installation Kit | SK1 | $3.00 | 1 | 0.00 | 3.00 | 3.00 |
| Troubleshoot Non-Responding DCT/DVR | THR | $20.00 | 0 | 0.00 | 0.00 | 0.00 |
| Separate DCT Up Grade | SDB | $12.00 | 7 | 24.00 | 60.00 | 84.00 |
| UG Drop Bury | | | 0 | 0.00 | 0.00 | 0.00 |
| UG Drop Bury - Conduit W/O Construction | | | 0 | 0.00 | 0.00 | 0.00 |
| UG Drop Bury - W/Construction | | | 0 | 0.00 | 0.00 | 0.00 |
| New C.H.S.I Premium | PNC | $50.00 | 0 | 0.00 | 0.00 | 0.00 |
| Reconnect C.H.S.I Premium | PRC | $40.00 | 4 | 120.00 | 40.00 | 160.00 |
| H.S.I Reconnect W/Home Networking | PRC HOME+N | $43.25 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I Reconnect W/Home Networking (MDU) | PRC HOME+N | $58.25 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I New W/Home Networking | PRC HOME+N | $80.00 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I New W/Home Networking (MDU) | PRC HOME+N | $75.00 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium New Connect | NVH | $60.00 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium New Connect (MDU) | NVH | $55.00 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium Reconnect | RVH | $50.00 | 5 | 150.00 | 100.00 | 250.00 |
| Combo-Premium Reconnect (MDU) | RVH | $50.00 | 0 | 0.00 | 0.00 | 0.00 |
| Home Networking (1-5 Computers) | HN1+ | $14.00 | 0 | 0.00 | 0.00 | 0.00 |
| CDV NEW CONNECT | CNC | $53.99 | 0 | 0.00 | 0.00 | 0.00 |
| CDV RECONNECT | CRC | $40.00 | 12 | 160.00 | 320.00 | 480.00 |
| TELEPHONE LINE | TEL | $9.00 | 3 | 0.00 | 27.00 | 27.00 |
| RECONFIGURE PHONE | RPJ | $4.50 | 7 | 13.50 | 18.00 | 31.50 |
| VERIFYING CUSTOMER ALARM | VCA | $6.75 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW VIDEO AND CDV (SDU) | NVP | $62.50 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW VIDEO AND CDV (MDU) | NVP | $55.00 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW HSI AND CDV (SDU) | NHP | $70.00 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW HSI AND CDV (MDU) | NHP | $65.00 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (SDU) | RVP | $50.00 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (MDU) | RVP | $50.00 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT HSI AND CDV (SDU) | RHP | $55.00 | 3 | 110.00 | 55.00 | 165.00 |
| DUAL INSTALL - RECONNECT HSI AND CDV (MDU) | RHP | $55.00 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (SDU) | NTC | $80.00 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (MDU) | NTC | $65.00 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (SDU) | RTC | $65.00 | 2 | 130.00 | 0.00 | 130.00 |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (MDU) | RTC | $65.00 | 0 | 65.00 | 0.00 | 65.00 |

| | | | |
|---|---|---|---|
| 69 | 867.00 | 767.75 | 1,634.75 |

# NthCONNECT TELECOM INC.

## Service Technician Daily Count Sheet

System: South Bay

Date: 4/30/7

Tech Number: 8866

Tech's Name: Osmin avila (03min avila)

$310.25

| Job # | |
|-------|---|
| 1 | 934-430 |
| 2 | 916-948 |
| 3 | 917-111 |
| 4 | 914-887 |
| 5 | 882-001 |
| 6 | 915-25 |
| 7 | 920-112 |
| 8 | 982-542 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |

Total:

Time Start ____

Tech's Signature ____

Reg. ____    O.T. ____

Supervisor's Signature ____

| TECHNICIAN | JOB DESCRIPTION | | JOB |
|---|---|---|---|
| | SIK W/O HSI | | |
| SALES REP | ORDER NUMBER | | PRINT DATE |
| | 10300194041220380001 | | 12/28/0 |

| SERVICE NAME AND ADDRESS | HOME PHONE | DATE | TIME | UNITS | CATG. | REPRIN |
|---|---|---|---|---|---|---|
| | | 12/28/05 | | | | |
| | WORK PHONE | CUSTOMER NUMBER | | CALL FIRST | | PRINT I |
| | | | | | | |
| | ORDER REASONS | | | | | |

| REQUESTOR | | |
|---|---|---|

| DATE | TECHNICIAN | START | STOP | CODE | RESOLUTION CODES | | | | | CASH ON DELIVERY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

By signing this work order, I represent that I am at least 18 years old; I am the owner of, or tenant in, the premises at the above address and that the installation, repair or other work provided has been satisfactorily completed. If this work order relates to the initial installation of services, I acknowledge receipt of Comcast's Welcome Kit which contains the Comcast Subscriber Agreement, the Comcast Cable Subscriber Privacy Notice and other important information about the services. I agree to be bound by the Comcast Subscriber Agreement which constitutes the agreement between Comcast and me for the services. If other non-installation work was provided, I agree to continue to be bound by the current Comcast Subscriber Agreement. I authorize Comcast to obtain a credit report from a consumer credit agency in connection with the provision of the services I am receiving.

CUSTOMER SIGNATURE _____ DATE

COMPANY REPRESENTATIVE _____ DATE

ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:    415-861-9600
Fax:          415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo, Abelardo Guerrero,
  Victor Funez & Osmin Avila

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR A. BALAREZO, ET AL., individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.:C07-05243 JF<br><br>**DECLARATION OF VLADIMIR BALAREZO IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF *HOFFMANN-LA ROCHE* NOTICE**<br><br>Date:      April 11, 2008<br>Time:     9:00 AM<br>Judge:    Jeremy Fogel |

I, the undersigned, declare as follows:

1.       I am over 18 years old, and I am the Plaintiff in this case.  I have personal knowledge of the matters stated herein.  If called upon to testify before this Court, I would and could do so to the same effect.

2.       I was employed by Defendant Nth Connect Telecom Inc. ("Nth Connect") as an Installation Technician approximately from October 2006 to August 2007.

3.      My duties as an Installation Technician at the Nth Connect were to install cable equipments for Comcast at the customers' houses as dispatched at various specified time periods during the day.

4.      I was compensated by piece for the work I performed.  Specifically, I was compensated a specific rate for each installation I had completed.  The piece rate would vary, depending on the nature of the particular job I was dispatched to perform.  At the end of each pay period, Nth Connect would give me an earnings statement that summarized all the work I performed during the pay period, and the amount I earned for that pay period.  Exhibit 1 hereto is a true and accurate copy of various earnings statement issued to me for the period from April 1 to April 14, 2007.  As demonstrated by Exhibit 1, the amount I earned bore no relation to the hours I worked during the pay period.

5.      I was never paid according to an agreed-upon hourly rate.

6.      My pay was never based on the number of hours I worked.

7.      In processing the payroll, Nth Connect would arbitrarily assign me an artificial hourly rate at or near the minimum wage, and reverse engineer the payroll calculation using the number of hours shown on my daily time cards.  As result, my payroll statement would show that I was paid an hourly rate near the minimum wage for regular hours worked within 8 hours per day or 40 hours per week, and time and one-half of that falsified hourly rate for hours worked in excess of 8 hours per day or 40 hours per week.  Such reverse-engineered hourly earnings for a particular pay period would inevitably differ from the amount I actually earned based on the installation work I performed during that pay period.  Nth Connect would then list an extra amount as "bonus", "gas reimbursements", "expenses" and "tools", etc. to make up the difference so that the gross amount I received from Nth Connect per pay period as reflected on the payroll statement for that period would always confirm with the amount I earned based on the installation work performed, while in reality, I was not paid any amount in addition to the earnings from installations based on piece rate.   Exhibit 2 hereto is a true and correct copy of

2

Case No.C07-5243 JF

pay stub for the period from April 1 to April 14, 2007 which was reverse-engineered to make it appear that I was paid by an hourly rate for regular hours and one and one-half of that hourly rate for overtime hours worked.

8. Based on my personal knowledge of Nth Connect's operations that I gained during my employment with Nth Connect, I know that none of the Techs received overtime pay premiums. I often spoke with other Techs during my tenure about our terms and conditions of employment. From my own experience, what I learned from my managers, I learned that Nth Connect observed a uniform policy applicable to all Techs of paying only piece rate earnings from the installations performed despite that Techs worked substantial overtime hours every week.

I declare under penalties of perjury under the laws of the United States that the foregoing is true and accurate.


Dated: March 6, 2008


By: /s/ Vladimir Balarezo
Vladimir Balarezo

Comcast South Bay  Broadband Installation

| Bi-Weekly Payout | 4/1 | to | 4/14 | | | |
|---|---|---|---|---|---|---|
| Vehicle # | | | | | | |
| Mileage In: | | | | | | |
| Mileage Out: | | | | **PAYROLL** | $ | 2,788.25 |
| Total Milage: | 0 | | | Deductions | | $0.00 |
| Vladimir Balarezo | | | | Total | | $2,788.25 |

## Delta Valley

| | CODE | Price | 4/1/2007 | 4/2/2007 | 4/3/2007 | 4/4/2007 | 4/5/2007 | 4/6/2007 | 4/7/2007 | Total | 4/8/2007 | 4/9/2007 | 4/10/2007 | 4/11/2007 | 4/12/2007 | 4/13/2007 | 4/14/2007 | Total | Total Bi Week | First Week | Second Week | Payroll |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Aerial SDU New Connect | NAH | $23.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Underground New Connect | NUH | $18.00 | | | | 1 | 1 | 2 | | 4 | | | | | | | | 0 | 4 | $ 72.00 | $ - | $ 72.00 |
| Apartment MDU New Connect | NLB | $18.75 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Reconnect SDU/ MDU | REH or RLB | $18.75 | | | 1 | 1 | 2 | 1 | | 5 | | 2 | 1 | 1 | | 2 | | 6 | 11 | $ 93.75 | $ 112.50 | $ 206.25 |
| Make Hot Tap (Restart) | MHT | $9.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Connect Existing A/O | EO1 | $5.00 | | 2 | 1 | 1 | 1 | 4 | 3 | 12 | | 1 | 2 | 4 | | 5 | | 12 | 24 | $ 60.00 | $ 60.00 | $ 120.00 |
| Additional Outlet Same Trip | AO1 | $9.00 | | | 2 | | 8 | 2 | 1 | 13 | | 2 | | 5 | 6 | 8 | 3 | 18 | 31 | $ 117.00 | $ 162.00 | $ 279.00 |
| Additional Outlet Separate Trip | ASU or ASW | $17.00 | | | | 1 | | | | 1 | | | 1 | | 1 | | | 2 | 3 | $ 17.00 | $ 34.00 | $ 51.00 |
| Drop Removal | RED | $10.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Drop Replacment | RPD | $10.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Cable Card Install | CC1 | $20.00 | | | | | | | | 0 | | | | 1 | | 1 | | 2 | 2 | $ - | $ 40.00 | $ 40.00 |
| House Amplifier | HAP | $5.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Disconnect Video/HSI | DXS | $6.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Disconnect with Equipment Pickup | DXE | $11.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Upgrade/Downgrade Service Tier Change | STC | $13.00 | | | | | | 1 | 1 | | | | | | 2 | 1 | | 5 | 5 | $ - | $ 65.00 | $ 65.00 |
| Up/Downgrade Additional Digital Box | AD1 | $6.00 | | | 1 | | 2 | | | 2 | | | 4 | 1 | | 7 | | 12 | 14 | $ 12.00 | $ 72.00 | $ 84.00 |
| Separate Trip DCT Upgrade | SDB | $13.00 | | 2 | 1 | | | 2 | 2 | 7 | | 1 | 2 | 4 | 1 | 1 | 1 | 10 | 17 | $ 91.00 | $ 130.00 | $ 221.00 |
| Customer Service Call | CSC | $23.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Troubleshoot Non-Responding DCT | TNR | $23.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Satellite Dish Removal | SAL | $9.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| | | | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| **HSI INSTALL** | | | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| HSI Premium New Connect | PNC | $50.00 | | | 1 | | | | | 1 | | | | | | | | 0 | 8 | $ 50.00 | $ - | $ 50.00 |
| HSI Premium Reconnect | PRC | $40.00 | | 1 | 2 | | 2 | 1 | | 6 | | 3 | 2 | | 1 | | | 7 | 6 | $ 240.00 | $ 280.00 | $ 520.00 |
| Home Networking | HN1 | $14.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Sell Installation Kit | SK1 | $3.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| Dual Install New SDU (Video and HSI) | NVH | $60.00 | | | | 1 | | | | 1 | | | | | | 1 | | 1 | 2 | $ 60.00 | $ 60.00 | $ 120.00 |
| Dual Install New MDU (Video and HSI) | NVH | $60.00 | | | | | | 1 | | 1 | | | | | | | | 0 | 1 | $ 60.00 | $ - | $ 60.00 |
| Dual Install Reconnect SDU (Video and HSI) | RVH | $50.00 | | 4 | 2 | 1 | 1 | | 5 | 13 | | 1 | | 2 | | | 2 | 5 | 18 | $ 650.00 | $ 250.00 | $ 900.00 |
| Dual Install Reconnect MDU (Video and HSI) | RVH | $50.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| | | | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| **CDV WORK ORDER TYPE** | | | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| CDV NEW CONNECT | CNC | $55.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| CDV RECONNECT | CRC | $45.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| TELEPHONE LINE | TEL | $10.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| RECONFIGURE PHONE | RPJ | $5.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| VERIFYING CUSTOMER ALARM | VCA | $7.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| SECOND PHONE LINE | STL | $7.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| **CDV DUAL INSTALL WORK ORDER TYPE** | | | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - NEW VIDEO AND CDV (SDU) | NVP | $70.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - NEW VIDEO AND CDV (MDU) | NVP | $70.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - NEW HSI AND CDV (SDU) | NHP | $70.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - NEW HSI AND CDV (MDU) | NHP | $70.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (SDU) | RVP | $60.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (MDU) | RVP | $60.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - RECONNECT HSI AND CDV (SDU) | RHP | $60.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| DUAL INSTALL - RECONNECT HSI AND CDV (MDU) | RHP | $60.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| | | | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| **CDV TRIPLE INSTALL WORK ORDER TYPE** | | | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (SDU) | NTC | $80.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (MDU) | NTC | $80.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (SDU) | RTC | $70.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (MDU) | RTC | $70.00 | | | | | | | | 0 | | | | | | | | 0 | 0 | $ - | $ - | $ - |

$1,522.75  $1,265.50  $2,788.25

P00057

| CO. | FILE | DEPT. | CLOCK | NUMBER | 075 |
|-----|------|-------|-------|--------|-----|
| EJG | 100144 | 000004 | | 0081558605 | 1 |

# Earnings Statement

**ADP**®

NTH CONNECT TELECOM, INC.
1435 KOLL CIRCLE SUITE 101
SAN JOSE, CA 95112

Period Beginning:   04/01/2007
Period Ending:      04/14/2007
Pay Date:           04/24/2007

Taxable Marital Status:   Married
Exemptions/Allowances:
    Federal:       3
    CA:            3

**VLADIMIR A BALAREZO**
**2631 RENTON WAY**
**CASTRO VALLEY CA 94546**

Social Security Number: XXX-XX-8701

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 7.5000 | 80.00 | 600.00 | 5,300.00 |
| Overtime | 11.2500 | 42.50 | 478.13 | 3,046.33 |
| Piece Work | | | 1,069.93 | 4,959.80 |
| Bonus | | | | 3,824.26 |
| **Gross Pay** | | | **$2,148.06** | 17,130.39 |

| Deductions | Statutory | | | |
|------------|-----------|--|--|--|
| | Federal Income Tax | -187.70 | 1,358.91 |
| | Social Security Tax | -133.18 | 1,062.08 |
| | Medicare Tax | -31.15 | 248.39 |
| | CA State Income Tax | -35.69 | 233.25 |
| | CA SUI/SDI Tax | -12.89 | 102.78 |
| | **Other** | | |
| | Expnse | | -720.00 |
| | Gas Reimb | | -2,153.40 |
| | Tools | | 800.00 |
| | **Adjustment** | | |
| | Gas Reimb | +640.20 | |
| | **Net Pay** | **$2,387.65** | |

Your federal taxable wages this period are
$2,148.06

P00056

© 2000 ADP, Inc.

ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:    415-861-9600
Fax:          415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo, Abelardo Guerrero,
 Victor Funez & Osmin Avila

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR A. BALAREZO, ET AL., individually and on behalf of others similarly situated<br><br>            Plaintiff,<br><br>      vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>            Defendants | Case No.:C07-05243 JF<br><br>**DECLARATION OF OSMIN AVILA IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF *HOFFMANN-LA ROCHE* NOTICE**<br><br>Date:     April 11, 2008<br>Time:     9:00 AM<br>Judge:    Jeremy Fogel |

I, the undersigned, declare as follows:

1.      I am over 18 years old. I have personal knowledge of the matters stated herein. If called upon to testify before this Court, I would and could do so to the same effect.

2.      I was employed by Defendant Nth Connect Telecom Inc. ("Nth Connect") as an Installation Technician approximately from 2005 to 2007.

3.      My duties as an Installation Technician at the Nth Connect were to install cable equipments for Comcast at the customers' houses as dispatched at various specified time periods during the day.

4.      I was compensated by piece for the work I performed.  Specifically, I was compensated a specific rate for each installation I had completed.  The piece rate would vary, depending on the nature of the particular job I was dispatched to perform.  At the end of each pay period, Nth Connect would give me an earnings statement that summarized all the work I performed during the pay period, and the amount I earned for that pay period.  Exhibit 1 hereto is a true and accurate copy of one earning statement issued to me for the period from December 24, 2006 to January 6, 2007.  As demonstrated by Exhibit 1, the amount I earned bore no relation to the hours I worked during the pay period.

5.      I was never paid according to an agreed-upon hourly rate.

6.      My pay was never based on the number of hours I worked.

7.      For the early part of my employment with Nth Connect, I was treated as an "independent contractor," and was paid on 1099 not subject to tax withholdings.  Sometime in 2006, Nth Connect  started putting me and other Installation Technicians on payroll.  In processing the payroll, Nth Connect would arbitrarily assign me an artificial hourly rate at or near the minimum wage, and reverse engineer the payroll calculation using the number of hours shown on my daily time cards.  As result, my payroll statement would show that I was paid an hourly rate near the minimum wage for regular hours worked within 8 hours per day or 40 hours per week, and time and one-half of that falsified hourly rate for hours worked in excess of 8 hours per day or 40 hours per week.  Such reverse-engineered hourly earnings for a particular pay period would inevitably differ from the amount I actually earned based on the installation work I performed during that pay period.  Nth Connect would then list an extra amount as "bonus", "gas reimbursements", "expenses" and "tools", etc. to make up the difference so that the gross amount I received from Nth Connect per pay period as reflected on the payroll statement for that period would always confirm with the amount I earned based on the installation work performed, while in reality, I was not paid any amount in addition to the earnings from installations based on piece rate.   Exhibit 2 hereto is a true and correct copy of

2                          Case No.C07-5243 JF

payroll statement for the period from December 24, 2006 to January 6, 2007, which was reverse-engineered to make it appear that I was paid by an hourly rate for regular hours and one and one-half of that hourly rate for overtime hours worked.

8. Based on my personal knowledge of Nth Connect's operations that I gained during my employment with Nth Connect, I know that none of the Techs received overtime pay premiums. I often spoke with other Techs during my tenure about our terms and conditions of employment. From my own experience, what I learned from my managers, I learned that Nth Connect observed a uniform policy applicable to all Techs of paying only piece rate earnings from the installations performed despite that Techs worked substantial overtime hours every week.

 I declare under penalties of perjury under the laws of the United States that the foregoing is true and accurate.


Dated:  March 6, 2008


    By:  /s/ Osmin Avila_____
      Osmin Avila

Comcast South Bay  Broadband Installation

| | | | |
|---|---|---|---|
| Bi-Weekly Payout | 12/24 | to | 1/6 |
| Vehicle # | | | |
| Mileage In: | | | |
| Mileage Out: | | | |
| Total Milage: | 0 | | |
| Tech Name: Osmin Avila | | | |

| | |
|---|---|
| | $736.25 |
| Deductions | $0.00 |
| Total | $736.25 |

### San Jose

| | | 12/24 | 12/25 | 12/26 | 12/27 | 12/28 | 12/29 | 12/30 Total | 12/31 | 1/1 | 1/2 | 1/3 | 1/4 | 1/5 | 1/6 Total | Total $ Week | Total $ Week | First Week | Second Week | Payroll |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Aerial New Connect | NAH | $13.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| UG New Connect | NUH | $18.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| MDU New Connect | NLB | $18.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Connect Existing A/O | XO1 | $4.50 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Aerial Same Trip A/O | AO1 | $9.00 | | | | | 2 | | 2 | | | | | 1 | 1 | 3 | 18.00 | 9.00 | 27.00 |
| UG Same Trip A/O | AO1 | $9.00 | | | | | | | 0 | 1 | | | | 4 | 5 | 5 | 45.00 | 45.00 |
| MDU Same Trip A/O | AO1 | $9.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Additional outlet W/wallfish | WF1 | $27.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Separate Trip A/O | ASO/ASM | $17.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Service Tier Change | STC | $7.00 | | | | | | | 0 | | | | 2 | | 1 | 3 | 3 | 0.00 | 21.00 | 21.00 |
| Additional Digital Box/Upgrade | AD1 | $5.00 | | | | | 1 | 3 | 4 | 1 | | | | | 1 | 1 | 5 | 20.00 | 5.00 | 25.00 |
| Cable Card Installs | CC1 | $7.50 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Remove Drop (Video, H S I , Telephony) | RED | $10.00 | | | | | | | 0 | | | | | | | 0 | 1 | 3 | 20.00 | 10.00 | 30.00 |
| Aerial/UG/MDU Drop Replacement | RPD | $10.00 | | 2 | | | | | 2 | 1 | | | | | | 1 | 3 | 20.00 | 10.00 | 30.00 |
| Conduit Push (Video, H S I , Telephony) | CON | $10.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Video Reconnect | REH | $18.25 | | | | | | | 0 | | | 1 | | | 1 | 2 | 2 | 0.00 | 36.50 | 36.50 |
| Reconnect MDU | RLB | $18.25 | | | 1 | | | | 1 | 2 | | | 1 | | | 1 | 3 | 36.50 | 18.25 | 54.75 |
| Make Hot Tap | MHT | $6.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Disco | DXS | $6.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Disco W/Equipment | DXE | $11.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Satellite Dish Remove | SAL | $7.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Self Installation Kit | SKI | $3.00 | | | | | | | 0 | | | | | | 1 | 1 | 1 | 0.00 | 3.00 | 3.00 |
| Troubleshoot Non-Responding DCT/DVR | TNR | $20.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Separate DCT Up Grade | SDB | $12.00 | | | 2 | | | | 2 | 2 | | | 2 | | 1 | 5 | 7 | 24.00 | 60.00 | 84.00 |
| UG Drop Bury | | | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| UG Drop Bury - Conduit W/O Construction | | | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| UG Drop Bury - W/Construction | | | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| New C.H.S.I Premium | PNC | $50.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Reconnect C.H.S.I Premium | PRC | $40.00 | | | 1 | | 1 | 1 | 3 | | | | | | 1 | 1 | 4 | 120.00 | 40.00 | 160.00 |
| H.S.I Reconnect W/Home Networking | PRC HIHI-R | $63.25 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I Reconnect W/Home Networking (MDU) | PRC HIHI-R | $58.25 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I New W/Home Networking | PRC HIHI-N | $80.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| H.S.I New W/Home Networking (MDU) | PRC HIHI-N | $75.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium New Connect | NVH | $60.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium New Connect (MDU) | NVH | $55.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Combo-Premium Reconnect | RVH | $50.00 | | | | | 1 | 2 | 3 | 1 | | | | | 1 | 2 | 5 | 150.00 | 100.00 | 250.00 |
| Combo-Premium Reconnect (MDU) | RVH | $50.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| Home Networking (1-5 Computers) | HN1+ | $14.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| CDV NEW CONNECT | CNC | $53.99 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| CDV RECONNECT | CRC | $40.00 | | | 2 | | | 2 | 4 | 1 | | 3 | 4 | | | 8 | 12 | 160.00 | 320.00 | 480.00 |
| TELEPHONE LINE | TEL | $9.00 | | | | | | | 0 | 1 | | 2 | | | | 3 | 3 | 0.00 | 27.00 | 27.00 |
| RECONFIGURE PHONE | RPJ | $4.50 | | | | | 3 | | 3 | | | 4 | | | | 4 | 7 | 13.50 | 18.00 | 31.50 |
| VERIFYING CUSTOMER ALARM | VCA | $6.75 | | | | | | | 0 | 1 | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW VIDEO AND CDV (SDU) | NVP | $62.50 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW VIDEO AND CDV (MDU) | NVP | $55.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW HSI AND CDV (SDU) | NHP | $78.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - NEW HSI AND CDV (MDU) | NHP | $68.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (SDU) | RVP | $50.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT VIDEO AND CDV (MDU) | RVP | $50.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| DUAL INSTALL - RECONNECT HSI AND CDV (SDU) | RHP | $55.00 | | | 1 | | | 1 | 2 | | | 1 | | | | 1 | 3 | 110.00 | 55.00 | 165.00 |
| DUAL INSTALL - RECONNECT HSI AND CDV (MDU) | RHP | $55.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (SDU) | NTC | $80.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - NEW VIDEO, HSI AND CDV (MDU) | NTC | $75.00 | | | | | | | 0 | | | | | | | 0 | 0 | 0.00 | 0.00 | 0.00 |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (SDU) | RTC | $65.00 | | | 1 | | | 1 | 2 | | | | | | | 0 | 2 | 130.00 | 0.00 | 130.00 |
| TRIPLE INSTALL - RECONNECT VIDEO, HSI AND CDV (MDU) | RTC | $65.00 | | | | | | 1 | 1 | | | | | | | 0 | 1 | 65.00 | 0.00 | 65.00 |

| | | | | |
|---|---|---|---|---|
| 69 | 867.00 | 767.75 | 1,634.75 |

**O3A**

NTH CONNECT TELECOM, INC
1445 KOLL CIRCLE
SUITE 107
SAN JOSE, CA 95112

## Earnings Statement

ADP EASYPAY

| | | | |
|---|---|---|---|
| Pay Period: | 12/24/2006 | to | 1/06/2007 |
| Pay Date: | 1/16/2007 | | |
| Check #: | 100011240 | | |

Employee Number:       0044
Department Number:
Social Security Number:   XXX-XX-9978
Marital Status:       MARRIED
Number Of Allowances:   05
Rate:           7.5000

**OSMIN AVILA**
**510 BRANHAM LN**
**61**
**SAN JOSE, CA 95111**

| Hours and Earnings | | | | | Taxes and Deductions | | |
|---|---|---|---|---|---|---|---|
| Description | Hours | This Period | Year-To-Date | | Description | This Period | Year-To-Date |
| REGLAR | 51.00 | 382.50 | 765.75 | | FICA | 125.06 | 311.20 |
| O/TIME | | | 5.25 | | CA DIS | 9.81 | 24.41 |
| BONUS1 | | 1252.25 | 3297.00 | | ADVNCE | 500.00 | |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| **$4,068.00** | **$1,634.75** | **$634.87** | **$999.88** |

COPY    COPY

©2001 Automatic Data Processing, Inc.

TEAR HERE

1  Grant A. Carlson, Esq. - SBN 155933
   Friedman, Enriquez & Carlson, LLP
2  433 North Camden Drive, Suite 965
   Beverly Hills, California 90210
3  Telephone: (310) 273-0777
   Fax: (310) 273-1115
4
   Attorneys for Defendants
5  Nth Connect Telecom, Inc. and Steven Chen

6

7

8              UNITED STATES DISTRICT COURT

9         CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

10

11  VLADIMIR BALAREZO,                    )    Case No. 5:07-cv-05243-JF
                                          )
12              Plaintiff,                )    DEFENDANT NTH CONNECT
                                          )    TELECOM, INC.'S RESPONSE TO
13      vs.                               )    AMENDED PLAINTIFFS' REQUEST FOR
                                          )    PRODUCTION OF DOCUMENTS, SET
14  NTH CONNECT TELECOM INC., STEVEN      )    ONE
    CHEN, DOES 1 to 15,                   )
15                                        )
                Defendants.               )
16  _____  )

17

18  Propounding Party:      Plaintiff Vladimir Balarezo

19  Responding Party:       Defendant Nth Connect Telecom Inc.

20  Set No.:                One

21

22

23      Defendant Nth Connect Telecom, Inc. ("responding party") responds to plaintiff Vladimir

24  Balarezo's request for documents as follows:

25              Preliminary Statement and General Objections

26      1.      Responding party objects to the requests for production propounded by plaintiff in

27  its entirety, as it contains a different caption than that contained in the complaint, and also purports

28  to be served on behalf of plaintiffs who are not named in the complaint. It also refers to a case

-1-

1   number different than that of the complaint. At the time these requests were served, the only named

2   plaintiff in this action was Vladimir Balarezo, and thus, defendants respond only as to that plaintiff.

3       2.    Responding party objects to each demand to the extent it seeks production of

4   documents protected from discovery by the attorney-client privilege, attorney work-product doctrine

5   or other applicable privilege against disclosure. In the event that a document is inadvertently

6   produced which contains information protected by such privilege, such inadvertent disclosure is not

7   to be construed as a waiver in any way of the attorney-client privilege or attorney work-product

8   doctrine or other legal privilege against disclosure. Responding party specifically reserves the right

9   to demand the return of such documents in the event that any such document is inadvertently

10  produced.

11      3.    Responding party objects to each demand, instruction and definition to the extent it

12  purports to create duties or obligations more extensive or different from those imposed by the

13  California Code of Civil Procedure.

14      4.    Responding party objects to each demand to the extent it seeks documents which do

15  not relate to the subject matter of this action on the grounds that such request calls for the production

16  of documents which are neither relevant to the issues in this case nor reasonably calculated to lead

17  to the discovery of relevant admissible evidence, and on the grounds that such request is overly

18  broad, unduly burdensome, and oppressive. Many of the demands purport to require responding

19  party to provide facts or information that are vaguely defined and ambiguous and hence are

20  extremely broad. In response to propounding party's requests, to the extent not objected to,

21  responding party will use reasonable diligence to locate responsive documents. To the extent that

22  propounding party seeks to require responding party to do more than the foregoing, responding party

23  objects to each and every demand on the grounds that it is vague and ambiguous, overbroad, seeks

24  information not relevant to the subject matter of the action or not in a manner reasonably calculated

25  to lead to the discovery of relevant admissible evidence and subjects responding party to oppression,

26  harassment and undue burden and expense incommensurate with propounding party's legitimate

27  discovery needs.

28      5.    Responding party objects to each demand to the extent it seeks documents the

-2-

1  disclosure of which would compromise responding party's privacy rights or the privacy rights of third

2  parties.

3        6.     Responding party objects to each demand to the extent it seeks information which is

4  of public record or which is equally available to propounding party on the grounds that such request

5  is unduly burdensome and oppressive.

6        7.     Responding party objects to each definition used by propounding party to the extent

7  any definition purports to summarize the contents of documents or to state the obligations of any

8  party under any document or under the law of any jurisdiction.

9        8.     Responding party objects to each and every demand which relates to those of its

10  activities which are believed to be entirely irrelevant to the subject matter of this action, on the

11  grounds that such demand is irrelevant and is not reasonably calculated to lead to the discovery of

12  relevant admissible evidence.

13        9.     Responding party has not yet completed his investigation, discovery or preparation

14  for trial of this matter. All of the responses contained herein are based solely on such information

15  and documents as are presently available to and specifically known to or recalled by responding

16  party.

17       10.    Responding party objects to each and every demand on the ground that the demands

18  request the production of original documents. Responding party will provide copies in response to

19  the demands. However, if propounding party wishes to examine the originals of the produced

20  documents, propounding party may contact responding party's counsel and schedule a mutually

21  convenient time and place for such inspection.

22       11.    The following responses are given without prejudice to responding party's right to

23  produce evidence of any subsequently discovered fact or facts which may later be recalled.

24  Responding party accordingly reserves the right to change any and all responses herein as additional

25  documents are discovered, facts are ascertained, analyzes are made, legal research is completed and

26  contentions are made. Responses contained herein are made in a good faith effort to supply as many

27  documents as are presently known and available, but should in no way prejudice responding party

28  in regards to further discovery, research or analysis.

-3-

1        12.     Responding party objects to producing documents either originals or copies of which

2  are already in propounding party's possession, custody or control. Such request on propounding

3  party's part is unduly burdensome and oppressive.

4        13.     Responding party objects to the time-frame involved in the demand on the grounds

5  that much of the period is neither relevant nor calculated to lead to the discovery of relevant

6  admissible evidence and is burdensome and oppressive.

7                             II.

8             RESPONSES TO DOCUMENT REQUESTS

9  REQUEST NO. 1:

10     All and any records, including but not limited to timecard, time sheet, calendar entries,

11  calendar pages, books, notes, and any other document, that show, mention, concern or relate to the

12  time and hours worked by each Plaintiff and all your EMPLOYEES during the CLAIM PERIOD.

13  RESPONSE TO DOCUMENT REQUEST NO. 1:

14     Responding party incorporates each preliminary objection as through set forth in full. As

15  noted above in preliminary objection number one, the only named plaintiff at the time these requests

16  were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.

17  Responding party also objects to this request for production, as it is compound, complex and

18  overbroad with respect to the time period for which it seeks records. It also seeks documents which

19  are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead

20  to the discovery of admissible evidence. It also purports to call for production of documents

21  pertaining to employees of Nth Connect who are not parties to this case, and such records are

22  protected by the right to privacy under the United States and California Constitutions. Further,

23  plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving

24  notice to such employees that their records are being sought. Finally, the request potentially calls

25  for the production of documents protected by the attorney-client privilege and attorney work product

26  doctrine.

27     Without waiving these objections, responding party answers as follows: Responding party

28  will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff

-4-

1  Vladimir Balarezo.

2  REQUEST NO. 2:

3      The complete PAYROLL RECORDS relating to each Plaintiff and all EMPLOYEES
4  covering the entire CLAIM PERIOD, including but not limited to, all payroll statement (commonly
5  known as paystubs), payroll register generated by YOUR payroll processing service, all cancelled
6  checks reflecting any and all payments whatever the nature to each Plaintiff and all EMPLOYEES,
7  BI-WEEKLY PAYOUT sheets, and all tax records concerning each Plaintiff and all EMPLOYEES
8  during the COMPLAINT PERIOD.

9  RESPONSE TO DOCUMENT REQUEST NO. 2:

10     Responding party incorporates each preliminary objection as through set forth in full.  As
11  noted above in preliminary objection number one, the only named plaintiff at the time these requests
12  were served was Vladimir Balarezo.  As such, these responses are limited to that plaintiff.
13  Responding party also objects to this request for production, as it is compound, complex and
14  overbroad with respect to the time period for which it seeks records. It also seeks documents which
15  are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead
16  to the discovery of admissible evidence.  It also purports to call for production of documents
17  pertaining to employees of Nth Connect who are not parties to this case, and such records are
18  protected by the right to privacy under the United States and California Constitutions.  Further,
19  plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving
20  notice to such employees that their records are being sought. . Finally, the request potentially calls
21  for the production of documents protected by the attorney-client privilege, attorney work product
22  doctrine and tax return privilege.

23     Without waiving these objections, responding party answers as follows: Responding party
24  will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff
25  Vladimir Balarezo.

26  REQUEST NO. 3:

27     All DAILY COUNT SHEETS with respect each Plaintiff and all EMPLOYEES during the
28  COMPLAINT PERIOD.

-5-

1 | RESPONSE TO DOCUMENT REQUEST NO. 3:

2      Responding party incorporates each preliminary objection as through set forth in full. As
3 noted above in preliminary objection number one, the only named plaintiff at the time these requests
4 were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
5 Responding party also objects to this request for production, as it is compound, complex and
6 overbroad with respect to the time period for which it seeks records. It is also vague and ambiguous
7 with regard to the term "DAILY COUNT SHEETS." It also seeks documents which are not relevant
8 to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery
9 of admissible evidence. It also purports to call for production of documents pertaining to employees
10 of Nth Connect who are not parties to this case, and such records are protected by the right to privacy
11 under the United States and California Constitutions. Further, plaintiff has failed to comply with
12 California Code of Civil Procedure section 1985.6 in giving notice to such employees that their
13 records are being sought. Finally, the request potentially calls for the production of documents
14 protected by the attorney-client privilege and attorney work product doctrine.

15      Without waiving these objections, responding party answers as follows: Responding party
16 will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff
17 Vladimir Balarezo.

18 | REQUEST NO. 4:

19      All COMCAST WORK ORDERS with respect to each Plaintiff and all EMPLOYEES during
20 the COMPLAINT PERIOD.

21 | RESPONSE TO DOCUMENT REQUEST NO. 4:

22      Responding party incorporates each preliminary objection as through set forth in full. As
23 noted above in preliminary objection number one, the only named plaintiff at the time these requests
24 were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
25 Responding party also objects to this request for production, as it is compound, complex and
26 overbroad with respect to the time period for which it seeks records. It also seeks documents which
27 are not in the possession of responding party. It also seeks documents which are not relevant to the
28 claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery of

-6-

1   admissible evidence. It also purports to call for production of documents pertaining to employees
2   of Nth Connect who are not parties to this case, and such records are protected by the right to privacy
3   under the United States and California Constitutions. Further, plaintiff has failed to comply with
4   California Code of Civil Procedure section 1985.6 in giving notice to such employees that their
5   records are being sought. Finally, the request potentially calls for the production of documents
6   protected by the attorney-client privilege and attorney work product doctrine.

7        Without waiving these objections, responding party answers as follows: Responding party
8   will produce all unprivileged, responsive documents to the extent that they are within the custody
9   and control of responding party and which pertain to plaintiff Vladimir Balarezo.

10   REQUEST NO. 5:

11        All personnel records of each Plaintiff and all EMPLOYEES, including but not limited to
12   any all employment agreements you had with each Plaintiff and all EMPLOYEES, any
13   DOCUMENT signed by each Plaintiff and all EMPLOYEES during their employment with YOU,
14   and any DOCUMENT concerning the discipline, performance and evaluation of each Plaintiff and
15   all EMPLOYEES.

16   RESPONSE TO DOCUMENT REQUEST NO. 5:

17        Responding party incorporates each preliminary objection as through set forth in full. As
18   noted above in preliminary objection number one, the only named plaintiff at the time these requests
19   were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
20   Responding party also objects to this request for production, as it is compound, complex and
21   overbroad with respect to the time period for which it seeks records. It also seeks documents which
22   are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead
23   to the discovery of admissible evidence. It also purports to call for production of documents
24   pertaining to employees of Nth Connect who are not parties to this case, and such records are
25   protected by the right to privacy under the United States and California Constitutions. Further,
26   plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in giving
27   notice to such employees that their records are being sought. Finally, the request potentially calls
28   for the production of documents protected by the attorney-client privilege and attorney work product

-7-

1 | doctrine.

2 | Without waiving these objections, responding party answers as follows: Responding party
3 | will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff
4 | Vladimir Balarezo.

5 | REQUEST NO. 6:

6 | Any and all employment manuals, employee handbook, or policies that governed any aspect
7 | of employment of each Plaintiff and all EMPLOYEES, including but not limited to work schedule,
8 | overtime policy, lunch breaks, rest periods, tools, reimbursement for tools, vehicles used in
9 | performing job duties, gas reimbursements, deductions, and disciplines.

10 | RESPONSE TO DOCUMENT REQUEST NO. 6:

11 | Responding party incorporates each preliminary objection as through set forth in full. As
12 | noted above in preliminary objection number one, the only named plaintiff at the time these requests
13 | were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
14 | Responding party also objects to this request for production, as it is compound, complex and
15 | overbroad with respect to the time period for which it seeks records. It also seeks documents which
16 | are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead
17 | to the discovery of admissible evidence. It also calls for production of documents which are
18 | proprietary, protected trade secrets, and which are potentially covered by the attorney-client privilege
19 | and the attorney work product doctrine.

20 | Without waiving these objections, responding party answers as follows: Responding party
21 | will produce all unprivileged, responsive documents to the extent that they pertain to plaintiff
22 | Vladimir Balarezo.

23 | REQUEST NO. 7:

24 | Any and all COMMUNICATIONS and DOCUMENTS concerning, pertaining to and
25 | implementing the requirements or guidelines from COMCAST relating to installation schedule made
26 | with the customers.

27 | RESPONSE TO DOCUMENT REQUEST NO. 7:

28 | Responding party incorporates each preliminary objection as through set forth in full. As

-8-

1   noted above in preliminary objection number one, the only named plaintiff at the time these requests
2   were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
3   Responding party also objects to this request for production, as it is compound, complex and vastly
4   overbroad, as it appears to seek records pertaining to communications between responding party and
5   Comcast for an unlimited period of time. Responding to such a request is unduly burdensome. It
6   also seeks documents which are not relevant to the claims set forth in the complaint, nor which are
7   reasonably calculated to lead to the discovery of admissible evidence. It also purports to call for
8   production of documents pertaining to employees and customers of Nth Connect who are not parties
9   to this case, and such records are protected by the right to privacy under the United States and
10  California Constitutions. Further, plaintiff has failed to comply with California Code of Civil
11  Procedure section 1985.6 in giving notice to such employees and customers that their records are
12  being sought. Finally, this request potentially calls for the production of documents which are
13  proprietary, trade secrets, and which are protected by the attorney-client privilege and/or the work
14  product doctrine.

15        Based upon these objections, responding party will not produce any documents in response
16  to this request.

17  REQUEST NO. 8:

18        Any and all COMMUNICATIONS and DOCUMENTS concerning chargebacks by
19  COMCAST for failure to keep the installation schedule with customers.

20  RESPONSE TO DOCUMENT REQUEST NO. 8:

21        Responding party incorporates each preliminary objection as through set forth in full. As
22  noted above in preliminary objection number one, the only named plaintiff at the time these requests
23  were served was Vladimir Balarezo. As such, these responses are limited to that plaintiff.
24  Responding party also objects to this request for production, as it is compound, complex and vastly
25  overbroad, as it appears to seek records pertaining to communications between responding party and
26  Comcast for an unlimited period of time. Responding to such a request is unduly burdensome. This
27  request is also vague and ambiguous as to the term "chargebacks." It also seeks documents which
28  are not relevant to the claims set forth in the complaint, nor which are reasonably calculated to lead

-9-

1    to the discovery of admissible evidence. It also purports to call for production of documents

2    pertaining to employees and customers of Nth Connect who are not parties to this case, and such

3    records are protected by the right to privacy under the United States and California Constitutions.

4    Further, plaintiff has failed to comply with California Code of Civil Procedure section 1985.6 in

5    giving notice to such employees and customers that their records are being sought. Finally, this

6    request potentially calls for the production of documents which are proprietary, trade secrets, and

7    which are protected by the attorney-client privilege and/or the work product doctrine.

8           Based upon these objections, responding party will not produce any documents in response

9    to this request.

10   REQUEST NO. 9:

11          Any and all COMMUNICATIONS and DOCUMENTS concerning payments made to all

12   EMPLOYEES during the COMPLAINT PERIOD for earned but unpaid overtime wages. This

13   includes but is not limited to any audits of unpaid wages and any releases sought or received from

14   EMPLOYEES during the COMPLAINT PERIOD.

15   RESPONSE TO DOCUMENT REQUEST NO. 9:

16         Responding party incorporates each preliminary objection as through set forth in full.   As

17   noted above in preliminary objection number one, the only named plaintiff at the time these requests

18   were served was Vladimir Balarezo.  As such, these responses are limited to that plaintiff.

19   Responding party also objects to this request for production, as it is compound, complex, overbroad

20   with respect to the time period for which it seeks records, and unintelligible. It also seeks documents

21   which are not in the possession of responding party. It also seeks documents which are not relevant

22   to the claims set forth in the complaint, nor which are reasonably calculated to lead to the discovery

23   of admissible evidence. It also purports to call for production of documents pertaining to employees

24   of Nth Connect who are not parties to this case, and such records are protected by the right to privacy

25   under the United States and California Constitutions.  Further, plaintiff has failed to comply with

26   California Code of Civil Procedure section 1985.6 in giving notice to such employees that their

27   records are being sought. Finally, this request potentially calls for the production of documents

28   which are protected by the attorney-client privilege and attorney work product protections.

-10-

1    Without waiving these objections, responding party answers as follows: Responding party

2  does not have any documents in its possession which are responsive to this request.

3  Dated: April 1, 2008

4                                        Friedman, Enriquez & Carlson, LLP

5

6                                        By: _____
                                              Grant A. Carlson, Esq.
7                                             Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

1

**PROOF OF SERVICE**

2

3

I am a citizen of the United States. My business address is 433 North Camden Drive, Suite 965, Beverly Hills, California 90210. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 and not a party to the within action. On April 1, 2008, I served the following document(s) by the method indicated below:

4

**DEFENDANT NTH CONNECT TELECOM, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS (SET ONE)**

5

6

☐    by causing a true copy of the document(s) listed above to be personally served in a sealed envelope to the address(es) set forth below.

7

8

☒    by placing a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Beverly Hills, California addressed as set forth below. I am readily familiar with my firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

9

10

11

12

Adam Q. Wang, Esq.
Law Offices of Adam Wang
12 South 1st St., Suite 613
San Jose, CA  95113

13

14

Tomas E. Margain, Esq.
Law Offices of Tomas E. Margain
1550 Bryant St., Suite 725
San Francisco, CA 94103

15

16

17

☐    by transmitting via facsimile on this date from fax number 310-273-1115 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2.301(3).

18

19

20

Executed on April 1, 2008, at Beverly Hills, California.

21

22

☒    *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

☐    *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

26

Sheila Goetz

27

28

-12-

LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0248

Adam Wang


May 7, 2008


Grant Carlson, Esq.
Friedman Enriquez & Carlson LLP
433 N. Camden Drive
Suite 965
Beverly Hills, CA 90210

Re:    Barlarezo, et al. v. NTH Connection Telecom Inc., et al
        C0705243 JF (PVT)

Dear Mr. Carlson,

Please consider this our meet and confer with respect to your deficient responses to Amended Plaintiffs' Request for Production of Documents Set One ("RFD").

I.    **Documents Relating to Plaintiff Vladimir Balarezo:**

We note that you have agreed to produce all responsive documents called for by the RFD. However, while you have produced some categories of the documents, certain important documents have not been produced.

1.    Request No. 1 calls for any and all documents that relate to the time and hours worked by Plaintiff. Only responsive documents produced are the time cards filled out and signed by Balarezo. However, we understand that Nth Connect keeps records of the time any particular technician arrives at the customer's house and the time he or she finishes the job and leaves that house. These records show the accurate time a technician ends his or her day. Such records need to be produced. Please produce these records within10 days of this letter

2.    Request No. 2 calls for the complete payroll records of the plaintiff. Such records include "Bi-Weekly Payout Sheet" substantial in the form as attached as Exhibit 1 to the Request. We have not received these records. Please produce these records within 10 days of this letter.

The payroll records also include a series of Excel documents with a separate sheet entitled "Payroll." These documents also need to be produced.

Finally, the payroll records include cancelled checks issued to the plaintiff.

Grant Carlosn, Esq.
Re: Balarezo, et al vs. NTH Connect Telecom Inc., et al
May 7, 2008
-2-

3.      Request No. 3 calls for Daily Count Sheet substantial in the form attached as Exhibit 2 to the RFD.  None of the Daily Count Sheet has been produced.  Please do so within 10 days of this letter.

4.      Request No. 4 calls for ALL Comcast Work Orders substantial in the form attached as Exhibit 3 to the RFD.  These documents would indicate the start and end time of a particular job.  You only produced three or four such orders as part of what seems to be Balarezo's personnel records addressing his performance issues, while most of documents falling within this category have not been produced.  My understanding is that the customer signs this document, receives a copy, that Comcast receives a copy and that Nth Connect also receives a copy.  Therefore your client has these records.  Please produce these documents within 10 days of this letter.

5.      Request No. 6 requests all employee manuals and policies that were in place for the entire complaint period.  None of these documents have been produced.  Please produce these documents within 10 days of this letter.

6.      Request No. 7 calls for all communications and documents concerning Comcast requirements relating to the installation schedule made with Comcast customers.  As such, the scope of this request is carefully tailored to limit the discovery to the documents relating to the policy requiring the technicians to adhere to the installation schedule with the customers. It is particularly relevant to Plaintiff's meal period claims.  Please supplement your response to reflect that Defendant will produce documents responsive to this Request; and produce these documents within 10 days of this letter.

7.      Request No. 8 calls for documents concerning chargebacks against Nth Connect Telecom Inc. by Comcast for technicians' failure to keep the installation schedule with the customers. The documents are relevant to the meal period claims as the documents show that the technicians are not free to take 30-minute undisrupted meal break as they must adhere to the installations schedules dictated by the Comcast work orders. Federal Rules of Civil Procedure do not requires the procedure mandated under California Code of Civil Procedure. Please supplement your response to reflect that you will produce these documents; and please produce these documents within 10 days of this letter.

## II.      <u>Documents Relating Plaintiff Osmin Avila</u>

Osmin Avila has been added as a named Plaintiff in this case.  It seems you have no dispute that all documents requested relating to a named Plaintiff should be produced.  As such, please supplement your response to reflect that all documents requested will be produced relating to Osmin Avila; and produce these documents in 10 days of this letter.

## III.     <u>Documents Relating to Putative Class Members</u>

Nelson C. Lam, Esq.
Re: Gatica, et al vs. TLL Inc., et al
August 17, 2007
-3-


You have refused to produce all documents relating to putative class members. Your position is untenable. We have already certified an FLSA opt-in class. Moreover, we still need to conduct discovery on a Rule 23 class action for pendant state claims. It is settled law that we can pursue discovery of putative class members and or documents that allow us to analyze the appropriateness of the class action vehicle and give us the factual basis, (numerosity, typicality, commonality) to move for class certification. As such, you may not object based on relevance and it would be an abuse of discretion for the District Court to deny such discovery. See, Yafee v. Powers, 454 F.2nd 1362, 1366 (1st Cir. 1972), cited by Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975). See, also, Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304 (9th Cir. 1977).

It has been your position that Defendant did not have a uniform payroll practice as to how the technicians were paid. All the documents requested are designed to establish that there was a common scheme to deprive installation technicians of overtime. In light of the Court May 2, 2008 conditionally certifying the FLSA op-in class, these documents are relevant in establishing that all installations technicians are indeed similarly situated in anticipating a motion to decertify the FLSA class.

The only issue as to these documents is that of privacy concerns and a limited argument that such a request would be burdensome and oppressive. Here, we have no issue with social security numbers and garnishment information being redacted. This would alleviate any and all privacy concerns.[1] As for the request being burdensome, time and pay records are required to be maintained and to be segregated as to each employee. Therefore, the request is not burdensome. If you are going to rely on this objection, I ask that you provide a factual basis.

Please supplement your response to reflect that all documents relating putative class will be produced and please produce all these documents in 10 days of this letter.


Sincerely,



Adam Wang


---

[1] I note that pursuant to Judge Fogel's Order certifying an opt-in class, we are now entitled to the names and contact information of all installers so that we can send them the Notice as Ordered by the Court. Therefore, only social security and wage garnishment information can and should be redacted.

**Adam Wang**

| | |
|---|---|
| **From:** | Dana Butler [DButler@go4law.com] |
| **Sent:** | Wednesday, May 14, 2008 3:07 PM |
| **To:** | waqw@sbcglobal.net; Tomas Margain |
| **Cc:** | Grant Carlson |
| **Subject:** | RE: Balarezo v. Nth Conenct |

Dear Mr. Wang,

This letter will serve as a partial response to your meet and confer letter dated May 7, 2008, in which you seek further responses and additional documents from defendants in response to Plaintiff's Amended Request for Production of Documents, Set One (hereinafter "Amended RFP").

First, without addressing each of the categories you have raised in Section I as to plaintiff Balarezo, please be advised that the documents you have sought pertaining to Mr. Balarezo via this letter are extensive. Before we can even begin to produce them, we will need to ascertain (1) whether such documents exist, (2) how voluminous they are and how long they will take to retrieve, and (3) whether they are encompassed in your requests and are otherwise not privileged. Your deadline demanding a further written response and production of these documents within 10 days of receipt of your letter is thus unrealistic, as it does not even permit time to meet and confer. We will need at minimum an additional two weeks to ascertain what documents exist and to respond in detail to your letter, and will do so by May 28, 2008.

Second, as to the issues you raise in Section II of the letter as to Osmin Avila, and Section III of the letter as to Putative Class Members, please correct us if we are wrong, but it is our understanding that (1) the Amended RFP was served *prior* to your filing an amended complaint that named Osmin Avila as a plaintiff, and (2) our response to the Amended RFP were also served *prior* to the Court's Ruling on the Hoffman-La Roche Motion. Thus, as was noted in defendants' response thereto, it appears that the only person as to whom you were entitled to request discovery at the time was Vladimir Balarezo. If you are aware of any authority that makes previously-served discovery binding on later-added parties, or authority which makes a Court ruling on a Hoffman-La Roche motion sufficient to compel responses of a party to previously-served discovery, please let us know and we will be happy to reconsider our position.

Sincerely,

Dana Butler


Friedman, Enriquez & Carlson, LLP
433 N. Camden Drive, Suite 965
Beverly Hills, CA  90210
Tel. No. 310 273-0777
Fax No. 310 273-1115

The information contained in this e-mail message is intended only for the personal and confidential use of the intended recipient. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any review, use, dissemination, forwarding or copying of this e-mail message is strictly prohibited. If you are not the intended recipient of this e-mail message, please notify us immediately by reply e-mail or telephone, and delete this e-mail message and all attachments from your system

**From:** Adam Wang [mailto:waqw@sbcglobal.net]
**Sent:** Wednesday, May 07, 2008 12:05 PM
**To:** Grant Carlson
**Cc:** 'Tomas Margain'
**Subject:** Balarezo v. Nth Conenct

Grant,

Attached please find a letter in efforts to resolve discovery disputes informally.  A hard copy is also sent to you by mail.

Adam Wang

**Adam Wang**

| | |
|---|---|
| **From:** | Adam Wang [waqw@sbcglobal.net] |
| **Sent:** | Wednesday, May 14, 2008 11:43 PM |
| **To:** | 'Dana Butler'; 'Tomas Margain' |
| **Cc:** | 'Grant Carlson' |
| **Subject:** | RE: Balarezo v. Nth Connect |

Dear Ms. Butler,

You have agreed to produce the documents with respect to Balarezo; and I would assume that you should have ascertained the what documents you have in response to the RFD.  For example, you should have been well aware that the payroll sheet existed from the Armanda litigation, and these payroll documents should have been produced as part of initial disclosure. We do not believe that you need two weeks to "respond in detail."  Two weeks should be more than enough to produce all document relating to Balarezo which you have already agreed to produce.  If we do not receive all responsive documents relating to Balarezo by May 28, 2008, we will file a motion to compel and seek sanctions.

As for Osmin Avila, I believe that you are aware that your obligation to produce documents is ongoing.  As such, when the Complaint was amended in March adding Avila as Plaintiff, you do not need another service of the RFD to know that documents pertaining to Avila should be produced.

In any event, documents relating to putatative members, including Avila, are discoverable from the beginning without even the Judge Fogel's ruling granting FLSA opt-in class, as made clear by the authorities we cited you in our May 7, 2008 letter.  You already had one week to consider our position and evaluated the merits of your position.  We expect to receive by May 21, 2008 a supplemental response to reflect that you have changed your position, and will produce the documents as requested.  Upon your agreement to produce documents as requested, you will have three weeks  for actual production by June 11, 2008.  If we do not receive your supplemental response indicating your agreement to produce by May 21, 2008, or if you do indicate your agreement to produce by May 21, 2008, but fail to make the actual production by June 11, 2008, we will file necessary motion(s) to compel and seek sanctions.

Finally, as Mr. Margain pointed out, you are ordered to produce the contact information of putative class members by May 12, 2008.  Unless we heard compelling reasons that prevent you from complying with the Court order, we will file appropriate motion for contempt for failure to comply with the May 2, 2008 order should we not receive the required information in the required format by May 19, 2008.

Adam Wang

---

**From:** Dana Butler [mailto:DButler@go4law.com]
**Sent:** Wednesday, May 14, 2008 3:07 PM
**To:** waqw@sbcglobal.net; Tomas Margain
**Cc:** Grant Carlson
**Subject:** RE: Balarezo v. Nth Conenct

Dear Mr. Wang,

This letter will serve as a partial response to your meet and confer letter dated May 7, 2008, in which you seek further responses and additional documents from defendants in response to Plaintiff's Amended Request for Production of Documents, Set One (hereinafter "Amended RFP").

First, without addressing each of the categories youhave raised in Section I as to plaintiff Balarezo, please be advised that the documents you have sought pertaining to Mr. Balarezo via this letter are extensive.  Before we can even begin to

produce them, we will need to ascertain (1)  whether such documents exist, (2) how voluminous they are and how long they will take to retrieve, and (3) whether they are encompassed in your requests and are otherwise not privileged.  Your deadline demanding a further written response and production of these documents within 10 days of receipt of your letter is thus unrealistic, as it does not even permit time to meet and confer.  We will need at minimum an additional two weeks to ascertain what documents exist and to respond in detail to your letter, and will do so by May 28, 2008.

Second, as to the issues you raise in Section II of the letter as to Osmin Avila, and Section III of the letter as to Putative Class Members, please correct us if we are wrong, but it is our understanding that (1) theAmended RFP was served *prior* to your filing an amended complaint that named Osmin Avila as a plaintiff, and (2) our response to the Amended RFP were also served *prior* to the Court's Ruling on the Hoffman-La Roche Motion.  Thus, as was noted in defendants' response thereto, it appears that the only person as to whom you were entitled to request discovery at the time was Vladimir Balarezo.  If you are aware of any authority that makes previously-served discovery binding on later-added parties, or authority which makes a Court ruling on a Hoffman-La Roche motion sufficient to compel responses of a party to previously-served discovery, please let us know and we will be happy to reconsider our position.

Sincerely,

Dana Butler


Friedman, Enriquez & Carlson, LLP
433 N. Camden Drive, Suite 965
Beverly Hills, CA  90210
Tel. No. 310 273-0777
Fax No. 310 273-1115


The information contained in this e-mail message is intended only for the personal and confidential use of the intended recipient. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any review, use, dissemination, forwarding or copying of this e-mail message is strictly prohibited. If you are not the intended recipient of this e-mail message, please notify us immediately by reply e-mail or telephone, and delete this e-mail message and all attachments from your system

---

**From:** Adam Wang [mailto:waqw@sbcglobal.net]
**Sent:** Wednesday, May 07, 2008 12:05 PM
**To:** Grant Carlson
**Cc:** 'Tomas Margain'
**Subject:** Balarezo v. Nth Conenct

Grant,

Attached please find a letter in efforts to resolve discovery disputes informally.  A hard copy is also sent to you by mail.

Adam Wang

**Adam Wang**

| | |
|---|---|
| **From:** | Dana Butler [DButler@go4law.com] |
| **Sent:** | Thursday, May 15, 2008 2:57 PM |
| **To:** | Adam Wang; Tomas Margain |
| **Cc:** | Grant Carlson |
| **Subject:** | RE: Balarezo v. Nth Connect |

Dear Mr. Wang,

In response to your email below, here is our position:

(1)  Documents re. Balarezo.  As part of our initial disclosures, we turned over plaintiff Balarezo's entire payroll file, including signed time cards and payroll stubs.  It was not until we received your letter of May 7th that we learned you felt there were more documents not included in that file to which you were entitled.  We have already agreed to produce documents relating to Balarezo in our written response to plaintiff's request for production, and are working with our client to identify which of the categories in your May 7th letter exist and how long they will take to produce.  We have already told you that we will need two weeks to accomplish this goal and will let you know the result by May 28th. Threatening us with a motion to compel under these circumstances is unwarranted.  Our client is cooperating and simply needs a reasonable period of time to do so.

(2)  Documents re. Avila.  Since you added Avila as a plaintiff on March 6, 2008, we concede that his addition entitles you to our initial disclosures under FRCP Rule 26(a) as they pertain to Avila.  We will provide you with our initial disclosures as to Avila by May 28, 2008.  However, we do not believe that your document request served on February 26, 2008, entitles you to documents relating to Avila, as he was not then a party to the suit and his employment records were both privileged/protected by the right to privacy and irrelevant.

(3)  Documents re. other Nth Connect Employees.  The request for production was served on February 26, 2008, well before the Court granted the conditional class approval on May 2nd, and thus, we believe our objections on the grounds of overbreadth, burden, relevance and privacy as to non-party employees are well founded.  Further, it is our position that until an employee opts in, their records are not discoverable due to the above objections.  Unless you can provide us with authority to the contrary -- i.e. that simply by filing a class action, an individual plaintiff is entitled to compel an employer to turn over non-party employee records -- we will stand on our objections.

We have addressed the issue of the May 2nd order in a separate email correspondence with Mr. Margain.

Sincerely,

Dana Butler

-----Original Message-----
**From:** Adam Wang [mailto:waqw@sbcglobal.net]
**Sent:** Wednesday, May 14, 2008 11:43 PM
**To:** Dana Butler; 'Tomas Margain'
**Cc:** Grant Carlson
**Subject:** RE: Balarezo v. Nth Connect

Dear Ms. Butler,

You have agreed to produce the documents with respect to Balarezo; and I would assume that you should have ascertained the what documents you have in response to the RFD.  For example, you should have been well aware that the payroll sheet existed from the Armanda litigation, and these payroll documents should have been produced as part of initial disclosure. We do not believe that you need two weeks to "respond in detail." Two weeks should be more than enough to produce all document relating to Balarezo which you have already

agreed to produce.  If we do not receive all responsive documents relating to Balarezo by May 28, 2008, we will file a motion to compel and seek sanctions.

As for Osmin Avila, I believe that you are aware that your obligation to produce documents is ongoing.  As such, when the Complaint was amended in March adding Avila as Plaintiff, you do not need another service of the RFD to know that documents pertaining to Avila should be produced.

In any event, documents relating to putatitive members, including Avila, are discoverable from the beginning without even the Judge Fogel's ruling granting FLSA opt-in class, as made clear by the authorities we cited you in our May 7, 2008 letter.  You already had one week to consider our position and evaluated the merits of your position.  We expect to receive by May 21, 2008 a supplemental response to reflect that you have changed your position, and will produce the documents as requested.  Upon your agreement to produce documents as requested, you will have three weeks  for actual production by June 11, 2008.  If we do not receive your supplemental response indicating your agreement to produce by May 21, 2008, or if you do indicate your agreement to produce by May 21, 2008, but fail to make the actual production by June 11, 2008, we will file necessary motion(s) to compel and seek sanctions.

Finally, as Mr. Margain pointed out, you are ordered to produce the contact information of putative class members by May 12, 2008.  Unless we heard compelling reasons that prevent you from complying with the Court order, we will file appropriate motion for contempt for failure to comply with the May 2, 2008 order should we not receive the required information in the required format by May 19, 2008.


Adam Wang

---

**From:** Dana Butler [mailto:DButler@go4law.com]
**Sent:** Wednesday, May 14, 2008 3:07 PM
**To:** waqw@sbcglobal.net; Tomas Margain
**Cc:** Grant Carlson
**Subject:** RE: Balarezo v. Nth Conenct


Dear Mr. Wang,

This letter will serve as a partial response to your meet and confer letter dated May 7, 2008, in which you seek further responses and additional documents from defendants in response to Plaintiff's Amended Request for Production of Documents, Set One (hereinafter "Amended RFP").

First, without addressing each of the categories you have raised in Section I as to plaintiff Balarezo, please be advised that the documents you have sought pertaining to Mr. Balarezo via this letter are extensive.  Before we can even begin to produce them, we will need to ascertain (1)  whether such documents exist, (2) how voluminous they are and how long they will take to retrieve, and (3) whether they are encompassed in your requests and are otherwise not privileged.  Your deadline demanding a further written response and production of these documents within 10 days of receipt of your letter is thus unrealistic, as it does not even permit time to meet and confer.  We will need at minimum an additional two weeks to ascertain what documents exist and to respond in detail to your letter, and will do so by May 28, 2008.

Second, as to the issues you raise in Section II of the letter as to Osmin Avila, and Section III of the letter as to Putative Class Members, please correct us if we are wrong, but it is our understanding that (1) the Amended RFP was served *prior* to your filing an amended complaint that named Osmin Avila as a plaintiff, and (2) our response to the Amended RFP were also served *prior* to the Court's Ruling on the Hoffman-La Roche Motion.  Thus, as was noted in defendants' response thereto, it appears that the only person as to whom you were entitled to request discovery at the time was Vladimir Balarezo.  If you are aware of any authority that makes previously-served discovery binding on later-added parties, or authority which makes a Court ruling on a Hoffman-La Roche motion sufficient to compel responses of a party to previously-served discovery, please let us know and we will be happy to reconsider our position.

Sincerely,

Dana Butler


Friedman, Enriquez & Carlson, LLP
433 N. Camden Drive, Suite 965
Beverly Hills, CA  90210
Tel. No. 310 273-0777
Fax No. 310 273-1115

The information contained in this e-mail message is intended only for the personal and confidential use of the intended recipient. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any review, use, dissemination, forwarding or copying of this e-mail message is strictly prohibited. If you are not the intended recipient of this e-mail message, please notify us immediately by reply e-mail or telephone, and delete this e-mail message and all attachments from your system

---

**From:** Adam Wang [mailto:waqw@sbcglobal.net]
**Sent:** Wednesday, May 07, 2008 12:05 PM
**To:** Grant Carlson
**Cc:** 'Tomas Margain'
**Subject:** Balarezo v. Nth Conenct

Grant,

Attached please find a letter in efforts to resolve discovery disputes informally.  A hard copy is also sent to you by mail.

Adam Wang