1  Grant A. Carlson, Esq. - SBN 155933
   Friedman, Enriquez & Carlson, LLP
2  433 North Camden Drive, Suite 965
   Beverly Hills, California 90210
3  Telephone: (310) 273-0777
   Fax: (310) 273-1115
4
   Attorneys for Defendants
5  Nth Connect Telecom, Inc. and Steven Chen

6

7

8
                    UNITED STATES DISTRICT COURT
9
                CALIFORNIA NORTHERN DISTRICT (SAN JOSE)
10

11 VLADIMIR A. BALAREZO, individually and   )   Case No. C 07 05243 JF (PVT)
   on behalf of others similarly situated   )
12                                          )   DEFENDANTS' SUR-REPLY IN SUPPORT
                   Plaintiff,               )   OF THEIR OPPOSITION TO PLAINTIFFS'
13                                          )   MOTION TO COMPEL PRODUCTION OF
          vs.                               )   DOCUMENTS; MEMORANDUM OF
14                                          )   POINTS AND AUTHORITIES IN SUPPORT
   NTH CONNECT TELECOM INC., and            )   THEREOF
15 STEVEN CHEN,                             )
                                            )   Date:      July 1, 2008
16                 Defendants.              )   Time:      10:00 a.m.
   _____)   Courtroom: Courtroom 5, 4th Floor
17                                              Judge:     Hon. Patricia V. Trumbull

18

19      Defendants Nth Connect Telecom Inc. and Steven Chen hereby file this sur-reply, to respond

20 to newly-presented authority contained in plaintiffs' reply to defendants' opposition to plaintiffs'

21 Motion to Compel Production of Documents. This sur-reply is based on the attached memorandum

22 of points and authorities, and the concurrently filed declarations of Danielle Silva and Steven Chen.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

In plaintiffs' reply brief in support of their motion to compel production of documents, they strongly rely upon a case not previously cited in their moving papers – *Hill v. Eddie Bauer* (C.D. Cal. 2007) 242 F.R.D. 556. In addition, plaintiffs provided a copy of the unpublished slip opinion in the case *Corser v. County of Merced* (E.D. Cal. 2006) 2006 WL 2536622, which was not contained in their original filing. Defendants hereby address these authorities, and provide supplemental evidence which would have been provided at the time of the opposition, had plaintiffs previously cited, in particular, the *Hill v. Eddie Bauer* case.

Plaintiffs' entire position can be summarized as follows: they believe that – despite the overwhelming burden, irrelevance, and violations of privacy rights – they are entitled to **all** Nth Connect documents relating to **all** installation technicians (regardless of whether they have opted in) which might in any way relate to the claims asserted in this action. Their justification is that they "need" the documents to support their class certification motion, and rely upon *Hill v. Eddie Bauer* as alleged support for their position.

Plaintiffs have misconstrued both the applicable law and the facts in this matter. Indeed, the very case that plaintiffs rely upon to support their claim that they are entitled to the vast array of documents they are seeking contradicts that position. *Hill v. Eddie Bauer*, in fact, recognized that certain documents being sought were subject to privacy protection, and also recognized that the production would be burdensome, and ordered a much more limited **sampling** of documents to be produced, rather than the universe of documents sought by the plaintiffs in that case. Defendants included herein additional declarations[1] to demonstrate just how enormous of a burden this production request imposes, and to explain in more detail the privacy and confidentiality concerns it has with the production. We are dealing with tens of thousands of documents.

Plaintiffs have also completely failed to justify why they need the records of every single

---

[1] The declarations of Danielle Silva and Steven Chen would have been provided with the opposition had plaintiffs cited the *Hill v. Eddie Bauer* case in its motion rather than waiting to bring it up in the reply.

-2-

1  potential class member (over 100 total) to make their motion for class certification, nor have they
2  addressed why less burdensome discovery would not suffice.

3  **II.   PLAINTIFFS' NEWLY INTRODUCED AUTHORITY DOES NOT SUPPORT**
4  **WHOLESALE PRODUCTION OF DOCUMENTS.**

5  As defendants noted in their opposition, the predominant rule of law on discovery pre-class
6  certification is to focus on discovery that is necessary to issues pertaining to the *class as a whole*,
7  and not to issues relating to individual claims, and that discovery pertaining to the *merits* of the class
8  action claims is usually deferred ***until it is certain that the case will be allowed to proceed as a class***
9  ***action***. (*United States v. Trucking Employers, Inc.* (D. D.C. 1976) 72 F.R.D. 101, 104; *Mantolete*
10 *v. Bolger* (9th Cir. 1985) 767 F.2d 1416, 1424.)

11 The undeniable conclusion from reviewing plaintiffs' document requests is that they are
12 looking at the merits of the action (and, particularly, damages), not evidence for class certification.
13 Indeed, if the Court orders this production, plaintiffs would not need any further documentation to
14 prepare for trial. This fact demonstrates the impermissible overbreadth of the discovery sought.

15 **A.   The *Hill v. Eddie Bauer* Case.**

16 In order to overcome the predominating authority which limits discovery in class actions
17 prior to certification, plaintiffs found one case which they allege supports pre-certification discovery
18 of the payroll and other employee records of individual technicians in a wage and hour/overtime
19 class action claim – *Hill v. Eddie Bauer*, *supra*, 242 F.R.D. 556. However, plaintiffs have both mis-
20 interpreted and mis-applied the rule in the *Hill* case to the facts in this one. In *Hill*, the plaintiffs
21 sought several categories of documents, including those the court described as "category three
22 documents," or "documents pertinent to putative class members' hours, wages, business-related
23 expenses, repayment of wages to employers, termination wages, meal breaks and rest breaks." (*Hill*,
24 *supra*, 242 F.R.D. at 560.) Defendants objected to the production of category three documents on
25 several grounds, including that the requests were (1) irrelevant/premature because they related to the
26 merits of the claim and not to certification issues; (2) an invasion of privacy and (3) the production
27 would be unduly burdensome. (*Id.* at 562.) While the Court found that the category three documents
28 would be relevant to class claims, including commonality and numerosity, it sustained the

1  defendants' objections on the grounds of invasion of privacy and issued a protective order, and also
2  sustained the defendants' objection on the grounds of burden and ordered a far more limited
3  production than the plaintiffs sought. (*Hill*, *supra*, 242 F.R.D. at 562-564.)

4  Again, only a sampling of documents from "putative class members" was ordered – yet here,
5  the two named plaintiffs seek every single document relating to every single putative class member.
6  The *Hill* decision in no way supports such an outcome.

### B. Application of *Hill v. Eddie Bauer* to Facts at Issue Here.

While defendants disagree that the holding in *Hill* on relevance is the applicable authority, they have already briefed this argument in their opposition brief. Here, defendants will focus more squarely on the privacy and burden arguments, which were the basis for the ruling in *Hill*.

#### 1. Privacy Issues.

In defendants' responses to plaintiffs' requests for production , no. 1 (timecards/timesheets of all technicians), no. 2 (payroll records as to all technicians), no. 3 (daily count sheets as to all technicians), no. 4 (Comcast work orders), no. 5 (personnel records for all technicians), no. 7 (Comcast scheduling communications), no. 8 (Comcast chargebacks), and no. 9 (employee complaints regarding overtime pay) on the grounds that these requests violated the right to privacy of both non-party employees and, in some cases, those of customers as well. (See, Exhibit 4 to Plaintiff's motion.)

While the Court in *Hill* found that the "right to privacy" is not a federally recognized privilege, it found it would be a state recognized privilege, and ordered that records could only be produced under a protective order. (*Hill*, *supra*, 242 F.R.D. at 562-563.) Defendants vehemently disagree with the finding of the Court in *Hill* on third party employee privacy rights,[2] and refer the

---

[2] Defendants have briefed their argument on privacy rights and notice under California's Code of Civil Procedure section 1985.6 as it pertains to third party employees on pages 6-9 of their opposition. As noted in the opposition, the only case plaintiffs relied upon that C.C.P. §1985.3 and 1985.6 does not apply in federal cases is the unpublished slip opinion *Corser v. County of Merced* (E.D. Cal. 2006) 2006 WL 2536622. In plaintiffs' reply, they supplied a copy of this slip opinion, which was not available on Lexis/Nexis. While the Federal Rules of Civil Procedure have recently changed on citation to unpublished cases, that rule only applies to opinions issued after January 1, 2007, and *Corser* was issued on August 31, 2006, thus, it should be disregarded by this

-4-

1  Court to their argument on this issue in their opposition. However, at minimum, if this Court
2  decides to follow *Hill* and permits any discovery as to non-party employees, a similar protective
3  order should issue.

4  In this case there are also additional privacy concerns which were not at issue in *Hill* – in
5  particular, the production of records which contain the private financial information of customers
6  of Comcast. These records include the Comcast work orders and Comcast scheduling information
7  (which is contained in the Comcast work orders). Nth Connect is contractually bound in its contract
8  with Comcast to keep customer information confidential and private. (Declaration of Steven Chen,
9  filed concurrently herewith, at ¶ 4 and Exhibit "A" thereto.) Furthermore, defendants are bound
10 under subscriber privacy protections set forth in Section 631 of the Cable Communications Policy
11 Act of 1984, as amended (47 U.S.C. Sec. 551), as well as other applicable federal and state laws, to
12 not disclose customer information. Under no circumstances should this Court order the production
13 of customer information at this stage in the litigation, and that would preclude production of the
14 Work Orders.

15 **2.    Burden Issues.**

16 In *Hill*, the Court recognized that the records requested by the plaintiffs were also unduly
17 burdensome, and ordered a more limited sampling of documents. (*Hill*, *supra*, 242 F.R.D. at 565.)
18 Likewise, here, defendants have submitted declarations detailing the burden and extreme expense
19 involved in complying with plaintiffs' overbroad discovery requests. (See, Declaration of Danielle
20 Silva, filed concurrently herewith, at ¶¶ 3-11; Chen Decl., ¶ 3-5.)

21 As for a "sampling," defendants have already produced records relating to plaintiffs Balarezo
22 and Avila, and have likewise agreed to produce the payroll and employment records relating to *any*
23 *employee who opts in* to the action. Given that there are around 100 technicians total, this should
24 give plaintiffs a fair sampling of documents to support their motion for certification. In ruling on
25 this issue, the Court should keep in mind that as of yet, the only two technicians who *have* opted in
26 are Balarezo and Avila, and it is in no way certain that this case is going forward as a class action.

27

28 Court. (F.R.C.P. Rule 32.1.)

### III. **CONCLUSION.**

For all the above reasons, and the reasons previously submitted in opposition, defendants Nth Connect and Steven Chen respectfully requests that this court deny plaintiffs' motion to compel.

Dated: June 25, 2008

>Friedman, Enriquez & Carlson, LLP
>
>By: _____/s/_____
>Grant A. Carlson, Esq.
>Attorneys for Defendants
>Nth Connect Telecom, Inc. and Steven Chen

DEFENDANTS' SUR-REPLY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS