Grant A. Carlson, Esq. - SBN 155933
Friedman, Enriquez & Carlson, LLP
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0777
Fax: (310) 273-1115

Attorneys for Defendants
Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., and STEVEN CHEN,<br><br>Defendants. | Case No. C 07 05243 JF (PVT)<br><br>DECLARATION OF DANIELLE SILVA IN SUPPORT OF DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Date: July 1, 2008<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 5, 4th Floor<br>Judge: Hon. Patricia V. Trumbull |

### DECLARATION OF DANIELLE SILVA

I, Danielle Silva, declare under penalty of perjury the foregoing is true and correct.

1.  I am the Operations Finance Manager for defendant Nth Connect Telecom Inc. I am the person who is responsible for coordinating any document production in this case. This declaration is based on personal knowledge.

2.  I make this declaration in support of defendants Nth Connect Telecom, Inc. and Steven Chen's Opposition to Plaintiffs' Motion to Compel Production of Documents.

3.  Following is an estimate of how much time it would involve to produce the various categories of documents sought by plaintiff Balarezo in this case.

4. The first category plaintiff seeks are timecards/timesheets as they pertain to all installation technicians. Nth Connect only started keeping timecards as of April 2006, and those documents are contained in 4-5 boxes. We don't have time cards prior to April 2006, as the technicians were paid via 1099s. I do not have easy access to the 1099s and am unaware how voluminous they are.

5. The second category that plaintiff seeks is payroll records for all technicians. The payroll records for Nth Connect that contain the technician information also contain payroll information for other non-technician employees and thus would have to be redacted. I estimate that it would take approximately 12 hours to redact this information before the payroll records could be produced.

6. As to both the first and second categories, it is our understanding that we cannot turn over payroll information about our employees to third parties without the employees' consent.

7. The third category plaintiff seeks is "Daily Count Sheets." The daily count sheets are attached to the Comcast work orders and would have to be part of the production of the work orders as discussed below. We cannot produce the daily count sheets separate from the work orders. The information contained in the daily count sheets is summarized in a file called the "bi-weekly payout sheet," but we do not maintain hard copies of the bi-weekly payout sheets and they would have to be compiled and printed from computer records. Every two weeks there are approximately 90 work sheets generated in an excel spread sheet, each of those ninety pages would have to be pulled up individually and manually printed out, thus, for a 4 year time period, there would be approximately 10,000 work sheets that would have to each be printed out manually. Given the labor intensive nature of this project, I cannot give a precise estimate, but it would take approximately 100 hours, assuming one could print the records at the rate of 100 per hour.

8. The fourth category plaintiff seeks is all Comcast work orders. For the 11 month time period when Vladimir Balarezo worked for Nth Connect there are 50 bankers' boxes worth of Comcast Work Orders. Thus, for the entire time period covered in the complaint, there would be in the range of 150 boxes of Work Orders. Pulling the work orders that pertain to Balarezo and

-2-

DECLARATION OF DANIELLE SILVA IN SUPPORT OF DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  Avila, and redacting the customer information, will take two employees over a month to accomplish,
2  working approximately 2 hours per day each on the document review. The employees cannot devote
3  their time full time to pulling and redacting the records, because they have to complete their daily
4  task of reconciling work orders. If Nth Connect had to produce *all* of the work orders, it would be
5  an insurmountable task to redact all of the customer information contained therein, as in addition to
6  information relating to the jobs performed by the installer, the work orders contain personal
7  information, such as names, account numbers, addresses, phone numbers and amounts paid, of
8  customers of Comcast who have not been provided any kind of notice that such information is being
9  sought. If the Court ordered production of the work orders, without redaction, Nth Connect would
10 be in violation of its contract with Comcast, which requires Nth Connect to keep information
11 pertaining to Comcast customers confidential. If the Court allowed the discovery, with redaction,
12 it would be extremely financially burdensome to respond to – Nth Connect would literally have to
13 hire people to review and redact the documents, because the task would overwhelm its current office
14 staff.

15     9.     The fifth category plaintiff seeks is employee manuals. As we noted in our written
16 responses to plaintiff's discovery, Nth Connect did not have any employee manuals at the time that
17 Balarezo and Avila worked for Nth Connect, thus there is nothing to produce. Nth Connect only
18 instituted an employee manual in July of 2007, and since it was not in effect when either of these
19 employees worked for Nth Connect, it is not relevant.

20     10.    According to plaintiff's motion, the sixth category that plaintiff seeks is
21 "communications and documents concerning Comcast's requirements relating to installation
22 schedules made with Comcast customers." (See page 9 of the Motion to Compel.) While I am not
23 really sure what information plaintiff is seeking with this request, there is some scheduling
24 information contained in the Work Orders. See paragraph 8 above for how burdensome and difficult
25 this information would be to produce.

26     11.    The last category plaintiff seeks is documents relating to "charge backs" against Nth
27 Connect by Comcast for technicians' failure to keep installation schedules with customers. As we
28

-3-

DECLARATION OF DANIELLE SILVA IN SUPPORT OF DEFENDANTS' SUR-REPLY TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1 | noted in our responses to discovery, Nth Connect does not pass these charges on to its technicians.

2 | I declare under penalty of perjury under the laws of the State of California and the Federal
3 | Government that the foregoing is true and correct.
4 | Dated: June 25, 2008

_Danielle Silva_ (signature)
Danielle Silva

-4-

DECLARATION OF DANIELLE SILVA IN SUPPORT OF DEFENDANTS' SUR-REPLY TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS