ADAM WANG, Bar No. 210233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248
waqw@sbcglobal.net

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:   415-861-9600
Fax:         415-861-9622
margainlaw@hotmail.com

Attorney for Plaintiffs
Vladimir Balarezo & Osmin Avila

UNITED STATES DISTRICT COURT
FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| VLADIMIR BALAREZO, ABELARDO GUERRERO, VICTOR FUNEZ & OSMIN AVILA, and on behalf of other similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>NTH CONNECT TELECOM INC., AND STEVEN CHEN,<br><br>Defendants | Case No.:C07-05243 JF (PVT)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' LATE AND UNAUTHORIZED FILINGS IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:   July 1, 2008<br>Time:   10:00 am<br>Judge:  Patricia V. Trumbull |

After Plaintiffs filed a Reply brief noting that Defendants had not produced any evidence to justify their privacy right and undue burden objections, Defendants filed a second opposition. This brief specifically addresses the evidence Defendants attempted to proffer and also lays out Plaintiffs' position regarding what documents should be produced and how they should be produced.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**Balarezo . v. NTH Connect Telecom Inc., et al.**
                                    1                     Case No.C07-5243 JF (PVT)

## I. DEFENDANTS DO NOT GET A SECOND BITE AT APPLE IN ESTABLISHING THE UNDUE BURDEN

It has been the rule in this Circuit that it is the burden of the party resisting the discovery by asserting the undue burden to establish that the production would impose undue burden. Blakenship v. The Hearst Corporation, 519 F.2d 418, 429 (1975), In re Syncor ERISA Litig., 229 F.R.D. 636, 643 (N.D. Cal. 2005). See, also, Cobb v. Danzig, 190 F.R.D. 564, 566 (S.D. Cal. 1999) ((Even if "good cause" is shown in compliance with Blakenship for not producing the discovery at issue the Court must still "balance the competing interests of allowing discovery and the relative burdens to the parties." ). All these cases are cited in Plaintiffs' opening papers, see Plf. Motion to Compel, at page 14, lns 18-22. Therefore, regardless whether Plaintiffs cited Hill v. Eddie Bauer, 242 F.R.D. 556 (C.D. Cal. 2007) in their moving papers, Defendants bear the burden in opposing the Plaintiffs' motion. As such, the Court should disregard Defendants' unauthorized Sur-Reply.

## II. DEFENDANTS AND THEIR COUNSEL HAVE A TARNISHED RECORD OF CREDIBILITY

Should the Court decide to consider Defendants' Sur-Reply and the accompanying declarations, the Court should bear in mind Defendants and their counsel's record of tarnished credibility. In a separate action Aranda v. Nth Connect Telecom Inc., et al (C06-4738 JW(RS)) where Plaintiff Aranda claims that he was misclassified as an exempt employee, in the a motion to compel to produce Plaintiff's payroll records, Defendants and their counsel represented to the court that they did not have any payroll records, and that "defendant cannot create the documents out of thin air." Later through the depositions of this Daniel Silva, it was revealed that Defendants have in their possession Mr. Aranda's complete payroll records.

As analyzed below, the late filed Defendants' declarations, drafted by Defendants counsel, again contain vague and evasive statements that do not specifically address what documents are available and the burden to produce them.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**Balarezo . v. NTH Connect Telecom Inc., et al.**

**III. MS. SILVA'S DECLARATION IS VAGUE AND EVASIVE AND FAILS TO MEET DEFENDANTS' BURDEN TO SUCCESSFULLY RESIST DISCOVERY REQUESTED**

1. <u>Ms. Silva's declaration concerning technicians/installers' records is false, and vague and evasive at best</u>

Ms. Silva states that Defendant does not have timecards/timesheets prior to April 2006. This statement is not true. Although installers were not required to fill in a document called "timecard" until April 2006, at all time, installers were required to report to the dispatcher when they first arrived at the customer house, and when they finished the job. The dispatcher would record the time in a computer program which would simultaneously transmit to Comcast. As such, this computerized time log is the best record of when installers arrived at the first job for a particular workday and finished the last job for the day. Therefore, these computerized time logs should be produced.[1]

In a letter dated May 28, 2008, Defendants counsel acquiesced to the existence of such time long (see Wang Sup. Decl., Exh. 1). This document is certainly responsive to the RFP No. 1 which calls for "[a]ll and any records, including but not limited to timecard, time sheet, calendar entries, calendar pages, books, notes, and any other document, that show, mention, concern or relate to the time and hours worked by each Plaintiff and all your EMPLOYEES during the CLAIM PERIOD." Finally, the production of this document can be accomplished by stroke of keys, and there should be little, if any at all, burden to produce the same. All Defendants need to do is print them out and also give Plaintiffs an electronic media copy of this file. Nothing in Ms. Silva's declaration suggests otherwise.

---

[1] Although installers were to fill in the timecards after April 2006, the timecards do not necessarily reflect the actual time worked, because the installers were told to put down fewer hours and installers would do so with minimum resistance understanding that their compensation did not depend on the hours worked, but only the number of installers performed.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
<u>Balarezo . v. NTH Connect Telecom Inc., et al.</u>
    3                    Case No.C07-5243 JF (PVT)

2. <u>Ms. Silva's declaration concerning payroll records is vague and evasive and failed to meet the burden that production is unduly burdensome</u>

Ms. Silva states that because payroll records for technicians/installers also contain payroll information for other non-putative members and must be redacted. Ms. Silva estimates that she needs 12 hours to do the redaction. However, Ms. Silva failed to state how many non-putative employees are involved; and absent this basic information, Defendants have failed to state any basis to claim 12 hours for necessary redaction. It also does not appear that there is any information subject to a right to privacy that needs to be redacted.

3. <u>Ms. Silva's declaration concerning "bi-weekly payout sheet" is clearly overly exaggerated and completely misleading</u>

Ms. Silva states technicians/installers' "daily count sheets" are summarized in a file called "bi-weekly payout sheet". Ms. Silva further states that "[e]very two weeks there are approximately 90 work sheets generated in an excel spread sheet, each of those ninety pages would have to be pulled up individually and manually printed out, thus, for a 4 year time period, there would be approximately 10,000 work sheets that would have to each be printed out manually. Given the labor intensive nature of this project, I cannot give a precise estimate, but it would take approximately 100 hours, assuming one could print the records at the rate of 100 per hour." This statement is overly exaggerated and completely misleading.

First, whatever number of worksheets there would be generated in a excel files, these sheets do not have to be "pulled up individually and printed out manually" sheet by sheet in order to produce them. In her deposition in the case Aranda v. Nth Connect Telecom Inc. (C06-4738 JW(RS)), Ms. Silva testified that before she became the Operations Finance Manager, she was the Payroll Supervisor responsible for compiling the Payroll and bi-weekly payout sheets. She testified that she would create an Excel file for every bi-weekly pay period. Each Excel file has a separate worksheet or tab entitled "Payroll" containing all the payroll information for all employees for that pay period; a worksheet entitled "Invoice" representing the Invoice to Comcast for the first week of the pay period; and "Invoice Number Two" presenting the invoice

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**Balarezo . v. NTH Connect Telecom Inc., et al.**
              4     Case No.C07-5243 JF (PVT)

to Comcast for the second week of the pay period; and "then each technician has [his] own sheet." See Silva Depo, 157:13-158:25, at Exh 1 to Further Declaration of Adam Wang. To produce these worksheets, all Defendants need to do is delete the Payroll sheet, two Invoice sheets, and save and produce the remaining technician/installer sheets in a CD or other media. This deletion would take less than 1 minute per excel file. Given there are 4 years covered in the Complaint and 26 pay periods in a year, the total time required to generate the all the bi-weekly payout sheets should be less than 2 hours (less than 1minute per Excel file x 26 files per year x 4 years = 104 minutes).

It also appears that all Defendants have to do is give Plaintiffs counsel a copy of the electronic files as they do not contain any information subject to a right to privacy.

4. Ms. Silva declaration concerning Comcast Work Orders is Disingenuous.

Ms. Siva's declaration concerning Comcast Work Orders is disingenuous. In describing what she calls "insurmountable task" to produce all the Comcast Work Orders, Ms. Silva depicts a self-inflicted dilemma. Essentially, she admits that Defendant may produce all Comcast Work Orders without much of burden if customer information is not redacted; but this would cause Defendant to be in violation of the contract with Comcast; on the hand, if they choose to redact the customer information, it would pose a "task that would overwhelm its current office staff." However, Defendant is overstating the seriousness of the alleged contract violation with Comcast.[2] First, the production would hardly be deemed as a contract breach if it is ordered by the Court. Second, Defendant had produced certain Comcast Work Orders in the Aranada case where Defendant literally made no efforts to redact customers information contained therein. So

---

[2] It should also be noted that the Comcast agreement to maintain confidential information requires Defendants to notify Comcast in the event any information arguable confidential is sought by subpoena or legal process. Here, it appears that Defendants either have not contacted Comcast so that it may raise objections or Comcast has chosen not to file any opposition. As such, the "confidential" argument appears illusory.

much for the Defendant's role as a guarding angel for customer private information. See Exh. 2 to Further Declaration of Adam Wang.

Most importantly, Ms. Silva's declaration yet again demonstrates Defendant's strategy to stonewall discovery. Despite Plaintiffs' suggestion in their Reply Brief that Plaintiffs are content with production of 5 weeks of Comcast Orders of Plaintiffs' choice- to spot check the accuracy of Defendants' compilation documents- Defendants completely failed to address what burden would there be to produce total 5 weeks worth of Comcast Work Orders.

> 5. <u>Ms. Silva's declaration concerning employee manual again demonstrate Defendants' stonewalling strategy</u>

Ms. Silva sates that because Defendant did not institute employee's manual until July 2007, this manual was not in effect when either of named plaintiffs worked for Defendant, it is not relevant. Ms. Silva is wrong. It is not a stretch at all to believe that any written policy in an institution likely reflects and formalizes the existing practice at the time the written policy is instituted. As such, although instituted in July 2007, such employee manual is highly relevant to the policy and practice prior to July 2007. Furthermore, this case covers the period commencing from the 4 years prior to the filing of the Complaint, *i.e.,* October 13, 2003, to present. July 2007 and forthwith is undisputedly relevant to this case.

Moreover, Judge Fogel already granted Plaintiffs the ability to send an Opt in Notice to former and current workers. As such, the case involves workers and periods up to the present and these documents should be produced.

> 6. <u>Ms. Silva's declaration concerning the installation scheduling communications is patently disingenuous, and clearly evasive</u>

About Plaintiffs' request for documents and communications concerning Comcast's requirement relating to installation schedules with Comcast customers, Ms. Silva states she does not understand what documents could exist that cover this request. However, during the meet and confer process, Defendants acquiesced to the existence of a computer maintained installer's time log that tracks when every installer arrived at the customer's house; and when the installer

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**Balarezo . v. NTH Connect Telecom Inc., et al.**
                                                       6                    Case No.C07-5243 JF (PVT)

finished the job. See Exh. 1, at Wang Supp. Decl. Ironically, Defendants seem to be more willing to produce all the Comcast Work Orders than this computer maintained time, even though according to Defendants themselves, production of Comcast Work Orders is substantially more burdensome than producing this computer maintained installation time log by copying or printing electronic files.

7.  <u>The Information concerning Comcast "charge backs" is clearly relevant</u>

Because of the charge backs imposed by Comcast for failure to keep installation schedules made with the customers, Defendant pushed technicians/installers to keep the schedule at the costs of their legally entitled meal breaks. The information is clearly relevant to this case.

## IV. PLAINTIFF'S PROPOSAL

Defendants' strategy in this case has been to stonewall and delay any discovery relating to class certification issue. Defendants' counsel loyally executed this strategy by refusing to agree to produce any documents relating to any employee who has not opted into FLSA class. See Defendants' Sure-Reply, at page 5. Obviously the hope behind the strategy is to prevent Plaintiffs from having sufficient evidence to file a Rule 23 class certification should there be not enough opt-in employees; or even if there are enough opt-ins, Plaintiffs' motion for Rule 23 class certification would be delayed for at least 6 months[3]. Finally, Defendants' approach leaves for an open debate for both sides whether documents so produced can serve as fair sampling for the purpose of Rule 23 commonality and typicality requirements.

Out of the same vein of this obstructive strategy, during the meet and confer process, Defendants refused to explain how and why the production of the document would be overly burdensome. Instead, Defendants simply took a position that Plaintiffs are not entitled to any

---

[3] Defendants' approach ensures at least 6-month delay in moving for Rule 23 class certification. Judge Fogel's order granting Plaintiffs' motion to certify FLSA class allows 60-day opt-in period after the notice to putative members. Once employees opt-in, Plaintiffs would have to request for the documents relating to these employees, and anticipate another motion to compel before the documents may be produced.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
<u>**Balarezo . v. NTH Connect Telecom Inc., et al.**</u>

7                        Case No.C07-5243 JF (PVT)

documents relating to putative members who have not opted in. It was not until June 25, 2008 – less than a week from the hearing date—Defendants became willing to discuss how the documents are stored and why the production would be burdensome to them, and did so with declarations full of disingenuous and misleading statements. Even in their Sur-Reply, Defendants still took the position that Plaintiffs are only entitled to the documents that relate to those employees who have opted into the FLSA class, and failed to make any efforts to propose a constructive approach that would likely to meet the Plaintiff's need for discovery and also reasonably limit Defendants' alleged burden . Defendants' conduct has unfairly prejudiced Plaintiffs in seeking discovery they are entitled to, and greatly strained Plaintiffs' counsel in responding to Defendants' arguments contained in their unauthorized late filings, as well as this Court in considering Defendants' late filings and Plaintiffs' responses.

Despite Defendants' obstructive strategy, Plaintiffs propose the following approach that would resolve the Ms. Silva's concerns raised in her declaration:

1.      RFD No. 1: Individual employees' time cards. Within 10 days of the Court's order, Defendants shall produce the computer maintained installation time log which records the time every technician/installer arrived at the customer's house and the time he finished the job; Plaintiffs may request putative members' timecards of any 13 pay periods after April 2006. Defendants shall produce the timecards as requested with 2 weeks upon receipt of a written request.

However, if Defendants contend that no such installation time log exists, Defendants shall produce a sworn declaration to that effect; then within 10 days of the Court's Order, shall produce all putative members' timecards after April 2006. In addition, within 2 weeks of Plaintiffs' request, Defendants shall produce up to 26 weeks of Daily Count Sheet of Plaintiffs' choice and Comcast Work Orders prior to and after April 2006, respectively.

2.      RFP No. 2: "Bi-Weekly Pay Out Sheet" and payroll records: Within 10 days of the Court's order, Defendants shall produce all Excel files in electronic format containing all putative members' Bi-Weekly Payout Sheets and the worksheet entitled "Payroll" with the

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**Balarezo . v. NTH Connect Telecom Inc., et al.**

information for non-putative employees redacted. Upon 2 weeks of Plaintiffs' request, Defendants shall also produce Payroll Register for putative members generated by Defendant's outside payroll processer Automatic Data Processing ("ADP").

3. REP No. 3: Daily Count Sheet and Comcast Work Orders: In the event Defendants fail to declare under the penalty of perjury that no computer maintained installation time log exists, within 2 weeks of Plaintiffs' request, Defendants shall produce no more than 5 weeks of Daily Count Sheets and Comcast work Orders for spot checking the accuracy of compilation documents.

In the event Defendants declare that no computer maintained installation time log exists, within 2 weeks of Plaintiffs' request, Defendants shall produce up to 26 weeks of Daily Count Sheet of Plaintiffs' choice and Comcast Work Orders prior to and after April 2006, respectively.

4. RFP No. 6: employee manuals and polices: Within 10 days of the Court's order, Defendants shall produce all employee manuals and policies

5. RFP No. 7: installation schedules Comcast made with the customers. This request may be complied by producing the computer maintained installation time log with respect to each and every installer. If Defendants contend that this document does not exist, Defendants shall produce a sworn declaration to that effect.

6. RFP No. 8: "charges backs" for failure to keep installation schedule. Within 10 days of the Court's order, Defendants shall produce the documents as requested, with customer information redacted.

## V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court adopt Plaintiffs' propose and order Defendants to produce accordingly.

Dated: June 30, 2008                        By: /s/ Adam Wang
                                                 Adam Wang
                                                 Attorney for Plaintiffs

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**Balarezo . v. NTH Connect Telecom Inc., et al.**
                                   9                    Case No.C07-5243 JF (PVT)

1

By: /s/ Tomas E. Margain
Tomas E. Margain
Attorney for Plaintiffs

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNAUTHORIZED SUR-REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
<u>**Balarezo . v. NTH Connect Telecom Inc., et al.**</u>

10              Case No.C07-5243 JF (PVT)