UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLADIMIR BALAREZO, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NTH CONNECT TELECOM, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. C 07-5243 JF (PVT) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> **Re: Docket No. 52** |

On July 1, 2008, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Plaintiffs' motion to compel the production of documents. Based on the briefs and arguments presented, IT IS HEREBY ORDERED that Plaintiffs' motion is granted for the reason stated below.[1]

///

///

///

///

///

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

## I. BACKGROUND

Plaintiffs Vladamir Balarenzo and Osim Avila, on behalf of themselves and others similarly situated, brought this action against Nth Connect, Inc. Nth Connect is a cable television sub-contractor that provides cable and Internet installation services for Comcast. Plaintiffs are former employees of Nth Connect who are alleging violations of the Federal Labor Standards Act (Labor Act) and California labor laws. Plaintiffs allege that defendant Nth Connect deprived them of overtime wages by altering pay stubs in a manner that made it appear that employees were paid a particular hourly wage with bonuses. Plaintiffs allege that defendants used this technique to avoid having to pay overtime as required by the Labor Act. Plaintiffs also allege that they were deprived of mandated meal breaks as provided under California law.

In May 2008, plaintiffs moved to conditionally certify a class of current and former Nth Connect employees who had been employed by defendant beginning on October 12, 2004. On May 2, 2008, the District Court granted plaintiffs' motion to conditionally certify the class. The court also granted leave for plaintiffs to distribute *Hoffman-LaRoche* notices to all potential plaintiffs for the purpose of informing them of the lawsuit and of their ability to opt-into the action, as required by the Labor Act.

The current motion involves a discovery dispute, and plaintiffs now move to compel production of the following documents: (1) all time cards, time sheets, calendar entries, calendar pages, books, notes, and any other document that shows, mentions, concerns or relates to the time worked by every employee during the claim period; (2) all payroll records for each employee during the claim period, including, but not limited to, pay stubs, payroll register, all canceled checks reflecting any and all payments of whatever nature to each employee, bi-weekly payout sheets, and all tax records; (3) all daily count sheets reflecting the number of connects and disconnects performed by each installer each day; (4) all Comcast work orders for each employee made during the complaint period; (5) all employee manuals and policies in place during the complaint period; (6) all communications and documents concerning Comcast's requirements relating to installation schedules made with Comcast customers; and (7) all documents concerning charge backs against

Nth Connect Telecom, Inc., by Comcast technicians failure to keep installation schedules with Customers. (Wang Dec. Ex. 1).[2]

Defendant objected to the above-specified requests on the grounds that the requests exceeded the scope of relevant discovery because the class had not been certified under Rule 23. Defendant has agreed to provide any responsive documents relating to the two named plaintiffs, Vladamir Balarenzo and Osim Avila. However, defendant has objected to any request relating to a party who has not opted-into the action on the grounds that such discovery request is not relevant, overly broad, and burdensome. (Carlson Dec. Ex. B).

## II.   LEGAL STANDARD[3]

Under Rule 26(b) of the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim for defense. . . ." FED. R. CIV. P. Rule 26(b). The court may, for good cause, "order discovery of any matter relevant to the subject matter involved in the action," but "all discovery is subject to the limitations of Rule 26(b)(2)(C)." *Id.* Rule 26(b)(2)(C) allows a party to contest production of documents if the request is unreasonably cumulative or duplicative, if party seeking discovery had ample time to obtain the information, or if the burden or expense of proposed discovery outweighs its likely benefit. *Id.* The party resisting relevant, non privileged discovery, has the burden of showing why discovery should not go forward. *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

---

[2] Defendant's submission of a sur-reply in support of his motion and accompanying declarations were not considered in this Order for failure to comply with Local Rule 7–3(d), which requires court approval before submitting additional papers following a reply. Plaintiffs' response to the sur-reply was also not considered for the same reasons.

[3] The parties dispute whether state or federal law governs the current discovery issue. It is axiomatic that federal courts follow federal procedural law, regardless of the basis for subject-matter jurisdiction or the substantive law at issue. *See, e.g., Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 830 (9th Cir. 2003). Likewise, discovery is a procedural matter governed by federal law. *See, e.g., Sibbach v. Wilson & Co., Inc.,* 312 U.S. 1, 14 (1941). Even in issues involving privileges under Federal Rule of Evidence 501, "when there are federal question claims and pendent state claims present, the federal law of privileges applies." *Agster v. Maricopa County*, 422 F.3d 836, 839-40 (9th Cir. 2005). This current case involves a claim under the Fair Labor Standards Act and various causes of action under state law. The current motion involves the production of documents during discovery. Therefore, federal law controls.

Here, the parties contest the scope of discovery. Because plaintiffs' claims arise in part under the Labor Act, the class-certification process requires an employee to affirmatively opt-in to the action. 29 U.S.C. § 216(b); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). To facilitate this statutory opt-in process, courts employ a bifurcated certification inquiry that is separate and distinct from the Rule 23 certification process. *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 482 (E.D. Cal. 2006) ("the FLSA requirements are 'not as strict' as those under Rule 23."). Under the Labor Act, the court may authorize the named plaintiffs to serve a *Hoffman-La Roche* notice on all potential plaintiffs who are deemed "similarly situated" under the meaning of section 216(b) of the FLSA. *Hoffman La Roche, Inc., v. Sperling*, 493 U.S. 165 (1989); *Romero*, 235 F.R.D. at 481-82 (E.D. Cal. 2006). The class is then pre-certified. *Romero*, 235 F.R.D. at 481-82. The second step in the certification process occurs at the conclusion of discovery. *See id.* Before trial, the defendant may move to de-certify the class. *Id.* The court than applies a more rigorous inquiry to determine the "propriety and scope of the class" by weighing three factors: (1) the disparate factual and employment setting of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations. *Id.*

On May 2, 2008, the District Court granted plaintiff's motion to pre-certify a class comprising of all defendant's employees who worked during the claim period from October 12, 2004 to the present. *Balarezo v. Nth Telecom, Inc.,* C-07-05243 JF (PVT), Docket No. 25, (2008) (order granting Hoffman-La Roche Notice). The court ruled that plaintiffs had made their initial showing under the *Romero* two-step framework, and granted plaintiffs leave to distribute *Hoffman-La Roche* notices to all potential class members. *Id.*

### III. DISCUSSION

The defendant's central argument is that plaintiffs' discovery requests are related to pre-certification issues, and are therefore, not relevant, overly broad, and burdensome. The defendant agrees at post-certification, they would be required to produce the requested documents just as they have done for the named plaintiffs. For the purposes of discovery, the class is deemed certified under the Labor Act's bifurcated certification process and the District Court's prior pre-certification

ruling. Therefore, the procedural posture of the case is post-certification; plaintiffs' discovery requests are relevant to both class certification and the merits of plaintiffs' alleged claims.

Additionally, this court finds that the discovery requests are not limited to persons who have opted-into the action, but also include the entire pre-certified class of employees who worked for the defendant over the four year claim period. The District Court has found that the certified class is comprised of persons who are similarly situated to the named plaintiffs in this action. Even if the discovery issues were limited to persons who had affirmatively opted-into the action, under Rule 26(b), the Court has discretion to expand the scope of discovery for good cause. The court finds that it would be more burdensome on the defendant if the plaintiffs were required to repeatedly request documents as various plaintiffs opted-into the action, especially in light of the number of documents at issue for each request, and the number of documents that may relate to a single individual. (*See* Carlson Dec. Ex. B).

### IV. CONCLUSION

The defendant shall produce all responsive documents requested by plaintiffs no later than August 1, 2008. The parties may modify the production set forth above if they unequivocally agree on the scope and parameters of the discovery, i.e. limiting production of certain documents to six weeks prior to and following April 2006 as was discussed during the hearing. Such modification will not be considered a violation of this order. The parties may also enter into a stipulated protective order to govern the disclosure of confidential, propriety, or private information. A model stipulated protective order is available on the court's website at www.cand.uscourts.gov.

*Dated: July 8, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4  -+
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER, *page 6*