Grant A. Carlson, Esq. - SBN 155933
Friedman, Enriquez & Carlson, LLP
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0777
Fax: (310) 273-1115

Attorneys for Defendants
Nth Connect Telecom, Inc. and Steven Chen

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated )<br><br>Plaintiff, )<br><br>vs. )<br><br>NTH CONNECT TELECOM INC., and STEVEN CHEN, )<br><br>Defendants. ) | Case No.  C 07 05243 JF (PVT)<br><br>DEFENDANTS' CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of California, defendants in this matter hereby submit this Case Management Conference Statement, due to plaintiff's submission of an individual statement without consulting defendants.

**1.    Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction over the claims of Plaintiff Vladimir A. Balarezo (hereinafter "Plaintiff") is the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as alleged in the Complaint.  There are no existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

**2.    Facts**

Plaintiff was employed by defendant Nth Connect Telecom, Inc. as a technician to install satellite equipment.  Defendant Steven Chen is the CEO of Nth Connect.  In this action, Plaintiff

seeks compensation for overtime and other wage and hour claims against Defendants under Federal and California law, and also seeks class certification.

The principal factual issues in dispute are:

    1.    Whether and to what extent Plaintiff and the class he seeks to represent were not paid overtime to which they are entitled;

    2.    Whether and to what extent Plaintiff and the class he seeks to represent had not been provided with meal breaks as required by law.

    3.    Whether Plaintiff's claim is suitable for a class action certification.

    4.    Whether Plaintiff is suitable as a class representative.

**3.    Legal Issues**

Plaintiff has filed this action as a class action under Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff also seeks treatment of opt-in class action under 29 U.S.C. § 216(b).  In his substantive allegations, Plaintiff asserts that Defendants failed to pay Plaintiff and a class of employees overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.  Plaintiff further alleges that Defendants failed to pay Plaintiff and the putative class members their wages upon termination in violation of California Labor Code § 201.  Finally, Plaintiff seeks restitution of overtime wages in accordance with California Business & Professions Code § 17200.

Defendants dispute that Plaintiff was improperly compensated, and instead assert that at all times they paid plaintiff properly under the law.  Defendants also dispute both whether plaintiff is an adequate representative for the putative class and whether a class action can be certified.

**4.    Motions**

The parties anticipate the filing of the following motions:

(a)    Plaintiffs' Motion for Class Certification under FLSA and Fed. R. Civ. P. 23;

(b)    Plaintiff's Partial Summary Judgment Motion for Class Liability;

(c)    Defendants' Motions for Partial Summary Judgment and/or Summary Judgment.

\ \ \

\ \ \

**5.    Amendment of Pleadings**

Plaintiff has sent a letter to California Labor and Workforce Development Agency requesting clearance to sue under California Labor Code Private Attorney General's Act ("PAGA") to seek civil penalties on behalf all current and former employees.

**6.    Evidence Preservation**

Defendants have previously notified opposing counsel of the obligation to preserve all electronically stored evidence and will take steps to do so.

**7.    Disclosures**

The parties have agreed to serve their respective initial disclosures no later than March 7, 2008.

**8.    Discovery**

The parties previously agreed to adhere to the following discovery and case management schedule:

(a)    Deadline to complete fact discovery:  February 28, 2009.

(b)    Deadline for Plaintiff to file motions for class certification:  November 30, 2008.

(c)    Deadline for expert disclosure statements under Fed. R. Civ. P. 26:  March 31, 2009.

(d)    Deadline to conduct expert discovery:  April 30, 2009.

(e)    Last day for hearing dispositive motions to be filed:  June 19, 2009.

The parties wish to reserve the ability to seek an acceleration (or an extension) of the above-proposed schedule.

**9.    Class Action**

Plaintiff previously provided the following statement in compliance with Local Rule 16-9(b).

(1)    The class action for claims under California law is maintained under Fed. R. Civ. P. 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(3).  This class action insofar as claims under the FLSA are asserted is maintainable under 29 U.S.C. § 216(b), as distinct from Fed. R. Civ. P. 23.

(2)    Plaintiff proposes two separate classes:

a)    FLSA claims:  All non-exempt installation technicians:  I) who worked for defendant commencing at any time since three years before the filing of this action; (the "FLSA

1  Class").

2        b)    California claims:  All installation technicians who: I) worked for defendant

3  in California commencing at any time since four years before the filing of this action; (the

4  "California Class").  A sub-class of California Class consists of all installation technicians whose

5  employment with defendant terminated at any time in three years before the filing of this case

6  (California § 203 Class).

7        Depending upon further investigation and the results of discovery, Plaintiff may seek to

8  modify these class definitions. Moreover, further discovery may justify elaboration on the form of

9  Defendants' failure to provide employee benefits such that added classes are appropriate.

10        (3)    Plaintiff is a member of the Federal Class, and also a member of the California Class

11  and, like other members, was not paid overtime pay and was not provided required meal breaks in

12  violation of the FLSA and California labor law.  While Plaintiff is unable to state the exact number

13  of either class without access to records within Defendants' possession, Plaintiff believes and

14  Defendants had presented that the California Class and the Federal Class exceed 100 members.

15  Plaintiff alleges that common questions of law and fact predominate in this case. For example, the

16  class members' rights insofar as this action is concerned arise from the Defendants' uniform payroll

17  practice of paying straight time only, applicable to all non-exempt installation technicians.  In light

18  of the commonality of the sources of the putative class members' rights, individual adjudications

19  harbor the possibility of inconsistent adjudications. Plaintiff has no conflicts of interest and will

20  fairly and adequately represent both classes.  Plaintiff is not aware of any other pending litigation

21  concerning the claims asserted herein nor of any difficulties that should be encountered in the

22  management of this litigation as a class action.

23        (4)    Plaintiff plans to file motions for the Court to consider class certification no later than

24  November 30, 2008, though Plaintiff may file such motions sooner.

25        **10.    Related Cases**

26        There are no related cases or proceedings pending before another Judge of this Court or

27  before another Court or administrative body.

28  \ \ \

-4-

1

**11.**    **Relief**

2

At this point, Plaintiff does not have sufficient record to estimate the damages.

3

**12.**    **Settlement and ADR**

4

The parties have already completed a Mediation.  Defendants are amenable to further

5

proceedings as recommended by the Court.

6

**13.**    **Consent To Magistrate Judge For All Purposes**

7

Neither party is willing to consent to have a Magistrate Judge to conduct all further

8

proceedings in this matter.

9

**14.**    **Other References**

10

The parties agree that this case is not suitable for reference to binding arbitration or any other

11

reference.

12

**15.**    **Narrowing Of Issues**

13

Plaintiff does not expect the parties to be able to narrow the issues.  However, the issues in

14

this case may be narrowed by motions related to the class action process.

15

**16.**    **Expedited Schedule**

16

The parties do not believe that this is the type of case that can be handled on an expedited

17

basis with streamlined procedures.

18

**17.**    **Trial**

19

Both parties have requested a jury trial.  The expected length of trial is 15 court days.

20

**18.**    **Disclosure of Non-Party Interested Entities or Persons**

21

Plaintiff has no one to disclose other than parties themselves.

22

**19.**    **Other Matters**

23

None.

24

Dated: August 12, 2008

25

Friedman, Enriquez & Carlson, LLP

26

27

By: _____ / s / _____

28

Grant Carlson
Attorney for Defendants

DEFENDANTS' CASE MANAGEMENT STATEMENT