\*\*E-Filed 8/3/10\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VLADIMIR A. BALAREZO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NTH CONNECT TELECOM, INC., AND STEVEN CHEN,<br><br>Defendants. | Case Number 5:07-cv-05243-JF (PVT)<br><br>ORDER[1] (1) VACATING ORDER OF FEBRUARY 18, 2010, (2) GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW, (3) DENYING DEFENDANTS' MOTION TO DISMISS, AND (4) DIRECTING CERTAIN PLAINTIFFS TO SHOW CAUSE WHY THEIR CLAIMS SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION<br><br>[re: document nos. 129, 133] |

Both parties move to vacate this Court's order dated February 18, 2010, dismissing the instant case in light of a tentative settlement agreement. Plaintiffs' counsel moves to withdraw from representation of Plaintiff James Morgan. Defendants move pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the action with prejudice as to certain individual Plaintiffs because those Plaintiffs have failed to comply with court orders. The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on July

---

[1] This disposition is not designated for publication in the official reports.

23, 2010. For the reasons discussed below, the order dated February 18, 2010 will be vacated, the motion to withdraw will be granted, and the motion to dismiss will be denied without prejudice. Plaintiffs Cabrera, Guerrero, Lee, Morgan, Pierre, Tran, and Webb will be ordered to show cause why their claims should not be dismissed for lack of prosecution.

## I. BACKGROUND

On October 12, 2007, Plaintiff Vladimir Balarezo ("Balarezo") filed the instant putative class action, alleging that Defendants Nth Connection Telecom, Inc. ("Nth Connect") and Steven Chen ("Chen") (collectively, "Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a number of state laws by failing to pay overtime wages and to provide rest and meal breaks to Nth Connect's employees. Balarezo alleges that Nth Connect is a contractor hired by non-party Comcast Corporation to install cable equipment. Chen is the owner and CEO of Nth Connect. Balarezo was employed as a "technician" on a piece rate basis, meaning that he was paid a flat rate for each installation. He alleges that his time cards did not reflect the different rates obtained for different residences or that he was paid per piece (installation). He also alleges that he and similarly situated employees were not paid overtime wages despite typically working six days and more than forty hours per week.

On May 2, 2008, pursuant to 29 U.S.C. § 216(b) and *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000), the Court granted Balarezo's motion for pre-certification of the FLSA class claim and provided a period of sixty days in which employees who wished to join the suit could opt in. In addition to Balarezo, the following individuals opted into the instant action: Osmin Avila ("Avila"), Luis Chiarella ("Chiarella"), Luis Cabrera ("Cabrera"), Jason Dollins ("Dollins"),Victor Funez ("Funez"), Abelardo Guerrero ("Guerrero"), Jose Luis Hernandez ("Hernandez"), Xay Lee ("Lee"), Derek Menze ("Menze"), Anibal Merino ("Merino"), James Morgan ("Morgan"), Jean Marie Pierre ("Pierre"), James Russell ("Russell"), Richard Tran ("Tran"), Henry L. Webb ("Webb"), and Frank Zepeda III ("Zepeda") (collectively, "Plaintiffs").[2]

---

[2] It is not clear who, if anyone, represents these opt-in Plaintiffs. Balarezo is represented by Adam Wang ("Wang") and Tomas Eduardo Margain ("Margain"). Wang states that

1   On October 17, 2008, after Plaintiffs filed a series of motions to compel discovery, the
2   Court referred the parties to mediation through the Court's alternative dispute resolution
3   ("ADR") program. The first mediation session occurred on February 18, 2009. The record is
4   unclear as to which Plaintiffs attended that first mediation session. At the pretrial conference on
5   September 4, 2009, the Court referred the parties to a settlement conference with Magistrate
6   Judge Patricia V. Trumbull. The settlement conference was held on November 18, 2009, and it
7   is undisputed that some but not all of the opt-in Plaintiffs participated in the conference. The
8   parties agree that Guerrero, Lee, Morgan, Pierre, Tran, and Webb did not attend. (Wang Decl.
9   ISO Opp'n to MTD, ¶ 20.) Defendants claim that Cabrera also did not attend the conference.

10   On December 3, 2009, the Court again referred the parties to mediation. The second
11   mediation session was held on February 5, 2010. The same Plaintiffs who failed to participate in
12   the earlier settlement conference also failed to participate in the second mediation session,
13   although the parties again disagree as to whether Cabrera participated. On February 8, 2009, the
14   mediator filed a certification that the entire case had settled. On February 18, 2009, the Court
15   conditionally dismissed the entire action with prejudice, subject to the agreed consideration for
16   the settlement being delivered within ninety days. On April 18, 2010, Plaintiffs requested that
17   the Court vacate the dismissal because the parties had failed to affirm the tentative settlement
18   agreement. (Docket No. 126.)

19   After the second mediation session, Wang sent letters to the non-participating Plaintiffs,
20   informing them that Defendants had extended a settlement offer to the participating Plaintiffs and
21   requesting that the non-participating Plaintiffs contact him if they still wished to pursue their
22   claims. (Wang Dec. ISO Opp'n to MTD, ¶ 21.) All of the non-participating Plaintiffs except for
23   Morgan contacted Wang, indicating that they did wish to pursue their claims. (*Id.* at ¶ 22.)

24   On April 27, 2010, Defendants moved to dismiss with prejudice the claims of the
25   Plaintiffs who did not participate in either the settlement conference or the second mediation

---

27
28   Plaintiffs' counsel never have had a written retainer agreement with the opt-in Plaintiffs. (Wang Decl. ISO Opp'n to MTD ¶ 4.) However, Wong and Margain oppose the instant motion to dismiss on behalf of all Plaintiffs, and they also seek to withdraw from representation of Morgan.

3

1  session.  According to Defendants, dismissal of the claims of the non-participating class
2  members was a condition of the tentative settlement.  (*See also* Wang Decl. ISO Opp'n to MTD
3  ¶ 12.)  In response, Plaintiffs allege that Defendants would not agree to the tentative settlement
4  agreement even if the non-participating Plaintiffs were dismissed because of the failure of a
5  second condition precedent to the settlement agreement.

6        Plaintiff Hernandez also is the class representative in a separate action against Nth
7  Connect which is pending in the San Francisco Superior Court, CGC-08-482659 (the "San
8  Francisco Action").  (Wang Decl. ISO Opp'n to MTD ¶ 13.)  Daniel Berko ("Berko") represents
9  the plaintiffs in the San Francisco action.  (*Id.*)  As a second condition precedent to the tentative
10 settlement in the instant case, Nth Connect was to be dismissed from the San Francisco action.
11 (*Id.*)  At least as of June 25, 2010, Nth Connect remains a defendant in that action, and Wang
12 asserted at oral argument that Berko is unwilling to dismiss Nth Connect from that action.

## II.  DISCUSSION

**A.  Motions to vacate**

15       Because both parties have notified the Court within ninety days that they have failed to
16 affirm the tentative settlement agreement, the order of dismissal will be vacated.

**B.  Plaintiffs' counsel's motion to withdraw**

18       Counsel may not withdraw from representation unless they are relieved by order of the
19 Court after reasonable advance written notice has been given to the client and to all other parties
20 who have appeared in the case.  Civil L.R. 11-5(a).  Wang represents that he wrote to Morgan,
21 requesting that Morgan contact either him or Margain if he desires to pursue the instant action,
22 and that Morgan has not responded to that communication.  (Wang Decl. ISO Mot. to Withdraw,
23 ¶¶ 8, 10.)  This lack of communication is sufficient cause to grant the motion to withdraw.

24       Civil L.R. 11-5(b) provides that when withdrawal by an attorney is not accompanied by
25 simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave
26 to withdraw may be subject to the condition that papers may continue to be served on counsel for
27 forwarding purposes, unless and until the client appears by other counsel or *pro se*.  Accordingly,
28 the Court will direct that Wang and Margain accept service for forwarding purposes until Morgan

4

Case No. C 07-5243 JF (PVT)
ORDER (1) VACATING ORDER OF FEBRUARY 18, 2010, ETC.
(JFEX1)

appears by other counsel or *pro se*.

**C.     Defendants' motion to dismiss**

Defendants move pursuant to Federal Rule of Civil Procedure 41(b) to dismiss with prejudice the non-participating Plaintiffs, arguing that the non-participating Plaintiffs failed to comply with the Court's referrals of the parties to the ADR program. When determining whether to dismiss a claim or action under Rule 41(b), the Court must balance five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Because the non-participating Plaintiffs have failed to pursue their claims at least since November 18, 2009, when they failed to attend the settlement conference, this factor favors dismissal. With respect to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* While the Court's docket is heavy, it appears that even if the non-participating Plaintiffs were dismissed, the instant action would continue to proceed with respect to the participating Plaintiffs and Defendants. Defendants do not dispute that Nth Connect's dismissal from the San Francisco action is a condition precedent to the tentative settlement agreement. Nth Connect has not been dismissed from that action, and it appears that neither party has the ability to compel that result. Thus, this factor weighs against dismissal.

With respect to the third factor, Defendants point out that:

> failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay.

*In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered . . . .Where

5

a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice." *Id.* Three of the non-participating Plaintiffs have offered excuses for their delay. Lee states that he did not attend the ADR sessions because of his work and because he was told that one of the sessions was canceled. (Wong's Suppl. Decl. ISO Opp'n to MTD, Ex. 1.) Pierre claims that she "had no knowledge of the claim until [she] received [the letter from Wong after the second mediation session]." (*Id.*, Ex. 2.) Finally, Tran states that he did not have time to appear and that he "did not receive any notice letter at all." (*Id.*, Ex. 3.) None of the other non-participating Plaintiffs have offered any explanation for their delay. At the same time, Defendants do not argue that they have suffered actual prejudice as a result of the delay, e.g., they do not argue that the delay caused the loss of evidence or memory of a witness. *See In re Eisen*, 31 F.3d at 1453 (quoting *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1281 (9th Cir. 1981)). Moreover, because it appears that the parties would not execute the tentative settlement agreement even if the non-participating Plaintiffs were dismissed, it is not clear how the absence of the non-participating Plaintiffs could have prejudiced Defendants' position with respect to the action as a whole. On balance, this factor neither favors nor disfavors dismissal.

With respect to the fourth factor, public policy favors disposition of cases on their merits, implying that this factor weighs against dismissal. In fact, the parties cannot agree even with respect to whether one of the Plaintiffs – Cabrera – participated in the ADR sessions. This factor weighs strongly against dismissal at least until it is clear which Plaintiffs did and did not participate.

Finally, with respect to the fifth factor, Plaintiffs contend that it would be improper to dismiss the non-participating Plaintiffs without first warning them of the possibility of case-dispositive sanctions. The Ninth Circuit "expressly rejected the argument that an express warning regarding the possibility of dismissal is a prerequisite to a Rule 41(b) dismissal when dismissal follows a noticed motion under Rule 41(b)." *In re Eisen*, 31 F.3d at 1455 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Nonetheless, the Court concludes that less drastic alternatives are available, such as ordering the non-participating

6

Case No. C 07-5243 JF (PVT)
ORDER (1) VACATING ORDER OF FEBRUARY 18, 2010, ETC.

1  Plaintiffs to show cause why their claims should not be dismissed.  The delay has not resulted in
2  actual prejudice to Defendants, and an order to show cause would facilitate the parties' future
3  settlement discussions by clarifying the number of claims still at issue.  This factor strongly
4  weighs against dismissal.

5      Accordingly, the non-participating Plaintiffs will be ordered to show cause why their
6  claims should not be dismissed for lack of prosecution.[3]  A hearing and case management
7  conference will be set for September 10, 2010 at 10:30 a.m.  At the hearing, Plaintiffs Cabrera,
8  Guerrero, Lee, Morgan, Pierre, Tran, and Webb should be prepared to explain their lack of
9  participation in the instant action and to confirm their intent to prosecute their claims diligently.
10 Plaintiffs are warned that their failure to do so may result in the dismissal of their claims with
11 prejudice.  The parties also are encouraged to continue settlement discussions and, to the extent
12 possible, to join formally Berko in those discussions.

### III. CONCLUSION

14     Good cause therefor appearing:

15     (1)    The order dated February 18, 2010 will be vacated;

16     (2)    The motion to withdraw will be granted;

17     (3)    Defendants' motion to dismiss will be denied without prejudice;

18     (4)    Plaintiffs Cabrera, Guerrero, Lee, Morgan, Pierre, Tran, and Webb, in writing and
19         on or before September 10, 2010, shall show cause why their claims should not be
20         dismissed for lack of prosecution; and

21     (5)    A hearing and case management conference is set for September 10, 2010 at
22         10:30 a.m.

IT IS SO ORDERED.

DATED: 7/26/10

                                      JEREMY FOGEL
                                      United States District Judge

---

[3] In an abundance of caution, Cabrera will be included within this group, along with Guerrero, Lee, Morgan, Pierre, Tran, and Webb.

1  This Order was served on the following persons:

2  Luis Cabrera
   1501 California Avenue
3  San Pablo, CA 94806

4  Grant Carlson
   Friedman, Enriquez & Carlson, LLP
5  433 North Camden Drive
   Suit 965
6  Beverly Hills, CA 90210

7  Xay Lee
   286 Judy Dr.
8  Atwater, CA 95301

9  Tomas E. Margain
   Law Offices of Tomas E. Margain
10 1550 Bryant Street
   Suit 725
11 San Francisco, CA 94103

12 James Morgan
   5744 Owens Dr. #207
13 Pleasanton, CA 94588

14 Jean-Marie Pierre
   888 Davis Street #209
15 San Leandro, CA 94577

16 Richard Tran
   3343 Trebol Lane
17 San Jose, CA 95148

18 Adam Wang
   Law Offices of Adam Wang
19 12 South First Street
   Suite 613
20 San Jose, CA 95113

21 Henry L. Webb
   1184 53rd St.
22 Oakland, CA  94608

23

24

25

26

27

28

8

Case No. C 07-5243 JF (PVT)
ORDER (1) VACATING ORDER OF FEBRUARY 18, 2010, ETC.
(JFEX1)