08
**E-Filed 04/04/11**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| VLADIMIR A. BALAREZO and OSMIN AVILA<br><br>Plaintiffs,<br><br>v.<br><br>NTH CONNECT TELECOM, INC. and STEVEN CHEN<br><br>Defendants. | Case Number 5:07-CV-05243 JF (PSG)<br><br>**ORDER[1] DENYING MOTION TO EXTEND TIME WITHIN WHICH TO SEEK CLASS CERTIFICATION**<br><br>Re: Docket No. 157 |

On October 12, 2007, Plaintiffs Vladimir A. Balarezo and Osmin Avila filed the instant putative class action against Defendants Nth Connect Telecom, Inc. ("Nth Connect") and Steven Chen, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and related federal and state labor laws. Almost twenty-two months after the motions deadline established by this Court's case management order, Plaintiffs move for an extension of time within which to seek class certification. For the reasons set forth below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:07-CV-05243 JF (PSG)
ORDER DENYING MOTION TO EXTEND TIME
(JFEX1)

## I. BACKGROUND

Plaintiffs allege that Nth Connect, their employer for the last four years, failed to pay them and others similarly situated overtime wages as required by the FLSA and related federal and state labor laws. Am. Compl. ¶ 1. Nth Connect is a California corporation hired by non-party Comcast to install cable equipment. *Id.* ¶¶ 2, 3. Steven Chen is the owner and CEO of Nth Connect. *Id.* ¶ 4.

On May 2, 2008, the Court granted Plaintiffs' motion for precertification of the FLSA class claim under 29 U.S.C. § 216(b) and provided a period of sixty days during which potential class members could opt in. Seventeen individuals opted into this action, including Plaintiffs and Jose Hernandez, who is the class representative in a parallel class action pending in the San Francisco Superior Court against Comcast, Nth Connect, and several other Comcast subcontractors for alleged violations of federal and state labor laws. Pls.' Mot. at 3; Defs.' Resp. at 7. After participating in mediation, the parties reached a settlement and conditionally dismissed the instant action on February 18, 2010. The parties subsequently moved to vacate the conditional dismissal because not all of the individual plaintiffs had affirmed the tentative settlement agreement. On September 23, 2010, the Court dismissed the claims of six opt-in plaintiffs with prejudice for lack of prosecution.

The motions deadline in the instant case was February 27, 2009. Plaintiffs claim that they "made a conscious decision" not to seek certification before the deadline based on information they obtained regarding Nth Connect's financial condition. Pls.' Mot. at 3. Plaintiffs seek an extension of time for two reasons. First, they assert that Nth Connect's revenue has increased significantly as a result of a recent contract with Comcast. *Id.* at 2. Second, they claim that the plaintiffs in the state action have agreed to dismiss Nth Connect as a defendant in that case and to join this action if the Court grants the instant motion and allows them "reasonable time" to conduct class certification discovery. *Id.* at 3-4. Plaintiffs cite no legal authority to support their request for an extension.

Defendants oppose Plaintiffs' motion on several grounds. First, they argue that extending the motions deadline and reopening discovery would cause them prejudice, because discovery

2

has been closed for more than two years and the case is set for trial. Def.'s Resp. at 9, 2. Second, they claim that the state court action will continue to be litigated even if Nth Connect is dismissed as a defendant, because the plaintiffs in that case are "primarily suing Comcast." *Id.* at 2-3. Third, they contend that Plaintiffs' counsel cannot represent the class adequately based on their handling of the case so far, as the claims of six opt-in plaintiffs have been dismissed for lack of prosecution. *Id.* at 3. Finally, they argue that the claims of the class members who have not opted into this action will continue to be litigated in the state court action. *Id.* at 4.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 23(c)(1)(A) requires a court to determine by order whether to certify an action as a class action "at an early practicable time."

## III. DISCUSSION

When a motion to certify a class is filed late in the litigation, a court must determine whether (1) there is a reasonable explanation for the delay, and (2) whether the defendant will be prejudiced by the delay.[2] *See* 1 WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 3:43 (4th ed. 2010); *see also Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986) (holding that an eighteen-month delay in moving for class certification was reasonable because plaintiffs used that time to conduct discovery to determine the number of potential class members and the defendants did not claim that they were prejudiced by the delay). District courts in the Ninth Circuit give particular weight to the second factor, noting that motions for class certification should be denied as untimely when the defendant would be prejudiced by the delay. *See, e.g.*, *Arnold v. Arizona Dept. of Public Safety*, 233 F.R.D. 537, 541 (D. Ariz. 2005) ("Courts applying Rule 23, as amended, do not deny class certification based on timeliness unless

---

[2] The Ninth Circuit has not adopted a specific rule concerning the timeliness of motions for class certification, as Rule 23 gives courts discretion in this regard. The Advisory Committee's notes to Rule 23 recognize a number of valid reasons for deferring an initial certification decision, such as conducting discovery to determine the issues likely to be presented at trial, ruling on dispositive motions, and exploring the designation of class counsel. *See* Fed. R. Civ. P. 23(c)(1)(A) Advisory Committee Notes.

3

the delay has prejudiced a defendant."). Additionally, "the failure to move for class certification in a timely manner constitutes a failure to protect the interests of class members, and surely bears strongly on the adequacy of the representation that those class members might expect to receive." *Yapuna v. Global Horizons Manpower Inc.*, 254 F.R.D. 407, 412 (E.D. Wash. 2008) (citations omitted).

Here, it is apparent that Defendants will suffer prejudice if Plaintiffs are permitted to move for certification at this late stage in the litigation. In the almost twenty-two months since the expiration of the motions deadline, Defendants have acted under the reasonable assumption that they would be required to defend this action against only the eleven remaining opt-in plaintiffs. Additional discovery is likely to be burdensome and costly for Defendants. Moreover, the explanations offered by Plaintiffs to justify their delay are unpersuasive. First, even if Plaintiffs' strategic decision not to seek certification in light of Nth Connect's financial position were justified, Plaintiffs made no effort to seek an extension of time at the time they made that decision nor have they explained why they did not do so. Second, Plaintiffs do not identify the additional evidence they would seek in discovery. Third, Plaintiffs do not explain how granting the instant motion would promote judicial economy, because it is apparent that the state court action will continue to be litigated regardless of how this action is resolved. Finally, the Court has serious doubts as to whether Plaintiffs' counsel would represent the interests of the class adequately based on counsels' delay in seeking class certification.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs' motion to extend time within which to seek class certification is DENIED.

DATED: 04/04/11

JEREMY FOGEL
United States District Judge